**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **-against-** | **Civil Action No.:  5:21-cv-785-XR** |
| **ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,** | **JOINT MOTION FOR AN ASSET FREEZE, ACCOUNTING, AND PRELIMINARY INJUNCTION** |
| **Defendants,** | |
| **-and-** | |
| **DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,** | |
| **Relief Defendants.** | |

I.      **INTRODUCTION**

        Plaintiff Securities and Exchange Commission (the "SEC"), Defendant Robert J. Mueller,

both in his personal capacity and as Co-Trustee of the MB Hale Ohana Revocable Trust, the entity

Defendants: Deeproot Funds LLC and Policy Services, Inc. ("Entity Defendants") (collectively

with  Defendant  Robert  J.  Mueller,  "Defendants"),  and  Relief  Defendants[1],  by  and  through

---

[1] The term "Relief Defendants" as used herein and in the Order means Deeproot Tech LLC, Deeproot Pinball LLC, Deeproot Studios LLC, Deeproot Sports & Entertainment LLC, Deeproot Re 12621 Silicon Dr LLC, and Robert J. Mueller, Jeffrey L. Mueller, and Belinda G. Breen solely in their capacities as co-trustees of the MB Hale Ohana Revocable Trust.

undersigned counsel, hereby jointly move the Court to enter the attached proposed Order Freezing Certain Assets, Ordering an Accounting, and Entering a Preliminary Injunction ("Order") and request a hearing on the remaining disputed issues as set forth herein ("Joint Motion").

Through this Joint Motion, Defendants and the Relief Defendants do not admit the allegations in the Complaint and reserve all rights to answer, file a motion to stay, file dispositive motions, or otherwise contest the SEC's allegations.

The parties agree that nothing in the Order shall be construed to require that a Defendant or Relief Defendant abandon or waive any constitutional or other legal privilege which he may have available to him including his Fifth Amendment privilege against self-incrimination. In turn, the parties agree that nothing in the Order shall prevent the SEC from opposing or challenging any assertion by a defendant or relief defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

The parties further agree that the preliminary and ancillary relief requested herein is appropriate, that a proper showing could be made to establish some basis for such relief, and that good cause exists, in order to preserve the status quo of the parties during the pendency of this litigation.

As described further below, the SEC and Defendant Mueller disagree as to the amount in certain bank accounts as identified herein as the "Disputed Accounts" that should be subject to the asset freeze (and the amount that should be made available for Defendant Mueller's use for living expenses and legal expenses) and request limited briefing and a hearing on this issue.

Subject to the foregoing, the Parties agree to ask the Court to enter the attached proposed Order imposing an asset freeze, ordering a sworn accounting, and prohibiting Defendants or Relief Defendants from causing the sale or encumbrance of any life insurance policies owned by any of

the Defendants or Relief Defendants, or opening new bank accounts, and ordering briefing and a hearing on the remaining disputed issues.

## II.   ASSET FREEZE

The attached proposed Order shall impose a freeze on the assets of the Defendants and Relief Defendants in certain bank and investment accounts listed below, which shall remain in effect through the pendency of this lawsuit or until this Court orders otherwise, to ensure that the these assets remain within the Court's jurisdiction and maintain the status quo of the parties until further order of the Court.

Specifically, the Order would direct that:

A.    Defendants, Relief Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets in the accounts listed below (hereinafter collectively, the " Undisputed Accounts") in whatever form such assets may presently exist in the Undisputed Accounts, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets in the following Undisputed Accounts, which are hereby frozen:

