**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>  **Plaintiff,**<br><br>  **-against-**<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>  **Defendants,**<br><br>  **-and-**<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>  **Relief Defendants.** | **Civil Action No.:  5:21-cv-785-XR** |

**ORDER FREEZING CERTAIN ASSETS, ORDERING AN ACCOUNTING, AND
PRELIMINARY INJUNCTION**

**WHEREAS** this matter comes before this Court upon the Joint Motion for an Asset Freeze, Accounting, and Preliminary Injunction, Asset Freeze and an Accounting ("Joint Motion") submitted by Plaintiff, Securities and Exchange Commission (the "SEC"), Defendants, Robert J. Mueller, the entity Defendants: Deeproot Funds LLC and Policy Services, Inc. ("Entity Defendants") (collectively with Defendant Robert J. Mueller "Defendants"), and the relief defendants: Deeproot Tech LLC, Deeproot Pinball LLC, Deeproot Studios LLC, Deeproot Sports & Entertainment LLC, Deeproot Re 12621 Silicon Dr LLC, and Robert J. Mueller, Jeffrey L. Mueller, and Belinda G. Breen solely in their capacities as co-trustees of the MB Hale Ohana Revocable Trust ("Relief Defendants").

**WHEREAS,** without admissions and without waiving any rights or remedies, the Parties have agreed that the preliminary and ancillary relief requested in the Joint Motion is appropriate, that a proper showing could be made to establish some basis for such relief, and that good cause exists, in order to preserve the status quo of the Parties during the pendency of this litigation.

**WHEREAS** the SEC and Defendant Mueller disagree as to the amount in certain bank accounts that should be subject to an asset freeze (and the amount that should be made available for Defendant Mueller's use for living expenses and legal expenses) and request limited briefing and a hearing on this issue.

**WHEREAS** pursuant to the Joint Motion, Defendants Mueller, the Entity Defendants, and the Relief Defendants do not admit any allegations in the Complaint and expressly reserve all rights to answer, file a motion to stay, file dispositive motions, or otherwise contest the SEC's allegations.

**THE JOINT MOTION IS HEREBY GRANTED.**

I.     **ASSET FREEZE**

**IT IS THEREFORE ORDERED THAT** Defendants, Relief Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets in the accounts listed below (hereinafter collectively, the "Undisputed Accounts") in whatever form such assets may presently exist in the Undisputed Accounts, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge,

alienation, encumbrance, disposal, or diminution in value of any such funds or other assets in the following Undisputed Accounts, which are hereby frozen**:**

**A.**     **Wells Fargo Bank Accounts**

1.     Deeproot Funds LLC account ending in -2534

2.     Deeproot Funds LLC account ending in -2385

3.     Policy Services Inc. account ending in -3099

4.     Policy Services Inc. account ending in -8487

5.     Policy Services Inc. account ending in -3081

6.     Policy Services Inc. account ending in -8461

7.     Deeproot Pinball LLC account ending in -5571

8.     Deeproot Growth Runs Deep Fund LLC account ending in -1354

9.     Deeproot 575 Fund LLC account ending in -8673

10.     Deeproot 3 Year Bonus Reset Debenture Fund LLC account ending in -1024

11.     Wizard Mode Media LLC account ending in -9298

12.     Deeproot Bonusgrowth 5 Year Debenture Fund LLC account ending in -1016

13.     Deeproot 3 Year Bonus Income Debenture Fund LLC account ending in -1370

14.     Deeproot Studios LLC account ending in -6415

15.     Deeproot Tech LLC account ending in -6575

16.     Deeproot Wealth Advisors LLC account ending in -1255

17.     Dprt STFR Debenture Fund LLC account ending in -2724

18.     Dprt Advisory Services LLC account ending -2526

19.     Dprt Advisory Services LLC account ending -6017

20.     Deeproot Continuation Holdings Inc. account ending -9258

21.     Deeproot Queue Fund LLC account ending -6758

22.     National Wealth Solutions LLC account ending -6288

**B.     First Hawaiian Bank Account**

1.     MB Hale Ohana RT DTD 110516 checking account ending in -6777 (the "Ohana Trust Account")[1]

**C.     <u>USAA Bank Accounts</u>**

1.     Savings account ending in -4336

**IT IS THEREFORE FURTHER ORDERED THAT** all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the Undisputed Accounts, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets in the Undisputed Accounts; and that such funds and assets are frozen.

**IT IS THEREFORE FURTHER ORDERED THAT** the Commission may cause a copy of this Order in this case to be served on any bank, trust company, broker-dealer, depository

---

[1] Subject to an amount as determined by the Court following briefing and a hearing as to the scope of the Asset Freeze as applied to this account as set forth herein. Defendant Mueller has represented that $137,000 of the funds in the Ohana Trust Account have been transferred to counsel for Defendant Mueller, $50,000 of which has been transferred to restructuring counsel for the Defendants/Relief Defendants for use in preparation for a potential bankruptcy filing.  The remainder of the funds transferred from the Ohana Trust Account will be held in trust by Defendant Mueller's counsel pending briefing and further order of the Court.

institution, entity, or individual either by United States mail, email, or facsimile as if such service were personal service, to put such bank, trust company, broker-dealer, depository institution, entity, or individual on notice of the Order, and/or if applicable to restrain and enjoin any such institution, entity, or individual from disbursing assets in the Undisputed Accounts, directly or indirectly, to or on behalf of Defendants or Relief Defendants, or any companies or persons or entities under their control.

