IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>-against-<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>Defendants,<br><br>-and-<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>Relief Defendants. | Civil Action No.:  5:21-cv-785-XR |

## AGREED MOTION TO ENTER ORDER

TO THE HONORABLE COURT:

Defendant Robert J. Mueller ("**Mueller**") files this Agreed Motion to Enter Order, as follows:

1. On October 25, 2021, the Court held a hearing on the Joint Motion for Preliminary Injunction, Asset Freeze, and Accounting that was filed by Plaintiff Securities and Exchange Commission (the "**SEC**").  At that hearing, the Court ordered the parties to confer on the drafting of a proposed order that conformed with the direction provided by the Court at the hearing.

2.  The parties have conferred and agreed on the form of a proposed order, which is attached hereto as Exhibit A.

Mueller therefore respectfully requests that the Court enter the proposed order attached as Exhibit A.

Dated: November 5, 2021

          Respectfully submitted,

          **DAVIS & SANTOS, P.C.**

          By: */s/ Jay Hulings*
              Jason M. Davis
              State Bar No. 00793592
              Email: *jdavis@dslawpc.com*
              H. Jay Hulings
              State Bar No. 24104573
              Email: *jhulings@dslawpc.com*
              719 S. Flores Street
              San Antonio, Texas 78204
              Tel: (210) 853-5882
              Fax: (210) 200-8395

          ***Counsel for Defendant Robert Mueller***

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned counsel for Mueller conferred with counsel for the SEC, who indicated that the SEC agreed to the entry of the order attached hereto as Exhibit A.

          */s/ Jay Hulings*
          H. Jay Hulings

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 5, 2021, the foregoing document was served on counsel of record via the Court's ECF system.

*/s/ Jay Hulings*
H. Jay Hulings

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>    Defendants,<br><br>    -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>    Relief Defendants. | Civil Action No.: 5:21-cv-785-XR<br><br>[PROPOSED] ORDER MAINTAINING FREEZE OF CERTAIN ASSETS AND ALLOWING THE USE OF LIMITED FUNDS TO PAY FOR LIVING EXPENSES AND CRIMINAL DEFENSE COUNSEL |

**WHEREAS** this matter came before this Court upon a Joint Motion for an Asset Freeze, Accounting, and Preliminary Injunction ("Joint Motion") submitted by Plaintiff, Securities and Exchange Commission (the "SEC"), and all Defendants and Relief Defendants.

**WHEREAS,** upon reviewing the Joint Motion, the Court entered an Order Freezing Assets, Ordering an Accounting, and Entering a Preliminary Injunction on September 23, 2021 (the "September 23 Order").

**WHEREAS** the SEC and Defendant Mueller disagreed as to the amount in a certain Plains Capital Bank account ending in -8707 (the "PCB Account") that should be subject to an asset freeze and otherwise should be made available for Defendant Mueller's use for living expenses.

**WHEREAS** Counsel for Defendant Mueller maintains an IOLTA Trust Account with $87,000 of money from the MB Hale Ohana RT DTD 110516 checking account ending in -6777 First Hawaiian Bank belonging to Relief Defendant MB Hale Ohana Revocable Trust, and SEC and Defendant Mueller disagreed as to whether and in what amount these funds may be used by Defendant Mueller to pay for criminal defense representation.

**WHEREAS** on October 20, 2021 this Court heard arguments from the parties on the disagreement about the use of money from the PCB Account for living expenses and from defense counsel's IOLTA Trust Account for criminal defense representation.

**THE ASSET FREEZE IN THE SEPTEMBER 23 ORDER IS MODIFIED AS FOLLOWS.**

**I.      USE OF MONEY IN PCB ACCOUNT**

**IT IS THEREFORE ORDERED THAT** Defendant Mueller may draw, transfer, and/or use from the PCB Account no more than $5,821.74 per 30-day period between November 15, 2021 and February 13, 2022 in the following amounts and for the following expenses: (a) no more than $1,810 for the payment of court-ordered child support at the time the payment is due (amount to be adjusted and not to exceed any lower court-ordered payment due as a result of any modification request by Defendant Mueller); (b) $1,542.46 for the payment of health insurance premiums at the time the payment due; (c) no more than $249.28 for the payment of other insurance premiums at the time the payment is due; (d) no more than $2,220 for payment of other reasonable living expenses (including but not limited to groceries, utilities, etc.) on November 15, 2021, December 15, 2021, and January 14, 2022.  Defendant Mueller shall provide counsel for the SEC with months-end accounts statements for the PCB Account sufficient to document payment of the above-referenced expenses for November 2021, December 2021, January 2022, and February 2022, within 48 hours of each statement becoming electronically available to Defendant Mueller.

**IT IS THEREFORE FURTHER ORDERED THAT** Defendant Mueller and each of his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets in the PCB Account in whatever form such assets may presently exist in the PCB Account, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets in the PCB Account, other than as provided for in this Order.[1]

**IT IS THEREFORE FURTHER ORDERED THAT** Plains Capital Bank or any other banks, brokerage, and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the PCB Account, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets in the PCB Account, other than as provided for in this Order.

**IT IS THEREFORE FURTHER ORDERED THAT** the Commission may cause a copy of this Order in this case to be served on any bank, trust company, broker-dealer, depository institution, entity, or individual either by United States mail, email, or facsimile as if such service were personal service, to put such bank, trust company, broker-dealer, depository institution,

---

[1] USAA checking account ending in -7059 and USAA checking account ending in -6407, identified as "Disputed Accounts" in the September 23 Order, shall not be frozen and may be used by Defendant Mueller, including to pay the above-referenced expenses.

entity, or individual on notice of the Order, and/or if applicable to restrain and enjoin any such institution, entity, or individual from disbursing assets in the PCB Account, directly or indirectly, to or on behalf of Defendant Mueller, or any companies or persons or entities under their control, other than as provided for in this Order.

## II. USE OF MB HALE OHANA TRUST MONEY FOR CRIMINAL DEFENSE REPRESENTATION

**IT IS THEREFORE FURTHER ORDERED THAT** Defendant Mueller shall be permitted, between the date of this Order and February 13, 2022, to use no more than $20,000 of MB Hale Ohana Revocable Trust funds in defense counsel's IOLTA Trust Account to pay for fees and expenses associated with criminal defense representation. The MB Hale Ohana RT DTD 110516 checking account ending in -6777 at First Hawaiian Bank, which was frozen by the September 23 Order, is and shall remain frozen pursuant to the September 23 Order.

## III. ADDITIONAL PROVISIONS

Nothing in this **ORDER** shall preclude the parties, during the pendency of this case, from moving to stay, modify, or vacate this Order for good cause shown, or from opposing any such motion brought by another party.

Dated this ___ day of _____, 2021

**SO ORDERED BY THE COURT:**

_____

Xavier Rodriguez
UNITED STATES DISTRICT JUDGE