**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| *Plaintiff* | § § | SA-21-CV-00785-XR |
| -vs- | § § § | |
| ROBERT J. MUELLER, *et al.*; | § § | |
| *Defendants* | § | |

## <u>ORDER</u>

On December 10, 2021, Defendants deeproot Funds LLC, Policy Services, Inc., deeproot Pinball LLC, deeproot Studios LLC, and deeproot Tech, LLC filed suggestions of bankruptcy, stating that they are debtors in pending Chapter 7 bankruptcies in the Western District of Texas that were filed on December 9, 2021. ECF Nos. 28, 29. Accordingly, Defendants invoke all of the rights, privileges, and protections of the automatic stay afforded under 11 U.S.C. § 362, including a stay of this proceeding. *Id.*

Based on these suggestions of bankruptcy, it appears that only Defendants deeproot Funds LLC, Policy Services, Inc., deeproot Pinball LLC, deeproot Studios LLC, and deeproot Tech, LLC are debtors in the pending bankruptcy proceedings. As a general matter, the automatic stay created by the filing of a bankruptcy petition protects only the debtor; it does not stay actions against a debtor's co-defendant. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). Courts, however, recognize certain exceptions to this baseline rule. For example, "a bankruptcy court may invoke § 362 to stay proceedings against non-bankrupt co-defendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a

judgment or finding against the debtor.'" *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

The § 362 stay "should extend to nonbankrupt codefendants only when there is a formal or contractual relationship between the debtor and non-debtors such that a judgment against one would in effect be a judgment against the other." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001)). Also, courts have discretion to stay a proceeding against non-bankrupt co-defendants "in the interests of justice and in control of their docket." *Nat'l Oilwell Varco, L.P. v. Mud King Prod.*, Inc., No. CIV. 4:12-3120, 2013 WL 1948766, at *3 (S.D. Tex. May 9, 2013) (citing *Wedgeworth*, 706 F.2d at 545). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth*, 706 F.2d at 545. "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (citing *Wedgeworth*, 706 F.2d at 545).

The Court will require the parties to submit briefing concerning whether this action should be stayed as to the remaining co-Defendants pending the resolution of Defendants deeproot Funds LLC, Policy Services, Inc., deeproot Pinball LLC, deeproot Studios LLC, and deeproot Tech, LLC bankruptcy cases. Plaintiff is ordered to file its briefing on or before **January 10, 2022** and Defendants may file a response on or before **January 24, 2022**.

It is so **ORDERED**.

**SIGNED** this 13th day of December, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE