IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>    Defendants,<br><br>    -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>    Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**UNOPPOSED MOTION TO
RECONSIDER APPLICATION OF AUTOMATIC STAY**

Plaintiff United Securities and Exchange Commission ("SEC") respectfully moves this Court to reconsider application of the automatic stay and withdraw the briefing schedule set forth in the Court's December 13, 2021 Order (Dkt. No. 30) ("December 13, 2021 Order") issued in response to the Suggestions of Bankruptcy filed by Defendants deeproot Funds LLC, Policy Services, Inc., deeproot Pinball LLC, deeproot Studios LLC, and deeproot Tech, LLC (together "Debtor Defendants") (Dkt. Nos. 28 and 29). Notwithstanding the Debtor Defendants' bankruptcy filings, the statutory governmental exception to the automatic stay, 11 U.S.C. §

362(b)(4), explicitly provides for the continuation of the SEC's action against the Debtor Defendants short of enforcement of a money judgment. Accordingly, the action should not be stayed against any of the Defendants. The SEC further request that the Court clarify that nothing in the Court's December 13, 2021 Order in any way affects the duties or powers of Pat Lowe, Chapter 7 Trustee for the Bankruptcy Estate of the Debtor Defendants (the "Chapter 7 Trustee") except to the extent provided by 11 U.S.C. § 362(b)(4). The SEC has conferred with counsel for the Defendants as well as the Chapter 7 Trustee and they do not oppose this Motion.

## BACKGROUND

On December 9, 2021, the Debtor Defendants filed Chapter 7 petitions in the U.S. Bankruptcy Court for the Western District of Texas, San Antonio Division. Pat Lowe has been appointed as Chapter 7 Trustee. On December 10, 2021, the Debtor Defendants filed the Suggestions of Bankruptcy which stated that "certain proceedings are stayed under Bankruptcy Code Section 362 to the extent the exemptions under Section 362(b) do not apply." The Court's December 13, 2021 Order suggested that the automatic stay under 11 U.S.C. § 362 might apply to the Debtor Defendants and requested additional briefing on whether this action should be stayed not only as to the Debtor Defendants but also as to the remaining co-Defendants pending the resolution of the bankruptcy cases. (Dkt. No. 30). The parties agree that the governmental exception to the automatic stay allows the SEC to continue its action to the extent permitted by 11 U.S.C. § 362(b)(4) and as such, the SEC asks that the Court to clarify that (1) the automatic stay applies only to the Debtor Defendants, and only to the extent not exempted by 11 U.S.C. § 362(b)(4); and (2) nothing in the December 13, 2021 Order in any way affects the duties or powers of the Chapter 7 Trustee except to the extent provided by 11 U.S.C. § 362(b)(4).

# ARGUMENT

A. **This Court Has Jurisdiction to Determine the Applicability of the Automatic Stay**

As a preliminary issue, this Court has jurisdiction to determine whether the automatic stay applies to this action. *SEC v. First Fin. Group of Texas*, 645 F.2d 429 (5th Cir. 1981) (the district court has the jurisdiction to determine whether the SEC's civil enforcement action comes within the § 362(b)(4) exception to the automatic stay). This Court clearly has jurisdiction to adjudicate the applicability of the automatic stay to this matter.

B. **The SEC's Action is Exempt from the Automatic Stay to the Extent Provided by 11 U.S.C. § 364(b)(4)**

Although Section 362(a) provides for an automatic stay of certain legal actions and proceedings against debtors, the Debtor Defendants' bankruptcy petitions do not automatically stay the SEC's enforcement action. An exception to the automatic stay provides that governmental units' actions are not automatically stayed. This exception, at 11 U.S.C. § 362(b)(4), provides:

> (b) [t]he filing of a petition … does not operate as a stay –
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit …to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

Congress enacted the governmental exception to the automatic bankruptcy stay to enable governmental units like the SEC to continue their litigation in the appropriate forum. The purpose of the Section 362(b)(4) exception "is to prevent a debtor from frustrating necessary governmental functions by seeking refuge in bankruptcy court." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000)).

3

Congress created the SEC to protect investors by regulating and overseeing the securities industry. An important part of the SEC's mission is the "[i]nvestigation of securities frauds, manipulations, and other violations, and the imposition and enforcement of legal sanctions therefor." 17 C.F.R. § 200.1(d). Section 27(a) of the Securities Exchange Act of 1934 grants district courts exclusive jurisdiction over SEC enforcement actions for violations of the federal securities laws. 15 U.S.C. § 78aa(a).

It is well established that actions brought by the SEC to enforce the securities laws, up to the enforcement of a money judgment, are an exercise of the SEC's police and regulatory powers to protect the public interest and are exempt from the automatic stay. *See, e.g., SEC v. Miller,* 808 F.3d 623. 631 (2d Cir. 2015)*; SEC v. First Financial Group*, 645 F.2d 429, 437 (5th Cir. 1981); *SEC v. Long*, 106 B.R. 697, 698 (D. Kan. 1989); *SEC v. Elmas Trading Corp.*, 620 F. Supp. 231, 240-41 (D. Nev. 1985), *aff'd*, 805 F.2d 1039 (9th Cir. 1986); *SEC v. Towers Fin. Corp.*, 205 B.R. 27, 31 (S.D.N.Y. 1997). Among other remedies, the exception to the automatic stay provision "extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment." *SEC v. Wolfson*, 309 B.R. 612, 619 (D. Utah 2004) (internal quotation and citations omitted). Accordingly, the police and regulatory power exception to the automatic stay allows the SEC to continue to litigate its action against all Defendants, including the Debtor Defendants before this Court. Furthermore, the parties agree that the proceeding is not stayed merely because some of the Defendants filed petitions for bankruptcy.[1]

---

[1] The SEC acknowledges that if it were to obtain a money judgment against any of the Debtor Defendants in this action, the exception under the Section 362(b)(4) would not apply to an action to enforce the money judgments against them. *See SEC v. Bilzerian,* 131 F. Supp. 2d 10, 14 (D.D.C. 2001).

The governmental exception to the stay extends to the imposition of injunctive relief, including the imposition and continuation of asset freezes. *See SEC v. First Fin. Grp.,* 645 F.2d at 429 (allowing appointment of a receiver to enforce preliminary injunction issued prior to bankruptcy filing); *SEC v. Miller*, 808 F.3d at 633 (allowing imposition of asset freeze after bankrupt filing); *SEC v. Reynolds*, No. 08-CV-438-B, 2011 U.S. Dist. LEXIS 26886, 2011 WL 903395 (N.D. Tex. Mar. 16, 2011) (holding that automatic stay did not bar contempt proceeding for violating asset freeze); *SEC v. Wolfson,* 309 B.R. 612 (same); *SEC v. Tyler,* No. CivA.3:02 CV 0282, 2002 U.S. Dist. LEXIS 2952, 2002 WL 32538418 (N.D. Tex. Feb. 21, 2002) (issuing order for asset freeze after bankruptcy filing); *SEC v. Morriss*, No. 4:12-CV-80 (CEJ), 2012 U.S. Dist. LEXIS 81809, 2012 WL 2154903, at *1 (E.D. Mo. June 13, 2012) (noting that asset freeze was issued against relief defendant after bankruptcy filing).

The SEC therefore requests that the Court enter an order clarifying that the December 13, 2021 Order was not intended to apply the stay to this matter beyond that permitted by 11 U.S.C. § 362(b)(4) and, withdraw the Court's briefing schedule on this issue.

Notwithstanding the foregoing, Defendant Robert Mueller reserves the right to file a motion to stay this action pending the resolution of the criminal case against him. The SEC reserves the right to oppose such a motion.

## **CONCLUSION**

The SEC respectfully requests this Court set aside any application of the automatic stay to this action beyond that permitted by 11 U.S.C. § 362(b)(4) and withdraw the ordered briefing schedule.

Dated: January 3, 2022

                                            Respectfully submitted,

                                            */s/ David A. Nasse*
                                            David Nasse
                                            Trial Counsel
                                            Christian D. H. Schultz
                                            Assistant Chief Litigation Counsel
                                            U.S. Securities and Exchange Commission
                                            100 F Street NE
                                            Washington, DC 20549
                                            (202) 551-4740 (Schultz)
                                            (202) 551-4414 (Nasse)
                                            schultzc@sec.gov
                                            nassed@sec.gov

**Counsel for Plaintiff United States Securities and Exchange Commission**