**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>　Plaintiff,<br><br>　-against-<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>　Defendants,<br><br>　-and-<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>　Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**DEFENDANT ROBERT J. MUELLER'S MOTION TO STAY**

TO THE HONORABLE COURT:

　　Defendant Robert J. Mueller ("**Mueller**") files this Motion to Stay, and in support would respectfully show:

### I.　INTRODUCTION

　　1.　The Securities and Exchange Commission (the "**SEC**") filed a Complaint [ECF No. 1] alleging that Mueller and the other Defendants violated the securities laws in various ways. Mueller vehemently denies and contests the allegations. Shortly after filing the Complaint, the

SEC attempted to create leverage on Mueller by making a criminal referral to the U.S. Attorney's Office—based entirely on the same Complaint that the SEC had just filed. At the SEC's invitation, the U.S. Attorney's Office has opened a criminal investigation into the same allegations that form the basis of this case.

2.      This civil case is still at the Complaint stage; the SEC's claims against Mueller remain mere allegations. But should the civil case proceed alongside the criminal investigation, those parallel proceedings could force Mueller to assert the Fifth Amendment in his answer and in responses to discovery requests, lest he prejudice his defense in the criminal case. Such an assertion of privilege would cripple Mueller's defense in this civil case, as the SEC has already made clear that it would seek an adverse inference on any issue to which the privilege is asserted.

3.      The SEC's self-created trap would put Mueller in the exact position that the law seeks to avoid—Mueller would be forced to either waive the Fifth Amendment on substantive issues or assert the Fifth Amendment and be subject to an adverse influence. Courts do not permit the Government to impose such a burden on essential constitutional rights.

4.      Mueller respectfully requests this Court stay this civil proceeding for at least six months to allow the parallel criminal proceeding to proceed without jeopardizing Mueller's constitutional rights. The parties and the Court could revisit the stay after six months to determine whether the criminal investigation is still proceeding and/or whether the stay is still necessary.[1]

## II.     BACKGROUND AND PROCEDURAL HISTORY

5.      Mueller has not filed an answer or other responsive pleading to the Complaint. The

---

[1] Counsel for Mueller has conferred with counsel for the other parties regarding this motion. Counsel for the SEC indicated that the SEC is opposed to this motion. Counsel for the Bankruptcy Trustee for the Defendant Entities and Relief Defendant Entities indicated that the Bankruptcy Trustee is opposed to this motion. Counsel for Relief Defendants Jeffrey L. Mueller and Belinda G. Breen indicated that his clients are not opposed to this motion.

following therefore merely summarizes the allegations in the Complaint. Mueller contests the allegations in the Complaint and expressly reserves the rights to answer, file dispositive motions, or otherwise contest the SEC's allegations.

6. As alleged in the Complaint, Mueller is the founder and sole owner of the Deeproot family of companies, which includes Defendants Policy Services, Inc. and Deeproot Funds LLC (collectively, the "**Defendant Entities**") and Relief Defendants Deeproot Tech LLC, Deeproot Pinball LLC, Deeproot Studios LLC, Deeproot Sports & Entertainment LLC, and Deeproot Re 12621 Silicon Dr LLC (collectively, the "**Relief Defendant Entities**"). *See* Complaint ¶¶ 16-24.[2]

7. The Complaint alleges that Mueller solicited investments in two funds: the deeproot 575 Fund LLC (the "**575 Fund**"); and the deeproot Growth Runs Deep Fund LLC (the "**dGRD Fund**," and jointly with the 575 Fund, the "**Funds**"). *See id.* ¶¶ 25-27. Mueller allegedly approved the drafting and dissemination of private placement memoranda ("**PPMs**"), along with other marketing materials. *See id.* ¶ 28.

8. The SEC further alleges that the PPMs described an investment strategy to purchase life insurance policies of people who had sold their policies for cash settlements while still alive. *See id.* ¶ 30. The 575 Fund and/or dGRD Fund would be entitled to the death benefit of the purchased policies (i.e., the face value) upon "maturity" (i.e., the death of the insured). *See id.* The PPMS also described certain regular payments that would be made to investors in the Funds. *See id.* ¶¶ 35-38.

9. The SEC alleges that all versions of the PPMs for the 575 Fund and some versions of the PPMs for the dGRD Fund disclosed that the Funds could, at Mueller's sole discretion, make

---

[2] Also named in the Complaint as Relief Defendants are Mueller, Jeffrey L. Mueller, and Belinda G. Breen, solely in their capacities as co-trustees of the MB Hale Ohana Revocable Trust.

investments in certain affiliated businesses, including Deeproot Tech, LLC and Deeproot Pinball, LLC ("**Deeproot Pinball**").  *See id.* ¶ 31.

10. The Complaint alleges that Mueller's management of the Defendant Entities and Relief Defendant Entities violated the securities laws in three principal ways.  First, the SEC alleges that Mueller made "Ponzi-like" payments in which payments to existing investors were made from new investor contributions to the fund.  *See id.* ¶¶ 43–53.  Second, the SEC alleges that Mueller did not adequately disclose the purchase of equity interests in affiliated entities by the Funds in the PPMs.  *See id.* ¶¶ 54–63.  Third, the SEC alleges that Mueller and Defendant Entities misappropriated investor funds to Mueller's personal benefit.  *See id.* ¶¶ 64–71.  The Complaint identifies a handful of salacious examples of this alleged misappropriation, including the use of funds for medical bills, jewelry, income tax payments, and a variety of personal expenses.  *See id.*

11. Mueller's counsel has been informed—and the SEC does not dispute—that the SEC initiated a criminal referral to the U.S. Attorney's Office in San Antonio, with the Complaint providing the basis of the referral.  Mueller has also received a target letter from the U.S. Attorney's Office stating that he is the target of a grand jury investigation.[3]  Communication between Mueller's counsel and the U.S. Attorney's Office is ongoing.

12. The Court has granted multiple unopposed motions to continue Defendants' and Relief Defendants' deadline to file an answer or other responsive pleading.  The deadline is currently set for January 24, 2022.

### III.     ARGUMENT & AUTHORITIES

13. "When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *United States ex rel. Gonzalez v. Fresenius Med. Care N.*

---

[3] The target letter can be made available on the Court's request for in-camera review.

*Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 12 (1970)); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation."). The district court's authority to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

14. In handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters, a court should be sensitive to the difference in the rules of discovery in civil and criminal cases. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive. *See id.*

15. In determining whether "special circumstances" warrant a stay, a court must measure the relative weights of competing constitutional and procedural interests. *See Landis*, 299 U.S. at 254–55. District courts in the Fifth Circuit have found the following factors relevant in determining whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 398–99 (S.D. Tex. 2009) (collecting cases).

16. Here, these factors weigh strongly in favor of a six-month stay of this civil case.

### A. **Extent of Overlap**

17. This factor weighs in favor of a stay when "[t]he few indications the court does

have suggest that the criminal charges, if they are forthcoming, will be directed at the same conduct that forms the basis of the SEC civil suit." *S.E.C. v. AmeriFirst Funding, Inc.*, No. 307-CV-1188-D, 2008 WL 866065, at *3 (N.D. Tex. Mar. 17, 2008); *see also Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd.*, Civil Action No. 3:09-CV-298-N, 2010 WL 11492395, at *3 (N.D. Tex. Jan. 5, 2010) (finding this factor weighed in favor of stay because "[t]his case and the parallel criminal case involve allegations based on substantially the same set of facts").

18.     Here, the basis of the SEC's referral was the Complaint filed in this case. The overlap between the two cases is thus **complete**, with the same allegations contained in the Complaint in this case forming the basis of the criminal investigation into Mueller's conduct. Any criminal charges likely will concern the exact same conduct that forms the basis of this suit. Similarly, Mueller's answer to the Complaint and any discovery requests would concern the same facts at issue in the criminal case. This factor thus weighs heavily in favor of a stay.

### B. Status of Criminal Case

19.     The criminal investigation is underway and proceeding against Mueller, though Mueller has not yet been indicted.

20.     Courts in the Fifth Circuit have stayed discovery where a party in the civil case was only **threatened** with criminal prosecution. *See Sec. & Exch. Comm'n. v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2004) (citing *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir.1979)); *AmeriFirst Funding*, 2008 WL 866065 at *3. The Fifth Circuit has found that the failure to stay a civil case pending the resolution of parallel pre-indictment criminal case was an abuse of discretion. *See Wehling*, 608 F.2d at 1089. ("Because staying discovery would not impose undue hardship on defendant and, therefore, would protect the party exercising a constitutional privilege from *unnecessary* adverse consequences, we believe

the court abused its discretion in denying [defendant's] Motion for a Protective Order and dismissing the lawsuit.") (emphasis in original).

21.     Other courts around the country routinely stay SEC enforcement actions pending the resolution of a pre-indictment criminal case. *See Sec. & Exch. Comm'n. v. McGinnis*, 161 F. Supp. 3d 318, 322 (D. Vt. February 12, 2016) ("The Second Circuit has observed that a district court may stay civil proceedings when related criminal proceedings are *imminent* or pending, and it will sometimes be prudential to do so.") (internal quotations omitted) (emphasis in original); *Sec. & Exch. Comm'n. v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326–27 (N.D. Ala. May 7, 2003) (finding that although defendant had not yet been indicted "blindly pushing ahead … greatly outweigh[ed] prejudice to the SEC from a stay").

22.     While an indictment against Mueller has not yet been returned, Mueller has received a target letter from the Department of Justice indicating he is under investigation.[4] Counsel for Mueller has spoken with the U.S. Attorney's Office, who has indicated the criminal case is proceeding. As in the above cases, staying this case during the resolution of the parallel criminal proceeding is the prudent path.

## C.  Plaintiff's Interests

23.     A civil plaintiff has an interest in the prompt resolution of its claims and in obtaining discovery while information is still fresh in witnesses' minds. *See Stanford Int'l Bank,* 2010 WL 11492395, at *3.  Here, the SEC began its investigation in late 2020. This case is still an early-stage enforcement action in which the investigation, and the recollections of any pertinent

---

[4] At least one court has concluded that being named as a target in a criminal investigation was a critical factor in granting a pre-indictment stay of a civil case. *See Spinnaker Fin. Inc. v. Logistical Sols. Int'l, Inc.*, No. H-15-1703, 2016 WL 7757393, at *1 (S.D. Tex. Mar. 14, 2016) (granting a stay for a defendant who had been named as a target of a criminal investigation, but denying a stay for a defendant who had not been so named).

witnesses, is recent memory. The SEC has also already conducted a substantial investigation, including the collection of documents and many witness interviews. There will be little to no prejudice to the SEC in a six-month stay of this case.

### D. Defendant's Interests

24. On the other hand, Mueller has a substantial interest in the staying of this civil case.

25. "[A] party claiming the Fifth Amendment privilege should suffer ***no penalty*** for his silence." *Wehling*, 608 F.2d at 1088 (emphasis added). Parallel civil and criminal proceedings can impose a substantial penalty on the exercise of those rights by permitting an adverse inference to be drawn in the civil case, thereby forcing a defendant "to choose between [his] civil discovery obligations and [his] ability to assert [his] Fifth Amendment privilege against self-incrimination." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at *5 (E.D. La. Feb. 15, 2012) (citing *Wehling*, 608 F.2d at 1084). Courts have therefore found that a defendant's rights are "undercut if a stay is not granted" in civil cases that overlap substantially with pending criminal investigations. *McGinnis*, 161 F. Supp. 3d at 324; *see also AmeriFirst Funding*, 2008 WL 866065, at *4 (observing that, when there are parallel civil and criminal cases "there is always the risk that [defendant] might reveal more than he is constitutionally required"). In such circumstances, when a defendants' Fifth Amendment rights are implicated, this factor weighs ***strongly*** in favor of a stay. *See Whitney Nat. Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, No. H-04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) ("If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay.").[5]

26. Here, proceeding with this civil case will force Mueller choose between two

---

[5] This factor also weighs in favor of a stay when a defendant will incur additional expenses in attorney's fees related to determining which discovery requests are subject to claims of privilege and which ones are not. *See AmeriFirst Funding*, 2008 WL 866065, at *4.

perilous options. He can preserve his rights in the criminal case by asserting the Fifth Amendment in his answer and in response to discovery requests, but would suffer an adverse inference on key issues and all-but sacrifice his ability to defend against this civil case. Or he can waive his Fifth Amendment rights, provide substantive responses to allegations in his answer and to discovery requests, and fight the civil case, but would thereby expose himself to greater risk in the criminal case. The burden on Mueller's constitutional rights is thus severe and unmistakable.

27. The SEC placed Mueller into this vise when in referred its Complaint to the United States Attorney's Office. It should not now be permitted to take advantage of the criminal peril it has created to gain an advantage in this civil case. The only way to avoid such an outcome, and to preserve Mueller's rights, is to grant Mueller's request for a six-month stay of the civil case.

### E. Interest of the Courts

28. The interest of the courts aligns with Mueller's interests. Courts have an interest in ensuring parties' rights are appropriately protected while encouraging judicial efficiency. "Staying discovery pending resolution of a criminal case promotes judicial economy in various ways," including by avoiding unnecessary civil discovery. *See Stanford Int'l Bank*, 2010 WL 11492395, at *3 (collecting cases). Furthermore, a limited stay of a civil case during the pendency of a parallel criminal proceeding allows a court to avoid any possible burden on constitutional rights. *See Wehling*, 608 F.2d at 1089 (finding that any "inconvenience" to the delay could be "preferable" to burdening the exercise of defendant's rights). The Court's interest in this case—both in promoting judicial economy and protecting litigants' rights—favor granting the stay.

### F. Public Interest

29. In the context of a civil enforcement suit, the plaintiff's interest and the public interest are intertwined. *Mutuals.com*, 2004 WL 1629929, at *3; *Stanford Int'l Bank*, 2010 WL

11492395, at *4. "In other words, the public also has a strong interest in a speedy resolution of this case." *Stanford Int'l Bank*, 2010 WL 11492395, at *4.

30. Here, as discussed above, a six-month delay would not overly frustrate the plaintiff and public interest in a speedy resolution of this case, as the SEC's investigation began little more than a year ago and has already involved substantial fact-gathering. As such, this factor does not weigh against a six-month stay.[6]

### IV.  CONCLUSION

31. For the forgoing reasons, Mueller requests that the Court stay this civil case for at least six months while the parallel criminal case proceeds. Mueller further requests all other relief, at law or in equity, to which he may be entitled.

Dated: January 10, 2022

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ H. Jay Hulings*
Jason M. Davis
State Bar No. 00793592
Email:  jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
Email: jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Counsel for Defendant Robert Mueller***

---

[6] Given that Mueller was the sole of owner of the Defendant Entities and that Mueller's rights could be implicated (including through discovery) should this case proceed against the Defendant Entities and Relief Defendant Entities, Mueller asks that discovery and all deadlines as to all Defendants and Relief Defendants be suspended for a period of at least six months.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 10, 2022, the foregoing document was served on counsel of record via the Court's ECF system.

                                                */s/ H. Jay Hulings*
                                                H. Jay Hulings