IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>  Defendants,<br><br>  -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>  Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**[PROPOSED] ORDER MODIFYING ASSET FREEZE**

**WHEREAS** this matter comes before this Court upon the Joint Motion to modify ("Joint Motion") the Asset Freeze ordered by the Court in its September 23, 2021 Order Freezing Certain Assets, Ordering and Accounting, and Preliminary Injunction (Dkt. No. 7) ("Asset Freeze") submitted by Plaintiff, Securities and Exchange Commission (the "SEC"), and J. Patrick Lowe, Chapter 7 Trustee, (the "Chapter 7 Trustee")(together, the "Parties") through their undersigned counsel.

**WHEREAS,** without admissions and without waiving any rights or remedies, the Parties have agreed agree to modify the Asset Freeze to allow the Chapter 7 Trustee to identify, locate, collect and liquidate assets of the Defendant Debtors' bankruptcy estates and to pay trustee and

1

other professional fees as approved by the Bankruptcy Court in *In Re: deeproot Capital Management, LLC, et al.*, No. 21-51523 (Bankr. W.D. Tex.)(jointly admin.)(the "Bankruptcy Cases").

**IT IS THEREFORE ORDERED THAT** Asset Freeze is modified as follows:

1. Notwithstanding Section III of the Court's Order Freezing Certain Assets, Ordering an Accounting, and Preliminary Injunction (Dkt. No. 7), J. Patrick Lowe, in his role as Chapter 7 Trustee in the Bankruptcy Cases being jointly administered under Case No. 21-51523, *In Re: deeproot Capital Management, LLC, et al.*; in the United States Bankruptcy Court for the Western District of Texas, is permitted to (a) liquidate, through sale or otherwise, any assets that constitute property of the Debtors' Chapter 7 estate pursuant to the applicable provisions of the Bankruptcy Code; (b) pursue avoidance claims and related claims against third parties as provided for in Chapter 5 of Title 11; and (c) pay, from the proceeds of such liquidated assets or avoidance claims, the following (with all remaining proceeds to be held by the Chapter 7 Trustee pending further order of the Bankruptcy Court): (i) any fees and expenses of the Chapter 7 Trustee's professionals that are approved for payment by the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code; (ii) any fee payable to the Chapter 7 Trustee under Section 326 of the Bankruptcy Code that is approved by the Bankruptcy Court; (iii) any amounts necessary to maintain the value of any assets of the Debtors; and (iv) any amounts due to third parties as approved by the Bankruptcy Court.

2. Nothing in the Court's Order Freezing Certain Assets, Ordering an Accounting, and Preliminary Injunction (Dkt. No. 7) or Order Modifying Asset Freeze (Dkt. No. 21) is intended to limit or constrain the Chapter 7 Trustee's fulfillment of his responsibilities and duties as Chapter 7 Trustee under the laws of the United States, the Bankruptcy Code and/or the orders of the United States Bankruptcy Court, including but not limited to those duties related to the maintenance, preservation, marshalling, and distribution of any of the Debtors' assets in accordance with the above authority, including any distribution or liquidation of assets as approved by the courts or to limit the protections he is afforded under those laws.

3. Any sums remaining in the following accounts shall be turned over to the Chapter 7 Trustee:
    a. Deeproot Funds LLC account ending in -2534
    b. Deeproot Funds LLC account ending in -2385
    c. Policy Services Inc. account ending in -3099
    d. Policy Services Inc. account ending in -8487
    e. Policy Services Inc. account ending in -3081
    f. Policy Services Inc. account ending in -8461
    g. Deeproot Studios LLC account ending in -6415
    h. Deeproot Tech LLC account ending in -6575

**IT IS THEREFORE FURTHER ORDERED THAT** the Chapter 7 Trustee shall give the SEC and all creditors and investors who file proofs of claim notice and an opportunity to object to the distribution of the funds in the above-referenced accounts in the Bankruptcy Cases.

**IT IS THEREFORE FURTHER ORDERED THAT** nothing in this Order modifies or is intended to modify the Asset Freeze or other injunctive relief as to Defendant Robert J. Mueller.

**IT IS THEREFORE FURTHER ORDERED THAT** the Chapter 7 Trustee may cause a copy of this Order in this case to be served on Wells Fargo Bank for purposes of effecting the transfer of funds set forth in this Order.

Nothing herein shall preclude the parties, during the pendency of this case, from moving to stay, modify or vacate this Order for good cause shown, or from opposing any such motion brought by another party.

Dated this ___ day of _____, 2022

**SO ORDERED BY THE COURT:**

_____

Xavier Rodriguez
UNITED STATES DISTRICT JUDGE