IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>    Defendants,<br><br>    -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>    Relief Defendants. | Civil Action No.:  5:21-cv-785-XR |

**PLAINTIFF'S RESPONSE TO
DEFENDANT ROBERT J. MUELLER'S MOTION TO STAY**

Nearly five months after the complaint was filed in this matter and following multiple extensions to answer that he requested, Defendant Robert J. Mueller comes before the Court seeking the "extraordinary remedy" of a stay largely without basis. *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 387 (S.D. Tex. 2009). In moving to stay, not only does Mueller rely on authority that is directly contradictory to his position, he would delay (potentially indefinitely) the vindication of the SEC's claims including the return of tens of millions of dollars to investors (many of them elderly) whom the SEC alleges he defrauded of their entire life savings. He does so solely on the grounds that a hypothetical and currently non-existent criminal prosecution will

hinder his ability to defend this civil enforcement matter. By any measure, Mueller falls woefully short of establishing the "special circumstances" that would warrant granting a stay. *Id*. at 398.

## I. APPLICABLE LEGAL STANDARD

The Fifth Circuit has expressly declined to adopt a *per se* rule "forbidding the SEC and Justice Departments from pursuing simultaneous investigations or lawsuits into the same transactions allegedly in violation of the federal securities laws." *SEC v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 667 (5th Cir. 1981). Indeed, "[i]t is the rule, rather than the exception that civil and criminal cases proceed together." *Alcala*, 625 F. Supp. 2d 397(citing and quoting cases).

In assessing a motion to stay in such circumstances, courts in the Fifth Circuit, including this Court, have considered six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Duncan v. Banks*, 2017 WL 4805111, at *2 (W.D. Tex. Oct. 24, 2017) (citing cases). Here, all these factors weigh against granting a stay.

## II. ARGUMENT

### A. Extent of Overlap

Far from being "complete" as Muller asserts (Dkt. 45 at 6 ¶ 18), the extent of overlap in this matter is zero, as there is no criminal case with which to compare it. Indeed, the very first case Mueller relies on is squarely on point *against* his request for a stay on this factor. In *U.S. ex rel. Gonzalez v. Fresentius Medical Care North America*, 571 F. Supp. 2d 758 (W.D. Tex. 2008), Judge Martinez denied a pre-indictment motion to stay even though the FBI had conducted a raid, the grand jury had issued subpoenas, and the defendant had been advised by both the FBI and the U.S. Attorney's Office that he was a target of their investigations. *Id*. at 761. Here, when there has

been no FBI raid against Mueller or his companies, and it is unclear whether any grand jury subpoenas have issued, the mere fact that Mueller has been advised that he is a target by the U.S. Attorney's Office does not merit imposing a stay of these proceedings. *Id*. As Judge Martinez explained, "[w]here 'no indictment has as yet been handed up against [the defendant], the court cannot determine with certainty the degree of overlap between [the civil] action and the criminal investigation.'" *Id*. at 762 (citing cases). As one of Mueller's other cases explains, "[p]rior to an indictment, whether the issues will even overlap is a mere 'matter of speculation.'" *Alcala*, 625 F. Supp. 2d at 401. "[C]ourts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted," and *"*[i]ndeed, a 'pre-indictment motion to stay can be denied on this ground alone.'" *Id*.[1]

### B. Status of Criminal Case

As to the second factor, Mueller concedes, as he must, that he has not been indicted and there is no criminal prosecution pending against him, Dkt. 34 at 6¶ 19, and the cases on which he relies do not support a stay prior to indictment or criminal charges being filed. Mueller asserts that "other courts around the country routinely stay SEC enforcement actions pending the resolution of a pre-indictment criminal case." Dkt. 34 at ¶ 21. In support of this contention, Mueller offers *SEC v. McGinnis*, 161 F. Supp. 3d 318 (D. Vt. 2016), which involved a 90-day stay when defendants' property had been seized by the DOJ while the SEC case was pending, and DOJ attorneys had informed defense counsel to expect an indictment "in the near future." *Id.* at 322-23. Mueller also offers *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298 (N.D. Ala. 2013), but that case is equally unavailing, as the U.S. Attorney's Office had intervened repeatedly in that SEC

---

[1] In *Alcala*, the Magistrate Judge granted a three-week stay as to only one of the defendants due to her pending state court criminal *trial*, 625 F. Supp. 2d at 408, and the District Judge subsequently imposed a 60-day stay of the whole case only after the other defendant was criminally charged. *Id*. at 414-15. Mueller cites *In re Ramu Corp.*, 903 F.2d 312 (5th Cir. 1990), yet the Fifth Circuit in that case overturned a stay granted to the government in part because no defendants in that civil forfeiture action, nor the relative alleged to have used criminal proceeds to finance the purchase of the seized properties, had been indicted nor were they charged in the pending criminal action on which the stay request had been based. *Id*. at 314.

lawsuit to prevent the defendant from obtaining discovery, the SEC had presented evidence to the Court that it had obtained from the FBI's criminal investigation, other individuals already had pleaded guilty, and "no one ha[d] represented to the court that such indictment is anything but an eventuality." *Id*. at 1326-27. Nothing similar to *McGinnis* or *Healthsouth* has happened to Mueller; he has only been informed by the U.S. Attorney's Office that he is a target of an investigation. And while Mueller cites *SEC v. Mutuals.com Inc.* for the proposition that "courts in the Fifth Circuit have stayed discovery where a party in the civil case was only *threatened* with criminal prosecution," Dkt. 34 at 6 ¶ 20 (emphasis in original), the court in *Mutuals.com* actually granted a motion to stay that was *brought by a U.S. Attorney's Office* after it had filed a criminal complaint against three defendants in the SEC action and intervened in and moved to stay the SEC's lawsuit. *SEC v. Mutuals.com, Inc.*, 2004 WL 1629929, at *1 (N.D. Tex. July 20, 2004). Accordingly, none of the authorities Mueller relies upon support the granting of stay under the circumstances applicable here and as noted above "courts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted." *Alcala*, 625 F. Supp. 2d at 401

### C. Plaintiff's and the Public Interests

"In the context of a civil enforcement suit, the [SEC's] interest and the public interest are intertwined," with that interest including "the prompt resolution of its claims and in obtaining discovery while information is still fresh in witnesses' minds." *Mutuals.com, Inc.*, 2004 WL 1629929, at *3 (quoting *SEC v. Mersky,* 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)). The facts belie Mueller claims that this is "an early stage" enforcement action and "the recollection of any pertinent witness, is recent memory." Dkt. 34 at 7-8 ¶ 23. While the SEC's investigation began in 2020, Mueller started raising money years earlier in September 2015. Dkt. 1 at 2 ¶ 1. Indeed, SEC counsel has spoken with scores of Mueller's retiree investors who may be important witnesses, many of whom are of an advanced age, both before and since filing the Complaint, and the events surrounding their investments are anything but "recent memory," with many conversations

revealing that the passage of any amount of time during a stay may only serve to undermine the discovery process and hinder the resolution of the SEC's claims. Moreover, many of Mueller's roughly 350 investors are retirees who have informed the SEC that they have lost a substantial portion if not all of their retirement savings, *id*. at 2 ¶ 2, so the importance of the "prompt resolution" of the SEC's claims against Mueller cannot be understated. As the Fifth Circuit has noted "[p]rotection of the efficient operation of the securities markets and the financial holdings of investors from fraudulent marketing practices may require prompt civil enforcement which can not await the outcome of a criminal investigation." *First Fin. Grp. of Texas, Inc.*, 659 F.2d at 667.

### D. Defendant's Interests

With regard to the Defendant's interests, Mueller argues that his need to preserve his Fifth Amendment right against self-incrimination overwhelmingly militates in favor of a stay. Dkt. 34 at 8-9 ¶¶ 25-27. As this Court has stated, however, "[t]here is no federal constitutional, statutory, or common law rule prohibiting simultaneous prosecution of parallel civil and criminal proceedings. *Duncan*, 2017 WL 4805111, at *2. Likewise, as Judge Martinez explained when rejecting the stay request in *Gonzalez*, "it is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege." 571 F. Supp. 2d at 764. As in *Gonzalez*, Mueller fails to demonstrate anything more than "the mere possibility of prejudice," particularly when there has been no indictment or criminal complaint filed, and his "allegations of prejudice to [a potential] criminal case[] from civil discovery are [similarly] 'conclusory and insufficient to warrant a stay....'" *Id*. Mueller generally fails to "make a specific showing of the harm [he] will suffer without a stay and why other methods of protecting [his] interests are insufficient." *Id*.[2] As for concerns that the SEC

---

[2] For example, Judge Martinez suggested in *Gonzalez* that a court could enter a protective order prohibiting the use of civil pleadings, deposition answers, interrogatory responses, and answers to requests for admissions in any criminal proceedings brought against a civil defendant. *Id*.

5

might use Fifth Amendment assertions in his Answer to draw adverse inferences against him in a dispositive motion, Mueller already has given sworn testimony to the SEC during its investigation on which the Complaint was based and from which adverse inferences may be drawn, and nothing would prevent Mueller from responding to a such a motion with evidence that does not tend to incriminate him. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989); *SEC v. Kelly*, 2006 WL 8437214, at *5 (N.D. Tex. Mar. 9, 2006) (discussing prior SEC testimony and noting *Molinaro* "found that a prior statement to the government lessened the burden on the defendant in a parallel civil proceeding").[3]  Moreover, if Mueller is criminally indicted in the future, nothing precludes Mueller, or the U.S. Attorney's Office for the Western District of Texas for that matter, from moving to stay this case at that time.  At such time, the weighing of the applicable factors may be different. Until such time, however, "the mere possibility of prejudice" does not prevent Mueller from defending this case, is insufficient to justify a stay, and weighs in favor of the civil matter proceeding in the normal course. *Gonzalez,* 571 F. Supp. 2d at 764

We note further that Mueller baselessly claims that the SEC referred its Complaint to the U.S. Attorney's Office for the Western District of Texas to "create leverage on Mueller" and "trap" him in a "vise" to "take advantage of the criminal peril it has created to gain an advantage in this case."  Dkt. 34 at 2 ¶ 1, 9 ¶ 27. The unfounded insinuation that referring conduct to criminal authorities is somehow improper merits little response. The Securities Act of 1933 and the Securities Exchange Act of 1934, both of which Mueller has been charged with violating, provide the statutory authorization for the SEC to transmit to the Department of Justice evidence of violations for possible criminal proceedings. *See* 15 U.S.C. § 77t(b) (Section 20(b) of the Securities Act); 15 U.S.C. § 78u(d) (Section 21(d) of the Exchange Act). Further, the SEC has long

---

[3] Mueller misplaces reliance on *Wehling v. CBS*, 608 F.2d 1084 (5th Cir. 1979), *see* Dkt. 34 at 6 ¶ 20, as the Fifth Circuit in that case reversed the district court's dismissal of a private party lawsuit due to *plaintiff's* invocation of his Fifth Amendment rights, and held that the civil case should have been stayed until after criminal statutes of limitations had expired.  *Id*. at 1088-89.

6

"encourage[d] the disclosure of non-public information to other federal law enforcement officials," *U.S. v. Fields*, 592 F.2d 638, 646 (2nd Cir. 1978), and the SEC lawyers involved in this matter advised Mueller's counsel of the referral shortly after making it. Indeed, the SEC notified Mr. Mueller of the criminal referral nearly five months ago. "The more time a United States Attorney has, the easier it is…to become familiar with the complex facts of a securities fraud case, to prepare the case, and to present it to a grand jury before expiration of the applicable statute of limitations. Earlier initiation of criminal proceedings moreover is consistent with a defendant's right to a speedy trial." *Id*. The SEC's referral of its Complaint to the U.S. Attorney's Office is, if anything, "a commendable example of inter-agency cooperation." *Id*. And, contrary to Mueller's aspersions of an ulterior motive, the SEC's disclosure of the criminal referral to Mueller's counsel demonstrates that the SEC was acting in a professional and courteous manner – after all, would Mueller prefer that the SEC not let him know about the criminal investigation?

    E.    **Interests of the Courts**

Lastly, as this Court has previously held, "[i]n determining the propriety of a stay, a court can consider its own interests in efficient administration and judicial economy." *Duncan,* 2017 WL 4805111, at *5 (*quoting Gonzalez*, 571 F. Supp. 2d at 764). In *Gonzalez* for example, the case had been pending for more than a year. Here, this case has been pending for nearly six months. Just like in *Gonzalez*, the Court should be no less compelled to move this case "'to an expeditious conclusion.'" *Id*. (quoting *United States ex rel. Shank v. Lewis Enters.,* No. 04-CV-4105-JPG, 2006 WL 1064072, at *4, 2006 U.S. Dist. LEXIS 22065, at *10 (S.D. Ill. April 21, 2006)). When no indictment has been returned, staying this action for any period of time while the criminal authorities investigate and assess Mr. Mueller's conduct "would lead to unwarranted delay of this action." *Id*. (citing cases). Indeed, given the uncertainty as to whether Mueller will be indicted at all, "there is a *possibility* that this action could be stayed for no reason." *Id*. (emphasis in original) (citing *See Shank,* 2006 WL 1064072, at *5; 2006 U.S. Dist. LEXIS 22065, at *14 (declining stay

7

where defendant not yet indicted); *Citibank N.A. v. Hakim,* 1993 WL 481335, *2 (S.D.N.Y. Nov. 18, 1993) ("The convenience to the court weighs against a stay because it is unrealistic to postpone indefinitely the pending action until criminal charges are brought.").

As the above analysis demonstrates, none of the factors courts typically weigh in assessing a motion to stay favor granting of a stay in this case.

## CONCLUSION

For the foregoing reasons, Mueller's request to stay this lawsuit should be denied.

Date: January 14, 2021

Respectfully submitted,

*/s/ Christian D. H. Schultz*
Christian D. H. Schultz
Assistant Chief Litigation Counsel
David Nasse
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-4740 (Schultz)
(202) 551-4414 (Nasse)
schultzc@sec.gov
nassed@sec.gov

*Counsel for Plaintiff United States Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

I certify that on the 14th day of January, 2022, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

*/s/ Christian D. H. Schultz*
Christian D. H. Schultz

*Counsel for Plaintiff United States Securities and Exchange Commission*
