IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>    Plaintiff,<br><br>    -against-<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>    Defendants,<br><br>    -and-<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>    Relief Defendants. | Civil Action No.:  5:21-cv-785-XR |

### DEFENDANT ROBERT J. MUELLER'S REPLY REGARDING MOTION TO STAY

TO THE HONORABLE COURT:

Defendant Robert J. Mueller ("**Mueller**") files this Reply Regarding Motion to Stay, and in support would respectfully show:

### I.   INTRODUCTION

1. As detailed in the Motion to Stay (the "**Motion**"), the United States Government has placed Mueller in a swiftly tightening vise. On one side, the Securities and Exchange Commission (the "**SEC**") is pursuing civil remedies against Mueller in this case, which will require

that Mueller comply with expansive civil pleading and discovery rules. On the other side, spurred on by the SEC, the Department of Justice is pursuing a criminal investigation regarding the exact same facts and allegations at issue in this civil case. Discovery in the criminal investigation would ordinarily be circumscribed by the more restrictive rules applicable in criminal proceedings, including deference to the exercise of Fifth Amendment rights. But the overlap between the two cases now threatens to impose a severe penalty on the exercise of those rights.

2.      The deadline for Mueller to file an Answer in this action is days away. In that pleading, Mueller faces two options. He can assert the Fifth Amendment in response to the SEC's detailed allegations of wrongdoing, thereby permitting an adverse inference on critical issues and effectively sacrificing any defense to this civil case. Or he can waive his rights and fight the allegations asserted in this case, thereby prejudicing his defense of the criminal case. Either way, the burden on Mueller's rights is imminent and potentially irrevocable. A temporary stay of this civil case is the only way to avoid such a burden and protect Mueller's rights.

## II.    ARGUMENT AND AUTHORITIES

5.      As noted in the Motion and the SEC's Response, courts consider multiple factors when weighing whether special circumstances warrant a stay of a civil case. *See Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 398–99 (S.D. Tex. 2009) (collecting cases). Here, the balance of these factors supports a stay.

### A. The civil case and the criminal case overlap entirely.

6.      The SEC's claim that the potential overlap between this case and the criminal investigation is "zero" is false and outrageous. The ***sole*** basis for the SEC's referral to the United States Attorneys' Office was the Complaint filed in this case. Indeed, the Complaint (at least at one point) was the ***only*** document provided by the SEC, despite the SEC having completed a

substantial pre-suit investigation. The resulting overlap between the criminal investigation and this case is evident in the target letter sent to Mueller, which notes that the investigation involves: "Deeproot Funds, LLC"; allegations that Mueller was "involved in promoting and operating an investment scheme based on false and fraudulent pretenses;" and potential charges that include "securities fraud."[1] The investigation, as it currently exists, thus appears to involve the exact same facts and allegations as this civil case.[2] This factor thus weighs strongly in favor of a stay.

### B. The status of the criminal case is not dispositive.

7. The focus of the SEC's response is the status of the criminal case, which the SEC argues should be dispositive of the Motion. Mueller does not dispute that courts often weigh the lack of an indictment against the issuance of a stay. But this factor is only one among several that the Court must consider, and the lack of an indictment is far from dispositive. Indeed, the Fifth Circuit has made clear, in some circumstances, that failure to stay a civil case in the face of a pre-indictment criminal investigation can be an abuse of discretion. *See Wehling v. Colum. Broad. Sys.*, 608 F.2d 1084, 1088–89 (5th Cir. 1979).

8. Courts in the Fifth Circuit have therefore granted motions to stay cases in which a criminal investigation was initiated but before the defendant had been indicted. In *Sec. and Exchange Comm'n v. Amerifirst Funding, Inc.*, for example, the court considered a motion to stay an SEC enforcement action in favor of a pre-indictment criminal investigation. No. 3:07-CV-

---

[1] The target letter is available for in-camera review at the Court's request.

[2] The SEC's Response cites *U.S. ex rel Gonzalez v. Fresenius Medical Care North America*, 517 F.Supp.2d 758, 762 (W.D. Tex. 2008), for the proposition that a court "cannot determine with certainty the degree of overlap" when the criminal investigation has not yet reached indictment. But the Response omits the next sentence in the opinion, in which the Court found "it quite reasonable to assume that fraudulent conduct detailed in the [civil] complaint will serve as the basis for criminal prosecution . . . and concludes that this overlap weighs ***in favor*** of a stay." *Id.* (internal citations and quotation marks omitted) (emphasis added).

1188-D, 2008 WL 866065, at *2–3 (N.D. Tex. Mar. 17, 2008).  The court first noted the overlap between the cases, observing that the "few indications the court does have suggest that the criminal charges, if they are forthcoming, will be directed at the same conduct that form the basis of the SEC civil suit." *Id.* at *3.  The court then noted that "no indictment has been returned, but a criminal investigation has been underway for at least several months." *Id.*  This court concluded that while the status of the criminal investigation did not weigh in favor of a stay, "the fact that there is no indictment against [the defendant] does not **preclude** the granting of a stay." *Id.* (citing *Wehling*, 608 F.2d at 1089) (emphasis added).  It then weighed the balance of the other factors and concluded that a stay was appropriate. *Id.*

9.      Similarly, in *Spinnaker Financial Inc. v. Logistical Solutions Intl., Inc.*, the court considered two motions to stay filed by two defendants in a civil fraud case that overlapped with a pre-indictment criminal investigation.  No. H-15-1703, 2016 WL 7757393 (S.D. Tex. Mar. 14, 2016).  The court (without a written opinion) granted one of those motions, filed by a defendant who—like Mueller—had been identified as a target of the investigation. *See id.* at *1.  The court denied the motion filed by the other defendant, who had not been formally identified as a target, though it permitted that defendant leave to refile the motion if his circumstances changed. *Id.* at *1-2.

10.     Other courts have reached similar conclusions and stayed SEC enforcement actions in favor of pre-indictment criminal investigations.  In *Sec. & Exchange Comm'n v. Tandem Mgmt., Inc.*, for instance, the court **closed** an SEC enforcement action and **"removed the case from its active calendar"** because a criminal investigation was initiated shortly after the SEC had filed its complaint.  No. 95 CIV. 8411(JGK), 2001 WL 1488218, at *3 (S.D.N.Y. Nov. 21, 2001) (summarizing history in order issued after convictions in criminal case) (emphasis added).  Other

courts have cited the apparent progress in criminal investigations in granting pre-indictment motions to stay. *See Sec. & Exchange Comm'n v. McGinnis*, 161 F.Supp.3d 318, 322–23 (D. Vt. 2016) (citing the execution of a pre-indictment search warrant); *Sec. & Exchange Comm'n v. Healthsouth Corp.*, 261 F.Supp.2d 1298, 1326–27 (D. Ala. 2003) (holding that indictment appeared to be "an eventuality").

11. The SEC's Response ignores *Amerifirst* and *Spinnaker* entirely and attempts instead to cherry-pick differences between this case and others that have stayed enforcement actions. The differences between those cases and the present case are minor and largely beside the point. The cases noted in the Response, like those discussed above, demonstrate that courts examining pre-indictment motions to stay have considered the unique facts before them, determined that a pre-indictment criminal investigation was ongoing, and granted a motion to stay. The Court would be well within its discretion to reach a similar conclusion here.

### C. **Mueller's Fifth Amendment rights would be burdened should this case proceed.**

12. The SEC also contends that Mueller's Fifth Amendment rights would not be burdened because Mueller participated in a pre-Complaint interview. This argument misstates the nature of the burden on Mueller's rights.

13. The pre-suit interview has no impact on the Hobson's choice currently being imposed on Mueller. Nothing in the pre-suit interview (which predated any mention of a criminal investigation by months) would prevent Mueller from asserting the privilege in his Answer regarding subjects that he discussed during the interview. Similarly, as to subjects regarding which Mueller asserted the privilege in his pre-suit interview, Mueller can either persist in the privilege or waive it and provide substantive responses in his answer. But, as discussed above, asserting the privilege could give the SEC a clear path to summary judgment based on adverse inferences on

potentially dispositive issues. *See In re Enron Corp. Sec., Deriv. & Erisa Lit.*, 762 F.Supp.2d 942, 961–62 (S.D. Tex. 2010) (discussing ways in which the assertion of the privilege in a pleading can lead to an adverse inference). On the other hand, providing substantive responses in his Answer would not only create additional fodder for the criminal investigation, it could waive the privilege for the remainder of this civil proceeding. *Id.* Either choice would result in a severe penalty.

14. The better option is to avoid the trap the SEC has created for Mueller. A temporary stay would give time for the Court and the parties to obtain clarity as to whether the criminal investigation will ultimately proceed to indictment. It would avoid any burden on Mueller's rights that pleadings and discovery in this criminal case would entail. And it would impose a minimal burden on the SEC and the Court.[3] The Motion should therefore be granted.

### III.   CONCLUSION

17. For the reasons stated above and in the Motion, Mueller respectfully requests that the Court stay this action for six months. Mueller further requests all other relief to which he may be entitled.

Dated: January 19, 2022

Respectfully submitted,

**DAVIS & SANTOS, PLLC.**

By: */s/ H. Jay Hulings*
Jason M. Davis
State Bar No. 00793592
Email: *jdavis@dslawpc.com*
H. Jay Hulings
State Bar No. 24104573
Email: *jhulings@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204

---

[3] As noted in the Motion, the remaining factors—the burden on the plaintiff and the interests of the courts and public—do not weigh against the stay.

Tel: (210) 853-5882
Fax: (210) 200-8395

*Counsel for Defendant Robert Mueller*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2022, the foregoing document was served on counsel of record via the Court's ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings