## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 5:21-cv-785 |
| v. | § § | |
| ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |
| -and- | § § | |
| DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA RECOVABLE TRUST. | § § § § § § § § § § § § | |
| Relief Defendants. | § | |

## RELIEF DEFENDANTS JEFFREY L. MUELLER AND BELINDA G. BREEN'S AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE COURT:

Relief Defendants Jeffrey L. Mueller ("**Mueller**") and Belinda G. Breen ("**Breen**"), in their capacities as Co-Trustees of the MB Hale Ohana Revocable Trust (collectively, the **"Relief Defendants"**), by and through their undersigned counsel, hereby file this Answer to the Complaint

1

filed by Plaintiff Securities and Exchange Commission (the "**SEC**") and denY all allegations not specifically admitted herein, and further allege and state the following:

## THE RELIEF DEFENDANTS' ANSWER TO THE SEC'S COMPLAINT

1.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 1 of the Complaint, and therefore Deny said allegations.

2.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 2 of the Complaint, and therefore Deny said allegations.

3.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 3 of the Complaint, and therefore Deny said allegations.

4.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 4 of the Complaint, and therefore Deny said allegations.

5.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 5 of the Complaint, and therefore Deny said allegations.

6.     The Relief Defendants Deny the allegations contained in Paragraph 6 of the Complaint to the extent they relate to Relief Defendants.

7.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 7 of the Complaint, and therefore Deny said allegations.

8.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 8 of the Complaint, and therefore Deny said allegations.

9.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 9 of the Complaint, and therefore Deny said allegations.

10.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 10 of the Complaint, and therefore Deny said allegations.

11.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 11 of the Complaint, and therefore Deny said allegations.

12.     The Relief Defendants Deny the allegations contained in Paragraph 12 of the Complaint to the extent they relate to Relief Defendants.

13.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 13 of the Complaint.

14.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 14 of the Complaint.

15.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 15 of the Complaint.

16.     On information and belief, the Relief Defendants admit the allegations contained in the first two sentences of Paragraph 16 of the Complaint.  The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the remaining allegations of Paragraph 16 of the Complaint.

17.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 17 of the Complaint.

18.      The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 18 of the Complaint.

19.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 19 of the Complaint.

20.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 20 of the Complaint.

21.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 21 of the Complaint.

22.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 22 of the Complaint.

23.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 23 of the Complaint.

24.     The Relief Defendants admit that the MBHO Trust is a Texas revocable trust that was formed in 2016 but the Relief Defendants Deny the remaining allegations contained in Paragraph 24 of the Complaint to the extent they allege that Relief Defendants were involved in the receipt of fraud-tainted funds or were involved in any fraudulent activity.

25.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 25 of the Complaint.

26.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 26 of the Complaint.

27.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 27 of the Complaint.

28.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 28 of the Complaint.

29.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 29 of the Complaint.

30.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 30 of the Complaint.

31.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 31 of the Complaint.

32.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 32 of the Complaint.

33.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 33 of the Complaint.

34.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 34 of the Complaint.  Relief Defendants specifically deny the last sentence of Paragraph 34 of the Complaint to the extent it alleges that Relief Defendants were involved in the receipt of fraud-tainted funds or were involved in any fraudulent activity

35.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 35 of the Complaint.

36.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 36 of the Complaint.

37.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 37 of the Complaint.

38.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 38 of the Complaint.

39.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 39 of the Complaint.

40.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 40 of the Complaint.

41.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 41 of the Complaint.

42.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 42 of the Complaint.

43.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 43 of the Complaint.

44.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 44 of the Complaint.

45.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 45 of the Complaint.

46.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 46 of the Complaint.

47.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 47 of the Complaint.

48.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 48 of the Complaint.

49.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 49 of the Complaint.

50.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 50 of the Complaint.

51.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 51 of the Complaint.

52.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 52 of the Complaint.

53.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 53 of the Complaint.

54.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the majority of the allegations contained in Paragraph 54 of the Complaint but the Relief Defendants specifically Deny the allegations contained in Paragraph 54 of the Complaint to the extent they allege that Relief Defendants were involved in the "diversion" of fraud-tainted funds to the Relief Defendants or that Relief Defendants were involved in any fraudulent activity.

55.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the majority of the allegations contained in Paragraph 55 of the Complaint, but the Relief Defendants specifically Deny the allegations contained in Paragraph 55 of the Complaint to the extent they allege that Relief Defendants were involved in the "diversion" of fraud-tainted funds to the Relief Defendants or that Relief Defendants were involved in any fraudulent activity.

56.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 56 of the Complaint.

57.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 57 of the Complaint.

58.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the majority of the allegations contained in Paragraph 58 of the Complaint, but the Relief Defendants specifically Deny the allegations contained in Paragraph 58 of the Complaint to the extent they allege that Relief Defendants were involved in the "diversion" of fraud-tainted funds to the Relief Defendants or that Relief Defendants were involved in any fraudulent activity.

59.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 59 of the Complaint.

60.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 60 of the Complaint.

61.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 61 of the Complaint.

62.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 62 of the Complaint.

63.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 63 of the Complaint.

64.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 64 of the Complaint.

65.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 65 of the Complaint.

66.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 66 of the Complaint.

67.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 67 of the Complaint.

68.     The Relief Defendants admit that the MBHO Trust received funds totaling approximately $330,000 from Robert J. Mueller on or about the dates alleged in Paragraph 68 of the Complaint, which funds the Relief Defendants believed rightfully belonged to Mueller, but do not have knowledge of or sufficient information to affirm or deny the remainder of the allegations contained in Paragraph 68 of the Complaint.   The Relief Defendants specifically deny the

allegations contained in Paragraph 68 of the Complaint to the extent they allege that Relief Defendants were involved in the "diversion" of fraud-tainted investor funds to the Relief Defendants or to the MBHO Trust or that Relief Defendants were involved in any fraudulent activity.

69.    The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 69 of the Complaint.

70.    The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 70 of the Complaint.

71.    The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint is an incorporation by reference paragraph to which no response is required.

73.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 73 of the Complaint, and therefore Deny said allegations.

74.    The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the factual (as opposed to legal) allegations of Paragraph 74 of the Complaint, and therefore Deny said allegations.   The Relief Defendant take no position on the questions of law contained in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint is an incorporation by reference paragraph to which no response is required.

76.    The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 76 of the Complaint, and therefore Deny said allegations.

77.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the factual (as opposed to legal) allegations of Paragraph 77 of the Complaint, and therefore Deny said allegations.   The Relief Defendant take no position on the questions of law contained in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint is an incorporation by reference paragraph to which no response is required.

79.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 79 of the Complaint, and therefore Deny said allegations.

80.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the factual (as opposed to legal) allegations of Paragraph 80 of the Complaint, and therefore Deny said allegations.   The Relief Defendant take no position on the questions of law contained in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint is an incorporation by reference paragraph to which no response is required.

82.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 82 of the Complaint, and therefore Deny said allegations.

83.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the factual (as opposed to legal) allegations of Paragraph 83 of the Complaint, and therefore Deny said allegations.   The Relief Defendant take no position on the questions of law contained in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint is an incorporation by reference paragraph to which no response is required.

85.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the factual (as opposed to legal) allegations of Paragraph 85 of the Complaint, and therefore Deny said allegations.   The Relief Defendant take no position on the questions of law contained in Paragraph 85 of the Complaint.

86.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 86 of the Complaint, and therefore Deny said allegations.

87.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the factual (as opposed to legal) allegations of Paragraph 87 of the Complaint, and therefore Deny said allegations.   The Relief Defendant take no position on the questions of law contained in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint is an incorporation by reference paragraph to which no response is required.

89.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 89 of the Complaint, and therefore Deny said allegations.

90.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the allegations of Paragraph 90 of the Complaint, and therefore Deny said allegations.

91.     The Relief Defendants do not have knowledge of or sufficient information to affirm or deny the factual (as opposed to legal) allegations of Paragraph 91 of the Complaint, and therefore Deny said allegations.   The Relief Defendant take no position on the questions of law contained in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint is an incorporation by reference paragraph to which no response is required.

93.     The Relief Defendants specifically deny all the allegations contained in Paragraph 93 of the Complaint and demand strict proof thereof.

94.     The Relief Defendants specifically deny all the allegations contained in Paragraph 94 of the Complaint and demand strict proof thereof.

95.     The allegations contained in the "Prayer for Relief" section of the Complaint, including subparagraphs A through G, contain specific requests of the Court and legal conclusions to which no response is required.    Relief Defendants deny any involvement or liability in this case.

Dated:  February 14, 2022

                                    Respectfully submitted,

                                    CASTILLO SNYDER P.C.
                                    One Riverwalk Place, Suite 1560
                                    San Antonio, Texas 78205
                                    Telephone:     (210) 630-4200
                                    Facsimile:     (210) 630-4210


                                    By:    *Edward C. Snyder*
                                           EDWARD C. SNYDER
                                           State Bar No. 00791699
                                           esnyder@casnlaw.com

                                    ***Attorneys for Relief Defendants Jeffrey L.
                                    Mueller and Belinda G. Breen***


## CERTIFICATE OF SERVICE

        I hereby certify on February 14, 2022, the foregoing document was electronically filed with the clerk of the Court using the CM/ECF System and a true and correct copy of the document will be served on the following counsel of record via the Court's CM/ECF system:

Christian D. H. Schultz                                 *Via E-mail:*         *SchultzC@sec.gov*
 David Nasse                                            *Via E-mail:*         *NasseD@sec.gov*
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
 (202) 551-4740 (Schultz)
 (202) 551-4426 (Nasse)

*Counsel for Plaintiff Securities and Exchange Commission*

Jason Davis                                             *Via Email:* *jdavis@dslawpc.com*
Harry J. Hulings                                        *Via Email:* *jhulings@dslawpc.com*
Davis & Santos, P.C.
719 S. Flores
San Antonio, TX
(210) 853-5882 Phone
(210) 200-8395 Facsimile

*Counsel for Defendant Robert J. Mueller*