IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff,*<br><br>v.<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br>*Defendants,*<br><br>-and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br>*Relief Defendants*. | 21-CV-00785-XR |

## ORDER

On this date, the Court considered the motion to stay filed by Defendant Robert J. Mueller ("Mueller") (ECF No. 34), Plaintiff Securities and Exchange Commission's ("SEC") Response, (ECF No. 36), and Mueller's Reply. (ECF No. 38). After holding a hearing on the matter, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

## BACKGROUND

On August 20, 2021, the SEC filed a Complaint (ECF No. 1), alleging that Mueller and other Defendants violated securities laws. The central allegations in the Complaint are that: (1) Mueller disseminated allegedly false private placement memoranda ("PPMs") to encourage individuals to invest in two funds founded and owned by Mueller—the Deeproot 575 Fund LLC

1

("575 Fund") and the Deeproot Growth Runs Deep Fund LLC ("dGRD Fund" and jointly with the 575 Fund, the "Funds"); (2) Mueller used new investor money to make "Ponzi-like" payments to earlier investors in the Funds; (3) Mueller used investor money in his personal businesses; and (4) Mueller misappropriated investor money for his own personal benefit. *See generally* ECF No. 1. The SEC made a criminal referral to the U.S. Attorney's Office, who responded by opening a criminal investigation based on the civil Complaint. ECF No. 34 at 1–2. To date, though, Mueller has not been indicted.

Mueller asserts that should the civil case and criminal investigation proceed in parallel, he may be forced to assert his Fifth Amendment rights in responding to discovery requests for the civil case lest he prejudice his defense in the criminal case. *Id*. at 2. Mueller contends such an assertion of privilege would cripple his defense in the civil case because the SEC has indicated it would seek an adverse inference on any issue to which privilege is asserted. *Id*.

Mueller requests a stay of at least six months to allow the parallel criminal proceeding to continue without jeopardizing his constitutional rights. The SEC is opposed to this motion.

## DISCUSSION

I.  **Legal Standard**

The Court has broad discretion to stay a civil case. "When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 12 (1970)); *see also Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009) ("Whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but rather, one of court discretion, that should be exercised when the interests of justice so require."). The "primary goal of a stay, when

2

a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." *Alcala*, 625 F. Supp. 2d at 397 (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc)).

There is no prohibition against parallel civil and criminal prosecution stemming from the same alleged conduct. "[T]he Supreme Court has established that there exists no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even where such actions proceed simultaneously." *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666–67 (5th Cir. 1981) (citing *Kordel*, 397 U.S. at 11); *see also Alcala*, 625 F. Supp. 2d at 396. The Fifth Circuit has expressly declined to adopt a *per se* rule "forbidding the SEC and Justice Departments from pursuing simultaneous investigations or lawsuits into the same transactions allegedly in violation of the federal securities laws." *First Fin. Grp. of Tex. Inc.*, 659 F.2d at 667. "It 'is the rule, rather than the exception' that civil and criminal cases proceed together." *Alcala*, 625 F. Supp. 2d at 397 (quoting *Gonzalez*, 571 F. Supp. 2d at 761).

Only in special circumstances should a district court stay a proceeding to prevent a party from suffering "substantial and irreparable prejudice" resulting from simultaneous civil and criminal prosecution. *Alcala*, 625 F. Supp. 2d at 397–98. "[T]here is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming that presumption." *Id.* To assess whether special circumstances are present to justify a stay, courts within the Fifth Circuit consider six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private

interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Duncan v. Banks*, No. SA-15-CV-148-XR, 2017 WL 4805111, at *2 (W.D. Tex. Oct. 24, 2017) (quoting *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016)) (citing *Alcala*, 625 F. Supp. 2d at 397; *SEC v. Mutual.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2003); *Frierson v. City of Terrell*, No. 3:02-CV-2340-H, 2003 WL 21355969, at *2 (N.D. Tex. June 6, 2003)).

## II. Analysis

### A. The extent to which the issues in the criminal case overlap with those presented in the civil case

"Where there is significant overlap in the criminal and civil cases, a stay may be warranted because of the greater risk of self-incrimination and this factor weighs in favor of a stay." *Duncan*, 2017 WL 4805111, at *3. The defendant has the burden to prove the civil and criminal proceedings will overlap to such an extent "that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment privilege, or (2) effective defense of both [the criminal and civil cases] is impossible." *Alcala*, 625 F. Supp. 2d at 401.

Here, the U.S. Attorney's Office has opened a criminal investigation into the allegations contained in the operative Complaint. ECF No. 34 at 4. Mueller has received a target letter from the U.S. Attorney's Office stating that he is the target of a grand jury investigation, but he has yet to be indicted. *Id*. Mueller contends that because of the pending criminal investigation, asserting the Fifth Amendment in the present civil case to protect his interests in the criminal investigation would cripple his defense in this case. ECF No. 34 at 2.

The SEC asserts that, as Mueller has not been indicted, the Court cannot "determine, with any degree of certainty, whether there is overlap between [the civil] action and the criminal investigation." ECF No. 36 at 3 (quoting *Gonzalez*, 571 F. Supp. 2d 761). While it is true that

4

without an indictment the Court cannot fully determine the extent of the overlap, the target letter notes that the criminal investigation involves the Funds, and involves allegations that Mueller was "involved in promoting and operating an investment scheme based on false and fraudulent pretenses." It further states that potential charges include "securities fraud."[1] Thus, Court finds it is "quite reasonable to assume that fraudulent conduct detailed in the [civil] complaint will serve as the basis for criminal prosecution. . . ." *Gonzalez*, 571 F. Supp. 2d at 762 (quoting *United States ex rel. Shank v. Lewis Enters.*, No. 04-CV-4105-JPG, 2006 WL 1064072, at *4 (S.D. Ill. April 21, 2006)). The potential overlap weighs in favor of a stay.

### B. The status of the criminal case

As discussed, Mueller is the subject of a criminal investigation but no indictment has been returned. "[C]ourts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted." *Alcala*, 625 F. Supp. 2d at 401. Thus, the status of the criminal case weighs against a stay.

However, Mueller contends that courts within the Fifth Circuit have stayed discovery where a party in the civil case was merely threatened with criminal prosecution. ECF No. 34 at 6. Mueller first relies on *SEC v. Mutuals.com*, No. 3:03-CV-2912-D, 2004 WL 1629929 (N.D. Tex. July 20, 2004) for this contention. In *Mutuals.com*, the government moved to intervene in the civil case and sought a stay of discovery until the related criminal proceeding concluded. *Id*. at *1. The court stated that while "some courts have stayed discovery where a party in the civil case was only threatened with criminal prosecution," this factor still weighed against the government's motion. *Id*. at *3. Similarly, in another case cited by Mueller, *SEC v. AmeriFirst Funding*, No. 3:07-CV-1188-D, 2008 WL 866065 (N.D. Tex. March 17, 2008), the court found that "no indictment [had]

---

[1] Mueller's counsel provided the Court with the target letter for an *in camera* review.

been returned" and this factor did not support the defendant's motion to stay. *Id*. at *2. Therefore, Mueller remaining unindicted weighs against a stay, though it does not preclude a stay.

**C. The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay**

The private interests of the SEC weighs against a stay. "[A] civil plaintiff has an interest in the prompt resolution of its claims and in obtaining discovery while information is still fresh in witnesses' minds." *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-298-N, 2010 WL 11492395, at *3 (N.D. Tex. Jan. 5, 2010) (quoting *Mutuals.com*, 2004 WL 1629929, at *3). Moreover, "[p]rotection of the efficient operation of the securities markets and the financial holdings of investors from fraudulent marketing practices may require prompt civil enforcement which cannot await the outcome of a criminal investigation." *First Fin. Grp. of Tex. Inc.*, 659 F.2d at 667.

The Parties agree that the SEC has an interest in discovery while information is fresh in witnesses' minds and for a prompt resolution of its claims. ECF No. 34 at 7; ECF No. 36 at 4. While Mueller asserts that there will be "little to no prejudice to the SEC in a six-month stay of this case" because it began its investigation in 2020 and this case is still in its early stages (ECF No. 34 at 7–8), the SEC alleges that Mueller's purported illegal activity began in September 2015—almost seven years ago. ECF No. 36 at 4. Important witnesses, namely the retiree investors who report they have lost a substantial portion of their retirement savings, are of advanced age. *Id.* The events surrounding their investments are not within their recent memory, and further passage of time during a stay may hinder the discovery process. For this reason, the Court finds the plaintiff's-interest factor weighs against a stay.

**D. The private interests of and burden on the defendant**

Mueller asserts that if the criminal and civil cases proceed in parallel, he will be prejudiced because the simultaneous proceedings place him in a "vice"—if he invokes his Fifth Amendment

6

right against self-incrimination in response to the SEC's civil complaint, it would permit an adverse inference in the civil case thereby crippling his defense. Or Mueller could waive his Fifth Amendment rights and respond to the SEC's allegations, which may prejudice his defense of the criminal case. Therefore, Mueller submits, a temporary stay of this civil case is the only way to protect his Fifth Amendment rights. ECF No. 34 at 9.

"A party asserting prejudice to his Fifth Amendment right must demonstrate 'more than the mere possibility of prejudice.'" *Gonzalez*, 571 F. Supp. 2d at 764 (quoting *In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990)). Instead, the movant must make a "specific showing the harm [the movant] will suffer without a stay and why other methods of protecting its interests are insufficient." *Id.* (quoting *In re Ramu Corp.*, 903 F.2d at 320). Furthermore, "it is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege." *Id.* (quoting *Shank*, 2006 WL 1064072, at *4) (alterations in original). Nonetheless, "[o]nly 'when there is but a fanciful possibility of prosecution' is 'a claim of Fifth Amendment privilege' unlikely to weigh in favor of a Defendant seeking a stay of a civil proceeding during the pendency of the criminal case." *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016) (quoting *Gonzalez*, 571 F. Supp. 2d at 762).

Mueller argues that as the parallel civil and criminal proceedings overlap, in conjunction, they work to undermine his Fifth Amendment privilege. ECF No. 34 at 8. As Mueller has received a target letter from the U.S. Attorney, there is more than "a fanciful possibility of prosecution." *See Gonzalez*, 571 F. Supp. 2d at 762. However, "a mere relationship between civil and criminal proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding does not necessarily warrant a stay." *Id.* (citing *In re Ramu Corp.*, 903 F.2d at 320).

Furthermore, the pre-indictment nature of the criminal investigation weakens Mueller's Fifth Amendment interests. *See id.* at 764. Finally, Mueller has failed to raise other methods of protecting his interests or explain why less drastic options other than a stay would not suffice to protect his Fifth Amendment rights. However, the Court finds that other remedies exist, such as appropriately tailoring requests for admission and interrogatories as to avoid any Fifth Amendment issues, staying Mueller's deposition, and scheduling a deadline to amend pleadings relatively late in the pendency of the case. *Cf. id.* at 765. As Mueller has not been indicted and alternative means exist to protect his Fifth Amendment rights, the Court finds that this factor only slightly favors granting a stay and will employ such means to protect Mueller's rights.

### E. The interests of the court

The court may consider its interests of efficient administration and judicial economy and may seek to move "its cases to an expeditious conclusion." *Gonzalez*, 571 F. Supp. 2d at 765 (quoting *Shank*, 2006 WL 1064072, at *4). "[A] court has 'an obligation to move its docket, and not let cases languish before it.'" *Duncan*, 2017 WL 4805111, at *5 (quoting *Alcala*, 625 F. Supp. 2d at 407)). This case has been pending for six months and no discovery has taken place. It is uncertain when an indictment might return or if Mueller will be indicted at all. Without an indictment, however, a stay would serve no purpose, causing unwarranted delay in adjudicating the SEC's claims and inconvenience to the court. *See Gonzalez*, 571 F. Supp. 2d at 765. If Mueller is criminally indicted in the future, nothing precludes Mueller from requesting to stay this case at that time. It is in the Court's best interest to proceed with the instant action; thus, this factor weighs against a stay.

### F. The public interest

The SEC's and the public's interests are intertwined, and both have an interest in prompt resolution of this case. *Mutuals.com*, 2004 WL 1629929, at *3. Defendant contends "a six-month delay would not overly frustrate the plaintiff and public interest" because the case is not yet one year old. ECF No. 34 at 10. However, "[t]he public interest in proceeding in an important civil enforcement matter that has already been filed seems to outweigh speculation about if and when an indictment will be returned." *Gonzalez*, 571 F. Supp. 2d at 765. Consequently, the Court finds it is in the public's interest to promptly resolve the instant action, which weighs against a stay.

### CONCLUSION

For these reasons, Defendant's motion to stay (ECF No. 34) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may not depose Mueller, and any interrogatories or requests for admission that are propounded to Mueller should be drafted in such a way that they would not require the invocation of the Fifth Amendment. Such discovery cannot go forward until such time as the parties again approach the Court and the stay is lifted. All other discovery shall proceed.

It is further **ORDERED** that the parties' deadline to submit a proposed scheduling order and Rule 26(f) Report is hereby extended to **March 29, 2022**.

It is so **ORDERED**.

**SIGNED** this 17th day of March, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE