**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>　　　　**Plaintiff,**<br><br>　　　　　　**-against-**<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>　　　　**Defendants,**<br><br>　　　　　　**-and-**<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>　　　　**Relief Defendants.** | **Civil Action No.:  5:21-cv-785-XR** |

**JOINT FED. R. CIV. P. 26 REPORT**

**1.**　Are there any outstanding jurisdictional issues?

　　**None at this time.**

　　For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

　　**N/A.**

**2.**　Are there any unserved parties?

　　**There are no unserved parties.**

　　If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

　　**N/A.**

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Plaintiff alleges Defendants violated federal securities laws including violations of Sections 17(a)(1)-(3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 193 [15 U.S.C. § 78j(b)] and Rules 10b-5(a)-(c) thereunder [17 C.F.R. § 240.10b-5]; Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]. The elements of Plaintiff's claims are set out in the complaint. Plaintiff further alleges that the Relief Defendants received proceeds of Defendants' securities laws violations to which they have no legitimate claim.  The SEC seeks: (a) findings that the Defendants violated the antifraud provisions of the federal securities laws; (b) an order from the Court permanently enjoining Defendants from future violations of the securities laws; (c) an order from the Court permanently prohibiting Defendants from participating in a securities offering; (d) an order from the Court permanently prohibiting Defendants from serving as an officer or director of any public company; (e) disgorgement of the Defendants' and Relief Defendants' ill-gotten proceeds; and (f) civil monetary penalties.**

**Defendant Robert Mueller has responded to a number of the substantive allegations by asserting his rights against self-incrimination pursuant to the Fifth Amendment to the United States Constitution.  Mr. Mueller reserves the right to amend his pleadings to assert substantive responses to Plaintiff's allegations and assert appropriate defenses.**

**Relief Defendants Jeffrey L. Mueller and Belinda G. Breen have responded that they have no knowledge of any of the factual allegations made by the Plaintiff in its Complaint, and never themselves received any fraudulent transfers or were engaged in any fraudulent conduct at any time.   Defendants Jeffrey L. Mueller and Belinda G. Breen reserve the right to amend their pleadings including to assert any additional appropriate defenses.**

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

**The parties agree that they may be able to reach stipulations as to certain facts but reserve the right to do so after additional discovery has been completed.**

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

   A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

   **Per the parties' Agreed Scheduling Recommendations concurrently filed with this report, the parties are requesting that Rule 26(a) disclosures be made on or before April 15, 2022.**

B.  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**The parties have agreed to deadlines for discovery and expert discovery, as noted in the concurrently filed Agreed Scheduling Recommendations. The parties reserve the right to object to any discovery requests, as appropriate.**

C.  any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**Not at this time. The parties agree that electronically stored information should be preserved and subject to discovery in this action in accordance with the Rules. Such information should be produced in an accessible format and on request of a party.**

D.  any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**None at this time. The parties anticipate that parties may assert claims of privilege or other protections regarding discovery requests, but reserve the right to address such issues after discovery has been served and appropriate privileges or protections asserted.**

E.  what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**None at this time.**

F.  any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**The parties anticipate submitting an Agreed Proposed Protective Order for the Court's consideration.**

6.  What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

**Formal discovery has not yet begun, accordingly all discovery remains to be completed, including initial disclosures, written discovery, expert discovery, and depositions. The parties have considered conducting discovery in phases and at this time do not believe a phased discovery plan is necessary at this time.**

7.  What, if any, discovery disputes exist?

**None at this time.**

8.  Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

    **The parties reserve the right to seek a proposed order pursuant to Federal Rule of Evidence 502 until a later date and as appropriate.**

9.  Have the parties discussed mediation?

    **Although the Parties have engaged in some initial settlement discussions they have not yet discussed mediation but will do so as discovery progresses.**

Date: March 29, 2021

Respectfully submitted,


*/s/ David A. Nasse*
David Nasse
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
 (202) 551-4426
nassed@sec.gov

*Counsel for Plaintiff*

*/s/ Jay Hulings*
Jason Davis
Jay Hulings
Davis/Santos
719 S. Flores Street
San Antonio, Texas 78204
(210) 853-5832 (Davis)
(215) 853-5882 (Hulings)
jdavis@dslawpc.com
jhulings@dslawpc.com

*Attorneys for Robert J. Mueller*

*/s/ Edward C. Snyder*
Edward Snyder
Jesse R. Castillo
Castillo Snyder, P.C.
700 N. St. Mary's Suite 1560
San Antonio, Texas 78205
(210) 630-4200
esnyder@casnlaw.com
jcastillo@casnlaw.com

*Attorneys for Relief Defendants Jeffrey L. Mueller and Belinda G. Breen*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 29th day of March, 2022, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

/s/ David A. Nasse
David A. Nasse

*Counsel for Plaintiff United States Securities
and Exchange Commission*