IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　　-against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>　　Defendants,<br><br>　　　-and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>　　Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**AGREED SCHEDULING RECOMMENDATIONS**

The parties recommend the following deadlines be entered in a scheduling order to control the course of this case:

**I. MOTION FOR LEAVE TO AMEND PLEADINGS.**

　**A.** The deadline for Plaintiff to file a motion seeking leave to amend pleadings; or to join parties is **May 30, 2022**.

　**B.** The deadline for Defendants to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties is **July 8, 2022.**

II. **EXPERTS**

   A. The parties agree that to the extent expert discovery is required it should be conducted after the conclusion of fact discovery. Should the parties determine that expert discovery is unnecessary, the dates set forth below, including the completion date for all discovery, may be adjusted.

   B. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before **November 18, 2022**.

   C. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before **December 16, 2022**.

   D. All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

   A. The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is **January 13, 2023**.

II. **WITNESS LISTS, EXHIBIT LIST, AND PRETRIAL DISCLOSURES**

   A. The deadline for filing Rule 26(a)(3) is **April 15, 2022**.

   B. The deadline for filing objections under Rule (26)(a)(3) is **April 29, 2022** . Any objections not made will be deemed waived.

### III. COMPLETION OF DISCOVERY

    A. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

    B. The deadline for the completion of all discovery is **January 27, 2023**.[1]

### IV. STATUS CONFERENCE

    A. The parties propose holding an interim status conference with the Court on July 15, 2022 regarding the progress of discovery.

### V. ALTERNATIVE DISPUTE RESOLUTION/MEDIATION

    A. The parties must mediate this case on or before **January 15, 2023** and file a report in accordance with Rule 88 within seven (7) days after the mediation is completed.

    B. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

    C. If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

### VI. PRETRIAL MOTIONS

    A. No motion (other than a motion in limine) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is **March 31, 2023**. This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30

---

[1] In accordance with Court's March 17, 2022 Order Granting in Part and Denying in Part Defendant's Motion to Stay ("Stay Order") (Dkt. 48), this deadline will not impact any party's ability to seek an order lifting or otherwise modifying the Stay Order at any time.

pages in length. Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

VII. **JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

   A. The deadline to file a Final Joint Pretrial Order and any motion in limine is **July 14, 2023**.

   B. All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

      1. a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

      2. a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

      3. a summary of the remaining claims and defenses of each party;

      4. a list of facts all parties have reached agreement upon;

      5. a list of contested issues of fact;

      6. a list of the legal propositions that are not in dispute;

      7. a list of contested issues of law;

      8. a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

      9. a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

     10. an estimate of the length of trial;

  11. for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

  12. for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

  13. the signatures of all attorneys; and

  14. a place for the date and the signature of the presiding judge.

## VIII. FINAL PRETRIAL CONFERENCE

 A. The Final Pretrial Conference shall be held on _____.

 B. Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

## IX. TRIAL

 A. The Trial Date is _____.

Date: March 29, 2022        Respectfully submitted,

/s/ David A. Nasse
David Nasse
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-4426
nassed@sec.gov

*Counsel for Plaintiff*

/s/ Jay Hulings
Jason Davis
Jay Hulings
Davis/Santos
719 S. Flores Street
San Antonio, Texas 78204
(210) 853-5832 (Davis)
(215) 853-5882 (Hulings)
jdavis@dslawpc.com
jhulings@dslawpc.com

*Attorneys for Robert J. Mueller*

/s/ Edward C. Snyder
Edward Snyder
Jesse R. Castillo
Castillo Snyder, P.C.
700 N. St. Mary's Suite 1560
San Antonio, Texas 78205
(210) 630-4200
esnyder@casnlaw.com
jcastillo@casnlaw.com

*Attorneys for Relief Defendants*
*Jeffrey L. Mueller and Belinda G. Breen*

## **CERTIFICATE OF SERVICE**

I certify that on the 29th day of March, 2022, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

                                              */s/ David A. Nasse*
                                              David A. Nasse

                                              *Counsel for Plaintiff United States Securities and Exchange Commission*