**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>    **Plaintiff,**<br><br>        -against-<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>    **Defendants,**<br><br>        -and-<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>    **Relief Defendants.** | **Civil Action No.:  5:21-cv-785-XR** |

**JOINT MOTION FOR MODIFICATION OF ASSET FREEZE**

Plaintiff Securities and Exchange Commission ("Commission"), Defendants Deeproot

Funds LLC and Policy Services, Inc., as well as Relief Defendants Deeproot Tech LLC,

Deeproot Pinball LLC, and Deeproot Studios LLC ("Debtor Defendants"), by and through John

Patrick Lowe in his capacity as the bankruptcy trustee ("Trustee") appointed in the case pending

under Chapter 7 of the Bankruptcy Code titled, *In re deeproot Capital Management LLC, et al.*,

No. 21-51523 (Bankr. W.D. Tex. Jointly Admin.) ("Bankruptcy Cases"), and Jeffrey L. Mueller

("Mueller") and Belinda Breen ("Breen") as co-trustees of the MB Hale Ohana Revocable Trust

("Ohana Trust) (collectively the "Settling Parties")[1] jointly move this honorable Court to enter

an order modifying the Court's September 23, 2021 Asset Freeze Order (ECF. No. 7) to unfreeze

the checking account in the name of MB Hale Ohana RT DTD 110516 ending in -6777 from

First Hawaiian Bank (Ohana Trust Account) so that it may be liquidated with all the funds

transferred by the Ohana Trust to the Trustee of the Debtor Defendants.

## DISCUSSION

On August 20, 2021 (ECF No.1), the Commission filed its Complaint in this case naming

among others the Ohana Trust as relief defendants.  On September 23, 2021 the Court entered an

Order Freezing Certain Assets, Ordering and Accounting, and Preliminary Injunction ("Freeze

Order") (ECF No. 7) that, among other things, froze the Ohana Trust Account.

On December 9, 2021, Debtor Defendants filed Chapter 7 petitions in the United States

Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court").  J. Patrick Lowe

was appointed Chapter 7 Trustee for the Bankruptcy Cases of the Debtor Defendants ("Trustee").

(Bankr. Dkt. No. 19).

 The Trustee has avoidance claims against the Ohana Trust pursuant to sections 548 and

544 of the Bankruptcy Code and the Texas Uniform Fraudulent Transfer Act ("TUFTA"), as

codified at chapter 24 of the Texas Business and Commerce Code. These claims arise from

transfers from Policy Services, Inc. and deeproot Funds, LLC to the Trust that total

approximately $330,000.00. The Commission and Trustee maintain that neither deeproot Funds,

LLC nor Policy Services, Inc. received any consideration in exchange for these transfers, and

thus the transfers are avoidable by the Trustee as constructively fraudulent transfers under

chapter 5 of the Bankruptcy Code and TUFTA. The Debtor Defendants' claims arise out the

---

[1] Counsel for Defendant Robert J. Mueller has informed the Commission that he does not object to this motion.

same set of facts as alleged in the Commission's Complaint in this case.

The Debtor Defendants, by and through the Trustee, and the Ohana Trust, Mueller, and Breen have now entered into a settlement agreement whereby, subject to Bankruptcy Court approval, the Ohana Trust will pay the into the bankruptcy estates of the Debtor Defendants the amount of $300,000 to satisfy the Debtor Defendants' claims as described herein ("Ohana Settlement Agreement"). (Attached hereto as Exhibit A.) The Bankruptcy Court approved the Ohana Settlement Agreement on October 4, 2022 [Dkt. No. 166].[2] (Attached hereto as Exhibit B.) Pursuant to the Ohana Settlement Agreement, the Ohana Trust intends to utilize the funds remaining in the Ohana Trust Account that are currently frozen to pay a portion of this settlement.

Pursuant to the Ohana Settlement Agreement, the Ohana Trust will have returned all or substantially all[3] of the proceeds the Commission alleges the Ohana Trust received as result of the securities law violations set forth in the Complaint to the Debtor Defendants against whom the Commission is still pursuing its claims. Accordingly, the Settling Parties agree that releasing the funds currently frozen in the Ohana Trust Account to effectuate the Ohana Settlement Agreement is appropriate, serves the interests of justice, and promotes judicial economy.

The claims resolved by the Ohana Trust Agreement arise from the same set of facts that form the basis of the Commission's claims against the Ohana Trust and return all or substantially all of proceeds the Ohana Trust is alleged to have received as result of the facts alleged in the

---

[2] The Bankruptcy Court also denied a subsequent objection to the Ohana Settlement Agreement. Bankruptcy Cases, Dkt. No. 191.

[3] Prior to entry of the Asset Freeze, Defendant Robert Mueller represented that $137,000 from the Ohana Trust Account had been transferred to his counsel. A portion of this amount ($70,000) was used by Defendant Mueller's bankruptcy and criminal counsel pursuant to agreements among the Parties and orders of this Court. Approximately $67,000 of this amount remains in the IOLTA account of counsel for Defendant Mueller and continues to be subject to the Asset Freeze. (*See* ECF Nos. 7, 20, and 23) Nothing in this proposed modification of the Asset Freeze alters or otherwise impacts the freeze on the amount maintained in IOLTA account of Defendant Mueller's counsel.

Complaint. Accordingly, upon notification from the Debtor Defendants that the Ohana Trust has satisfied its obligations under the Ohana Settlement Agreement to include payment of $300,000, the Commission will move this Court to dismiss the Ohana Trust, Mueller and Breen with prejudice from this action.

## CONCLUSION

In light of the foregoing, the Settling Parties request this Court enter an order modifying the Asset Freeze as set forth in the attached proposed order.

Date: November 07, 2022                    Respectfully submitted,

/s/ David A. Nasse
David A. Nasse
Kirsten M. Warden
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
nassed@sec.gov
(202) 551-4414 (Nasse)

**Counsel for Plaintiff Securities and Exchange Commission**

/s/ Edward C. Snyder
Edward C. Snyder
Texas State Bar. No. 00791699
esynder@casnlaw.com
CASTILLO SNYDER P.C.
One Riverwalk Place, Suite 1560
San Antonio, TX 78205
(210) 630-4200

**Counsel for Relief Defendants Jeffrey L. Mueller and Belinda G. Breen as Trustees for the MB Hale Ohana Revocable Trust.**

/s/ Randall A. Pulman
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
PULMAN, CAPPUCCIO & PULLEN, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494

**Counsel for J. Patrick Lowe, Trustee as Chapter 7 Trustee for the Debtor Defendants**

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 7th day of November 2022, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

*/s/ David A. Nasse*
David A. Nasse

*Counsel for Plaintiff United States Securities and Exchange Commission*