IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>  Defendants,<br><br>  -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>  Relief Defendants. | Civil Action No.:  5:21-cv-785-XR |

**PLAINTIFF'S AGREED MOTION FOR VOLUNTARY DISMISSAL OF RELIEF DEFENDANTS ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Securities and Exchange Commission ("Commission"), moves to voluntary dismiss Relief Defendants Robert J. Mueller,[1]

---

[1] This motion for dismissal as to Robert J. Mueller is limited to his capacity as a relief defendant as a co-trustee of the MB Hale Ohana Revocable Trust.  He remains a primary defendant in this action. The Commission's disgorgement claims as to the MB Hale Ohana Revocable Trust concern funds the Commission alleges were received by the MB Hale Ohana Revocable Trust, but under the law of the forum, the general rule is that suits against a trust must be brought against its legal representative, the trustee(s). *Moore v. Ameriquest Mortg. Co.,* No. 4:16-CV-00380, 2016 WL 6159377, at *3 (E.D. Tex. Oct. 24, 2016). This motion effectively seeks to dismiss the Commission's disgorgement claims against the MB Hale Ohana Revocable Trust and thus all of the Trust's representatives in their capacity as trustees as to these relief defendant claims.

Jeffrey L. Mueller, and Belinda G. Breen, as Co-Trustees of the MB Hale Ohana Revocable Trust (collectively the "Ohana Trust") with prejudice.[2]

## DISCUSSION

On August 20, 2021 the Commission filed its Complaint in this case naming, among others, the Ohana Trust as a relief defendant. (Dkt. No.1).

In the Complaint, the Commission alleged, that between November 2016 and August 2018, Defendant Robert J. Mueller spent or transferred almost $330,000 of investor funds for the benefit of the MB Hale Ohana Revocable Trust, a Mueller family trust for which Relief Defendants Robert J. Mueller (in his capacity as co-trustee), his father Jeffrey L. Mueller, and his stepmother Belinda G. Breene serve as co-trustees. Compl. ¶¶ 68-71. The Commission further alleged that the Ohana Trust received these funds, directly or indirectly from one or more of the Defendants or investors, which were the proceeds of, in furtherance of, or are traceable to the proceeds of, the unlawful activities alleged in the Complaint to which the Ohana Trust had no legitimate claim. As a consequence, the Ohana Trust had been unjustly enriched. *Id*. at ¶ 93.

On December 9, 2021, Defendants Deeproot Funds LLC and Policy Services, Inc., as well as Relief Defendants Deeproot Tech LLC, Deeproot Pinball LLC, and Deeproot Studios LLC ("Debtor Defendants") filed Chapter 7 petitions in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court"). Bankr. Dkt. No. 1. J. Patrick Lowe was appointed Chapter 7 Trustee for the Bankruptcy Cases of the Debtor Defendants ("Trustee"). Bankr. Dkt. No. 19.

The Trustee has avoidance claims against the Ohana Trust pursuant to sections 548 and 544 of the Bankruptcy Code and the Texas Uniform Fraudulent Transfer Act ("TUFTA"), as

---

[2] Counsel for the Commission has conferred with counsel for all parties and all parties consent to this Motion.

codified at chapter 24 of the Texas Business and Commerce Code. These claims arise from transfers from Policy Services, Inc. and deeproot Funds, LLC to the Ohana Trust that total approximately $330,000.00. The Commission and Trustee maintain that neither deeproot Funds, LLC nor Policy Services, Inc. received any consideration in exchange for these transfers, and thus the transfers are avoidable by the Trustee as constructively fraudulent transfers under chapter 5 of the Bankruptcy Code and TUFTA. The Debtor Defendants' claims arise out the same set of facts as alleged in the Commission's Complaint in this case.

On September 6, 2022, the Debtor Defendants, by and through the Trustee, and the Ohana Trust, Jeffrey Mueller, and Belinda Breen entered into a settlement agreement whereby, subject to Bankruptcy Court approval, the Ohana Trust will pay the bankruptcy estates of the Debtor Defendants the amount of $300,000 to satisfy the Debtor Defendants' claims as described herein ("Ohana Settlement Agreement"). (Attached hereto as Exhibit A.) The Bankruptcy Court approved the Ohana Settlement Agreement on October 4, 2022. Bankr. Dkt. No. 166.

The claims resolved by the Ohana Settlement Agreement arise from the same set of facts that form the basis of the Commission's claims against the Ohana Trust and return substantially all of proceeds the Ohana Trust is alleged to have received as result of the facts alleged in the Complaint.

On November 8, 2022, this Court modified its September 23, 2021 Asset Freeze Order (Dkt. No. 7) lifting the freeze as to a checking account in the name of the MB Hale Ohana RT DTD 110516 ending in -6777 from First Hawaiian Bank (Ohana Trust Account) so that it could be liquidated with all the funds transferred by the Ohana Trust to the Trustee of the Debtor Defendants (Dkt. No. 70) (the "Modification Order"). Pursuant to the Ohana Settlement Agreement and the Modification Order, the Ohana Trust has now liquidated the Ohana Trust

Account and completed payment in the amount of $300,000 to the Trustee of the Debtor Defendants. On November 28, 2022, the Trustee confirmed completion of payment in accordance with the Ohana Settlement Agreement and the Modification Order.

Accordingly, the Ohana Trust has now returned substantially all[3] of the proceeds the Commission alleges the Ohana Trust received as a result of the securities law violations set forth in the Complaint to the Debtor Defendants against whom the Commission is still pursuing its claims.

## CONCLUSION

In light of the foregoing, the Commission requests that this Court dismiss the Relief Defendants Robert J. Mueller, Jeffrey L. Mueller (in his capacity as co-trustee), and Belinda G. Breen, as Co-Trustees of the MB Hale Ohana Revocable Trust, with prejudice.

Date: November 28, 2022            Respectfully submitted,

/s/ David A. Nasse
David A. Nasse
Kristen M. Warden
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
nassed@sec.gov
(202) 551-4414 (Nasse)

***Counsel for Plaintiff Securities and Exchange Commission***

---

[3] Prior to entry of the Asset Freeze, Defendant Robert Mueller represented that $137,000 from the Ohana Trust Account had been transferred to his counsel. A portion of this amount ($70,000) was used by Defendant Mueller's bankruptcy and criminal counsel pursuant to agreements among the Parties and orders of this Court. Approximately $67,000 of this amount remains in the IOLTA account of counsel for Defendant Mueller and continues to be subject to the Asset Freeze. (*See* ECF Nos. 7, 20, and 23)

## **CERTIFICATE OF SERVICE**

I certify that on the 28th day of November 2022, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

*/s/ David A. Nasse*
David A. Nasse

*Counsel for Plaintiff United States Securities and Exchange Commission*
