IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>    Defendants,<br><br>    -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>    Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**DEFENDANT ROBERT J. MUELLER'S AMENDED ANSWER TO
SECURITY AND EXCHANGE COMMISSION'S COMPLAINT**

TO THE HONORABLE COURT:

Defendant Robert J. Mueller ("**Mr. Mueller**") files this Amended Answer to the Securities and Exchange Commission's ("**SEC**") Complaint. Defendant denies all allegations not specifically admitted herein and further alleges and states as follows:

As to the unnumbered paragraph that begins on page 1 of the Complaint, Mr. Mueller admits that the SEC has filed a Complaint that names him as a Defendant in the unnumbered

paragraph.  Mr. Mueller is without sufficient knowledge to admit or deny the remaining allegations contained in the unnumbered paragraph.

## SUMMARY[1]

1. Mr. Mueller denies the allegations in Paragraph 1.

2. The Private Placement Memoranda provided to investors (the "**PPMs**") speak for themselves.  Mr. Mueller admits that he caused the creation of deeproot 575 Fund, LLC (the "**575 Fund**") and deeproot Growth Runs Deep Fund, LLC (the "**dGRD Fund**" and jointly with the 575 Fund, the "**Funds**") in 2014. Mr. Mueller otherwise denies the remaining allegations in Paragraph 2.

3. The PPMs speak for themselves.  Mr. Mueller admits the first sentence in this paragraph. Mr. Mueller otherwise denies the remaining allegations in Paragraph 3.

4. The documents quoted in this paragraph speak for themselves.  Mr. Mueller otherwise denies the remaining allegations in Paragraph 4.

5. Mr. Mueller admits that Defendants raised more than $58 million from investors between the 575 Fund and the dGRD Fund.  Mr. Mueller further admits that the funds raised from investors were deposited into bank accounts.  Mr. Mueller further admits that Defendants did not purchase new insurance policies for the Funds after a particular date but does not have sufficient information to admit or deny the allegations regarding the precise date of such purchases.  Mr. Mueller otherwise denies the remaining allegations in Paragraph 5.

6. Mr. Mueller denies the allegations in Paragraph 6.

7. Mr. Mueller denies the allegations in Paragraph 7.

---

[1] Headnotes are included herein for organization purposes only.  Defendant denies any allegations contained in such headings.

2

8. Mr. Mueller admits that he received a salary from Policy Services, Inc., the exact amounts of which are reflected in payroll and bank records that speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 8.

9. The bank records speak for themselves. Mr. Mueller further admits that he previously invoked his Fifth Amendment rights against self-incrimination when asked certain questions by SEC counsel. Mr. Mueller otherwise denies the remaining allegations in Paragraph 9.

10. Mr. Mueller denies the allegations in Paragraph 10.

11. Mr. Mueller denies the allegations in Paragraph 11.

12. Mr. Mueller denies the allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. Mr. Mueller does not dispute that jurisdiction and venue are appropriate in this Court. Mr. Mueller otherwise denies the remaining allegations in Paragraph 13.

14. Mr. Mueller does not dispute that jurisdiction and venue are appropriate in this Court. Mr. Mueller otherwise denies the remaining allegations in Paragraph 14.

15. Mr. Mueller does not dispute that jurisdiction and venue are appropriate in this Court. Mr. Mueller otherwise denies the remaining allegations in Paragraph 15.

## DEFENDANTS

16. Mr. Mueller admits he is a natural person residing in San Antonio, Texas. Mr. Mueller admits he graduated from law school in 2000 and is a current member of the State Bar of Texas. Mr. Mueller admits he was the principal and exclusive control person of all of the deeproot entities, including all of the Defendants and deeproot-affiliated Relief Defendants in this Complaint. Mr. Mueller otherwise denies the remaining allegations in Paragraph 16.

17. Mr. Mueller admits deeproot Funds LLC (a/k/a dprt Funds, LLC) is a Texas limited liability company that Mr. Mueller formed in 2013, with its principal place of business in San Antonio, Texas. Mr. Mueller admits he was the only officer of deeproot Funds LLC and, indirectly, was the only owner of the company. Mr. Mueller otherwise denies the remaining allegations in Paragraph 17.

18. Mr. Mueller admits Policy Services Inc. is an "S" corporation that was formed in Nevada in 2012 and re-domiciled in Texas in 2016. Mr. Mueller admits its principal place of business is in San Antonio, Texas and that Mr. Mueller was its sole shareholder. Mr. Mueller otherwise denies the remaining allegations in Paragraph 18.

## RELIEF DEFENDANTS

19. Mr. Mueller admits the allegations in Paragraph 19.

20. Mr. Mueller admits the allegations in Paragraph 20.

21. Mr. Mueller admits the allegations in Paragraph 21.

22. Mr. Mueller admits the allegations in Paragraph 22.

23. Mr. Mueller admits the allegations in Paragraph 23.

24. Mr. Mueller admits he was a Co-Trustee of the MB Hale Ohana Revocable Trust. Mr. Mueller otherwise denies the remaining allegations in Paragraph 24.

## OTHER RELEVANT ENTITIES

25. Mr. Mueller admits that deeproot 575 Fund LLC is a Texas limited liability company that he formed in December 2014, with its principal place of business in San Antonio, Texas. Mr. Mueller admits neither the 575 Fund nor its securities have been registered with the Commission at any point in time. Mr. Mueller otherwise denies the remaining allegations in Paragraph 25.

26. Mr. Mueller admits that deeproot Growth Runs Deep Fund LLC is a Texas limited liability company that he formed in February 2014, with its principal place of business in San Antonio, Texas. Mr. Mueller admits neither the dGRD Fund nor its securities have been registered with the Commission at any point in time. Mr. Mueller otherwise denies the remaining allegations in Paragraph 26.

**FACTS**

I. To the extent a response is necessary, Mr. Mueller denies the allegations in Header I.

27. Mr. Mueller admits the allegations in Paragraph 27.

28. Mr. Mueller admits that he was involved in the drafting and dissemination of PPMs and other marketing material for the Funds.  Mr. Mueller otherwise denies the remaining allegations in Paragraph 28.

29. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 29.

30. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 30.

31. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 31.

32. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 32.

33. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 33.

34. Mr. Mueller denies the allegations in Paragraph 34.

35. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 35.

36. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 36.

37. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 37.

38. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 38.

39. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 39.

40. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in in Paragraph 40.

41. Mr. Mueller admits that the deeproot entities raised over $58 million from investors prior to the initiation of this litigation. Mr. Mueller does not have sufficient information to admit or deny the remaining allegations in Paragraph 41.

42. Mr. Mueller denies the allegations in Paragraph 42.

IV. [sic]   To the extent a response is necessary, Mr. Mueller denies the allegations in Header IV.

43. Mr. Mueller does not have sufficient information to admit or deny the allegations in Paragraph 43.

44. The bank records speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 44.

45. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 45.

46. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 46.

47. The PPMs speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 47.

48. Mr. Mueller denies the allegations in Paragraph 48.

49. The documents identified in this paragraph speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 49.

50. Mr. Mueller admits the Funds did not make certain payments to investors for a limited period of time in 2020. Mr. Mueller otherwise denies the remaining allegations in Paragraph 50.

51. The documents identified in this paragraph speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 51.

52. The documents identified in this paragraph speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 52.

53. Mr. Mueller admits that the Defendants resumed and were caught up with payments to investors in December of 2020. Mr. Mueller further admits that the Defendants entered into a certain loan agreement in 2020. Mr. Mueller denies the remaining allegations in Paragraph 53.

V. To the extent a response is necessary, Mr. Mueller denies the allegations in Header V.

54. The PPMs speak for themselves. Mr. Mueller admits that Defendants did not purchase new insurance policies for the Funds after a particular date but does not have sufficient

information to admit or deny the allegations regarding the precise date of such purchases. Mr. Mueller otherwise denies the remaining allegations in Paragraph 54.

     55.     Mr. Mueller denies the allegations in Paragraph 55.

     56.     Mr. Mueller denies the allegations in Paragraph 56.

     57.     Mr. Mueller denies the allegations in Paragraph 57.

     58.     Mr. Mueller denies the allegations in Paragraph 58.

     59.     Mr. Mueller denies the allegations in Paragraph 59.

     60.     Mr. Mueller denies the allegations in Paragraph 60.

     61.     The documents identified in this paragraph speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 61.

     62.     The documents identified in this paragraph speak for themselves. Mr. Mueller otherwise denies the remaining allegations in Paragraph 62.

     63.     Mr. Mueller denies the allegations in Paragraph 63.

V. [sic]     To the extent a response is necessary, Mr. Mueller denies the allegations in Header V.

     64.     Mr. Mueller denies the allegations in Paragraph 64.

     65.     The PPMs, bank records, and payroll records speak for themselves. Mr. Mueller otherwise denies the remaining allegations in this Paragraph 65.

     66.     The bank records speak for themselves. Mr. Mueller otherwise denies the allegations in Paragraph 66.

     67.     The bank records speak for themselves. Mr. Mueller otherwise denies the allegations in Paragraph 67.

68. The bank records speak for themselves. Mr. Mueller admits that he was a trustee of the MB Hale Ohana Revocable Trust. Mr. Mueller further admits that certain funds were transferred from the bank account for Policy Services, Inc. to the bank account for the MB Hale Ohana Revocable Trust. Mr. Mueller otherwise denies the allegations in Paragraph 68.

69. The bank records speak for themselves. Mr. Mueller otherwise denies the allegations in Paragraph 69.

70. The bank records speak for themselves. Mr. Mueller otherwise denies the allegations in Paragraph 70.

71. Mr. Mueller admits that he previously invoked his Fifth Amendment rights against self-incrimination when asked certain questions by SEC counsel. Mr. Mueller otherwise denies the remaining allegations in Paragraph 71.

## **CLAIMS FOR RELIEF**

### **COUNT I**

72. Paragraph 72 incorporates by reference all of the allegations contained in the preceding paragraphs. Mr. Mueller incorporates his responses to those paragraphs, stated above, as though set forth in full.

73. Mr. Mueller denies the allegations in Paragraph 73.

74. Mr. Mueller denies the allegations in Paragraph 74.

### **COUNT II**

75. Paragraph 75 incorporates by reference all of the allegations contained in the preceding paragraphs. Mr. Mueller incorporates his responses to those paragraphs, stated above, as though set forth in full.

76. Mr. Mueller denies the allegations in Paragraph 76.

77.     Mr. Mueller denies the allegations in Paragraph 77.

## COUNT III

78.     Paragraph 78 incorporates by reference all of the allegations contained in the preceding paragraphs. Mr. Mueller incorporates his responses to those paragraphs, stated above, as though set forth in full.

79.     Mr. Mueller denies the allegations in Paragraph 79.

80.     Mr. Mueller denies the allegations in Paragraph 80.

## COUNT IV

81.     Paragraph 81 incorporates by reference all of the allegations contained in the preceding paragraphs. Mr. Mueller incorporates his responses to those paragraphs, stated above, as though set forth in full.

82.     Mr. Mueller denies the allegations in Paragraph 82.

83.     Mr. Mueller denies the allegations in Paragraph 83.

## COUNT V

84.     Paragraph 84 incorporates by reference all of the allegations contained in the preceding paragraphs. Mr. Mueller incorporates his responses to those paragraphs, stated above, as though set forth in full.

85.     Mr. Mueller denies the allegations in Paragraph 85.

86.     Mr. Mueller denies the allegations in Paragraph 86.

87.     Mr. Mueller denies the allegations in Paragraph 87.

## COUNT VI

88. Paragraph 88 incorporates by reference all of the allegations contained in the preceding paragraphs. Mr. Mueller incorporates his responses to those paragraphs, stated above, as though set forth in full.

89. Mr. Mueller denies the allegations in Paragraph 89.

90. Mr. Mueller denies the allegations in Paragraph 90.

91. Mr. Mueller denies the allegations in Paragraph 91.

## COUNT VII

92. Paragraph 92 incorporates by reference all of the allegations contained in the preceding paragraphs. Mr. Mueller incorporates his responses to those paragraphs, stated above, as though set forth in full.

93. Mr. Mueller denies the allegations in Paragraph 93.

94. Mr. Mueller denies the allegations in Paragraph 94.

## **PRAYER FOR RELIEF**

The allegations contained in the prayer for relief section, for which there is no paragraph number, contain legal conclusions to which no response is required. To the extent that this section contains factual allegations, the same are denied. To the extent that the section requires a responsive prayer, Mr. Mueller requests that the Government take nothing, that judgment be entered in favor of Mr. Mueller on each and every cause of action alleged against Mr. Mueller, that Mr. Mueller be awarded his fees, costs, and expenses (to the extent permitted by law), and for such other relief as the Court deems just and equitable.

## JURY DEMAND

Subject to Mr. Mueller's Motion to Stay and the filing of any subsequent motion, Mr. Mueller also demands a jury trial.

## DEFENSES, AFFIRMATIVE DEFENSES, AND OTHER RESPONSES

Without assuming the burden of proof as to the following (other than any burden imposed by law), Mr. Mueller asserts the following defenses and affirmative defenses to the Complaint[2], while reserving the right to raise additional defenses and affirmative defenses that become apparent through discovery:

1.  This action is barred, in whole or in part, because the SEC fails to state a claim for which relief can be granted.

2.  Mr. Mueller relied on advice of counsel in taking the actions that the SEC alleges are the basis of its claims. Reliance on advice of counsel negates a willful violation of the law. *See United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005).

3.  Mr. Mueller did not knowingly make false or materially false statements or engage in fraudulent conduct.

4.  Mr. Mueller acted at all times in good faith and was not aware of any untrue statements in any document provided to any investor in the deeproot entities.

---

[2] Courts in the Western District of Texas have found the fair notice pleading should apply to the pleading of affirmative defenses. *See Hill Country Bakery, LLC v. Honest Kitchens Group, LLC*, No. 5:17-CV-334-DAE, 2017 WL 9362706, at *5 (W.D. Tex. Dec. 11, 2017); *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-CV-282 RP, 2015 WL 4935527, at *3 (W.D. Tex. Aug. 18, 2015). Thus, a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced" so that the plaintiff is "not a victim of unfair surprise." *Id.* (quoting *Woodfield v. Bowman*, 193 F.3d 354, 363 (5th Cir. 1999)).

5. Mr. Mueller at all times acted with reasonable business judgment, within his authority, and with due care.

6. The duties and/or standards alleged by the SEC are not duties or standards required by law or customary in the industry.

7. The acts or omissions of others over whom Mr. Mueller had no control, whose acts or omissions Mr. Mueller had no reason to anticipate, and for whom Mr. Mueller is not liable, proximately caused or contributed to the damages, injuries, or loss alleged by the SEC, if any. These acts or omissions of others constituted intervening cause(s) and superseded any alleged wrongful act or omission on the part of Mr. Mueller.

8. The SEC's claim for injunctive relief is barred because Mr. Mueller has not violated the Securities Act, the Exchange Act, or the Advisers Act, and because the SEC cannot demonstrate an equitable need for such relief.

9. The relief sought by the SEC, in whole or in part, exceeds its lawful authority.

10. The SEC's claims are barred, in whole or in part, by the statute of limitations.

## **DEFENDANT'S PRAYER**

WHEREFORE, Defendant Robert J. Mueller prays:

(1) That the SEC take nothing by this action;

(2) That the Court enter judgment in favor of Mr. Mueller;

(3) That Mr. Mueller be awarded his fees, costs, and expenses, to the extent permitted by law; and

(4) For all other relief at law or in equity to which Mr. Mueller may be justly entitled.

Dated: November 30, 2022.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Jay Hulings*
Jason M. Davis
State Bar No. 00793592
Email:  jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
Email:  jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395
***Counsel for Defendant Robert J. Mueller***

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2022, the foregoing document was served on counsel of record via the Court's ECF system.

 */s/ Jay Hulings*
H. Jay Hulings