# EXHIBIT 1

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　-against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>　　Defendants,<br><br>　　-and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>　　Relief Defendants. | Civil Action No.:  5:21-cv-785-XR |

**FINAL JUDGMENT AS TO DEFENDANTS DEEPROOT FUNDS LLC AND POLICY SERVICES AND RELIEF DEFENDANTS DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, AND DEEPROOT STUDIOS LLC**

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendants deeproot Funds LLC (a/k/a dprt Funds, LLC) and Policy Services Inc. and Relief Defendants deeproot Tech, LLC, deeproot Pinball LLC, and deeproot Studios LLC (collectively the "Debtor Defendants"), by and through John Patrick Lowe in his capacity as the bankruptcy trustee ("Trustee") appointed in the case pending under Chapter 7 of the Bankruptcy Code titled, *In re deeproot Capital Management LLC, et al.*, No. 21-51523 (Bankr. W.D. Tex. Jointly Admin.) ("Bankruptcy Cases"), having entered a general appearance; consented to the Court's jurisdiction

over Debtor Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations in the Complaint (except as to jurisdiction and except as provided herein in paragraph X); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants deeproot Funds LLC and Policy Services Inc. are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) employing any device, scheme, or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants deeproot Funds LLC's and Policy Services Inc.'s officers, agents, servants, employees, and attorneys; and

(b) other persons in active concert or participation with Defendants deeproot Funds LLC and Policy Services Inc. or with anyone described in (a).

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants deeproot Funds LLC and Policy Services Inc. are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants deeproot Funds LLC's and Policy Services Inc.'s officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants deeproot Funds LLC and Policy Services Inc. or with anyone described in (a).

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant deeproot Funds LLC is permanently restrained and enjoined from violating, directly or indirectly Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1),(2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant deeproot Funds LLC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant deeproot Funds LLC or with anyone described in (a).

### IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants deeproot Funds LLC and Policy Services Inc. are jointly and severally liable for disgorgement in the amount of $48,064,717, representing unjust enrichment gained as a result of the conduct alleged in the Complaint together with prejudgment interest thereon in the amount of $4,522,350, for a total of

$52,587,067. Relief Defendants deeproot Tech LLC, deeproot Pinball LLC, and deeproot Studios LLC shall be jointly and severally liable for a portion of this obligation as set forth below.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendants deeproot Tech LLC and deeproot Pinball LLC are jointly and severally liable, with each other and with Defendants deeproot Funds LLC and Policy Services Inc., for disgorgement in the amount of $14,162,565, representing unjust enrichment received from one or more of the Defendants that is the proceeds of, in furtherance of, or are traceable to the proceeds of, the unlawful activities alleged in the Complaint and to which the Relief Defendants deeproot Tech LLC and deeproot Pinball LLC have no legitimate claim, together with prejudgment interest thereon in the amount of $1,332,538, for a total of $15,495,103.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant deeproot Studios LLC is liable, jointly and severally with Defendants deeproot Funds LLC and Policy Services, Inc., for disgorgement in the amount of $3,745,925, representing unjust enrichment received from one or more of the Defendants that is the proceeds of, in furtherance of, or are traceable to the proceeds of, the unlawful activities alleged in the Complaint and to which the Relief Defendant deeproot Studios LLC has no legitimate claim, together with prejudgment interest thereon in the amount of $352,449, for a total of $4,098,374 Relief deeproot Studios LLC may also be jointly and severally liable up to this amount with any other defendant or relief

defendant whom the Court may order to pay disgorgement and prejudgment interest in this case, as the Court may deem appropriate.

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Trustee for the Debtor Defendants, in consultation with Plaintiff Securities and Exchange Commission (the "Commission"), will determine whether all eligible investors have filed proofs of claim and will use his best efforts to include eligible investors in either deeproot 575 Fund, LLC or deeproot Growth Runs Deep Fund, LLC in distributions to be made by the Trustee.

## VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that payment of the SEC's claims in the Bankruptcy Cases will be deferred until defrauded investors are paid in full and subject to an offset of any cash payments made by the Trustee to defrauded investors in the Bankruptcy Cases.

## IX.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Consent of Debtor Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Debtor Defendants shall comply with all the undertakings and agreements set forth therein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XI.

Nothing in this order precludes or otherwise prejudices the Commission's rights or claims to seek disgorgement and prejudgment interest from any other defendant or relief defendant in this

action, including disgorgement and prejudgment interest of the amounts ordered herein on a joint and several basis with Debtor Defendants.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE