# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    **Plaintiff,**<br><br>-against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>    **Defendants,**<br><br>-and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>    **Relief Defendants.** | Civil Action No.: 5:21-cv-785-XR |

## CONSENT OF DEBTOR DEFENDANTS

1.    Defendants deeproot Funds LLC (a/k/a dprt Funds, LLC) ("deeproot") and Policy Services Inc. ("Policy Services") and Relief Defendants deeproot Tech, LLC, deeproot Pinball LLC, and deeproot Studios LLC (collectively, "Debtor Defendants"), by and through John Patrick Lowe in his capacity as the bankruptcy trustee ("Trustee") appointed in the cases pending under Chapter 7 of the Bankruptcy Code titled, *In re deeproot Capital Management LLC, et al.*, No. 21-51523 (Bankr. W.D. Tex. Jointly Admin.) ("Bankruptcy Cases"), acknowledge having waived service of a summons and the complaint in this action, enter a general appearance, and

admit the Court's jurisdiction over the Debtor Defendants and over the subject matter of this action.

2.  Debtor Defendants filed petitions for voluntary Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Texas on December 9, 2021 giving rise to the Bankruptcy Cases.

3.  John Patrick Lowe was appointed as Chapter 7 Trustee in the Bankruptcy Cases on December 21, 2021.

4.  Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which the Trustee on behalf of the Debtor Defendants admits), and subject to Bankruptcy Court approval in the Bankruptcy Cases, the Debtor Defendants, by and through the Trustee, consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a) permanently enjoins Defendants deeproot and Policy Services from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;
>
> (b) permanently enjoins Defendant deeproot from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Advisers Act [15 U.S.C. § 80b-6(1),(2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];
>
> (c) as to Defendants deeproot and Policy Services, sets the amount of disgorgement in the amount of **$48,064,717** and prejudgment interest thereon in the amount of **$4,522,350** (i) on a joint and several basis with each other for

2

the entire amount, (ii) on a joint and several basis with any other disgorgement and prejudgment interest that may be ordered in the future against any other defendant or relief defendant in this case as the Court deems appropriate,[1] and (iii) on a joint and several basis with the Relief Defendants deeproot Tech LLC, deeproot Pinball LLC, and deeproot Studios LLC, but only up to the amounts set forth in sub-paragraphs (d) and (e) below;

(d) as to Relief Defendants deeproot Tech LLC and deeproot Pinball LLC, sets the amount of disgorgement in the amount of **$14,162,565** and prejudgment interest thereon in the amount of **$1,332,538** on a joint and several basis with each other and with Defendants deeproot and Policy Services;

(e) as to Relief Defendant deeproot Studios LLC, sets the amount of disgorgement in the amount of **$3,745,925** and prejudgment interest thereon in the amount of **$352,449** on a joint and several basis with Defendants deeproot and Policy Services;

(f) requires the Trustee, in consultation with Plaintiff Securities and Exchange Commission (the "Commission"), to determine whether all eligible investors have filed proofs of claim and to use his best efforts to include eligible investors in either deeproot 575 Fund, LLC or deeproot Growth Runs Deep Fund, LLC in distributions to be made by the Trustee; and

(g) acknowledges that payment of the SEC's claims in the Bankruptcy Cases will be deferred until defrauded investors are paid in full and will be subject to an

---

[1] The SEC reserves the right to seek payment for disgorgement and pre-judgment interest from any other defendant or relief defendant in this action on a joint and several basis with the Debtor Defendants up to an including the amounts set forth in this Consent.

offset of any cash payments made by the Trustee to defrauded investors in the Bankruptcy Cases.

5. The Debtor Defendants, by and through the Trustee, acknowledge that the Commission will enforce any monetary Judgments against the Debtor Defendants in compliance with applicable provisions of the Bankruptcy Code and Rules. Subject to the express consent of the Commission, any payment to the Commission in the Bankruptcy Cases may be distributed by the Chapter 7 Trustee in the Bankruptcy Cases. If the Bankruptcy Cases are dismissed, the Debtor Defendants shall remain liable for the Judgment and the Commission may, within 5 years of the date of this Judgment, move the Court for an order requiring Debtor Defendants to pay the unpaid amount of disgorgement plus prejudgment interest, to the Commission, if the Debtor Defendants continue to operate or have assets.

6. Debtor Defendants, by and through the Trustee, waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Debtor Defendants, by and through the Trustee, waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. Debtor Defendants, by and through the Trustee, enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Debtor Defendants to enter into this Consent.

9. Debtor Defendants, by and through the Trustee, agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

4

10. Debtor Defendants, by and through the Trustee, will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

11. Debtor Defendants, by and through the Trustee, waive personal service of the Final Judgment and agree that the signing of the Final Judgment by the Court, entry by the Clerk of Court, and service through CM/ECF will constitute notice to Debtor Defendants of its terms and conditions. Debtor Defendants, by and through the Trustee, further agree to provide counsel for the Commission, within thirty days after the Final Judgment is entered by the Clerk of Court, with an affidavit or declaration stating that the Trustee has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Debtor Defendants in this civil proceeding. Debtor Defendants, by and through the Trustee, acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Debtor Defendants, by and through the Trustee, waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Debtor Defendants, by and through the Trustee, further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.

This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Debtor Defendants, by and through the Trustee, understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

13.  Debtor Defendants, by and through the Trustee, understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Debtor Defendants' agreement to comply with the terms of Section 202.5(e), Debtor Defendants, by and through the Trustee, agree that they: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Debtor Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Debtor Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Notwithstanding the foregoing, nothing in this paragraph affects the Trustee's or the Debtor Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.  Debtor Defendants, by and through the Trustee, hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996,

6

or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorneys' fees or other fees, expenses, or costs expended by Debtor Defendants to defend against this action. For these purposes, Debtor Defendants, by and through the Trustee, agree that Debtor Defendants were not the prevailing party in this action since the parties have reached a good faith settlement.

15. Debtor Defendants, by and through the Trustee, agree to promptly seek a court order in the Bankruptcy Cases, pursuant to Fed. R. Bankr. P. 9019, authorizing Debtor Defendants to enter into this Consent and consenting to the entry of Final Judgment.

16. Debtor Defendants, by and through the Trustee, agree that the Commission may, upon issuance of the court order in the Bankruptcy Cases referenced in paragraph 15 above, present the Final Judgment to the Court for signature and entry without further notice.

17. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Debtor Defendants, by and through the Trustee, (i) agree to appear and be interviewed by Commission staff at such times within the Western District of Texas as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint Debtor Defendants' undersigned attorney as agent to receive service of such notices and subpoenas during the duration of the undersigned attorney's employment as counsel to the Trustee; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party

7

requesting the testimony reimburses Debtor Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Debtor Defendants in the United States District Court for the Western District of Texas for purposes of enforcing any such subpoena.

18. Debtor Defendants, by and through the Trustee, agree that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of the Final Judgment. The Bankruptcy Court shall continue to maintain jurisdiction over all such matters in the Bankruptcy Cases as to which the Bankruptcy Court has jurisdiction.

Dated: September 7, 2022

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Defendant deeproot Funds, LLC

Dated: September 7, 2022

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Defendant Policy Services Inc.

Dated: September 7, 2022

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Relief Defendant Deeproot Tech LLC.

Dated: September 7, 2022

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Relief Defendant Deeproot Pinball LLC

Dated: September 7, 2022

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Relief Defendant Deeproot Studios LLC

On September 7, 2022, John Patrick Lowe, Trustee, a person known to me, personally appeared before me an acknowledged executing the foregoing Consent with full authority to do so on behalf of deeproot Funds, LLC, Policy Services, Inc., Deeproot Tech LLC, Deeproot Pinball LLC, and Deeproot Studios LLC as their Bankruptcy Trustee.



Veronica B. Hinojosa
Notary Public
Commission expires: 03-13-2025

Approved as to form:

_____
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
PULMAN, CAPPUCCIO & PULLEN, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**Counsel for J. Patrick Lowe, Trustee**