IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>Defendants,<br><br>-and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC,<br><br>Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**JOINT REPLY TO DEFENDANT ROBERT J. MUELLER'S
OBJECTION TO ENTRY OF CONSENT JUDGMENT**

Plaintiff Securities and Exchange Commission ("Commission") and Defendants deeproot Funds, LLC, Policy Services, Inc., and Relief Defendants deeproot Tech LLC, deeproot Pinball, LLC, and deeproot Studios, LLC (collectively, "Debtor Defendants"), by and through the Chapter 7 Trustee for the Bankruptcy Cases of the Debtor Defendants in the jointly administered case, *In re deeproot Capital Management, LLC*, 21-51523 (Bankr. W.D. Tex.), hereby file this Reply to Defendant Robert J. Mueller's ("Mueller") Objection to Entry of Consent Judgment against the Debtor Defendants (hereinafter "Objection") [ECF. No. 82].

In his Objection, Mueller does not articulate any prejudice that would result from the entry of the Consent Judgment. Instead, Mueller makes nothing more than a number of legally insufficient complaints about an agreement to which he has no legally cognizable basis to object.

Moreover, Mueller has been on notice of the Consent Judgment for over a month. If Mueller had objections to the Consent he had every opportunity to raise those objections in the Bankruptcy Case and did not take advantage of that opportunity [Bankr. ECF No. 212].

Mueller raises certain factual and legal arguments in his Objection, all of which he is not precluded from making as to his own liability at the appropriate time in this matter.  Indeed, Mueller does not, because he cannot, seek any actual relief in the Objection, but merely proclaims a reservation of rights.  The Commission has no objection to Mueller's reservation of rights and is not suggesting Mueller is bound by an agreement in which is not a party.

In his Objection, Mueller also suggests something untoward about the Consent resulting from "informal" negotiations without discovery or Mueller's input.  This objection is meritless. The Consent Judgment reflects the good faith and arms-length negotiation between the Commission and Debtor Defendants.  In this regard, the Consent is no different than thousands of settlements entered into every year amongst litigants across the country without discovery. The Trustee has full authority to enter a settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.  FRBP 9019.  The Bankruptcy Court may approve a settlement that is fair and equitable, entered at arm's length and in the best interests of the estate.  *In re Cajun Elec. Power Coop.*, Inc., 119 F.3d 349, 356 (5th Cir. 1997).  Here, the Bankruptcy Court did just that and entered an order approving the settlement on January 1, 2022 [Bankr. ECF No. 231].

Lastly, Mueller has been aware of the Consent since at least December 6, 2022, when the Trustee filed a motion in the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve the Consent [ECF No. 80-3].  Mueller, who is represented by

the same counsel in the Bankruptcy Cases of the Debtor Defendants as this matter,[1] had a full opportunity to object to the Consent in that action, but chose not to do so. Pursuant to Rule 9019, Mueller had standing[2] and a minimum of 21 days under Rule 9019 to raise an objection to the Consent. He did not exercise this right.

As set forth above, the Consent Judgment reflects the good faith and arms-length negotiation between the Commission and Debtor Defendants. The Objection fails to establish any prejudice to Mueller and does not articulate any legally cognizable reason why the Consent Judgment should not be entered. Accordingly, the Commission and Debtor Defendants respectfully ask the Court to enter the Consent Judgment.

Date: January 20, 2023                                                           Respectfully submitted,

*/s/ Kristen M. Warden*
Kristen M. Warden
David A. Nasse                                                       *Randall A. Pulman*
Trial Counsel                                                         Randall A. Pullman
U.S. Securities and Exchange Commission      Texas State Bar No. 16393250
100 F Street NE                                                    rpulman@pulmanlaw.com
Washington, DC 20549                                      Pulman, Cappuccio & Pullen, LLP
wardenk@sec.gov                                              2161 NW Military Highway, Suite 400
nassed@sec.gov                                                San Antonio, Texas 78213
(202) 256-7941 (Warden)                                 (210) 222-9494 (Telephone)
(202) 551-4414 (Nasse)                                    (210) 892-1610 (Facsimile)

**Counsel for Plaintiff Securities and**         **Counsel for John Patrick Lowe, Chapter 7**
**Exchange Commission**                              **Trustee for the Jointly Administered**
                                                                           **Bankruptcy Estate of Deeproot Capital**
                                                                           **Management, LLC, Et. Al.**

---

[1] Counsel for the Commission would also like to clarify the record concerning the filing of the Motion. The Commission did not file the Motion as "Agreed" or "Unopposed" based on discussions with Mueller's counsel. When it appeared, based on the Court's Text Order of January 13, 2023, that the Court may have considered the Motion to have been filed as Agreed, Counsel for the Commission promptly notified Chambers via telephone that the Motion was not Agreed or Unopposed. Counsel for the Commission also notified Mueller's counsel that same day.

[2] Mueller has asserted claims in the Bankruptcy Cases. Specifically, on March 22, 2022, Mueller filed proofs of claim, Numbers 153 and 154, respectively, in the Claims Register of Case No. 21-51513.

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of January 2023, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

/s/ *Kristen M. Warden*

Kristen M. Warden

*Counsel for Plaintiff United States Securities and Exchange Commission*