FILED
11/19/2021 10:24 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 57th District Court

Case 5:21-cv-00785-XR   Document 88-1   Filed 03/29/23   Page 1 of 10

CAUSE NO. 2021CI24114

| | | |
|---|---|---|
| **ASCENTIUM CAPITAL LLC,** | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| **POLICY SERVICES, INC. and** | § | |
| **ROBERT J. MUELLER** | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Ascentium Capital LLC ("Ascentium") files this Original Petition against Defendants Policy Services, Inc. ("Policy Services") and Robert J. Mueller ("Mueller").

### I.    DISCOVERY CONTROL PLAN

1.  Ascentium intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited actions process in Texas Rule of Civil Procedure 169.

### II.    PARTIES

2.  Plaintiff Ascentium is a Delaware limited liability company, duly registered and authorized to do business in the State of Texas.

3.  Defendant Policy Services is a corporation incorporated under the laws of the State of Texas. Policy Services may be served with process through its registered agent, Mueller, with a registered office located at 12621 Silicon Drive, San Antonio, Texas 78249, or wherever else Mueller may be found. Policy Services is subject to the jurisdiction and venue of this Court by virtue of its status as a Texas corporation with a registered agent in Bexar County.



4.      Defendant Mueller is an individual who, upon information and belief, resides at 12015 Treewell Glen, San Antonio, Texas 78249, where he may be served with process. As a resident on Bexar County, Texas, Mueller is subject to the jurisdiction and venue of this Court.

### III.    JURISDICTION & VENUE

5.      The Court has jurisdiction over this lawsuit because Defendant Policy Services is an entity formed in the State of Texas and has its principal place of business in Bexar County. Defendant Mueller is a resident of the State of Texas and Bexar County and the amount in controversy exceeds the Court's minimum jurisdictional requirements.

6.      Venue is proper in Bexar County, Texas, because it is the county in which Policy Services has its principal place of business and where Mueller resides. *See* TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(2) and (3).

7.      In accordance with Rule 47 of the Texas Rules of Civil Procedure, Ascentium seeks monetary relief of $250,000.00 or less. Ascentium further demands judgment for all other relief to which it is entitled.

### IV.    FACTUAL BACKGROUND

8.      Ascentium is a commercial lender that provides equipment and technology financing solutions for companies of all sizes.

9.      Ascentium is bringing this action against Defendants to enforce and collect sums due and owing from Policy Services, as borrower, and Mueller, as guarantor, under Equipment Finance Agreement No. ▇▇▇2988 (the **"Finance Agreement"**), a true copy of which is attached as **<u>Exhibit A</u>** of this complaint.

10.     Upon information and belief, Mueller is Policy Services' owner and president. Mueller executed the Finance Agreement on Policy Services' behalf on or about December 26,

2019. Additionally, Mueller executed the Finance Agreement as guarantor in his individual capacity.

11. Pursuant to the terms of the Finance Agreement, Ascentium made a loan for Policy Services to purchase certain equipment from a vendor, Energi Pros.

12. Pursuant to the terms of the Finance Agreement, Policy Services agreed to repay the loan from Ascentium in accordance with a payment schedule, consisting of 24 consecutive monthly payments of $6,952.44, beginning in the month of January 2020.

13. Pursuant to the terms of the Finance Agreement, a late fee of 10% of all the unpaid amounts is assessed against Policy Services if all amounts are not timely made, and default interest accrues at the rate of 1.5% per month or 18.00% per annum on past due amounts.

14. The Finance Agreement incorporates a guaranty executed by Mueller, whereby he unconditionally guaranteed Policy Services' payment and performance.

15. Policy Services defaulted on the Finance Agreement after the Deferment Period ended by virtue of its failure to timely make payments due Ascentium in and after July 2021.

16. Following Policy Services' default, Ascentium elected to accelerate the Finance Agreement.

17. Pursuant to the terms of the Finance Agreement, the aggregate amount of all future installment payments is discounted at the rate of 3.00% per annum and included as part of the accelerated indebtedness.

18. Ascentium gave notice of its election to accelerate the Finance Agreement by letter dated October 4, 2021 (the **"Acceleration Date"**), a true copy of which is attached as **Exhibit B** of this petition.

## V. BREACH OF CONTRACT

19. Ascentium incorporates the preceding paragraphs as if fully restated herein.

20. Policy Services is in breach of the Finance Agreement

21. Ascentium properly accelerated the balance of the Finance Agreement.

22. Policy Services is indebted and liable to Ascentium under the Finance Agreement for the sum of **$53,942.20** as of the Acceleration Date, itemized as follows:

| | |
|---|---|
| $20,857.32 | Past-Due Payments |
| $4,866.68 | Late Fees |
| $30.00 | Return Item Fee |
| $565.01 | Default Interest |
| $27,623.19 | Future Payments |
| $53,942.20 | TOTAL |

23. Interest has continued to accrue on the accelerated indebtedness after the Acceleration Date and will continue to accrue hereafter at the rate of 18.00% per annum or $26.43 per day.

24. Policy Services is liable to Ascentium for the entire outstanding balance of the Finance Agreement, together with interest accruing after the Acceleration Date.

25. By virtue of his Guaranty, Mueller is jointly and severally liable to Ascentium for all of Policy Services' indebtedness under the Finance Agreement.

## VI. CONDITIONS PRECEDENT

26. Any and all required notices of default, notices of acceleration, and other conditions precedent to enforcement of the Finance Agreement have been performed, provided, waived, or otherwise satisfied.

## VII.   ATTORNEY'S FEES

27. The Finance Agreement provides, in pertinent part, that Policy Services is required to reimburse Ascentium for all costs incurred to enforce the Finance Agreement, including attorney's fees.

28. The Guaranty similarly provides that Mueller is required to pay Ascentium's expenses incurred to enforce the Guaranty.

29. Both the Finance Agreement and the Guaranty are governed by California law, due to a California choice-of-law provision.  Pursuant to Tex. R. Evid. 202, Ascentium asks the Court to take judicial notice of the application of the laws of the State of California with regard to, among other things, Plaintiff's claims arising under the Finance Agreement.

30. Based on the foregoing, Ascentium is entitled to recover reasonable attorney's fees, costs, and expenses from Defendants.

31. Defendants are jointly and severally liable to Ascentium for all such fees, costs, and expenses.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, upon final hearing, Plaintiff Ascentium Capital LLC requests the following relief against Defendants:

(a)  Actual damages;

(b)  Attorney's fees and costs;

(c)  Pre- and post-judgment interest; and

(d)  All other relief to which Ascentium may be entitled.

        Respectfully submitted,

By: */s/ Valerie Henderson*
    **Valerie Henderson**
    Texas Bar No. 24078655
    **Judson Mahan**
    Texas Bar No. 24109100
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ. P.C.**
    1301 McKinney Street, Suite 3700
    Houston, Texas 77010
    (713) 650-9700 - Telephone
    (713) 650-9701 – Facsimile
    vhenderson@bakerdonelson.com
    jmahan@bakerdonelson.com

    ***Attorneys for Plaintiff***

DocuSign Envelope ID: 51207580-486A4CE4-9ECA-6A5DAFDCEAD6
Case 5:21-cv-00785-XR Document 88-1 Filed 03/29/23 Page 7 of 10
THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

# EQUIPMENT FINANCE AGREEMENT

**Agreement No.** ▮▮2988

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| **DEBTOR ("you" or "your"):** POLICY SERVICES, INC. | **ADDRESS** 12621 SILICON DR, SAN ANTONIO, TX 78249 | **TERM:** 24 |
|---|---|---|

**PAYMENT SCHEDULE:** 24 @ $6,952.44

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property (the "Supplier") and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** LED & HVAC

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary.

**Disclaimer of Warranties and Claims.** **We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, including without limitation any defect, damage or unfitness of the Collateral.** You acknowledge you selected the Supplier and Collateral and the Supplier is not our agent nor are we their agent. If the Collateral is unsatisfactory for any reason, your only remedy, if any, shall be against the Supplier and not against us.

**Collateral.** You will use the Collateral for commercial purposes only and in compliance with law. You will not sell, transfer, assign or lease the Collateral or otherwise allow the Collateral to be used by anyone other than you. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs with respect to you or any guarantor, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA or (iv) you merge, consolidate with, or sell all or substantially all of your assets or a majority of your ownership interests to any third party. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral and/or (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. **You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conviens and waive any right to a jury trial.** Time is of the essence with respect to your obligations under this Agreement. All of our rights and the indemnities in our favor under this EFA shall survive its termination. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You shall not assign or otherwise transfer this EFA or any of your obligations hereunder. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now under this EFA, but none of our obligations. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in a writing duly executed by the party against whom enforcement is sought. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a Supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA shall be deemed an original for all purposes. Lender may acknowledge its acceptance of this EFA in a subsequent communication signed by Lender. Any notice given hereunder shall be in writing and, if delivered by mail, deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You agree that by providing us with an email address or a telephone number for a cellular or wireless device, you expressly consent to receiving notices and other communications including voice and text messages from us at that number or email address, and this express consent applies to each such email address or telephone number that you provide to us now or in the future. Only the copy of this EFA marked as the "sole original" or similar language by us or our designee is the chattel paper original of this EFA.

This EFA shall become effective upon Debtor's signature below, provided, however, that our obligation to perform our obligations under this EFA shall be subject to our satisfactory receipt of all conditions specified by us, including a complete and properly executed documentation package, as determined by us. By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the Supplier on behalf of Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| **Debtor Name:** | POLICY SERVICES, INC. | **By:** | *[DocuSigned by: signature] 23A5DEAC099C4A4...* |
|---|---|---|---|
| | | **Printed Name/Title:** | ROBERT MUELLER, President |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, venue and notice provisions of the EFA shall apply to this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| **Guarantor Signature:** | *[DocuSigned by: signature] 23A5DEAC099C4A4...* | **Printed Name:** | ROBERT MUELLER |
|---|---|---|---|
| **Guarantor Signature:** | | **Printed Name:** | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by Debtor from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| **Bank Name:** | | Wells Fargo | **Business Acct Name:** | Policy Services Inc |
|---|---|---|---|---|
| **Account No:** | | ▮▮▮▮▮▮ | **ABA No:** | ▮▮▮▮▮▮ |
| **Authorized Signature:** | *[DocuSigned by: signature] 23A5DEAC099C4A4...* | | **Printed Name / Title:** | ROBERT MUELLER  VP |

**EXHIBIT A**

1401-20190104



Ascentium Capital LLC
23970 HWY 59N
Kingwood TX 77339-1535

Jerry L. Noon, Vice President
jerrynoon@ascentiumcapital.com
T: (281) 348-2013
F: (866) 846-3679

October 4, 2021

| **VIA UPS AND EMAIL** | **VIA UPS & EMAIL** |
|---|---|
| Policy Services, Inc.<br>12621 Silicon Dr<br>San Antonio, Texas 78249<br>Email: robert@deeprootfunds.com | Robert Mueller<br>12015 Treewell Glen<br>San Antonio, Texas 78249<br>Email: robert@deeprootfunds.com |

RE: Ascentium Capital LLC Equipment Finance Agreement No. ▇▇2988 (the "EFA") with Policy Services, Inc. ("Debtor") and Robert Mueller ("Guarantor")

# NOTICE OF DEFAULT AND ACCELERATION

Ladies and Gentlemen:

On or about December 26, 2019, Debtor entered into the EFA with Ascentium Capital LLC ("Ascentium") in order to finance Debtor's purchase of equipment from Energi Pros LLC (the "Collateral").

The Guarantor unconditionally guaranteed the payment and performance when due of all obligations of Debtor under the EFA, and all related documents executed by Debtor. The Guarantor further agreed that Ascentium may proceed against the Guarantor before proceeding against Debtor.

The EFA is past due because Debtor has failed and refused to pay the monthly payment due July 2021 and each month thereafter, therefore, the EFA is in Default (as defined in the EFA). In accordance with its rights and remedies under the EFA Ascentium hereby accelerates and declares the entire balance of the EFA immediately due and payable. Pursuant to the default and remedies section of the EFA, Ascentium is required to discount future payments. The accelerated amount is detailed on the following page:



Policy Services, Inc.
October 4, 2021
Page 2

_____

| EFA ▮ 2988 | ($) |
|---|---:|
| Past Due Payments: | 20,857.32 |
| Late Charges: | 4,866.68 |
| Return Item Fee: | 30.00 |
| Default Interest on Past Due Amounts (1.5% per month): | 565.01 |
| Future Payments Accelerated (3% present value discount applied): | 27,623.19 |
| TOTAL: | 53,942.20 |

Accordingly, **DEMAND IS MADE for payment of $53,942.20** plus accruing interest and all other contractually-applicable charges, the total of which must be received at Ascentium's office at 23970 Highway 59 N., Kingwood, Texas, 77339, no later than ten (10) days from the date of this letter.

Pursuant to its rights under the EFA and applicable law, Ascentium is entitled to take possession of the Collateral. The Debtor is holding the Collateral in violation of Ascentium's rights. Accordingly, **DEMAND IS MADE for Debtor to do the following**:

1. Cease taking any action to sell, use, assign or dispose of the Collateral;

2. Immediately deliver to Ascentium any proceeds of the Collateral;

3. Assemble and surrender the Collateral to Ascentium at a time and place acceptable to Ascentium; and

4. Stop using, transferring, withdrawing or encumbering any funds on deposit in any financial institution at which proceeds of the Collateral have been deposited and immediately pay all such funds to Ascentium.

Please contact the undersigned to make arrangements for the surrender of the Collateral (in which event the Debtor and Guarantor shall remain jointly and severally liable for the debt and any deficiency balance).

If any payment less than the full indebtedness demanded above is delivered to Ascentium, such payment will be applied to said indebtedness (in any sequence Ascentium selects in its sole discretion), with full reservation of all of Ascentium's rights and remedies and without waiver of or prejudice to any of Ascentium's rights or remedies. Moreover, any such partial payment shall not cure any default under the EFA, and such payment shall not reinstate or de-accelerate any indebtedness under the EFA. Therefore, unless the demand stated above is timely and fully satisfied, or this matter is otherwise resolved with written documentation acceptable to Ascentium in its sole discretion, Ascentium will immediately take all further steps it deems appropriate, including and without limitation commencing a legal action against some or all of you for all available relief.

Policy Services, Inc.
October 4, 2021
Page 3

_____

Please note that Ascentium has no obligation or duty to inform Debtor or Guarantor of Ascentium's intention to exercise its rights and remedies except as expressly required by the EFA or applicable law.  Ascentium is, however, doing so in this letter as a courtesy.

To the extent your obligations have been discharged, dismissed, or are subject to an automatic stay under Title 11 of the United States Code, this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect any such obligation.  This notice is given pursuant to 11 U.S.C. § 362(b) (11), if applicable.

This letter is not an all-inclusive statement of Ascentium's rights or remedies against any person or entity.  Moreover, nothing stated in or omitted from this letter is a waiver of, or has any adverse effect on, any of Ascentium's rights or remedies, and all such rights and remedies are cumulative, may be exercised in any such order as Ascentium elects, and are expressly reserved.

THIS IS AN ATTEMPT TO COLLECT THE INDEBTEDNESS EVIDENCED BY THE EFA, AND/OR SECURED BY THE LIENS, SECURITY INTERESTS, AND TERMS AND PROVISIONS CONTAINED IN THE EFA, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  PLEASE BE GOVERNED ACCORDINGLY.

Sincerely,
Ascentium Capital LLC

*[signature: Jerry L. Noon]*

Jerry L. Noon
Vice President, Asset Management