DocuSign Envelope ID: 51297E80-4964-4CF4-9FCA-9A5DAFDCEAD6
Case 5:21-cv-00785-XR   Document 88-2   Filed 03/29/23   Page 1 of 1
THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

# EQUIPMENT FINANCE AGREEMENT
## Agreement No. ████2988

**Ascentium Capital LLC**
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| DEBTOR ("you" or "your"): | ADDRESS | TERM: |
|---|---|---|
| POLICY SERVICES, INC. | 12621 SILICON DR, SAN ANTONIO, TX 78249 | 24 |

**PAYMENT SCHEDULE:** 24 @ $6,952.44

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property (the "Supplier") and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** LED & HVAC

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary.

**Disclaimer of Warranties and Claims**. **We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, including without limitation any defect, damage or unfitness of the Collateral.** You acknowledge you selected the Supplier and Collateral and the Supplier is not our agent nor are we their agent. If the Collateral is unsatisfactory for any reason, your only remedy, if any, shall be against the Supplier and not against us.

**Collateral.** You will use the Collateral for commercial purposes only and in compliance with law. You will not sell, transfer, assign or lease the Collateral or otherwise allow the Collateral to be used by anyone other than you. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs with respect to you or any guarantor, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA or (iv) you merge, consolidate with, or sell all or substantially all of your assets or a majority of your ownership interests to any third party. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral and/or (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. **You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conviens and waive any right to a jury trial.** Time is of the essence with respect to your obligations under this Agreement. All of our rights and the indemnities in our favor under this EFA shall survive its termination. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You shall not assign or otherwise transfer this EFA or any of your obligations hereunder. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now under this EFA, but none of our obligations. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in a writing duly executed by the party against whom enforcement is sought. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a Supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA shall be deemed an original for all purposes. Lender may acknowledge its acceptance of this EFA in a subsequent communication signed by Lender. Any notice given hereunder shall be in writing and, if delivered by mail, deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You agree that by providing us with an email address or a telephone number for a cellular or wireless device, you expressly consent to receiving notices and other communications including voice and text messages from us at that number or email address, and this express consent applies to each such email address or telephone number that you provide to us now or in the future. Only the copy of this EFA marked as the "sole original" or similar language by us or our designee is the chattel paper original of this EFA.

This EFA shall become effective upon Debtor's signature below, provided, however, that our obligation to perform our obligations under this EFA shall be subject to our satisfactory receipt of all conditions specified by us, including a complete and properly executed documentation package, as determined by us. By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the Supplier on behalf of Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| Debtor Name: | POLICY SERVICES, INC. | By: | [signature] |
|---|---|---|---|
| | | Printed Name/Title: | ROBERT MUELLER, President |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, venue and notice provisions of the EFA shall apply to this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| Guarantor Signature: | [signature] | Printed Name: | ROBERT MUELLER |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by Debtor from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | Wells Fargo | Business Acct Name: | Policy Services Inc |
|---|---|---|---|
| Account No: | ████████ | ABA No: | ████████ |
| Authorized Signature: | [signature] | Printed Name / Title: | ROBERT MUELLER, VP |

EXHIBIT B

1401-20190104