IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　-against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>　　Defendants,<br><br>　　-and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>　　Relief Defendants. | Civil Action No.:  5:21-cv-785-XR |

**DEFENDANT ROBERT J. MUELLER'S RESPONSE TO ASCENTIUM CAPITAL, LLC'S OPPOSED MOTION FOR RELIEF FROM PRELIMINARY INJUNCTION**

TO THE HONORABLE COURT:

Defendant Robert J. Mueller ("**Mueller**") files this Response to Ascentium Capital, LLC's Opposed Motion for Relief from Preliminary Injunctions, and would state as follows:

### I.　　INTRODUCTION

1.　　Ascentium Capital LLC's ("**Ascentium**") Opposed Motion for Relief from Preliminary Injunction (the "**Motion**") appears to suggest that Ascentium has a judgment against Mueller in hand, or close.  That suggestion is mistaken.

2. Ascentium filed a petition against Policy Services, Inc. ("**Policy Services**") and Mueller in state court, seeking to enforce Mueller's personal guarantee on a loan for equipment purchased by Policy Services. Mueller filed an Answer that made clear that Mueller intends to fight Ascentium's allegations, including on the basis that Ascentium's agents fraudulently induced the transaction that Ascentium now seeks to enforce.

3. But Mueller also made clear to Ascentium that its efforts were premature. The agreed injunction entered by this Court froze Defendants' assets and enjoined suits that relate to those assets, such as Ascentium's suit against Policy Services and Mueller. Even if Mueller believed that Ascentium's claims had merit—and he does not—the asset freeze denies him access to the funds to resolve and/or litigate the dispute. Allowing this suit to proceed while the asset freeze remains in place would thus work a fundamental unfairness against Mueller.

4. Trial in this matter is currently set for October 2023. Ascentium would not be prejudiced by waiting a few more months before pursuing its claims. The Court should deny the Motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

5. On August 20, 2021, Plaintiff Securities and Exchange Commission (the "**SEC**") filed its Complaint in this action (ECF No. 1).

6. On September 23, 2021, the parties filed a Joint Motion for an Asset Freeze, Accounting, and Preliminary Injunction (ECF No. 6) (the "**Joint Motion**"). The Court entered its Order Freezing Certain Assets, Ordering an Accounting, and Preliminary Injunction on the same day (ECF No. 7) (the "**Injunction**").

7. Among other provisions, the Injunction froze several of Mueller's bank accounts and set a briefing schedule for motions regarding the use of funds in other bank accounts. *See*

Injunction at 2-5.  The Injunction also required that Mueller provide a sworn accounting of all of his assets, including all funds held in any bank account.  *See id.* at 6.  The Injunction further prohibited Mueller from opening any new bank or other financial account, without permission of the Court.  *See id.* at 7.   Finally, the Injunction enjoined suits by "creditors or claimants" that related to those assets:

> IT IS THEREFORE FURTHER ORDERED THAT . . . ***creditors or claimants against any of the Defendants*** or Relief Defendants, or any person acting on behalf of such creditors or claimants (including without limitation any landlord, supplier, vendor, or other party with which the Defendants or Relief Defendants may have entered into commercial transactions), ***are enjoined and prohibited from taking any action to interfere with the taking control, possession, destruction, conversion, transfer, or management of the assets of the Defendants*** or Relief Defendants, including, but not limited to, ***the filing of any lawsuits***, liens or encumbrances, or bankruptcy cases to impact the property and assets subject to this Order, except where such party seeks permission to do so by filing a motion in this Court.

*Id.* at 6-7 (emphasis added).

8. On November 5, 2021, the Court entered its Order Maintaining Freeze of Certain Assets and Allowing the Use of Limited Funds to Pay for Living Expenses and Criminal Defense Counsel (ECF 23) ("**Order on Use of Funds**"), which permitted Mueller to use limited funds to pay for living expenses and for his criminal defense representation.  Mr. Mueller's other assets remain frozen.

9. On November 9, 2021, Ascentium filed its Original Petition in Bexar County District Court, asserting claims for breach of contract against Policy Services and Mueller.  *See* Motion, Ex. A.  Ascentium alleges that Policy Services entered into an agreement, allegedly guaranteed by Mueller, to purchase equipment from a vendor.  *Id.* at 2-3.  It further alleges that Policy Services defaulted on the loan and that approximately $54,000 is due to Ascentium, not including interest.  *Id.* at 4.

10. Policy Services filed for bankruptcy protection on December 9, 2021. On or about December 22, 2021, Ascentium was identified as a creditor and was provided notice of the deadline to file notice of a proof of claim, then set for March 22, 2022. *See* Ex. A at 3.

11. Ascentium nevertheless served its Original Petition in the Bexar County case on Policy Services and Mueller on March 22, 2022. *See* Ex. B; Ex. C.

12. Mueller filed its Answer to Ascentium's Original Petition on April 18, 2022. *See* Ex. D. In addition to a general denial, Mueller asserted affirmative defenses of fraud and impossibility, among other defenses. *See id.* ¶¶ 5, 7.

13. Mueller and Ascentium exchanged initial disclosures on May 18, 2022. *See* Ex. E. Mueller again identified a potential defense of fraud, noting that Mueller "maintains that Plaintiff's claims are barred, in whole or in part, because Plaintiff was complicit in fraudulent actions that induced the contract at issue in this litigation." *Id.* at 3.

14. On or about July 6, 2022, counsel for Mueller provided counsel for Ascentium with orders entered in this case, including the Injunction. *See* Ex. F. Ascentium has taken no further action in the Bexar County case.

### III.   ARGUMENT AND AUTHORITIES

15. Ascentium's request to amend the Injunction is flawed for multiple reasons and should be denied.

16. First, Ascentium's claim that it only seeks permission to "obtain a judgment" against Mueller is disingenuous. *See* Motion at 4. Mueller maintains that the contract with Ascentium was obtained by fraud and that Ascentium was complicit in that fraud. *See* Ex. D ¶¶ 5; Ex. E at 3. He has identified the perpetrators of that fraud by name and described their connection to Ascentium. *See* Ex. E at 6-7. Resolving Ascentium's claims will thus require substantial

discovery, motions practice, and a jury trial. Mueller also reserves the right to pursue counterclaims and/or third-party claims if that dispute moves forward. Ascentium is thus requesting more than the ability to "obtain a judgment." It requests the Court's permission to engage in expensive, time-consuming litigation against Mueller that would proceed alongside this litigation.

17. Second, Ascentium's claim that no parties to this case would be prejudiced is simply false. *See* Motion ¶ 8. ***Mueller*** would be prejudiced by having to defend against an action without access to the resources necessary to defend or, if necessary, resolve the dispute. The Injunction froze nearly all of Mueller assets—save for limited funds that the Court permitted to be used for living expense and criminal defense representation, and then only for a limited time. *See* Order on Use of Funds. Permitting Ascentium and other potential creditors to pursue claims against Mueller—after the Injunction tied Mueller's hands through an asset freeze—would be deeply unfair to Mueller.

18. Indeed, Mueller agreed to the Injunction in part ***because*** it prevented third-party claims against his assets, like the claim currently asserted by Ascentium. The Joint Motion expressly requested that the Court enter an order preventing "creditors or claimants against the Defendants"—a term defined to include Mueller—from "taking any action . . . to interfere with . . . the assets of the Defendants," including "the filing of any lawsuits." Joint Motion at 7. Having agreed to freeze substantially all his assets, Mueller needed assurance that he would not have to defend against a potential frenzy of third-party claims against those same assets. The Joint Motion and the resulting Injunction gave Mueller that assurance. *See* Injunction at 6-7. Ascentium now asks the Court to undo that agreement and open the door to third-party claims, without giving

Mueller access to the assets necessary to litigate or resolve those claims.[1]

19.     Third, Ascentium offers the Court **_no good cause_** to amend the Injunction. Ascentium's assertion that it would be "prejudiced" by having to wait "months" for this action to be resolved is not credible. *See* Motion ¶ 8. Ascentium waited nearly a year after counsel provided it with the Injunction before it filed this motion. Trial in this matter is currently set for October 2023, a few short months from now. The Motion offers no basis to conclude that waiting a few more months until trial in this matter would result in any prejudice to Ascentium, let alone prejudice that would justify undoing the Injunction and forcing Mueller to defend against a new claim to his assets.

## IV.     CONCLUSION

20.     For the reasons stated above, Mueller respectfully requests that the Court deny the Motion.

Dated: April 12, 2023

                                                Respectfully submitted,

                                                **DAVIS & SANTOS, PLLC**

                                      By: */s/ Jay Hulings*
                                           Jason M. Davis
                                           State Bar No. 00793592
                                           Email: *jdavis@dslawpc.com*
                                           H. Jay Hulings
                                           State Bar No. 24104573
                                           Email: *jhulings@dslawpc.com*
                                           719 S. Flores Street
                                           San Antonio, Texas 78204
                                           Tel: (210) 853-5882
                                           Fax: (210) 200-8395
                                           ***Counsel for Defendant Robert Mueller***

---

[1] The Injunction is consistent with the purpose of preliminary injunctions in SEC enforcement actions, which prioritize alleged victims in SEC actions over other potential creditors by allowing a court to freeze substantially all of a defendant's assets to ensure those assets "remain available to fund subsequent disgorgement orders and civil penalties" in the SEC action. *SEC v. AmeriFirst Funding, Inc.*, Civil Action No. 3:07-CV-1188-D, 2007 WL 2192632 at *3 (N.D. Tex. July 31, 2007); *see also* 15 U.S.C. § 77t(b); 15 U.S.C. § 77u(d).

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2023, the foregoing document was served on counsel of record via the Court's ECF system.

                                        */s/ Jay Hulings*
                                        H. Jay Hulings