# Exhibit F

**Adriana Buentello**

---

| | |
|---|---|
| **From:** | Jay Hulings |
| **Sent:** | Wednesday, July 6, 2022 3:03 PM |
| **To:** | Henderson, Valerie |
| **Cc:** | Mahan, Judson; Jason Davis; Adriana Buentello |
| **Subject:** | RE: Ascentium Capital LLC VS Policy Services, Inc. ET AL - initial disclosures |
| **Attachments:** | 2021 09-23 [7] Order Granting [6] Joint Mtn for Prelim Injunction.pdf; 2022 03-17 [48] Order on Mtn to Stay.pdf |

Valerie:

It was good to speak with you today.  Attached the documents from the SEC case that we discussed.  Please let me know if you have any questions.

Thanks.

Jay

---

**From:** Henderson, Valerie <vhenderson@bakerdonelson.com>
**Sent:** Friday, July 1, 2022 4:35 PM
**To:** Jay Hulings <jhulings@dslawpc.com>
**Cc:** Mahan, Judson <jmahan@bakerdonelson.com>; Jason Davis <jdavis@dslawpc.com>; Adriana Buentello <Abuentello@dslawpc.com>
**Subject:** RE: Ascentium Capital LLC VS Policy Services, Inc. ET AL - initial disclosures

*[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]*

Works for me.

**Valerie Henderson**
Shareholder
Direct: (713) 286-7172
E-mail: vhenderson@bakerdonelson.com

---

**From:** Jay Hulings <jhulings@dslawpc.com>
**Sent:** Friday, July 1, 2022 4:34 PM
**To:** Henderson, Valerie <vhenderson@bakerdonelson.com>
**Cc:** Mahan, Judson <jmahan@bakerdonelson.com>; Jason Davis <jdavis@dslawpc.com>; Adriana Buentello <Abuentello@dslawpc.com>
**Subject:** RE: Ascentium Capital LLC VS Policy Services, Inc. ET AL - initial disclosures

Great.  Let's plan for Wednesday morning.  How is 10am?

---

**From:** Henderson, Valerie <vhenderson@bakerdonelson.com>
**Sent:** Friday, July 1, 2022 4:33 PM
**To:** Jay Hulings <jhulings@dslawpc.com>
**Cc:** Mahan, Judson <jmahan@bakerdonelson.com>; Jason Davis <jdavis@dslawpc.com>; Adriana Buentello <Abuentello@dslawpc.com>
**Subject:** RE: Ascentium Capital LLC VS Policy Services, Inc. ET AL - initial disclosures

==*[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]*==

My apologies.  Thank you for bringing the disclosures to my attention.

I'm available Wednesday morning and most of Friday next week for a call.

**Valerie Henderson**
Shareholder
Direct: (713) 286-7172
E-mail: vhenderson@bakerdonelson.com

---

**From:** Jay Hulings <jhulings@dslawpc.com>
**Sent:** Friday, July 1, 2022 4:28 PM
**To:** Henderson, Valerie <vhenderson@bakerdonelson.com>
**Cc:** Mahan, Judson <jmahan@bakerdonelson.com>; Jason Davis <jdavis@dslawpc.com>; Adriana Buentello <Abuentello@dslawpc.com>
**Subject:** RE: Ascentium Capital LLC VS Policy Services, Inc. ET AL - initial disclosures

Ms. Henderson:

The disclosures were sent to you on May 18.  The letter with the disclosures is attached to this email.  Note that the read receipt at the end of the document indicates that it was received by your email account at 3:13 PM.  Please let me know if you have any other questions about the disclosures.

Also, before we proceed with this case much further, I suggest that we take a few minutes for a phone call to confer on scheduling issues would make sense.  I have some availability next week, if that works for you.

Thanks.

Jay



**Jay Hulings**
Partner

719 S. Flores Street
San Antonio, Texas 78204
dslawpc.com

**P:** (210) 853-5882
**F:** (210) 200-8395

**E:** jhulings@dslawpc.com

---

**From:** Henderson, Valerie <vhenderson@bakerdonelson.com>
**Sent:** Friday, July 1, 2022 4:20 PM
**To:** Jason Davis <jdavis@dslawpc.com>; Jay Hulings <jhulings@dslawpc.com>
**Cc:** Mahan, Judson <jmahan@bakerdonelson.com>
**Subject:** Ascentium Capital LLC VS Policy Services, Inc. ET AL - initial disclosures


==*[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]*==

Hello,

Robert Mueller's initial disclosures were due in this matter in May but we have not received them from you.  Please provide Mr. Mueller's initial disclosures by July 15, 2022 or we will need to file a motion to compel.

**Valerie Henderson**
Shareholder
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Direct: (713) 286-7172
Facsimile: (713) 650-9701
E-mail: vhenderson@bakerdonelson.com
www.bakerdonelson.com

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br>     Plaintiff, <br><br>     -against- <br><br> ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC., <br><br>     Defendants, <br><br>     -and- <br><br> DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST, <br><br>     Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**ORDER FREEZING CERTAIN ASSETS, ORDERING AN ACCOUNTING, AND PRELIMINARY INJUNCTION**

**WHEREAS** this matter comes before this Court upon the Joint Motion for an Asset Freeze, Accounting, and Preliminary Injunction, Asset Freeze and an Accounting ("Joint Motion") submitted by Plaintiff, Securities and Exchange Commission (the "SEC"), Defendants, Robert J. Mueller, the entity Defendants: Deeproot Funds LLC and Policy Services, Inc. ("Entity Defendants") (collectively with Defendant Robert J. Mueller "Defendants"), and the relief defendants: Deeproot Tech LLC, Deeproot Pinball LLC, Deeproot Studios LLC, Deeproot Sports & Entertainment LLC, Deeproot Re 12621 Silicon Dr LLC, and Robert J. Mueller, Jeffrey L. Mueller, and Belinda G. Breen solely in their capacities as co-trustees of the MB Hale Ohana Revocable Trust ("Relief Defendants").

WHEREAS, without admissions and without waiving any rights or remedies, the Parties have agreed that the preliminary and ancillary relief requested in the Joint Motion is appropriate, that a proper showing could be made to establish some basis for such relief, and that good cause exists, in order to preserve the status quo of the Parties during the pendency of this litigation.

WHEREAS the SEC and Defendant Mueller disagree as to the amount in certain bank accounts that should be subject to an asset freeze (and the amount that should be made available for Defendant Mueller's use for living expenses and legal expenses) and request limited briefing and a hearing on this issue.

WHEREAS pursuant to the Joint Motion, Defendants Mueller, the Entity Defendants, and the Relief Defendants do not admit any allegations in the Complaint and expressly reserve all rights to answer, file a motion to stay, file dispositive motions, or otherwise contest the SEC's allegations.

**THE JOINT MOTION IS HEREBY GRANTED.**

I.    **ASSET FREEZE**

**IT IS THEREFORE ORDERED THAT** Defendants, Relief Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets in the accounts listed below (hereinafter collectively, the "Undisputed Accounts") in whatever form such assets may presently exist in the Undisputed Accounts, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge,

alienation, encumbrance, disposal, or diminution in value of any such funds or other assets in the following Undisputed Accounts, which are hereby frozen:

**A.  Wells Fargo Bank Accounts**

1.  Deeproot Funds LLC account ending in -2534

2.  Deeproot Funds LLC account ending in -2385

3.  Policy Services Inc. account ending in -3099

4.  Policy Services Inc. account ending in -8487

5.  Policy Services Inc. account ending in -3081

6.  Policy Services Inc. account ending in -8461

7.  Deeproot Pinball LLC account ending in -5571

8.  Deeproot Growth Runs Deep Fund LLC account ending in -1354

9.  Deeproot 575 Fund LLC account ending in -8673

10. Deeproot 3 Year Bonus Reset Debenture Fund LLC account ending in -1024

11. Wizard Mode Media LLC account ending in -9298

12. Deeproot Bonusgrowth 5 Year Debenture Fund LLC account ending in -1016

13. Deeproot 3 Year Bonus Income Debenture Fund LLC account ending in -1370

14. Deeproot Studios LLC account ending in -6415

15. Deeproot Tech LLC account ending in -6575

16. Deeproot Wealth Advisors LLC account ending in -1255

17. Dprt STFR Debenture Fund LLC account ending in -2724

18. Dprt Advisory Services LLC account ending -2526

19. Dprt Advisory Services LLC account ending -6017

     20.    Deeproot Continuation Holdings Inc. account ending -9258

     21.    Deeproot Queue Fund LLC account ending -6758

     22.    National Wealth Solutions LLC account ending -6288

**B.**    **First Hawaiian Bank Account**

     1.    MB Hale Ohana RT DTD 110516 checking account ending in -6777 (the "Ohana Trust Account")[1]

**C.**    <u>**USAA Bank Accounts**</u>

     1.    Savings account ending in -4336

**IT IS THEREFORE FURTHER ORDERED THAT** all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the Undisputed Accounts, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets in the Undisputed Accounts; and that such funds and assets are frozen.

     **IT IS THEREFORE FURTHER ORDERED THAT** the Commission may cause a copy of this Order in this case to be served on any bank, trust company, broker-dealer, depository

---

[1] Subject to an amount as determined by the Court following briefing and a hearing as to the scope of the Asset Freeze as applied to this account as set forth herein. Defendant Mueller has represented that $137,000 of the funds in the Ohana Trust Account have been transferred to counsel for Defendant Mueller, $50,000 of which has been transferred to restructuring counsel for the Defendants/Relief Defendants for use in preparation for a potential bankruptcy filing. The remainder of the funds transferred from the Ohana Trust Account will be held in trust by Defendant Mueller's counsel pending briefing and further order of the Court.

institution, entity, or individual either by United States mail, email, or facsimile as if such service were personal service, to put such bank, trust company, broker-dealer, depository institution, entity, or individual on notice of the Order, and/or if applicable to restrain and enjoin any such institution, entity, or individual from disbursing assets in the Undisputed Accounts, directly or indirectly, to or on behalf of Defendants or Relief Defendants, or any companies or persons or entities under their control.

## II.    SWORN ACCOUNTING

**IT IS THEREFORE FURTHER ORDERED THAT** Defendants and Relief Defendants submit in writing attesting to its accuracy under penalty of perjury, and serve upon the SEC, within fifteen (15) business days following entry of this Order, an accounting identifying, from January 1, 2021 to the present:

A.    all transfers or payments of funds to them or any other entity controlled by them from investors in connection with the transactions described in the Complaint (the identification shall include, if known, the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

B.    in detail, the disposition of each transfer or payment identified in response to paragraph II.A above and all assets derived therefrom, including but not limited to:

1.  the recipients of any such transfer or payment;

2.   any subsequent transfer or payment of the funds (the identification shall include, if known, the amount of each such transfer or payment, the date of

the transfer or payment, the name of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

**C.**     non-monetary assets of every type and description, excluding standard office equipment, furniture, or other items as agreed to by the parties, with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of the Defendants, including the Entity Defendants, Mueller whether in the United States or elsewhere; and

**D.**     all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants or Relief Defendants or in which Defendants or Relief Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2021 to the present, excluding any funds held by counsel for (i) Defendant Mueller in this action in any IOLTA trust account, and (ii) restructuring counsel for the Defendants or relief Defendants in any IOLTA trust account.

## III.     PRELIMINARY INJUCTION

**IT IS THEREFORE FURTHER ORDERED THAT** that, through the pendency of this lawsuit or until this Court orders otherwise, Defendant Mueller is enjoined and prohibited from directly or indirectly selling, transferring, mortgaging, encumbering, collateralizing, or authorizing or allowing the encumbering or collateralization of, any life insurance policies owned, in whole or in part, by any of the Defendants or Relief Defendants.

**IT IS THEREFORE FURTHER ORDERED THAT** that Defendants, Relief Defendants, creditors or claimants against any of the Defendants or Relief Defendants, or any

person acting on behalf of such creditors or claimants (including without limitation any landlord, supplier, vendor, or other party with which the Defendants or Relief Defendants may have entered into commercial transactions), are enjoined and prohibited from taking any action to interfere with the taking control, possession, destruction, conversion, transfer, or management of the assets of the Defendants or Relief Defendants, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this Order, except where such party seeks permission to do so by filing a motion in this Court.  In no event may such party file a voluntary or involuntary bankruptcy petition pertaining to any of the assets under the jurisdiction of this Court unless they provide on three (3) days' notice to the Court a showing that such a petition is appropriate and would benefit investors or administration of this action.  No voluntary or involuntary petition for bankruptcy may be filed unless this Court grants such motion.

**IT IS THEREFORE FURTHER ORDERED THAT** that Defendants and Relief Defendants through the pendency of this lawsuit or until this Court orders otherwise, are enjoined and prohibited from directly or indirectly opening any additional bank, investment, digital asset, trust, loan, or other financial account of any kind, without first seeking permission by filing a motion with this Court on three (3) days' notice and upon a showing that opening such account is appropriate, and would benefit investors or the administration of this action, or is otherwise necessary and this Court grants such motion.

## IV.     BRIEFING ON REMAINING DISPUTED MATTERS

As described in the Joint Motion, the SEC and Defendant Mueller disagree as to scope of the asset freeze imposed by this **ORDER** as applied to four accounts (hereinafter the "Disputed Accounts"):

1.    the Ohana Trust Account,

2.    Plains Capital Bank account ending in -8707

3.    USAA Checking account ending in -7059

4.    USAA Checking account ending in -6407.

Pursuant to Joint Motion, this Court enters the following briefing and hearing schedule on this issue:

| | |
|---|---|
| Defendant Mueller's Brief: | **September 29, 2021** |
| SEC Response Brief: | **October 6, 2021** |
| Defendant Mueller Reply: | **October 13, 2021** |
| Hearing: | **October 25, 2021 at 9:30am** |

The Courtroom Deputy will inform the parties of the manner in which the hearing will be conducted.

**IT IS THEREFORE FURTHER ORDERED THAT** Defendants shall not withdraw, transfer, or otherwise spend more than $10,000 in total from the Disputed Accounts until such time as this Court rules and enters an order resolving the matters in dispute regarding the Disputed Accounts as set forth in the Joint Motion and in this Order.

## V.    ADDITIONAL PROVISIONS

Nothing in this **ORDER** shall be construed to require that a Defendant or Relief Defendant abandon or waive any constitutional or other legal privilege which he may have available to him including his Fifth Amendment privilege against self-incrimination. Defendant Mueller reserves the right to seek a stay of this proceeding and nothing herein shall waive any such right. In turn, nothing in Order shall prevent the SEC from opposing or challenging any assertion by a defendant or relief defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege, or any request for a stay of this proceeding.

Nothing in this **ORDER** herein shall freeze, limit, or otherwise apply to any account solely owned or controlled by Defendant Mueller's wife or other family members.

Nothing herein shall preclude the parties, during the pendency of this case, from moving to stay, modify or vacate this Order for good cause shown, or from opposing any such motion brought by another party.

It is so ORDERED.

SIGNED this 23rd day of September, 2021.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### DIVISION

SECURITIES AND EXCHANGE     §
COMMISSION,            §
        *Plaintiff,*     §
                §     21-CV-00785-XR
v.                   §
                §
ROBERT J. MUELLER, DEEPROOT     §
FUNDS LLC (a/k/a dprt Funds, LLC),     §
AND POLICY SERVICES INC.,     §
        *Defendants,*     §
                §
      -and-           §
                §
DEEPROOT TECH LLC, DEEPROOT     §
PINBALL LLC, DEEPROOT STUDIOS     §
LLC, DEEPROOT SPORTS &     §
ENTERTAINMENT LLC, DEEPROOT     §
RE 12621 SILICON DR LLC, AND     §
ROBERT J. MUELLER, JEFFREY L.     §
MUELLER, AND BELINDA G. BREEN,     §
AS CO-TRUSTEES OF THE MB HALE     §
OHANA REVOCABLE TRUST,     §
        *Relief Defendants*.     §

## ORDER

On this date, the Court considered the motion to stay filed by Defendant Robert J. Mueller ("Mueller") (ECF No. 34), Plaintiff Securities and Exchange Commission's ("SEC") Response, (ECF No. 36), and Mueller's Reply. (ECF No. 38). After holding a hearing on the matter, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

## BACKGROUND

On August 20, 2021, the SEC filed a Complaint (ECF No. 1), alleging that Mueller and other Defendants violated securities laws. The central allegations in the Complaint are that: (1) Mueller disseminated allegedly false private placement memoranda ("PPMs") to encourage individuals to invest in two funds founded and owned by Mueller—the Deeproot 575 Fund LLC

1

("575 Fund") and the Deeproot Growth Runs Deep Fund LLC ("dGRD Fund" and jointly with the 575 Fund, the "Funds"); (2) Mueller used new investor money to make "Ponzi-like" payments to earlier investors in the Funds; (3) Mueller used investor money in his personal businesses; and (4) Mueller misappropriated investor money for his own personal benefit. *See generally* ECF No. 1. The SEC made a criminal referral to the U.S. Attorney's Office, who responded by opening a criminal investigation based on the civil Complaint. ECF No. 34 at 1–2. To date, though, Mueller has not been indicted.

Mueller asserts that should the civil case and criminal investigation proceed in parallel, he may be forced to assert his Fifth Amendment rights in responding to discovery requests for the civil case lest he prejudice his defense in the criminal case. *Id.* at 2. Mueller contends such an assertion of privilege would cripple his defense in the civil case because the SEC has indicated it would seek an adverse inference on any issue to which privilege is asserted. *Id.*

Mueller requests a stay of at least six months to allow the parallel criminal proceeding to continue without jeopardizing his constitutional rights. The SEC is opposed to this motion.

## DISCUSSION

### I.   Legal Standard

The Court has broad discretion to stay a civil case. "When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 12 (1970)); *see also Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009) ("Whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but rather, one of court discretion, that should be exercised when the interests of justice so require."). The "primary goal of a stay, when

2

a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." *Alcala*, 625 F. Supp. 2d at 397 (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc)).

There is no prohibition against parallel civil and criminal prosecution stemming from the same alleged conduct. "[T]he Supreme Court has established that there exists no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even where such actions proceed simultaneously." *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666–67 (5th Cir. 1981) (citing *Kordel*, 397 U.S. at 11); *see also Alcala*, 625 F. Supp. 2d at 396. The Fifth Circuit has expressly declined to adopt a *per se* rule "forbidding the SEC and Justice Departments from pursuing simultaneous investigations or lawsuits into the same transactions allegedly in violation of the federal securities laws." *First Fin. Grp. of Tex. Inc.*, 659 F.2d at 667. "It 'is the rule, rather than the exception' that civil and criminal cases proceed together." *Alcala*, 625 F. Supp. 2d at 397 (quoting *Gonzalez*, 571 F. Supp. 2d at 761).

Only in special circumstances should a district court stay a proceeding to prevent a party from suffering "substantial and irreparable prejudice" resulting from simultaneous civil and criminal prosecution. *Alcala*, 625 F. Supp. 2d at 397–98. "[T]here is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming that presumption." *Id.* To assess whether special circumstances are present to justify a stay, courts within the Fifth Circuit consider six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private

interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Duncan v. Banks*, No. SA-15-CV-148-XR, 2017 WL 4805111, at *2 (W.D. Tex. Oct. 24, 2017) (quoting *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016)) (citing *Alcala*, 625 F. Supp. 2d at 397; *SEC v. Mutual.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2003); *Frierson v. City of Terrell*, No. 3:02-CV-2340-H, 2003 WL 21355969, at *2 (N.D. Tex. June 6, 2003)).

## II. Analysis

### A. The extent to which the issues in the criminal case overlap with those presented in the civil case

"Where there is significant overlap in the criminal and civil cases, a stay may be warranted because of the greater risk of self-incrimination and this factor weighs in favor of a stay." *Duncan*, 2017 WL 4805111, at *3. The defendant has the burden to prove the civil and criminal proceedings will overlap to such an extent "that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment privilege, or (2) effective defense of both [the criminal and civil cases] is impossible." *Alcala*, 625 F. Supp. 2d at 401.

Here, the U.S. Attorney's Office has opened a criminal investigation into the allegations contained in the operative Complaint. ECF No. 34 at 4. Mueller has received a target letter from the U.S. Attorney's Office stating that he is the target of a grand jury investigation, but he has yet to be indicted. *Id*. Mueller contends that because of the pending criminal investigation, asserting the Fifth Amendment in the present civil case to protect his interests in the criminal investigation would cripple his defense in this case. ECF No. 34 at 2.

The SEC asserts that, as Mueller has not been indicted, the Court cannot "determine, with any degree of certainty, whether there is overlap between [the civil] action and the criminal investigation." ECF No. 36 at 3 (quoting *Gonzalez*, 571 F. Supp. 2d 761). While it is true that

4

without an indictment the Court cannot fully determine the extent of the overlap, the target letter notes that the criminal investigation involves the Funds, and involves allegations that Mueller was "involved in promoting and operating an investment scheme based on false and fraudulent pretenses." It further states that potential charges include "securities fraud."[1] Thus, Court finds it is "quite reasonable to assume that fraudulent conduct detailed in the [civil] complaint will serve as the basis for criminal prosecution. . . ." *Gonzalez*, 571 F. Supp. 2d at 762 (quoting *United States ex rel. Shank v. Lewis Enters.*, No. 04-CV-4105-JPG, 2006 WL 1064072, at *4 (S.D. Ill. April 21, 2006)). The potential overlap weighs in favor of a stay.

### B. The status of the criminal case

As discussed, Mueller is the subject of a criminal investigation but no indictment has been returned. "[C]ourts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted." *Alcala*, 625 F. Supp. 2d at 401. Thus, the status of the criminal case weighs against a stay.

However, Mueller contends that courts within the Fifth Circuit have stayed discovery where a party in the civil case was merely threatened with criminal prosecution. ECF No. 34 at 6. Mueller first relies on *SEC v. Mutuals.com*, No. 3:03-CV-2912-D, 2004 WL 1629929 (N.D. Tex. July 20, 2004) for this contention. In *Mutuals.com*, the government moved to intervene in the civil case and sought a stay of discovery until the related criminal proceeding concluded. *Id*. at *1. The court stated that while "some courts have stayed discovery where a party in the civil case was only threatened with criminal prosecution," this factor still weighed against the government's motion. *Id*. at *3. Similarly, in another case cited by Mueller, *SEC v. AmeriFirst Funding*, No. 3:07-CV-1188-D, 2008 WL 866065 (N.D. Tex. March 17, 2008), the court found that "no indictment [had]

---

[1]     Mueller's counsel provided the Court with the target letter for an *in camera* review.

been returned" and this factor did not support the defendant's motion to stay. *Id.* at \*2. Therefore, Mueller remaining unindicted weighs against a stay, though it does not preclude a stay.

**C. The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay**

The private interests of the SEC weighs against a stay. "[A] civil plaintiff has an interest in the prompt resolution of its claims and in obtaining discovery while information is still fresh in witnesses' minds." *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-298-N, 2010 WL 11492395, at \*3 (N.D. Tex. Jan. 5, 2010) (quoting *Mutuals.com*, 2004 WL 1629929, at \*3). Moreover, "[p]rotection of the efficient operation of the securities markets and the financial holdings of investors from fraudulent marketing practices may require prompt civil enforcement which cannot await the outcome of a criminal investigation." *First Fin. Grp. of Tex. Inc.*, 659 F.2d at 667.

The Parties agree that the SEC has an interest in discovery while information is fresh in witnesses' minds and for a prompt resolution of its claims. ECF No. 34 at 7; ECF No. 36 at 4. While Mueller asserts that there will be "little to no prejudice to the SEC in a six-month stay of this case" because it began its investigation in 2020 and this case is still in its early stages (ECF No. 34 at 7–8), the SEC alleges that Mueller's purported illegal activity began in September 2015—almost seven years ago. ECF No. 36 at 4. Important witnesses, namely the retiree investors who report they have lost a substantial portion of their retirement savings, are of advanced age. *Id.* The events surrounding their investments are not within their recent memory, and further passage of time during a stay may hinder the discovery process. For this reason, the Court finds the plaintiff's-interest factor weighs against a stay.

**D. The private interests of and burden on the defendant**

Mueller asserts that if the criminal and civil cases proceed in parallel, he will be prejudiced because the simultaneous proceedings place him in a "vice"—if he invokes his Fifth Amendment

right against self-incrimination in response to the SEC's civil complaint, it would permit an adverse inference in the civil case thereby crippling his defense. Or Mueller could waive his Fifth Amendment rights and respond to the SEC's allegations, which may prejudice his defense of the criminal case. Therefore, Mueller submits, a temporary stay of this civil case is the only way to protect his Fifth Amendment rights. ECF No. 34 at 9.

"A party asserting prejudice to his Fifth Amendment right must demonstrate 'more than the mere possibility of prejudice.'" *Gonzalez*, 571 F. Supp. 2d at 764 (quoting *In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990)). Instead, the movant must make a "specific showing the harm [the movant] will suffer without a stay and why other methods of protecting its interests are insufficient." *Id.* (quoting *In re Ramu Corp.*, 903 F.2d at 320). Furthermore, "it is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege." *Id.* (quoting *Shank*, 2006 WL 1064072, at *4) (alterations in original). Nonetheless, "[o]nly 'when there is but a fanciful possibility of prosecution' is 'a claim of Fifth Amendment privilege' unlikely to weigh in favor of a Defendant seeking a stay of a civil proceeding during the pendency of the criminal case." *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016) (quoting *Gonzalez*, 571 F. Supp. 2d at 762).

Mueller argues that as the parallel civil and criminal proceedings overlap, in conjunction, they work to undermine his Fifth Amendment privilege. ECF No. 34 at 8. As Mueller has received a target letter from the U.S. Attorney, there is more than "a fanciful possibility of prosecution." *See Gonzalez*, 571 F. Supp. 2d at 762. However, "a mere relationship between civil and criminal proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding does not necessarily warrant a stay." *Id.* (citing *In re Ramu Corp.*, 903 F.2d at 320).

Furthermore, the pre-indictment nature of the criminal investigation weakens Mueller's Fifth Amendment interests. *See id.* at 764. Finally, Mueller has failed to raise other methods of protecting his interests or explain why less drastic options other than a stay would not suffice to protect his Fifth Amendment rights. However, the Court finds that other remedies exist, such as appropriately tailoring requests for admission and interrogatories as to avoid any Fifth Amendment issues, staying Mueller's deposition, and scheduling a deadline to amend pleadings relatively late in the pendency of the case. *Cf. id.* at 765. As Mueller has not been indicted and alternative means exist to protect his Fifth Amendment rights, the Court finds that this factor only slightly favors granting a stay and will employ such means to protect Mueller's rights.

### E. The interests of the court

The court may consider its interests of efficient administration and judicial economy and may seek to move "its cases to an expeditious conclusion." *Gonzalez*, 571 F. Supp. 2d at 765 (quoting *Shank*, 2006 WL 1064072, at *4). "[A] court has 'an obligation to move its docket, and not let cases languish before it.'" *Duncan*, 2017 WL 4805111, at *5 (quoting *Alcala*, 625 F. Supp. 2d at 407)). This case has been pending for six months and no discovery has taken place. It is uncertain when an indictment might return or if Mueller will be indicted at all. Without an indictment, however, a stay would serve no purpose, causing unwarranted delay in adjudicating the SEC's claims and inconvenience to the court. *See Gonzalez*, 571 F. Supp. 2d at 765. If Mueller is criminally indicted in the future, nothing precludes Mueller from requesting to stay this case at that time. It is in the Court's best interest to proceed with the instant action; thus, this factor weighs against a stay.

### F. The public interest

The SEC's and the public's interests are intertwined, and both have an interest in prompt resolution of this case. *Mutuals.com*, 2004 WL 1629929, at *3. Defendant contends "a six-month delay would not overly frustrate the plaintiff and public interest" because the case is not yet one year old. ECF No. 34 at 10. However, "[t]he public interest in proceeding in an important civil enforcement matter that has already been filed seems to outweigh speculation about if and when an indictment will be returned." *Gonzalez*, 571 F. Supp. 2d at 765. Consequently, the Court finds it is in the public's interest to promptly resolve the instant action, which weighs against a stay.

### CONCLUSION

For these reasons, Defendant's motion to stay (ECF No. 34) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may not depose Mueller, and any interrogatories or requests for admission that are propounded to Mueller should be drafted in such a way that they would not require the invocation of the Fifth Amendment. Such discovery cannot go forward until such time as the parties again approach the Court and the stay is lifted. All other discovery shall proceed.

It is further **ORDERED** that the parties' deadline to submit a proposed scheduling order and Rule 26(f) Report is hereby extended to **March 29, 2022**.

It is so **ORDERED**.

**SIGNED** this 17th day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE