IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00785-XR |
| vs. | § § | |
| ROBERT J MUELLER, DEEPROOT RE 12621 SILICON DR LLC, RELIEF DEFENDANT; AND DEEPROOT SPORTS & ENTERTAINMENT LLC, RELIEF DEFENDANT; | § § § § § § § | |
| *Defendants.* | § § | |

## **MEDIATION ORDER**

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned for mediation on May 19, 2023 [#95]. On May 25, 2023, the undersigned held a scheduling conference at which counsel for Plaintiff and counsel for Defendant Robert Mueller appeared via videoconference. Consistent with that referral, and in light of the scheduling conference, it is **ORDERED**:

   1.   **Schedule and Attendance of Parties Required**

The parties and their lead counsel shall appear before the undersigned for a **full-day mediation** on **June 20, 2023, at 9:30 a.m. Central Time,** at the United States Courthouse, 262 West Nueva, San Antonio, Texas. The parties and their attorneys should report to the undersigned's chambers, room 2-110, and will be directed to their mediation rooms. Parties with full and complete settlement authority are required to personally attend the mediation conference. Having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances. It is difficult for a party who is not present to appreciate the process and the reasons that may justify a change in a party representative's perspective towards settlement.

   2.   **Pre-Mediation Documents**

A mediation is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, if they have not already done so, Plaintiff's

1

counsel is invited to submit a written itemization of damages and settlement demand to counsel for Defendants with a brief explanation of why such a settlement is appropriate, **on or before June 1, 2023.** If Plaintiff's counsel submits a demand, Defendant's counsel must respond by submitting a written offer to Plaintiff's counsel, with a brief explanation of why such a settlement is appropriate, **on or before June 8, 2023**. On occasion, this process will lead directly to a settlement. If a settlement agreement is reached, the parties should notify this Court by filing a joint advisory via CM/ECF.

If no settlement is reached, each party must submit to the undersigned, **on or before June 13, 2023,** an *ex parte, in camera* statement, in letter format, setting forth the current status of settlement negotiations and the party's respective settlement position concerning all issues involved in the case, with a brief explanation of the rationale for the position taken. The **letter** need not set out all the legal or factual arguments that would be made at a hearing or trial, but should include:

- A list of disputed claims and a brief explanation of each party's legal position regarding liability and the key authorities that support that position;
- Each party's damages calculations and the legal basis supporting these calculations (*i.e.*, the statute or case law relied upon to support the party's calculation method); and
- An explanation of any critical factual and evidentiary disputes underlying the calculations and positions.

Each party should also state in the letter who will attend the mediation—*i.e.*, which attorney(s) and party representative(s)—and confirm that those attending have settlement authority.

The letters should not exceed three pages, single-spaced, and should include a realistic assessment of anticipated attorneys' fees and costs in the event of trial to final judgment.

Along with their letters and damages calculations, it can be helpful if, prior to the mediation, the parties submit a joint **proposed settlement agreement**. The proposed settlement agreement should include all terms; however, the parties can use a blank line to indicate those terms that remain in dispute (*e.g.,* "damages in the amount of _____ shall be paid. . . .") or can include alternative/competing settlement terms. On the day of the mediation, the parties should bring a copy of the proposed settlement agreement to Court in electronic form.

Counsel may e-mail their letters and the proposed settlement agreement to Valeria Sandoval, Courtroom Deputy (txwdml_chambers_sa_judgechestney@txwd.uscourts.gov); **do not file copies of these materials with the Clerk.** Only one party should submit the joint proposed settlement agreement. The undersigned will review these materials in advance of the mediation conference, along with the pertinent pleadings in the case.

It is often helpful for the undersigned to conduct a brief ex-parte telephone conference with counsel for each party prior to the mediation. Ms. Sandoval will contact counsel and schedule a time for these conferences, which will take place on Jun 14, 2023..

3. **Mediation Format**

There is no set structure for the mediation conference. The conference will begin with a joint session of the parties, which will include an opening statement by the undersigned and may be followed by a brief opening statement by counsel for each party statements. A private caucus with each side will follow. Both the lawyers and the party representatives are expected to be fully prepared to participate. All parties are encouraged to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute. Parties should be frank and open in their discussions, but the undersigned expects the parties to address each other with courtesy and respect.

All parties must engage in mediation in good faith with the goal of resolving the case if possible. Failure to participate in good faith in the mediation process may subject a party, the party's attorney, or both to an appropriate sanction under Federal Rule of Civil Procedure 16(f)(1).

4. **Statements Inadmissible**

As provided by Federal Rule of Evidence 408 and Local Rule CV-88, any communication made by any participant during the mediation is confidential. Except as specified by those rules or as agreed by the parties, such communications may not be disclosed, used as evidence against any participant in any judicial or administrative proceeding, or held to constitute a waiver of any existing claim, defense, privilege or immunity.

5. **Issues to be Discussed**

Parties should be prepared to discuss the following at the mediation conference:

    a. What are your goals in the litigation and what problems would you like to address in the mediation conference? What do you understand are the opposing side's goals?

    b. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

    c. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

    d. What are the points of agreement and disagreement between the parties? Factual? Legal?

    e. What are the impediments to settlement? Legal? Financial? Emotional?

   f. How can settlement better enable you to accomplish your goals?

   g. Are there possibilities for a creative resolution of the dispute?

   h. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

   i. Are there other outstanding lien holders or other third parties who should be invited to participate in the mediation conference?

  6. **Involvement of Clients**

The involvement of clients and party representatives is essential to a productive mediation conference. For many clients, this will be the first time they will participate in a court-supervised mediation conference. Therefore, counsel should provide a copy of this Order to the client and discuss it with the client prior to the conference.

  7. **Post-Conference Procedure**

Following the settlement conference, the undersigned will inform the District Court in writing, pursuant to Rule CV-88, whether the case did or did not settle. This notification will be filed with the official court papers and distributed by the Clerk's Office to the parties. The undersigned will not transmit any other information to the judge presiding over the case directly or through any party. If the case does settle, the "return" will inform the District Court as to the date by which the parties will submit final settlement papers. Neither the mediation statements, nor notes or information created or received by the undersigned, nor the substance of any such document, will be provided to the District Court.

  **IT IS SO ORDERED.**

SIGNED this 26th day of May, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE