# Exhibit A-16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>    Plaintiff,<br><br>    -against-<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>    Defendants,<br><br>    -and-<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>    Relief Defendants. | **Civil Action No.: 5:21-cv-785-XR** |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, plaintiff Securities and Exchange Commission ("SEC") provides the following initial disclosures. These initial disclosures are based on the information reasonably available at this time. Discovery, independent investigation, and legal and factual research and analysis may supply additional facts, which may lead to additions or changes in the present disclosures. The SEC will amend, supplement, or otherwise modify these disclosures as necessary pursuant to its duty to do so under Rule 26(e) of the Federal Rules of Civil Procedure. No incidental or implied admissions

are intended by these disclosures.

In making these disclosures, the SEC does not in any way waive its right to object to the admission or discoverability of any materials or testimony on the grounds of competency, privilege, the work-product doctrine, relevancy or materiality, undue burden, hearsay, or other grounds, or its right to object on any and all grounds to discovery concerning the subject matter of these disclosures.

A.      **Individuals Likely To Have Discoverable Information**

Attachment 1 to this document is a list of names, available addresses, and telephone numbers of persons likely to have discoverable information that the SEC at this time may use to support its claims, as alleged in the SEC's Complaint pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), unless the use would be solely for impeachment.

B.      **Documents That May Be Used To Support Claims Or Defenses**

Attachment 2 to this document is a description by category and location of all documents, electronically-stored information, and tangible things that the SEC has in its possession, custody, or control and at this time may use to support its claims, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), unless the use would be solely for impeachment. All documents, electronically-stored information, and tangible things are located at the SEC's offices at 100 F Street NE, Washington, DC 20549, and may be inspected or copied during ordinary business hours upon reasonable notice. The SEC reserves the right to withhold from production, inspection, or copying all documents, electronically-stored information, and tangible things that are protected by appropriate privileges, including the attorney-client privilege, governmental privilege, law enforcement privilege, and the work product doctrine.

C.   **Damages Computation**

The SEC does not seek damages as identified in Fed. R. Civ. P. 26(a)(1)(A)(iii). As set forth in the Complaint, the SEC seeks an order enjoining the defendants from future violations of the securities laws and from serving as an officer or director of any public company, requiring them to disgorge their ill-gotten gains with prejudgment interest, and ordering them to pay civil monetary penalties. The parties are in the early stages of discovery, and the SEC has not calculated a final disgorgement, prejudgment interest, or civil penalty amount.

D.   **Insurance Coverage**

The SEC is unaware of any "insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment," that would be required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv)

Date: April 15, 2022                     Respectfully submitted,

/s/ David A. Nasse
David Nasse
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
 (202) 551-4426
nassed@sec.gov

## CERTIFICATE OF SERVICE

I certify that on the 15th day of April, 2022, a true and correct copy of the foregoing document was emailed to all counsel of record.

/s/ David A. Nasse
David A. Nasse

*Counsel for Plaintiff United States Securities and Exchange Commission*

**SEC v. Mueller, et al**
Case No. 5:21-cv-785-XR

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
INITIAL DISCLOSURES**

**ATTACHMENT 1
IDENTICATION OF PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION**

A list of persons likely to have discoverable information that the SEC may use to support its claims, unless the use would be solely for impeachment, is set forth below:

1. Defendants and Relief Defendants

2. The following current or former employees, consultants, agents, and/or independent contractors of the Defendants and Relief Defendants are likely to have discoverable information regarding the allegations of the SEC's Complaint, including, among other things: (1) the Defendants' written and oral communications with investors, prospective investors, lenders, auditors, accountants, bookkeepers; (2) Defendants and Relief Defendants' business operations; and (3) as well as Defendants' financial, bookkeeping, and accounting activities.

| Name | Address | Telephone |
|---|---|---|
| Lauren R. "Becca" Adams | 12019 Treewell Glen<br>San Antonio, TX 78249 | (843) 903-2854<br>(717) 818-0307 |
| Scott L. Allen | c/o William Marsh, Esq.<br>Haynes and Boone, LLP<br>2323 Victory Avenue<br>Suite 700<br>Dallas, TX 75219-7672 | (214) 651-5031 |
| Eric Dandridge | 120 Rocky Path<br>Boerne, TX 78006 | (918) 277-1130/1132 |
| David A. Lehuquet | 2900 FM 971<br>Georgetown, TX 78626-4419 | (512) 940-7367 |
| Cary Mueller | c/o Gordon C. Young, Esq.<br>Barr & Young Attorneys<br>318-C Diablo Road<br>Danville, CA 94526 | (925) 314-9999, ext. 302 |
| Nathan Spradlin | c/o Andrew R. Shedlock, Esq.<br>Kutak Rock LLP<br>60 South Sixth Street<br>Suite 3400 | (612) 334-5022 |

1

|  | Minneapolis, MN 55402-4018 |  |
|---|---|---|
| Iolani L. Young | Iolani L. Young<br>27223 Trinity Bend<br>San Antonio, TX 78261 | (808) 688-6335<br>(808) 668-7466 |
| Persons most knowledgeable and unknown employees and persons formerly associated with Relief Defendants |  |  |
| Persons most knowledgeable and unknown employees and persons formerly associated with Deeproot Funds, LLC. |  |  |
| Persons most knowledgeable and unknown employees and persons formerly associated with Policy Services, Inc. |  |  |

3. The following persons who were contractors, service providers, "finders," brokers, financial advisors, or vendors who performed work or provided services on behalf of Defendants and/or Relief Defendants and are likely to have discoverable information regarding the allegations of the SEC's Complaint, including, Defendants' and/or Relief Defendants' business operations, communications, viatical settlement or life policy activities, as well as the Defendants' and/or Relief Defendants' financial activities and accounting practices.

| Name | Address | Telephone |
|---|---|---|
| Charlotte Acker | 2313 Brittany Grace<br>New Braunfels, TX 78130-8937 | (325) 388-8460<br>(210) 862-9622 |
| Ken Abramson<br>Abramson Accountancy Corp. | 23901 Calabasas Road<br>Suite 1072<br>Calabasas, CA 91302 | (818) 918-4500 |
| Chris Williams<br>Williams Steinert Mask, LLP | 1100 NE Interstate 410 Loop<br>Suite 350<br>San Antonio, TX 78209 | (210) 684-1071 |
| Thomas N. Andrew<br>Cycladic International LLC | Thomas D. Sherman, Esq.<br>Locke Lord, LLP<br>Terminus 200, Suite 1200<br>3333 Piedmont Road, N.E.<br>Atlanta, GA 30305 | (404) 870-4672 |

| | | |
|---|---|---|
| Brokers, "finders," agents, financial advisors, or other persons known to Defendants who introduced, advised, or referred potential investors in connection with securities offered by the Defendants or their affiliates in exchange for a fee, bonus, or any other form of compensation from the Defendants or their affiliates | | |
| Person most knowledgeable and unknown employees of contractors, vendors, or service providers to Defendants. | | |

4. Investors known to Defendants or Relief Defendants and/or identifiable by name, address or other information in Defendants' or their agents' books and records, are likely to have discoverable information regarding the allegations of the SEC's Complaint, including, Defendants' and Relief Defendants' business operations, their communications to investors, and their sales efforts and success with investors. The SEC may use testimony and or the document of any one or more of these investors to support its claims.

5. Any custodial and business record witnesses in support of the admissibility of documents at trial, as may be made necessary for use at trial by Defendants' objections to the admissibility of any documentary evidence described in Attachment 2 or produced in the litigation.

6. In addition to the foregoing disclosure of persons likely to have discoverable information that the SEC may use to support its claims in motions or at trial, the SEC gives notice that one or more SEC employees may be designated at the appropriate time and called at trial as a summary witness only, to testify concerning summary analysis of communication records, financial records, and other records obtained in the investigation or litigation of this matter. The SEC will furthermore provide an appropriate disclosure of any expert witness or witnesses it may elect to use at trial when called for by the rules or scheduling order entered by the Court.

# ATTACHMENT 2
## DESCRIPTION OF DOCUMENTS SUPPORTING PLAINTIFF SEC'S CLAIMS

A list of documents, electronically-stored information, and tangible things that the SEC has in its possession, custody, or control, and which may be used by the SEC to support its claims, unless the use would be solely for impeachment, is set forth below:

1) Investigative testimony transcripts for the following witnesses:

   a. Scott Allen
   b. Cary Mueller
   c. Robert Mueller
   d. Jonmark Richardson
   e. Nathan Spradlin
   f. Thomas Andrew

2) Exhibits marked during the investigative testimonies set forth in item 1 above.

3) Document productions obtained from:

   a. Abramson Accountancy Corporation
   b. Accordia Life and Annuity Co.
   c. Scott Allen
   d. Amazon.com, Inc.
   e. American Airlines
   f. American Express
   g. Americus Diamond
   h. Asset Servicing Group
   i. BDO, USA, LLP
   j. Jun Chang
   k. Citibank, N.A.
   l. Crombie Financial
   m. Cycladic International
   n. Deeproot 575 Fund, LLC
   o. Disney
   p. James Donnelly
   q. ETrade Financial Corporation
   r. Federal Reserve Bank of Atlanta
   s. Federal Reserve Bank of New York
   t. FinanceIt Inc.
   u. Financial Horizon Concepts
   v. FINRA
   w. First Horizon Bank
   x. Food Development Corp. of Texas

4

y.   Hollie Gandy (Safe Money Solutions)
z.   INF Solutions
aa.  JMB Financial Services, LLC
bb.  JP Morgan Chase Bank
cc.  Kauai Vacation Rentals
dd.  Life Insurance Company of the Southwest
ee.  Life Partners Position Holder Trust
ff.  Lux Catering and Events
gg.  McNamara Capital Investment Group
hh.  Michelle Leo Events
ii.  Greg Minear
jj.  Cary Mueller
kk.  Robert Mueller
ll.  Jack Nace
mm.  Old Republic Title Company
nn.  OnPay
oo.  PayChex
pp.  PayPal
qq.  PGH Advisors
rr.  Policy Services Inc.
ss.  Princess Cruise Lines
tt.  Principle Auto
uu.  Jonmark Richardson
vv.  David Rosen
ww.  Eric Rudd
xx.  Saint Mary's Hall
yy.  Randy Seymour
zz.  Silicon Drive Office Ventures
aaa. Sooner Sports Properties
bbb. Nathan Spradlin
ccc. Darryl Stein
ddd. Dana Sullivan
eee. Tabora Gallery
fff. The Clearing House Payments Company
ggg. The Lincoln National Life Insurance Company
hhh. United Airlines
iii. USAA Federal Savings Bank
jjj. John Vizy
kkk. Wells Fargo Bank N.A.
lll. West Coast Life Insurance

mmm. Wheels Up Partners
nnn. Williams, Steinert, Mask, LP
ooo. Wilmington Savings Fund Society Bank