# Exhibit A-18

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>    Plaintiff,<br><br>    -against-<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>    Defendants,<br><br>    -and-<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>    Relief Defendants. | **Civil Action No.: 5:21-cv-785-XR** |

**DEFENDANT ROBERT J. MUELLER'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Robert J. Mueller ("**Defendant**") serves these objections and responses to Plaintiff's First Set of Interrogatories.

Dated: August 19, 2022.

                                        Respectfully submitted,

                                        **DAVIS & SANTOS, PLLC**

                             By: */s/ Jay Hulings*
                                        Jason M. Davis
                                        State Bar No. 00793592
                                        Email: jdavis@dslawpc.com
                                        H. Jay Hulings
                                        State Bar No. 24104573

Email: jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

*Attorneys for Defendant Robert J. Mueller*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent to the following counsel of record on August 19, 2022:

| | |
|---|---|
| David Nasse | _____  Regular Mail |
| Kristen Warden | _____  Certified Mail-RRR |
| U.S. SECURITIES & EXCHANGE COMMISSION | _____  Hand Delivery |
| 100 F Street NE | _____  Facsimile |
| Washington, DC 20549 | __X__  E-mail |
| Email: nassed@sec.gov | |
| Email: wardenk@sec.gov | |

*Attorney for Plaintiff*

| | |
|---|---|
| Edward C. Snyder | _____  Regular Mail |
| Castillo Snyder, P. C. | _____  Certified Mail-RRR |
| 700 N. St. Mary's, Suite 1560 | _____  Hand Delivery |
| San Antonio, Texas 78205 | _____  Facsimile |
| Email: esnyder@casnlaw.com | __X__  E-mail |

*Attorney for Relief Defendants*

                                             */s/ Jay Hulings*
                                              H. Jay Hulings

## RESERVATION OF RIGHT TO AMEND OR SUPPLEMENT RESPONSES

Defendant Robert J. Mueller ("**Defendant**") has not fully completed his investigation of the facts relating to this case and has not completed his preparation for trial. The responses contained herein are based on the information presently available to and specifically known to Defendant. The following responses are given without prejudice to Defendant's right to disclose subsequently discovered facts or information. Defendant further reserves the right to amend or supplement these responses as additional facts and information are identified.

In addition, as agreed by Plaintiff, Defendant provides these objections and responses without waiving or prejudicing any assertion of Defendant's rights against self-incrimination pursuant to the Fifth Amendment to the United States Constitution.

## DEFENDANT ROBERT J. MUELLER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1. Identify by Bates number and date all Private Placement Memoranda ("PPM") you contend were operative for the deeproot 575 Fund, LLC (the "575 Fund") during the relevant period.

**RESPONSE:**

Defendant objects to this request on the ground that the term "operative" is undefined, vague, and ambiguous. Defendant further objects to the definition of the term "relevant period," which exceeds the relevant period identified in Plaintiff's Complaint.

Subject to and without waving these objections, Defendant responds that the following PPMs were used in solicitations to potential investors:

- SEC-DEEPROOT-E-0014497-512 was used from May 2015 to approximately May 2018;

- SEC-DEEPROOT-E-0164808-23 was used from approximately May 2018 to approximately November 2019;

- SEC-DEEPROOT-E-0164824-41 was used from approximately November 2019 to the end of the relevant period; and

- SEC-DEEPROOT-E-0211514-30 was used from approximately January 2021 to the end of the relevant period.

2. Identify by Bates number and date all PPMs you contend were operative for the deeproot Growth Runs Deep Fund, LLC (the "dGRD Fund") during the relevant period.

**RESPONSE:**

Defendant objects to this request on the ground that the term "operative" is undefined, vague, and ambiguous. Defendant further objects to the definition of the term "relevant period," which exceeds the relevant period identified in Plaintiff's Complaint.

Subject to and without waving these objections, Defendant responds that the following PPMs were used in solicitations to potential investors:

- SEC-DEEPROOT-E-0013399-416 was used from approximately August 2015 to approximately May 2018;

- SEC-DEEPROOT-E-00164786-803 was used from approximately May 2018 to approximately October 2019; and

- SEC-DEEPROOT-E-0164762-80 was used from approximately October 2019 to the end of the relevant period;

3. Identify by Bates number and date the Operating Agreement(s) you contend were operative for the 575 Fund during the relevant period.

**RESPONSE:**

Defendant objects to this request on the ground that the term "operative" is undefined, vague, and ambiguous. Defendant further objects to the definition of the term "relevant period," which exceeds the relevant period identified in Plaintiff's Complaint.

Subject to and without waving these objections, Defendant responds as follows:

- MUELLER 001067-88 from approximately September 2015 to approximately March 2018; and

- SEC-DEEPROOT-E-0019790 from approximately March 2018 to the end of the relevant period.

4. Identify by Bates number and date the Operating Agreement(s) you contend were operative for the dGRD Fund during the relevant period.

**RESPONSE:**

Defendant objects to this request on the ground that the term "operative" is undefined, vague, and ambiguous. Defendant further objects to the definition of the term "relevant period," which exceeds the relevant period identified in Plaintiff's Complaint.

Subject to and without waving these objections, Defendant responds as follows:

- MUELLER 001045-66 from approximately May 2015 to approximately March 2018;

- SEC-DEEPROOT-E-0005760-78 from approximately March 2018 to the end of the relevant period.

5.   Identify by name, address and telephone number all persons who were involved in the drafting, creating, preparing, and/or editing of 575 Fund PPMs during the relevant period, and for each person identified state the basis and substance of their knowledge.

**RESPONSE:**

Defendant objects to this request on the grounds that the terms "basis and substance of their knowledge" are undefined, vague, and ambiguous. Defendant further objects to this request on the grounds that the terms "involved in the drafting, creating, preparing, and/or editing" are vague and ambiguous, including because they could include clerical workers, copy services, and others who played only minor roles in the preparation of such documents. Defendant further objects to the definition of the term "relevant period," which exceeds the relevant period identified in Plaintiff's Complaint. Defendant further objects that the request for information regarding the "basis and substance" of an individual's knowledge calls for information that is protected by the attorney-client privilege, work product privilege, or other applicable protection or privilege held by Defendant and/or a third party.

Subject to and without waving these objections, Defendant responds that during the relevant period Defendant and certain affiliated entities were represented by Dennis Concilla, Andrew Federico, and other attorneys at the firm of Carlile Patchen & Murphy LLP, 950 Goodale Blvd., Suite 200, Columbus, Ohio 43212, (614) 228-6135.

In addition, Defendant further responds that the following individuals helped draft, revise, edit, and/or provide revisions that were incorporated into the PPMs for the 575 Fund:

- Defendant;

- Cary Mueller, for whom Plaintiff is already in possession of contact information;

- Nathan Spradlin, for whom Plaintiff is already in possession of contact information;

- Scott Allen, for whom Plaintiff is already in possession of contact information;

- Gerald Wik, Centri Business Consulting, 530 Seventh Avenue, Suite 2201, New York, NY 10018, (516) 386-5556;

- Phil Forret and others at BDO USA, LLP, for which contact information is included in Defendant Robert J. Mueller's Initial Disclosures; and

- various persons at the Securities and Exchange Commission, who provided proposed revisions and comments on a proposed Form S-1 which were incorporated into PPMs.

Defendant further responds that various others may have reviewed the PPMs for the 575 Fund for various purposes, but Defendant does not recall that such persons provided any revisions or comments that were incorporated into the final versions of the PPMs.

6.  Identify by name, address and telephone number all persons who were involved in the drafting, creating, preparing, and/or editing of dGRD Fund PPMs during the relevant period, and for each person identified state the basis and substance of their knowledge.

**RESPONSE:**

Defendant objects to this request on the grounds that the terms "basis and substance of their knowledge" are undefined, vague, and ambiguous. Defendant further objects to this request on the grounds that the terms "involved in the drafting, creating, preparing, and/or editing" are vague and ambiguous, including because they could include clerical works and others who played only minor roles in the preparation of such documents. Defendant further objects to the definition of the term "relevant period," which exceeds the relevant period identified in Plaintiff's Complaint. Defendant further objects that the request for information regarding the "basis and substance" of an individual's knowledge calls for information that is protected by the attorney-client privilege, work product privilege, or other applicable protection or privilege held by Defendant and/or a third party.

Subject to and without waving these objections, Defendant responds that during the relevant period Defendant and certain affiliated entities were represented by Dennis Concilla, Andrew Federico, and other attorneys at the firm of Carlile Patchen & Murphy LLP, 950 Goodale Blvd., Suite 200, Columbus, Ohio 43212, (614) 228-6135.

In addition, Defendant further responds that the following individuals helped draft, revise, edit, and/or provide revisions that were incorporated into the PPMs for the 575 Fund:

- Defendant;

- Cary Mueller, for whom Plaintiff is already in possession of contact information;

- Nathan Spradlin, for whom Plaintiff is already in possession of contact information;

- Scott Allen, for whom Plaintiff is already in possession of contact information;

- Gerald Wik, Centri Business Consulting, 530 Seventh Avenue, Suite 2201, New York, NY 10018, (516) 386-5556;

- Phil Forret and others at BDO USA, LLP, for which contact information is included in Defendant Robert J. Mueller's Initial Disclosures; and

- various persons at the Securities and Exchange Commission, who provided proposed revisions and comments on a proposed Form S-1 which were incorporated into PPMs.

Defendant further responds that various others may have reviewed the PPMs for the 575 Fund for various purposes, but Defendant does not recall that such persons provided any revisions or comments that were incorporated into the final versions of the PPMs.

## **DECLARATION**

My name is Robert J. Mueller. I have read Defendant Robert J. Mueller's Objections and Responses to Plaintiffs' First Set of Interrogatories. Pursuant to Rule 33(b)(1)(A) of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual responses given therein are true and correct to the best of my knowledge, information, recollection, and belief.

Executed on August 19, 2022.

_____
Robert J. Mueller