# EXHIBIT 50

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>     **Plaintiff,**<br><br>       **-against-**<br><br>**ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,**<br><br>     **Defendants,**<br><br>       **-and-**<br><br>**DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,**<br><br>     **Relief Defendants.** | **Civil Action No.:  5:21-cv-785-XR** |

**PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS
TO DEFENDANT ROBERT J. MUELLER'S FIRST SET OF INTERROGATORIES**

     Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission ("SEC" or "Commission") hereby serves these Amended Responses and Objections to Defendant Robert J. Mueller's ("Mueller") First Set of Interrogatories to the SEC ("Interrogatories") as well as the Mr. Hulings letter dated September 22, 2022 regarding the SEC's Initial Responses and Objections to Defendant Robert J. Mueller's ("Mueller") First Set of Interrogatories and other discovery matters ("September 22 Letter").

## GENERAL OBJECTIONS

1.       The SEC objects to Defendant's Interrogatories on the grounds that they seek discovery beyond matters relevant to the "claim or defense of any party" still at issue in this matter, are not proportional to the needs of the case, and therefore exceed the bounds of permissible discovery under Rule 26(b)(1).

2.       The SEC objects to the extent that Defendant's Interrogatories purports to impose obligations and burdens beyond those imposed by the Federal Rules of Civil Procedure to locate, extract, analyze, or summarize documents gathered during its investigation as duplicative, unduly burdensome, and oppressive. The SEC has given Mueller "open file" discovery in this case concerning its investigation referred to as *In the Matter of deeproot 575 Fund LLC,* File No. HO-14036. The non-privileged and non-protected portions of the SEC's HO-14036 investigative file, together with the SEC's correspondence with third parties during the course of that investigation and other documents concerning its investigation, already have been produced to the defendants, as set forth in the SEC's Rule 26(a) disclosures and correspondence with Mueller. Similarly, the SEC objects to any interrogatory that would require the SEC to locate, extract, analyze, or summarize documents produced in discovery to defendants by any non-SEC source. The SEC is not required to marshal its evidence or identify every one of the many documents that may support a contention, particularly where thousands of documents are involved and have been disclosed pursuant to FRCP 26(a), nor is it required to organize the evidence in this matter for the Defendant.  Moreover, the Commission's allegations are based upon documents produced by third parties and transcripts of testimony that have been made available to the Defendant, and the burden of reviewing and analyzing these materials is the same for the Commission as for Defendant.  After certain documents supporting a contention, allegation or position are identified, continuing to identify every other document that may support the contention, allegation or position is pointless and unreasonable. Without waiving but instead expressly reserving and asserting this objection, the Commission

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

has provided a response herein in an effort to advance the litigation, but notes that this response may not include all documents that support an allegation, position or contention.

3.      The SEC objects to the extent that Defendant's Interrogatories seek documents or information protected by a claim of privilege, including, but not limited to, the attorney-client privilege, work-product doctrine, the law enforcement privilege, the inter-governmental communications privilege, the qualified settlement privilege and the governmental deliberative process privilege.  Although not meant to be an exhaustive description, the SEC objects to providing information or documents reflecting communications between SEC staff and Commissioners because they are protected from disclosure by the attorney-client and governmental deliberative process privileges and the attorney work-product doctrine.  In addition, the SEC objects to producing or disclosing the contents of internal documents, such as staff memoranda, analyses, and notes, because they are protected from disclosure by the governmental deliberative process privilege, the attorney work-product doctrine, and, where applicable, the attorney-client privilege.  The SEC also objects to producing or disclosing the substance of communications with other government agencies, because they are protected from disclosure by the governmental deliberative process and/or inter-governmental communications privilege or law-enforcement privilege.

4.      The Commission objects to the Interrogatories to the extent that they seek admissions as to facts and circumstances as to which the Commission does not have percipient knowledge, all or most of which are within the personal knowledge of the Defendant or third parties.

5.      The SEC objects to each interrogatory on the ground that each is an inappropriate, premature, and overly broad interrogatory.  In substance, these interrogatories mostly seek to

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

have the SEC's counsel detail ***all*** the evidence of which it is aware to support certain of the

contentions or allegations in this case, notwithstanding that Mueller and his counsel are equally

aware of all the evidence obtained during the SEC's investigation and in discovery.  The SEC

has made available to defendants all non-privileged documents and information in its

investigative file, including all transcripts of investigative testimony and documents obtained

from any third persons.  Mueller and his counsel also have available to them transcripts of all the

testimony taken in this case and all documents obtained in discovery in this case.  Thus, the

information Mueller seeks through these interrogatories is equally available to Mueller.  Indeed,

once the SEC "has produced to the defendant the facts collected during [its] investigation," the

parties are essentially on equal footing, as "[n]o one at the SEC has any firsthand knowledge of

the facts at issue in [the] case." *SEC v. Buntrock*, 2004 U.S. Dist. LEXIS 12036, at *10 (N.D. Ill.

June 25, 2004).

Furthermore, to the extent that the First Interrogatories seek narrative descriptions that

would reflect counsel's judgment as to which facts, documents, testimony, or evidence supports

particular allegations, contentions, or facts at issue, such information is also protected work

product. The recitation of all evidence that supports a particular allegation, contention, or fact is

premature prior to the required disclosure of exhibits and witnesses in the format required for

pretrial filings pursuant to Fed. R. Civ. P. 26 and the Court's Scheduling Order.  Any

presentation now of SEC counsel's mental impressions, conclusions, opinions, or summaries

regarding the evidence would serve no legitimate discovery goal, but would represent an

inappropriate invasion of attorney work product.  *See, e.g.,* Fed. R. Civ. P. 26(b)(3)(B).

To request, as Mueller does here, that the SEC sift through transcripts and numerous

documents available equally to all counsel (and none of which are even the Commission's own

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

business records, but many of which are documents obtained from defendants themselves) to identify specific passages on which the SEC will rely to establish various factual assertions at trial is inherently improper and courts routinely sustain objections to such interrogatories. *See, e.g., Scott v. Mobilelink Louisiana,* LLC, No. 20-826 SDD SDJ, 2022 WL 3009111, at *3 (M.D. La. July 28, 2022) (holding that a "request for 'each and every fact' is overly broad"); *Firefighter's Retirement Sys. V. Citco Group Ltd.*, No. 13-373 SDD EWD, 2018 WL 3954144, at *4 (M.D. La. Aug. 17, 2018) ("Courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial."); *SEC. v. Berry,* No. C07-04431 RMW HRL, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) ("Contention interrogatories asking for 'each and every fact,' or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome."); *Convolve, Inc., v. Compaq Computer Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004); *Ritchie Risk-Linked Strategies Trading (Ireland) v. Coventry First LLC*, 2010 U.S. LEXIS 132760, *8 (S.D.N.Y. 2010) (ruling interrogatories overbroad and unduly burdensome in seeking every fact, piece of evidence and potential witness; noting that plaintiffs should not be required to parse through documents already produced to defendants to answer such interrogatories where defendants may review the discovery record for themselves).  Here, the Complaint goes into exacting detail regarding the misconduct giving rise to the SEC's claims.

Without waiving and indeed expressly reserving and asserting this objection, the SEC is providing a response to the interrogatories in question in an effort to advance the litigation, but notes that its responses to these discovery requests cannot and will not reference ***all*** facts or ***all*** documents that support an allegation, position or contention.

5

6.      The Commission reserves the right to supplement, modify and revise its

responses as the case progresses.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Please identify all witnesses, potential witnesses, complainants, or other persons
interviewed by the SEC, or with whom the SEC communicated, regarding Mueller, the Deeproot
Entities, the Investigation, or the Lawsuit, from January 1, 2020 to the present, including full
names and contact information.

**RESPONSE TO INTERROGATORY NO. 1:**

The SEC objects to this Interrogatory for the reasons stated in its General Objections, and

further objects to this Interrogatory on the grounds that it calls for the SEC to reveal work product

or facts or mental impressions protected by a claim of privilege, protection, exemption or

immunity including the attorney-client privilege as well as the law enforcement or investigatory

files privilege. *See Benevis, LLC V. Mauze & Bagby, PLLC*, No. 5:12-CV-36, 2015 WL

12763537, at *17 (S.D. Tex. Dec. 14, 2015) ("a request 'does tend to reveal work product' if it

asks a party to identify 'all persons that [the party] interviewed during the course of their

investigation.'") (internal citations omitted); *see also Am. Floral Servs., Inc. v. Florists'

Transworld Delivery Ass'n,* 107 F.R.D. 258,261 (N.D. Ill. 1985); *United States v. Amodeo*, 44

F.3d 141, 147 (2d Cir. 1995); *see also McPeek v. Ashcroft*, 202 F.R.D. 332, 336 (D.D.C. 2001).

The SEC further objects that the information sought is not relevant to any party's claim or

defense and not proportional to the needs of the case.  The SEC has already produced all non-

privileged, non-work product materials in its investigative file.  The SEC will continue to

produce any non-privileged materials it receives from third parties in connection with this

litigation consistent with the discovery obligations set forth in the Rules of Civil Procedure.

Moreover, the SEC has provided the Defendant with fulsome disclosures pursuant to Fed. R.

Civ. Pro. 26.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**AMENDED RESPONSE TO INTERROGATORY NO. 1:**

Despite Mueller's claim in the September 22 Letter that the SEC's objections to Interrogatory No. 1 are "baseless," the SEC has clearly and specifically provided sound authority for its objections as outlined above in its Initial Responses and Objections. Mueller on the other hand cites no authority for the arguments raised in the September 22 Letter regarding Interrogatory No. 1. In addition, Mueller's reading of the parties' respective obligations under Fed. R. Civ. P. 26 (a)(1) is incomplete and simply incorrect. The Rule does not impose an obligation on the parties to "identify *all* persons who *might* have information relevant to the claims or defenses in this case." Rather, the Fed. R. Civ. P. 26(a)(1)(i) requires "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—*that the disclosing party may use to support its claims or defenses...*"  The SEC has fully complied with this obligation and will continue to amend its initial disclosures as discovery develops in this case.  Mueller also apparently misunderstands the scope of the work product doctrine. As the authority cited above makes clear, nothing in Fed. R. Civ. P. 26(b)(3) provides that disclosure of work product to third parties waives or otherwise defeats the protection from discovery.

In addition to these objections, as a practical matter the SEC reiterates that it has already provided Mueller with any non-privileged documents or communications received from any person. In short, Mueller largely has the information he is requesting. It is not the SEC's obligation to collate, search, summarize, and analyze it for him. Finally, any suggestion that the SEC has somehow waived work product or any other applicable protection or privilege through the production of non-privileged materials is erroneous. The SEC has expressly reserved it rights with respect to any such privilege and protection in each and every one of its productions and responses to discovery.

Based on the foregoing, the SEC reasserts and incorporates its previous objections. Subject to and without waiving those objections, and without waiving any privilege or

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

protection, the SEC responds that, in an effort to narrow discovery disputes, a list of individuals

who have been in contact with the SEC in connection with this litigation as well as the SEC's

investigation known as *In the Matter of deeproot 575 Fund LLC,* File No. HO-14036, is provided

in Exhibit A to these Amended Responses. This information reflects the SEC's present

knowledge of such individuals based on information reasonably available to the SEC and may

not be comprehensive.  For example, individuals may have contacted the SEC for which there is

no record. Exhibit A also does not include individuals or entities listed on either parties' Initial

Disclosures. The SEC reserves the right to amend or supplement this information.


**INTERROGATORY NO. 2:**
Please identify all persons who participated in the Investigation on behalf of the SEC,
including the full names, positions, contact information, and whether such persons are currently
employees of the United States Government.

**RESPONSE TO INTERROGATORY NO. 2:**

The SEC objects to this Interrogatory for the reasons stated in its General Objections.  The

SEC also objects to this Interrogatory on the grounds that it calls for the SEC to reveal work

product or facts or mental impressions protected by a claim of privilege, protection, exemption or

immunity including the attorney-client privilege as well as the law enforcement or investigatory

files privilege.  *See Amodeo*, 44 F.3d at 147; *see also McPeek*, 202 F.R.D. at 336.  The SEC

further objects that the information sought is not relevant to any party's claim or defense and not

proportional to the needs of the case. *See Buntrock*, 2004 U.S. Dist. LEXIS 12036, at *10 ("[n]o

one at the SEC has any firsthand knowledge of the facts at issue in [the] case.").  For the

foregoing reasons, the SEC has no further response to this interrogatory.


**INTERROGATORY NO. 3:**
Please identify each "untrue statements of material fact" and omission of "material fact
necessary to make the statements made, in light of the circumstances under which they were
made, not misleading" by Mueller that You allege is a basis of any of the claims for relief
identified in the Complaint.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO INTERROGATORY NO. 3:**

The SEC objects to this Interrogatory for the reasons stated in its General Objections.  The SEC further objects to this interrogatory as indefinite, premature, and overbroad, calling for ***each*** misstatements or omission, or instance of the same, the SEC intends to prove at trial.  Plaintiff reserves the right to amend its response and offer contentions following the close of fact discovery in this case, and/or at the close of evidence during the trial of this matter.  *See* Fed. R. Civ. Pro. 15(b).  Subject to and without waiving the foregoing objections, the SEC responds that a sampling of the types of material misstatements and/or omissions made by Mueller, his employees, agents, or others under his control, as well as entities he controlled in connection with the claims set forth, may include, but are not limited to, the following the SEC alleged in ¶¶ 6, 8, 45-48, and 54 of the SEC's Complaint, that Mueller made the following material misstatements and/or omissions:

"Despite telling the Funds' investors through the PPMs that both Funds would invest primarily in life insurance policies, Mueller and deeproot have not purchased a single life insurance policy since at least September 2017. Since that time, however, they have raised approximately $43 million from 575 Fund and dGRD Fund investors and diverted the majority of it to the Relief Defendants and Mueller's own pockets, contravening the investment allocation strategy of the Funds presented to investors."

"Nothing in the Funds' PPMs or other offering documents would lead reasonable investors in the Funds to expect that 575P payments to investors, or any other payments to the Funds' investors, would be made using money received from new investors in the Funds."

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

"Nothing in the Funds' PPMs or other offering documents would lead reasonable investors in the Funds to expect that 575P payments to investors, or any other payments to the Funds' investors, would be made using borrowed money."

"Nothing in the Funds' PPMs or other offering documents would lead reasonable investors in the Funds to expect that Mueller or deeproot would use assets of the Funds as collateral on loans to raise money to make payments to investors."

"Mueller engaged in this activity despite knowing that paying earlier investors with new investors' money is a fraudulent Ponzi-like scheme, which he knew from studying a well publicized Ponzi scheme lawsuit involving investments in life insurance policies."

"Defendants used the vast majority of the Funds' assets – virtually all of which came from investors in the 575 Fund and the dGRD Fund – like a piggy bank to fund Mueller's deeproot-affiliated businesses, the Relief Defendants. Indeed, Mueller funneled more than $30 million of the Funds' assets to the Relief Defendants in non-arms-length transactions whenever he determined the Relief Defendant businesses had expenses that needed to be paid, and he did so without any analysis as to whether such transfers constituted suitable investments for his client Funds. Further, Mueller made these transfers to Relief Defendants without obtaining anything of substance in return for the Funds and without memorializing the transactions in any way."

"Despite making statements suggesting he took no compensation from the Funds, Mueller commingled assets of the Funds in deeproot and Policy Services bank accounts and used them to make ad hoc salary payments to himself whenever investor money was available, totaling roughly $1.6 million from 2016 through 2020."

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 4:**

Please identify each document that the You allege contains an "untrue statement of material fact" or omission of material fact by Mueller, including without limitation any private placement memoranda, communications, marketing materials, or other documents provided in connection with investments in the Deeproot Entities.

**RESPONSE TO INTERROGATORY NO. 4:**

The SEC objects to this Interrogatory for the reasons stated in its General Objections.

The SEC further objects to this interrogatory as indefinite, premature, and overbroad, calling for

*each* document that contains misstatements or omissions the SEC intends to prove at trial. Plaintiff

reserves the right to amend its response and offer contentions following the close of fact discovery

in this case, and/or at the close of evidence during the trial of this matter. *See* Fed. R. Civ. Pro.

15(b).  Subject to and without waiving the foregoing objections, the SEC responds that a sampling

of documents that contain material misstatements or omissions may include, but are not limited to,

the following as identified by Bates number:

- SEC-DEEPROOT-E-0014497-512

- SEC-DEEPROOT-E-0164808-23

- SEC-DEEPROOT-E-0164824-41

- SEC-DEEPROOT-E-0211514-30

- SEC-DEEPROOT-E-0013399-416

- SEC-DEEPROOT-E-00164786-803

- SEC-DEEPROOT-E-0164762-80

- MUELLER 001067-88

- SEC-DEEPROOT-E-0019790

- MUELLER 001045-66

11

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

- SEC-DEEPROOT-E-0005760-78

- DEEPROOT FUNDS_005713

- SEC-GandyH-E-0000159

- SEC-GandyH-E-0000145


**INTERROGATORY NO. 5:**

Please provide the complete legal and factual basis for the Your allegation that Mueller was an "investment advisor" within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)].

**RESPONSE TO INTERROGATORY NO. 5:**

The SEC objects to this Interrogatory for the reasons stated in its General Objections. The SEC further objects to this interrogatory as indefinite, premature, and overbroad, calling for *complete legal and factual basis* for how the SEC intends to prove Mueller was investment advisor at trial.  Plaintiff reserves the right to amend its response and offer contentions following the close of fact discovery in this case, and/or at the close of evidence during the trial of this matter.  *See* Fed. R. Civ. Pro. 15(b).  Subject to and without waiving this objection or its General Objections, the SEC states that ¶ 16 of the Complaint, which is incorporated by reference here, provide the detailed factual allegations in support of the Commission's claims.  In addition, the SEC notes the following as indicative of some, but not all, examples of Mueller's investment advisor role:

- Transcript of Investigative Testimony of Robert J. Muller dtd 6.23.2021 ("Mueller Tr.") at 150:3-19

- SEC-DEEPROOT-E-0014497 at 500, 503, 509

- SEC-DEEPROOT-E-0164808 at 811, 814, 820

- SEC-DEEPROOT-E-0164824 at 827, 830, 838

- SEC-DEEPROOT-E-0211514 at 517, 520, 527

- SEC-DEEPROOT-E-0013399 at 402, 405, 412

- SEC-DEEPROOT-E-00164786 at 789, 792, 799

- SEC-DEEPROOT-E-0164762 at 765, 768, 777

12

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

- SEC-DEEPROOT-E-0157802

**INTERROGATORY NO. 6:**

Please identify each payment, transfer, expenditure, or other disbursement of funds that You allege was "made to existing investors" in the Funds "from money raised from new investor contributions to the Funds," including as alleged in Paragraph 44 of the Complaint, including the date, amount, payor, and recipient of each such payment, transfer, expenditure, or disbursement.

**RESPONSE TO INTERROGATORY NO. 6:**

The SEC objects to this Interrogatory for the reasons stated in its General Objections. The SEC further objects to this interrogatory as indefinite, premature, and overbroad, calling for each payment, transfer, expenditure, or other disbursement of funds that You allege was "made to existing investors" in the Funds "from money raised from new investor contributions to the Funds". Plaintiff reserves the right to amend its response and offer contentions following the close of fact discovery in this case, and/or at the close of evidence during the trial of this matter. *See* Fed. R. Civ. Pro. 15(b). Subject to and without waiving the foregoing objections, the SEC responds that a sampling of the documents that support this allegation are referenced in Exhibit A to the SEC's Response to the Defendant Robert J. Mueller's Brief Regarding Use of Funds Subject to Asset Freeze (Dkt. No. 16-1). The SEC further notes that all the bank records referenced in Paragraph 44 are also in Mueller's possession. As discovery remains on-going, the SEC expressly reserves the right to supplement this Response in the future.

**AMENDED RESPONSE TO INTERROGATORY NO. 6:**

Again, despite Mueller's claim that the SEC's objections to Interrogatory No. 6 are "baseless," the SEC specifically points to the authority cited in the SEC's general objections that interrogatories such as Interrogatory No. 6 that seek each and every fact concerning a particular issue as overly broad and unduly burdensome. *Scott v. Mobilelink Louisiana,* LLC, No. 20-826 SDD SDJ, 2022 WL 3009111, at *3 (M.D. La. July 28, 2022) (holding that a "request for 'each

13

and every fact' is overly broad"); *Firefighter's Retirement Sys. V. Citco Group Ltd.*, No. 13-373 SDD EWD, 2018 WL 3954144, at *4 (M.D. La. Aug. 17, 2018) ("Courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial."); *SEC. v. Berry,* No. C07-04431 RMW HRL, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) ("Contention interrogatories asking for 'each and every fact,' or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome.").  Moreover, fact discovery has not closed in this matter to include discovery from Mueller who has admitted to being the sole control person over the Deeproot Entities. As a consequence, Mueller's demand, at this stage, for complete certainty as to each and every transaction the SEC may use to support its allegations at trial is premature.

 Subject to and without waiving the foregoing and previous objections, the SEC will produce a response to Interrogatory No. 6 that identifies the facts on which the SEC currently believes support the allegations in Paragraph 44 of the Complaint.

As discovery remains on-going, the SEC expressly reserves the right to supplement this Response in the future. The SEC further notes that this response in no way limits or waives its ability to introduce additional evidence at trial to support these claims.

**INTERROGATORY NO. 7:**

Please identify each payment, transfer, expenditure, or other disbursement of funds that You allege "contraven[ed] the investment allocation strategy of the Funds presented to investors," as alleged in Paragraph 54 of the Complaint, including the date, amount, payor, and recipient of each such payment, transfer, expenditure, or disbursement.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving its General Objections, the SEC incorporates and repeats its Responses to Interrogatory No 6.

**AMENDED RESPONSE TO INTERROGATORY NO. 7:**

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving its General Objections, the SEC incorporates and repeats its Amended Responses to Interrogatory No. 6 and states that the SEC will produce a response to Interrogatory No. 7 that identifies facts on which the SEC currently believes support the allegations in Paragraph 54 of the Complaint.

As discovery remains on-going, the SEC expressly reserves the right to supplement this Response in the future. The SEC further notes that this response in no way limits or waives its ability to introduce additional evidence at trial to support these claims.

**INTERROGATORY NO. 8:**

Please identify each payment, transfer, expenditure, or other disbursement of funds from the Deeproot Entities that You allege constituted salary to Mueller, as alleged in Paragraph 65 of the Complaint, including the date, amount, payor, and recipient of each such payment, transfer, expenditure, or disbursement.

**RESPONSE TO INTERROGATORY NO. 8:**

The Commission objects to this Interrogatory for the reasons stated in its General Objections.  The SEC also objects to this Interrogatory on the grounds that the requested information is already in the possession, custody, or control of defendant Mueller.  Subject to and without waiving its General Objections, the SEC incorporates and repeats its Responses to Interrogatory No 6.

**AMENDED RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving its General Objections, the SEC incorporates and repeats its Amended Responses to Interrogatory No. 6 and states that the SEC will produce a response to Interrogatory No. 8 that identifies facts on which the SEC currently believes support the allegations in Paragraph 65 of the Complaint.

As discovery remains on-going, the SEC expressly reserves the right to supplement this Response in the future. The SEC further notes that this response in no way limits or waives its ability to introduce additional evidence at trial to support these claims.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 9:**

Please identify each payment, transfer, expenditure, or other disbursement of funds from the Deeproot Entities that You allege was "misappropriate[d]," as alleged in Paragraph 66 of the Complaint, including the date, amount, payor, and recipient of each such payment, transfer, expenditure, or disbursement.

**RESPONSE TO INTERROGATORY NO. 9:**

The Commission objects to this Interrogatory for the reasons stated in its General

Objections. The SEC also objects to this Interrogatory on the grounds that the requested

information is already in the possession, custody, or control of defendant Mueller.  Subject to

and without waiving its General Objections, the SEC incorporates and repeats its Responses to

Interrogatory No 6.

**AMENDED RESPONSE TO INTERROGATORY NO. 9:**

 Subject to and without waiving its General Objections, the SEC incorporates and repeats

its Amended Responses to Interrogatory No. 6 and states that the SEC will produce a response to

Interrogatory No. 9 that identifies the facts on which the SEC currently believes support the

allegations in Paragraph 66 of the Complaint.

As discovery remains on-going, the SEC expressly reserves the right to supplement this

Response in the future. The SEC further notes that this response in no way limits or waives its

ability to introduce additional evidence at trial to support these claims.

**INTERROGATORY NO. 10:**

Please identify the amount of annual compensation to Mueller from the Deeproot Entities, if any, that You allege would have been consistent with, permitted by, or adequately disclosed by representations of the Deeproot Entities to investors.

**RESPONSE TO INTERROGATORY NO. 10:**

The SEC objects to this Interrogatory for the reasons stated in its General Objections, and

further objects to this Interrogatory on the grounds that it calls for the SEC to reveal work product

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

or facts or mental impressions protected by a claim of privilege, protection, exemption or immunity including the attorney-client and law enforcement privilege.  *See Amodeo*, 44 F.3d at 147; *see also McPeek*, 202 F.R.D. at 336.  The SEC further objects that the information sought is not relevant to any party's claim or defense and not proportional to the needs of the case.

**AMENDED RESPONSE TO INTERROGATORY NO. 10:**

 Subject to and without waiving its General Objections or its previous objections, the SEC responds that Interrogatory No. 10 is unduly vague and calls on the SEC to opine on matters that are not even alleged in the Complaint.. Furthermore, the September 22 Letter's statements regarding Interrogatory No. 10 seem to suggest that the Complaint was somehow unclear or vague regarding its allegations. Yet, Mueller answered the Complaint and never moved for failure to state a claim or for more definitive statement.  The SEC has also produced all payroll and tax records in its possession, custody, or control. As discovery remains on-going, the SEC expressly reserves the right to supplement this Response in the future.

**INTERROGATORY NO. 11:**

Please identify all of the employees of the Deeproot Entities, including the names of these employees, the dates during which they were employed, the amounts paid to these employees, and the tasks performed by these employees.

**RESPONSE TO INTERROGATORY NO. 11:**

The Commission objects to this Interrogatory for the reasons stated in its General Objections.  The SEC also objects to this Interrogatory on the grounds that the requested information is already in the possession, custody, or control of defendant Mueller.

**AMENDED RESPONSE TO INTERROGATORY NO. 11:**

The SEC reiterates its General and previous objections. Mueller has admitted to being the control person of all the Deeproot Entities (Dkt. No. 43, ¶ 16-18). Mueller hired all the Deeproot Entities' employees, set and oversaw their compensation, and interacted with them on a regular

17

basis.  Moreover, Mueller already has all payroll, tax, and other applicable documentation from

which this information could be readily derived. Mueller makes the puzzling claim that the SEC

has had the requested information "for well more than year" but neglects the fact that Mueller has

had this very same information for *many years*, since he created the Deeproot Entities.  In addition,

Mueller is free to depose or otherwise subpoena any former employee regarding the information

requested in Interrogatory No. 11. Accordingly, Interrogatory No. 11 appears to be nothing more

than an attempt by Mueller to have the SEC prepare his defense for him.  Given that Mueller

already had, or has access to the information requested in Interrogatory No. 11, such demand is

beyond the scope of discovery as required by Rules, is unduly burdensome, and not proportional

to the needs of the case.


**INTERROGATORY NO. 12:**

Please describe the "net profits," as that term is defined in *Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020) and related law, that You allege were obtained by Mueller as a result the actions identified in the Complaint, including the total amount of alleged net profits, any expenses that You allege are legitimate, and the manner through which You allege such net profits should be calculated.

**RESPONSE TO INTERROGATORY NO. 12:**

The SEC objects to this Interrogatory for the reasons stated in its General Objections.  The

SEC further objects to this interrogatory as it is premature during the liability phase of litigation

and to the extent it suggests that the SEC is required now, or at any point in this litigation (absent

a specific request from the Court), to request a particular dollar amount as the amount of

disgorgement and civil penalties the Court should order the defendant to pay. The SEC also

objects to the extent this Interrogatory demands that the SEC, at this stage before fact discovery

has closed, to comprehensively determine and line item each and every so-called "legitimate"

expense.  A determination of the availability and scope of the relief sought is more appropriate

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

"after the case has been factually and legally developed."  *SEC v. Levin*, 232 F.R.D. 619, 625 (C.D. Cal. 2005); *see also SEC. v. Wyly*, 56 F. Supp. 3d 260, 271 n.60 (S.D.N.Y. 2014); *Buntrock*, 2004 U.S. Dist. LEXIS 12036, at *3.  As set forth in the Complaint, the SEC seeks an order requiring defendant to pay disgorgement of his ill-gotten gains with prejudgment interest and civil penalties pursuant to Section 20(d) the Securities Act and Sections 21(d)(3) & (5) of the Exchange Act [15 U.S.C. §§ 78t(d) and 78u(d)(3) & (5)].  The Court ultimately determines the appropriate disgorgement and penalty tier and amount, and may look to numerous factors, including the Defendants' monetary gains as a result of his violative conduct and whether the violations involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**

As the SEC set forth in its Complaint as well as in its Initial Disclosures, the SEC is not seeking damages. As such, the requirements of Fed R. Civ. P 26(a)(1)(A)(iii) are wholly inapplicable. As an equitable remedy, any disgorgement amount will be based on the facts and circumstances adduced in discovery and at trial. SEC enforcement actions routinely proceed in a bifurcated manner in which any applicable remedies are determined by the Court, only after liability is determined first by a finder of fact. This order of proceeding makes good sense to avoid costly and burdensome discovery on an issue that may never come to pass should no liability ultimately be found. Moreover, this approach is entirely consistent with *Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020) which held that "*courts* must deduct legitimate expenses *before* ordering disgorgement under §78u(d)(5)." (emphasis added). Contrary to this approach, Interrogatory No. 12 effectively seeks full briefing on remedies before liability has even been established.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving these objections, the SEC responds that any amounts of potential disgorgement provided herein are preliminary, based on currently available information that may change, and subject to authorization from the Commission.  Subject to the foregoing, Defendants' gross proceeds from the fraud scheme are approximately $66,350,037 from September 2015 to August 2021.  The SEC contends that the evidence produced to date shows approximately $11,162,518 in payments to purchase or maintain life insurance policies, as well $3,746,714 in what appear to be payments to investors. Based on information currently available these amounts could possibly be deducted.

Date: September 29, 2022                                    Respectfully submitted,

                                                           */s/ David Nasse*
                                                           David A. Nasse
                                                           Kristen M. Warden
                                                           Trial Counsel
                                                           U.S. Securities and Exchange Commission
                                                           100 F Street NE
                                                           Washington, DC 20549
                                                           (202) 551-4426
                                                            (202) 256-7941
                                                           nassed@sec.gov
                                                           wardenk@sec.gov

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 29th day of September, 2022, a true and correct copy of the foregoing document was served on counsel for the Defendants by electronic means.

<u>*/s/ David Nasse*</u>
David A. Nasse

*Counsel for Plaintiff United States Securities and Exchange Commission*

EXHIBIT A



CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER







CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER