EXHIBIT 51

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| Securities and Exchange Commission, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:21-cv-785-XR |
| Robert J. Mueller, Deeproot Funds LLC (f/k/a dprt Funds, LLC and Policy Services, Inc. | ) |
| *Defendant* | ) (If the action is pending in another district, state where: ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: John Patrick Lowe, Bankruptcy Trustee, c/o Randy Pulman, Pulman, Cappuccio & Pullen, LLP, 2161 N.W. Military Highway, Suite 400, San Antonio, Texas 78213

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Davis & Santos, PLLC<br>719 S. Flores Street<br>San Antonio, Texas 78204 | Date and Time:<br>07/14/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 06/30/2023

*CLERK OF COURT*

OR

_____          */s/ Jay Hulings*
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Robert J. Mueller
, who issues or requests this subpoena, are:

Jason Davis, Jay Hulings, Davis & Santos, PLLC, 719 S. Flores Street, San Antonio, Texas 78204, Telephone: (210) 853-5882, Email: jhulings@dslawpc.com

Case 5:21-cv-00785-XR   Document 111-4   Filed 10/02/23   Page 3 of 8

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:21-cv-785-XR

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### I.  DEFINITIONS AND INSTRUCTIONS

1. "**You**," "**Your**," or the "**Trustee**" refers to John Patrick Lowe, 2402 East Main Street, Uvalde, TX, 78801, in his capacity as Bankruptcy Trustee appointed for the Deeproot Entities in the case styled *In re: Policy Services, Inc.*, Case No. 21-51513-MMP, pending in the United States Bankruptcy Court, Western District of Texas, San Antonio Division, and any associated or affiliated cases, and all others acting under his control, at his direction, or on his behalf, including legal counsel.

2. "The "**SEC**" refers to the United States Securities and Exchange Commission, and all others acting under its control, at its direction, or on its behalf.

3. The "**Deeproot Entities**" refers collectively to deeproot Funds, LLC (a/k/a dprt Funds, LLC), Policy Services, Inc., deeproot 575 Fund, LLC, deeproot Growth Runs Deep Fund, LLC, deeproot Tech LLC, deeproot Pinball LLC, deeproot Studios LLC, deeproot Sports & Entertainment LLC, deeproot Re 12621 Silicon Dr LLC, and all affiliates of such entities, and all others acting under their control, at their direction, or on their behalf, including legal counsel.

4. The "**575 Fund**" refers to deeproot 575 Fund, LLC.

5. The "**dGRD Fund**" refers to deeproot Growth Runs Deep Fund, LLC.

6. The "**Deeproot Funds Portal**" refers to the database and other computer program accessible through the website https://portal.dprtapp.com/login.

7. "**Document**" includes, but is not limited to, the originals and all copies of written, reported, recorded or graphic matter however produced or reproduced, which is now or was at any time in the possession, custody, or control of the producing party, the party's attorneys, accountants, or any of their agents, including but not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, electronic mail and data, and any other data compilations from which information can be obtained and translated if necessary, by the person from whom production is sought, into reasonably usable form, or all of the foregoing upon which notations and writings have been made and which do not appear on the original. Document also means information stored in, or accessible through, a computer or other information storage or retrieval system. If the information is kept in a computer or information storage or retrieval system, these terms also include codes and programming instructions and other materials necessary to understand such systems. The term "document" expressly includes electronic and magnetic data in any form. Specifically, "document" includes, where applicable, archive data, archival data, backup data, backup tape recycling, deleted files, legacy data, metadata, native format files, near-line data, static format files, and systems data.

8. "**Communication**" or "**correspondence**" means the transmittal of information in the form of facts, data, inquiries or otherwise, and specifically includes e-mail, text messaging,

and messaging on social media networks, and any document as defined herein reflecting such communication.

9. "**And**" and "**or**" as used herein, shall be construed both conjunctively and disjunctively, and each shall include the other whenever such construction will serve to bring within the scope of these Requests any information that would otherwise not be brought within their scope.

10. "**Reflect**" or "**reflecting**" means demonstrating, evidencing, relating to, referring to, describing, contemplating, or constituting.

11. "**Concern**" or "**concerning**" or any derivative thereof means demonstrating, evidencing, relating to, referring to, reflecting, describing, contemplating, constituting, mentioning, summarizing, involving, containing, embodying, showing, comprising, discussing, commenting on, identifying, concerning, supplementing, amending, superseding, replacing, modifying, logically or factually connecting with, or pertaining to, in whole or in part, the subject matter of the particular request.

12. The singular as used herein shall include the plural, and the masculine gender shall include the feminine and the neuter.

13. These requests shall be deemed to be continuing, so that if at any time after compliance with these discovery requests you or such other persons acquire documents within the scope of these requests, you are to furnish such documents to counsel for Plaintiff. The response to these discovery requests shall be supplemented as, when, and in the manner required by Fed. R. Civ. P. 26(e) for which demand is hereby made.

14. It is requested that all documents concerning the subject matter of the Lawsuit be preserved and that any ongoing process of document destruction involving such documents cease immediately.

15. To the extent that you believe any of the requests are objectionable, provide documents in response to the portion that, in your view, is not objectionable. Separately state the portion of the request to which you object, and the legal or factual basis for your objection pursuant to the Fed. R Civ. P. 34(b)(2)(C).

16. To the extent that you believe any of the requests call for documents subject to a privilege, provide the responsive documents that, in your view, are not privileged. If you claim that any responsive document is privileged, please provide the information required by Fed. R Civ. P. 26(b)(5).

17. You are requested to quote each request in full immediately preceding the corresponding response. Each answer, objection, or response to the request should be identified by the same number and should appear in the same order.

18. Each document shall be produced as it is kept in the usual course of business or shall be organized and labeled to correspond to the category of documents requested. For each document requested, produce the entire document, including all attachments, appendices, and exhibits. All non-identical copies of a document are to be produced.

19. The documents requested herein include any and all documents that are in your possession, custody or control and any and all documents in the possession, custody or control of third parties, including employees, agents, attorneys, accountants or others, if you have the right or privilege to examine such documents upon request or demand, whether or not such right or privilege has been exercised.

20. For a document that no longer exists or that cannot be located, identify the document, state when and how it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## II.     REQUESTS FOR PRODUCTION

1. All accounting records for each of the Deeproot Entities from January 1, 2014 to the present, including without limitation the general ledger, journal, and account register in printed and/or scanned and fully legible format (e.g., portable document format or Microsoft Excel).

2. Administrator access to a duplicated database of values as of September 1, 2021 for all documents available through the Deeproot Funds Portal.

3. The username and password for use of the Deeproot Funds Portal provided to and/or used by the SEC to access the Deeproot Funds Portal.

4. Documents accessible through the Deeproot Funds Portal that are sufficient to show the allocation, expenditure, transfer, accounting, or other recording of funds provided to the Deeproot Entities by investors in the 575 Fund or dGRD Fund.

5. All documents accessible through the Deeproot Funds Portal reflecting the allocation, expenditure, transfer, or other recording of funds provided to the Deeproot Entities by investors in the 575 Fund or dGRD Fund.

6. All documents accessible through the Deeproot Funds Portal reflecting the allocation, expenditure, transfer, or other recording of ownership interests between and/or among the Deeproot Entities.