1.    **Wells Fargo Bank Accounts**

a)    Deeproot Funds LLC account ending in -2534

b)    Deeproot Funds LLC account ending in -2385

3

c)      Policy Services Inc. account ending in -3099

d)      Policy Services Inc. account ending in -8487

e)      Policy Services Inc. account ending in -3081

f)      Policy Services Inc. account ending in -8461

g)      Deeproot Pinball LLC account ending in -5571

h)      Deeproot Growth Runs Deep Fund LLC account ending in -1354

i)      Deeproot 575 Fund LLC account ending in -8673

j)      Deeproot 3 Year Bonus Reset Debenture Fund LLC account ending in -1024

k)      Wizard Mode Media LLC account ending in -9298

l)      Deeproot Bonusgrowth 5 Year Debenture Fund LLC account ending in -1016

m)      Deeproot 3 Year Bonus Income Debenture Fund LLC account ending in -1370

n)      Deeproot Studios LLC account ending in -6415

o)      Deeproot Tech LLC account ending in -6575

p)      Deeproot Wealth Advisors LLC account ending in -1255

q)      Dprt STFR Debenture Fund LLC account ending in -2724

r)      Dprt Advisory Services LLC account ending -2526

s)      Dprt Advisory Services LLC account ending -6017

t)      Deeproot Continuation Holdings Inc. account ending -9258

u)      Deeproot Queue Fund LLC account ending -6758

v)      National Wealth Solutions LLC account ending -6288

    2.      **First Hawaiian Bank Account**

        a)     MB Hale Ohana RT DTD 110516 checking account ending in -6777 (the "Ohana Trust Account") [2]

    3.      **USAA Bank Accounts**

        a)     Savings account ending in -4336

**B.**    all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of the Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the Undisputed Accounts, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets in the Undisputed Accounts; and that such funds and assets are frozen;

**C.**    the Commission may cause a copy of the Order in this case to be served on any bank, trust company, broker-dealer, depository institution, entity, or individual either by United States mail, email, or facsimile as if such service were personal service, to put such bank, trust company, broker-dealer, depository institution, entity, or individual on notice of the Order, and/or if applicable, restrain and enjoin

---

[2] Subject to an amount as determined by the Court following briefing and a hearing as to the scope of the Asset Freeze as applied to this account as set forth herein. Defendant Mueller has represented that $137,000 of the funds in the Ohana Trust Account have been transferred to counsel for Defendant Mueller, $50,000 of which has been transferred to restructuring counsel for the Defendants/Relief Defendants for use in preparation for a potential bankruptcy filing. The remainder of the funds transferred from the Ohana Trust Account will be held in trust by Defendant Mueller's counsel pending briefing and further order of the Court.

any such institution, entity, or individual from disbursing assets in the Undisputed Accounts directly or indirectly, to or on behalf of Defendants or Relief Defendants, or any companies or persons or entities under their control;

**D.**     the Order shall not apply to any account solely owned, controlled, or maintained by Defendant Mueller's wife or other family members.

## III.     SWORN ACCOUNTING

The attached proposed Order would also direct Defendants and Relief Defendants to submit in writing, attesting to its accuracy under penalty of perjury, and serve upon the SEC, within fifteen (15) business days following entry of the Order, an accounting identifying:

**A.**     all transfers or payments of funds to them or any other entity controlled by them from investors in connection with the transactions described in the Complaint (the identification shall include, if known, the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

**B.**     in detail, the disposition of each transfer or payment identified in response to paragraph II.A above and all assets derived therefrom, including but not limited to:

1.  the recipients of any such transfer or payment;

2.   any subsequent transfer or payment of the funds (the identification shall include, if known, the amount of each such transfer or payment, the date of the transfer or payment, the name of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

**C.**     non-monetary assets of every type and description, excluding standard office equipment, furniture, or other items as agreed to by the parties, with a value of at

least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of the Defendants, including the Entity Defendants, Mueller whether in the United States or elsewhere; and

**D.**     all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants or Relief Defendants or in which Defendants or Relief Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2021 to the present, excluding any funds held by counsel for (i) Defendant Mueller in this action in any IOLTA trust account, and (ii) restructuring counsel for the Defendants or relief Defendants in any IOLTA trust account.

## IV.     OTHER PRELIMINARY INJUNCTIVE RELIEF

The attached proposed Order also would, through the pendency of this lawsuit or until this Court orders otherwise, enjoin and prohibit Defendant Mueller from directly or indirectly selling, transferring, mortgaging, encumbering, collateralizing, or authorizing or allowing the encumbering or collateralization of, any life insurance policies owned, in whole or in part, by any of the Defendants or Relief Defendants.

Further, the attached proposed Order would prohibit Defendants and Relief Defendants, creditors or claimants against any of the Defendants or Relief Defendants, or any person acting on behalf of such creditors or claimants (including without limitation any landlord, supplier, vendor, or other party with which the Defendants or Relief Defendants may have entered into commercial transactions), from taking any action to interfere with the taking control, possession, destruction, conversion, transfer, or management of the assets of the Defendants or Relief Defendants, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases

to impact the property and assets subject to this Order, except where such party first seeks permission to do so by filing a motion in this Court.  In no event may such party file a voluntary or involuntary bankruptcy petition pertaining to any of the assets under the jurisdiction of this Court unless they provide three days' notice to the Court, make a showing that such a petition is appropriate, and establish that the actions sought would benefit investors or the administration of this action.  The proposed Order would further provide that no voluntary or involuntary petition for bankruptcy may be filed unless this Court grants such a motion to do so.

The attached proposed Order also would, through the pendency of this lawsuit or until this Court orders otherwise, enjoin and prohibit Defendants and Relief Defendants from directly or indirectly opening any additional bank, investment, digital asset, trust, loan, or other financial account of any kind without first seeking permission by filing a motion with this Court on three days' notice and upon a showing that opening such account is appropriate and would benefit investors or the administration of this action, and this Court grants such motion.

## V.    MATTERS STILL IN DISPUTE

The SEC and Defendant Mueller disagree as to the scope of the asset freeze imposed by the Order as to four accounts (hereinafter the "Disputed Accounts"):

1.    the Ohana Trust Account,

2.    Plains Capital Bank account ending in -8707

3.    USAA Checking account ending in -7059

4.    USAA Checking account ending in -6407.

The parties agree that for purposes of this Joint Motion only, that a proper showing to establish some basis for imposing an asset freeze to preserve the status quo could be made. *See SEC v. Unifund SAL*, 910 F2d 1028, 1041 (2d Cir. 1990); *CFTC v. Muller*, 570 F.2d 1296, 1300

(5th Cir. 1978).[3] The parties disagree, however, about whether the Disputed Accounts should be frozen in their entirety, as the SEC believes, or that Defendant Mueller should be allowed to draw on the Disputed Accounts to pay for personal living expenses or for the cost of legal representation in this litigation or any other related proceeding.  Accordingly, the parties ask the Court to accept briefing and a hearing on this narrow issue on the following proposed schedule:

| | |
|---|---|
| Defendant Mueller's Brief: | **September 29, 2021** |
| SEC Response Brief: | **October 6, 2021** |
| Defendant Mueller Reply: | **October 13, 2021** |
| Hearing (if necessary): | **October __, 2021 at 10:30am[4]** |

The parties have agreed, and request the Court direct as part of the proposed Order, that until the Court rules as to the application of the asset freeze as to the Disputed Accounts, the Defendants shall not withdraw, transfer, or otherwise spend more than $10,000 in total from the Disputed Accounts and ask that the proposed Order reflect this agreement.

In the event the Court enters the Order tendered herewith in response to this Joint Motion, nothing herein shall preclude the parties, during the pendency of this case, from moving to modify or vacate such Order for good cause shown, or from opposing any such motion.  Accordingly, the parties jointly move the Court to enter the attached proposed Stipulated Preliminary Injunction and Asset Freeze.

---

[3] *See also* 15 U.S.C. § 77t(b) (Section 20(b) of the Securities Act); 15 U.S.C. § 78u(d) (Section 21(d) of the Exchange Act); 15 U.S.C. § 80b-9(d) (Section 209(d) of the Advisers Act).

[4] The parties are both agreeable to holding a hearing on this matter remotely via telephone, video-teleconference, or other electronic means in accordance with the U.S. District Court, Western District of Texas, San Antonio Division's Standing Order Regarding Telephone or Video Teleconference Hearings (July 15, 2020).

Date: September 23, 2021          Respectfully submitted,

/s/ David A. Nasse
David Nasse
Trial Counsel
Christian D. H. Schultz
Assistant Chief Litigation Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-4740 (Schultz)
(202) 551-4414 (Nasse)
schultzc@sec.gov
nassed@sec.gov

*Counsel for Plaintiff United States Securities and Exchange Commission*

/s/ Jay Hulings
Jason Davis
Jay Hulings
Davis/Santos
719 S. Flores Street
San Antonio, Texas 78204
(210) 853-5832 (Davis)
(215) 853-5882 (Hulings)
jdavis@dslawpc.com
jhulings@dslawpc.com

*Attorneys for Robert J. Mueller*

/s/ Jason Rudd
Jason Rudd
Wick Phillips
7004 Bee Caves Rd.
Bld 1, Suite 110
Austin, TX 78746
(214) 740-4038

*Attorney for Entity Defendants and Relief Defendants for purposes of this Joint Motion only.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 23rd day of September, 2021, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

*/s/ David A. Nasse*
David A. Nasse

*Counsel for Plaintiff United States Securities and Exchange Commission*