## II.    SWORN ACCOUNTING

**IT IS THEREFORE FURTHER ORDERED THAT** Defendants and Relief Defendants submit in writing attesting to its accuracy under penalty of perjury, and serve upon the SEC, within fifteen (15) business days following entry of this Order, an accounting identifying, from January 1, 2021 to the present:

A.    all transfers or payments of funds to them or any other entity controlled by them from investors in connection with the transactions described in the Complaint (the identification shall include, if known, the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

B.    in detail, the disposition of each transfer or payment identified in response to paragraph II.A above and all assets derived therefrom, including but not limited to:

1. the recipients of any such transfer or payment;

2. any subsequent transfer or payment of the funds (the identification shall include, if known, the amount of each such transfer or payment, the date of

the transfer or payment, the name of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

C.  non-monetary assets of every type and description, excluding standard office equipment, furniture, or other items as agreed to by the parties, with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of the Defendants, including the Entity Defendants, Mueller whether in the United States or elsewhere; and

D.  all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants or Relief Defendants or in which Defendants or Relief Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2021 to the present, excluding any funds held by counsel for (i) Defendant Mueller in this action in any IOLTA trust account, and (ii) restructuring counsel for the Defendants or relief Defendants in any IOLTA trust account.

## III.   PRELIMINARY INJUCTION

**IT IS THEREFORE FURTHER ORDERED THAT** that, through the pendency of this lawsuit or until this Court orders otherwise, Defendant Mueller is enjoined and prohibited from directly or indirectly selling, transferring, mortgaging, encumbering, collateralizing, or authorizing or allowing the encumbering or collateralization of, any life insurance policies owned, in whole or in part, by any of the Defendants or Relief Defendants.

**IT IS THEREFORE FURTHER ORDERED THAT** that Defendants, Relief Defendants, creditors or claimants against any of the Defendants or Relief Defendants, or any

person acting on behalf of such creditors or claimants (including without limitation any landlord, supplier, vendor, or other party with which the Defendants or Relief Defendants may have entered into commercial transactions), are enjoined and prohibited from taking any action to interfere with the taking control, possession, destruction, conversion, transfer, or management of the assets of the Defendants or Relief Defendants, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this Order, except where such party seeks permission to do so by filing a motion in this Court.  In no event may such party file a voluntary or involuntary bankruptcy petition pertaining to any of the assets under the jurisdiction of this Court unless they provide on three (3) days' notice to the Court a showing that such a petition is appropriate and would benefit investors or administration of this action.  No voluntary or involuntary petition for bankruptcy may be filed unless this Court grants such motion.

**IT IS THEREFORE FURTHER ORDERED THAT** that Defendants and Relief Defendants through the pendency of this lawsuit or until this Court orders otherwise, are enjoined and prohibited from directly or indirectly opening any additional bank, investment, digital asset, trust, loan, or other financial account of any kind, without first seeking permission by filing a motion with this Court on three (3) days' notice and upon a showing that opening such account is appropriate, and would benefit investors or the administration of this action, or is otherwise necessary and this Court grants such motion.

## IV.     BRIEFING ON REMAINING DISPUTED MATTERS

As described in the Joint Motion, the SEC and Defendant Mueller disagree as to scope of the asset freeze imposed by this **ORDER** as applied to four accounts (hereinafter the "Disputed Accounts"):

1.      the Ohana Trust Account,

2.      Plains Capital Bank account ending in -8707

3.      USAA Checking account ending in -7059

4.      USAA Checking account ending in -6407.

Pursuant to Joint Motion, this Court enters the following briefing and hearing schedule on this issue:

Defendant Mueller's Brief:   **September 29, 2021**

SEC Response Brief:          **October 6, 2021**

Defendant Mueller Reply:     **October 13, 2021**

Hearing:                     **October 25, 2021 at 9:30am**

The Courtroom Deputy will inform the parties of the manner in which the hearing will be conducted.

**IT IS THEREFORE FURTHER ORDERED THAT** Defendants shall not withdraw, transfer, or otherwise spend more than $10,000 in total from the Disputed Accounts until such time as this Court rules and enters an order resolving the matters in dispute regarding the Disputed Accounts as set forth in the Joint Motion and in this Order.

## V.      ADDITIONAL PROVISIONS

Nothing in this **ORDER** shall be construed to require that a Defendant or Relief Defendant abandon or waive any constitutional or other legal privilege which he may have available to him including his Fifth Amendment privilege against self-incrimination.  Defendant Mueller reserves the right to seek a stay of this proceeding and nothing herein shall waive any such right. In turn, nothing in Order shall prevent the SEC from opposing or challenging any assertion by a defendant or relief defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege, or any request for a stay of this proceeding.

Nothing in this **ORDER** herein shall freeze, limit, or otherwise apply to any account solely owned or controlled by Defendant Mueller's wife or other family members.

Nothing herein shall preclude the parties, during the pendency of this case, from moving to stay, modify or vacate this Order for good cause shown, or from opposing any such motion brought by another party.

It is so ORDERED.

SIGNED this 23rd day of September, 2021.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE