**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        **Plaintiff,**<br><br>              -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>        **Defendants,**<br><br>              -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, AND DEEPROOT RE 12621 SILICON DR LLC,<br><br>        **Relief Defendants.** | **Civil Action No.:  5:21-cv-785-XR** |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S**
**OBJECTIONS TO DEFENDANT'S**
**TRIAL EXHIBITS AND DEPOSITION DESIGNATIONS**

Pursuant to the Court's Scheduling Order, Dkt. 102, Plaintiff Securities and Exchange Commission submits the below objections to Defendant Mueller's proposed trial exhibits and deposition designations, Dkt. 114. These objections are based on the current status of this matter. The SEC reserves the right to supplement, correct, or clarify its objections or to withdraw an objection, including based on any future decisions or orders of this Court.

## I.      Deposition Designations

The SEC objects to defendant Mueller's deposition designations as hearsay. Deposition testimony constitutes hearsay as defined by Federal Rule of Evidence 801(c) if offered for the truth of the matter asserted. In this case, the hearsay exception that applies in most civil cases for deposition testimony, Federal Rule of Evidence 804(b)(1), does not apply because the witnesses identified by defendant Mueller are not "unavailable" as defined by Federal Rule of Evidence 804(a)(5). A witness is unavailable pursuant to Rule 804(a)(5) if "the statement's proponent has not been able, by process or other reasonable means, to procure: (A) the declarant's attendance . . . ." In this case, where both parties have nationwide subpoena authority and none of the witnesses live abroad, no witness is "unavailable" absent a further showing.

> In any action or proceeding instituted by the Commission under this subchapter in a United States district court for any judicial district, a subpoena issued to compel the attendance of a witness or the production of documents or tangible things (or both) at a hearing or trial may be served at any place within the United States. Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure shall not apply to a subpoena issued under the preceding sentence.

17 U.S.C. § 77v(a); *see Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987) ("A deposition is an acceptable substitute for oral testimony when in-court observation of the witness is extremely difficult or virtually impossible.").  This is particularly true for individuals the SEC plans to call as witnesses at trial and defendant Mueller can cross examine, namely:  Scott Allen, Ken Abramson,[1] Dennis Concilla, and Andrew Federico.  Mueller designated himself, as well as Scott Allen, Dennis Concilla, and Andrew Federico, as "both" live witnesses and witnesses by deposition testimony.  Dkt. 114 at 2-3.  The deposition testimony of Mueller, Allen, Concilla,

---

[1] The SEC listed Mr. Abramson as a witness it "may call" on its witness list. Dkt. 112, 3. After reviewing the defendant Mueller's witness and exhibit lists the SEC now plans to call Mr. Abramson as a witness at trial.

and Federico clearly constitutes hearsay.[2]  Moreover, some of the proposed designations that

Mueller is seeking to admit are lengthy hours-long testimony in which the witness was

improperly led by defense counsel.

The SEC further objects to defendant Mueller's deposition designations because it does

not comply with Federal Rule of Civil Procedure 43(a), which provides, "[a]t trial, the witnesses'

testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence,

these rules, or other rules adopted by the Supreme Court provide otherwise.  F.R.C.P. 43(a). The

Fifth Circuit prohibits deposition testimony "unless 'live testimony from the deponent is

impossible or highly impracticable.'"  *Swearingen v. Gillar Home Health Care, L.P.*, 759 F.

App'x 322, 324 (5th Cir. 2019) (citing *McDowell v. Blankenship*, 759 F.3d 847, 851 (8th Cir.

2014)). In determining the exact meaning of exceptional circumstances, the Eighth Circuit noted

that "the phrase unquestionably grants the district court considerable discretion in determining

whether to admit deposition testimony" and that "the circumstances of a witness's absence are

exceptional when akin to the witness being 'unavailable ... to testify because he is dead[.]'"

*McDowell*, 759 F.3d at 851 (citation omitted); *see Ruelas v. W. Truck & Trailer Maint., Inc.,* No.

PE:18-CV-00002-DC-DF, 2019 WL 13150106, at *2 (W.D. Tex. Oct. 1, 2019).  Thus, there is

no need for the Court to consider defendant Mueller's designations for any of his witnesses.[3]

The SEC maintains that deposition testimony for the remaining witnesses from whom

defendant Mueller designated testimony (Eric Dandridge, Nathan Spradlin, and Craig Rushforth)

---

[2] The SEC does not dispute that Mueller can use deposition testimony to impeach a witness.
However, deposition testimony is not appropriate for affirmative designations when a witness is
available to testify at trial.  *See Corley*, 830 F.2d at 50.

[3] The SEC respectfully requests that opportunity to offer counter-designations and objections if
Messrs. Allen, Abramson, Concilla, and Federico become "unavailable" pursuant to Rule 804.

is also hearsay. Nevertheless, out of an abundance of caution, the SEC is providing counter-designations and objections for these three witnesses.

### A.    Eric Dandridge

| Citation | Designating Party | Objection |
|---|---|---|
| Pg: 9 Ln: 13 - 16 | Defendant Designation | |
| Pg: 11 Ln: 2 - 12 | Defendant Designation | |
| Pg: 11 Ln: 13 - Pg: 12 Ln: 6 | Defendant Designation | |
| Pg: 12 Ln: 7 - 9 | SEC Designation | |
| Pg: 12 Ln: 10 - 19 | Defendant Designation | |
| Pg: 12 Ln: 20 - Pg: 13 Ln: 20 | Defendant Designation | |
| Pg: 13 Ln: 21 - Pg: 15 Ln: 15 | Defendant Designation | |
| Pg: 15 Ln: 16 - Pg: 16 Ln: 4 | Defendant Designation | |
| Pg: 16 Ln: 5 - 17 | Defendant Designation | |
| Pg: 16 Ln: 18 - 22 | SEC Designation | |
| Pg: 17 Ln: 2 - 16 | Defendant Designation | |
| Pg: 18 Ln: 20 - 24 | Defendant Designation | |
| Pg: 18 Ln: 25 - Pg: 19 Ln: 8 | Defendant Designation | |
| Pg: 19 Ln: 9 - 23 | Defendant Designation | |
| Pg: 21 Ln: 19 - Pg: 22 Ln: 6 | Defendant Designation | |

| | | |
|---|---|---|
| Pg: 22 Ln: 7 - 21 | SEC Designation | |
| Pg: 22 Ln: 22 - Pg: 23 Ln: 3 | Defendant Designation | |
| Pg: 23 Ln: 16 - 22 | Defendant Designation | |
| Pg: 24 Ln: 19 - 22 | Defendant Designation | |
| Pg: 25 Ln: 5 - 11 | Defendant Designation | Objection: FRE 403 - Speculation. |
| Pg: 25 Ln: 17 - Pg: 26 Ln: 3 | SEC Designation | |
| Pg: 27 Ln: 9 - Pg: 28 Ln: 7 | Defendant Designation | |
| Pg: 28 Ln: 8 - 15 | Defendant Designation | |
| Pg: 28 Ln: 16 - Pg: 29 Ln: 14 | SEC Designation | |
| Pg: 29 Ln: 22 - Pg: 30 Ln: 4 | Defendant Designation | |
| Pg: 30 Ln: 16 - Pg: 31 Ln: 6 | SEC Designation | |
| Pg: 32 Ln: 7 - 21 | Defendant Designation | |
| Pg: 32 Ln: 23 - Pg: 33 Ln: 7 | Defendant Designation | |
| Pg: 34 Ln: 9 - 11 | Defendant Designation | |
| Pg: 34 Ln: 12 - Pg: 35 Ln: 4 | SEC Designation | |
| Pg: 35 Ln: 24 - Pg: 37 Ln: 6 | SEC Designation | |
| Pg: 37 Ln: 18 - 23 | Defendant Designation | |
| Pg: 38 Ln: 4 - 8 | SEC Designation | |

| | | |
|---|---|---|
| Pg: 38 Ln: 18 - 24 | Defendant Designation | |
| Pg: 38 Ln: 25 - Pg: 39 Ln: 6 | Defendant Designation | |
| Pg: 39 Ln: 7 - 22 | Defendant Designation | |
| Pg: 39 Ln: 23 - Pg: 40 Ln: 1 | SEC Designation | |
| Pg: 40 Ln: 9 - Pg: 41 Ln: 13 | Defendant Designation | |
| Pg: 41 Ln: 18 - 22 | SEC Designation | |
| Pg: 42 Ln: 12 - 15 | Defendant Designation | |
| Pg: 42 Ln: 16 - Pg: 43 Ln: 7 | Defendant Designation | |
| Pg: 43 Ln: 14 - Pg: 44 Ln: 5 | Defendant Designation | |
| Pg: 44 Ln: 6 - 25 | Defendant Designation | |
| Pg: 45 Ln: 9 - Pg: 46 Ln: 6 | Defendant Designation | |
| Pg: 46 Ln: 21 - Pg: 47 Ln: 3 | SEC Designation | |
| Pg: 47 Ln: 17 - Pg: 48 Ln: 24 | SEC Designation | |
| Pg: 51 Ln: 21 - 24 | Defendant Designation | |
| Pg: 51 Ln: 25 - Pg: 52 Ln: 19 | SEC Designation | |
| Pg: 53 Ln: 24 - Pg: 54 Ln: 13 | Defendant Designation | |
| Pg: 54 Ln: 19 - Pg: 55 Ln: 1 | Defendant Designation | |
| Pg: 55 Ln: 2 - Pg: 56 Ln: 5 | SEC Designation | |

| | | |
|---|---|---|
| Pg: 56 Ln: 6 - Pg: 57 Ln: 2 | Defendant Designation | |
| Pg: 57 Ln: 3 - 14 | SEC Designation | |
| Pg: 57 Ln: 24 - Pg: 59 Ln: 7 | SEC Designation | |
| Pg: 60 Ln: 6 - 17 | Defendant Designation | |
| Pg: 60 Ln: 22 - Pg: 61 Ln: 5 | Defendant Designation | |
| Pg: 62 Ln: 2 - 18 | SEC Designation | |
| Pg: 63 Ln: 18 - Pg: 65 Ln: 6 | SEC Designation | |
| Pg: 65 Ln: 10 - Pg: 66 Ln: 7 | Defendant Designation | |
| Pg: 66 Ln: 8 - 14 | SEC Designation | |
| Pg: 66 Ln: 15 - 22 | Defendant Designation | |
| Pg: 66 Ln: 23 - Pg: 67 Ln: 22 | SEC Designation | |
| Pg: 67 Ln: 23 - Pg: 68 Ln: 1 | Defendant Designation | |
| Pg: 68 Ln: 18 - 21 | Defendant Designation | |
| Pg: 68 Ln: 22 - Pg: 70 Ln: 21 | SEC Designation | |
| Pg: 70 Ln: 22 - Pg: 71 Ln: 23 | Defendant Designation | |
| Pg: 75 Ln: 9 - 11 | Defendant Designation | |
| Pg: 84 Ln: 9 - 25 | Defendant Designation | |
| Pg: 85 Ln: 1 - 25 | Defendant Designation | |

| Pg: 87 Ln: 4 - 15 | Defendant Designation | |
|---|---|---|
| Pg: 87 Ln: 21 - Pg: 88 Ln: 1 | Defendant Designation | |
| Pg: 88 Ln: 2 - 7 | Defendant Designation | |
| Pg: 88 Ln: 23 - Pg: 89 Ln: 6 | Defendant Designation | |
| Pg: 89 Ln: 24 - Pg: 90 Ln: 12 | Defendant Designation | Objection- 403. Not relevant. Not contested. |
| Pg: 90 Ln: 13 - 24 | Defendant Designation | Objection -403 Not relevant. Not contested. |
| Pg: 90 Ln: 25 - Pg: 91 Ln: 9 | Defendant Designation | Objection- 403 Not relevant. Not contested. |
| Pg: 91 Ln: 10 - 12 | Defendant Designation | Objection- 403. Not Relevant. Not contested. |
| Pg: 91 Ln: 15 - 25 | Defendant Designation | Objection - 403. Not relevant. Not contested. |
| Pg: 92 Ln: 1 - 16 | SEC Designation | |
| Pg: 92 Ln: 17 - Pg: 93 Ln: 1 | Defendant Designation | |
| Pg: 93 Ln: 24 - Pg: 94 Ln: 10 | Defendant Designation | |
| Pg: 94 Ln: 11 - Pg: 95 Ln: 12 | Defendant Designation | |
| Pg: 95 Ln: 13 - Pg: 96 Ln: 5 | Defendant Designation | Objection - Vauge as to "risky." Leading. |
| Pg: 96 Ln: 6 | SEC Designation | |
| Pg: 96 Ln: 8 - 23 | Defendant Designation | |
| Pg: 96 Ln: 24 - Pg: 97 Ln: 5 | Defendant Designation | |
| Pg: 97 Ln: 6 - 12 | Defendant Designation | |

| | | |
|---|---|---|
| Pg: 97 Ln: 25 - Pg: 98 Ln: 6 | SEC Designation | |
| Pg: 98 Ln: 7 - 14 | Defendant Designation | |
| Pg: 99 Ln: 21 - Pg: 100 Ln: 1 | Defendant Designation | |
| Pg: 100 Ln: 2 - 13 | Defendant Designation | |
| Pg: 100 Ln: 14 - Pg: 101 Ln: 10 | Defendant Designation | Objection: Calls for legal conclusion. Lack of foundation. |
| Pg: 101 Ln: 12 - 20 | Defendant Designation | |
| Pg: 101 Ln: 21 - Pg: 102 Ln: 1 | SEC Designation | |
| Pg: 102 Ln: 2 - Pg: 104 Ln: 13 | Defendant Designation | |
| Pg: 104 Ln: 14 - Pg: 105 Ln: 21 | Defendant Designation | |
| Pg: 105 Ln: 22 - Pg: 106 Ln: 8 | SEC Designation | |
| Pg: 106 Ln: 17 - Pg: 107 Ln: 4 | Defendant Designation | |
| Pg: 107 Ln: 5 - 12 | Defendant Designation | |
| Pg: 108 Ln: 4 - 13 | Defendant Designation | |
| Pg: 108 Ln: 14 - Pg: 109 Ln: 1 | Defendant Designation | |
| Pg: 109 Ln: 2 - 16 | Defendant Designation | |
| Pg: 109 Ln: 17 - Pg: 110 Ln: 20 | Defendant Designation | |
| Pg: 110 Ln: 21 - Pg: 112 Ln: 1 | Defendant Designation | |
| Pg: 112 Ln: 2 - 13 | Defendant Designation | Objection: Calls for legal conclusion. Lack of foundation. |

| Pg: 114 Ln: 10 - Pg: 116 Ln: 19 | Defendant Designation | Objection: Lack of foundation. |
| Pg: 117 Ln: 7 - 14 | Defendant Designation | |
| Pg: 117 Ln: 15 - 24 | SEC Designation | |
| Pg: 118 Ln: 2 - 18 | Defendant Designation | |
| Pg: 118 Ln: 19 - Pg: 119 Ln: 12 | Defendant Designation | |
| Pg: 120 Ln: 20 - Pg: 121 Ln: 16 | SEC Designation | |
| Pg: 123 Ln: 5 - 10 | SEC Designation | |
| Pg: 123 Ln: 18 - Pg: 125 Ln: 9 | SEC Designation | |
| Pg: 125 Ln: 16 - 25 | SEC Designation | |
| Pg: 126 Ln: 7 - 15 | SEC Designation | |
| Pg: 126 Ln: 17 - Pg: 127 Ln: 8 | Defendant Designation | Objection- leading |
| Pg: 127 Ln: 11 - 17 | SEC Designation | |
| Pg: 127 Ln: 23 - Pg: 128 Ln: 7 | SEC Designation | |

### B.    Nathan Spradlin

| Citation | Designating Party | Objection and/or Explanation |
| --- | --- | --- |
| Pg: 7 Ln: 4 - 6 | *SEC Designation* | |
| Pg: 7 Ln: 23 - Pg: 8 Ln: 1 | Defendant Designation | |
| Pg: 8 Ln: 25 - Pg: 9 Ln: 22 | Defendant Designation | |
| Pg: 9 Ln: 23 - Pg: 10 Ln: 3 | SEC Designation | Ending at line 3 after word "resume." |
| Pg: 10 Ln: 5 - 14 | Defendant Designation | |

| | | |
|---|---|---|
| Pg: 10 Ln: 15 - Pg: 12 Ln: 25 | Defendant Designation | Pg: 12 Ln: 19 - 23 Objection: FRE 403. Speculation as witness lacks foundation. *See* Tr. 12:6-14 (does not remember the exam for Series 7). |
| Pg: 13 Ln: 1 - 9 | *SEC Designation* | |
| Pg: 13 Ln: 23 - Pg: 15 Ln: 1 | Defendant Designation | |
| Pg: 15 Ln: 2 - Pg: 17 Ln: 10 | Defendant Designation | |
| Pg: 17 Ln: 11 - Pg: 18 Ln: 12 | Defendant Designation | |
| Pg: 18 Ln: 13 - Pg: 19 Ln: 8 | Defendant Designation | |
| Pg: 19 Ln: 9 - Pg: 20 Ln: 1 | Defendant Designation | |
| Pg: 20 Ln: 2 - Pg: 22 Ln: 3 | Defendant Designation | Pg: 21 Ln: 19 - Pg: 22 Ln: 3 Objection: FRE 403. Leading, vague and speculation as witness lacks foundation as to Mueller's training or knowledge about securities. |
| Pg: 22 Ln: 11 - 25 | Defendant Designation | |
| Pg: 23 Ln: 1 - 24 | Defendant Designation | |
| Pg: 23 Ln: 25 - Pg: 24 Ln: 23 | Defendant Designation | |
| Pg: 25 Ln: 3 - 6 | *SEC Designation* | |
| Pg: 25 Ln: 7 - 19 | *SEC Designation* | |
| Pg: 25 Ln: 20 - Pg: 26 Ln: 25 | Defendant Designation | |
| Pg: 27 Ln: 1 - 17 | Defendant Designation | |
| Pg: 27 Ln: 18 - Pg: 28 Ln: 13 | Defendant Designation | |
| Pg: 28 Ln: 14 - Pg: 29 Ln: 3 | Defendant Designation | Pg: 28 Ln: 14 - Pg: 29 Ln: 3 Objection: FRE 403. Not relevant. |
| Pg: 29 Ln: 4 - 16 | Defendant Designation | |
| Pg: 30 Ln: 4 - 10 | Defendant Designation | Pg: 30 Ln: 4 - 10 Objection: FRE 403. Not relevant. |
| Pg: 30 Ln: 11 - 23 | Defendant Designation | |
| Pg: 31 Ln: 3 - 15 | Defendant Designation | |
| Pg: 31 Ln: 16 - Pg: 32 Ln: 5 | Defendant Designation | |

| Pg: 33 Ln: 1 - 17 | Defendant Designation | Pg: 33 Ln: 1 Objection: FRE 403. Object to the phrase "Let's talk a little about that" because, based on prior designation, would give jury the mistaken impression that these questions are related to the last designated questions about Scott Allen. |
|---|---|---|
| Pg: 33 Ln: 18 - Pg: 35 Ln: 9 | Defendant Designation | |
| Pg: 35 Ln: 10 - Pg: 36 Ln: 1 | *SEC Designation* | |
| Pg: 36 Ln: 13 - 16 | *SEC Designation* | |
| Pg: 36 Ln: 23 - 25 | *SEC Designation* | |
| Pg: 37 Ln: 4 - 25 | Defendant Designation | |
| Pg: 38 Ln: 1 - 11 | *SEC Designation* | |
| Pg: 38 Ln: 12 - Pg: 39 Ln: 2 | Defendant Designation | |
| Pg: 39 Ln: 3 - 5 | *SEC Designation* | |
| Pg: 41 Ln: 3 - Pg: 42 Ln: 2 | Defendant Designation | |
| Pg: 42 Ln: 3 - 14 | *SEC Designation* | |
| Pg: 42 Ln: 15 - Pg: 43 Ln: 18 | Defendant Designation | Pg: 43 Ln: 8 - 18 Objection: FRE 802 Hearsay. FRE 701. Improper opinion testimony and legal conclusion. |
| Pg: 44 Ln: 6 - 20 | *SEC Designation* | |
| Pg: 44 Ln: 23 - Pg: 45 Ln: 2 | *SEC Designation* | |
| Pg: 45 Ln: 12 - 23 | Defendant Designation | Pg: 45 Ln: 20 - 23 Objection: Leading. |
| Pg: 45 Ln: 24 - Pg: 46 Ln: 7 | Defendant Designation | |
| Pg: 46 Ln: 8 - 17 | *SEC Designation* | |
| Pg: 46 Ln: 23 - Pg: 47 Ln: 3 | *SEC Designation* | |
| Pg: 47 Ln: 4 - 21 | Defendant Designation | |
| Pg: 48 Ln: 17 - Pg: 49 Ln: 18 | Defendant Designation | Pg: 49 Ln: 11 - 15 Objection: FRE 701.  Leading and improper opinion testimony and legal conclusion as to Mueller's intentions or what he attempted to do. |
| Pg: 49 Ln: 19 - Pg: 50 Ln: 3 | *SEC Designation* | |
| Pg: 50 Ln: 4 - Pg: 51 Ln: 21 | Defendant Designation | |

| Pg: 52 Ln: 2 - 25 | Defendant Designation | Pg: 52 Ln: 14 - 20 Objection: FRE 403. Speculation because witness does not remember discussions with Mueller. |
|---|---|---|
| Pg: 53 Ln: 1 - Pg: 54 Ln: 6 | Defendant Designation | |
| Pg: 54 Ln: 7 - 10 | *SEC Designation* | |
| Pg: 54 Ln: 16 - Pg: 56 Ln: 3 | Defendant Designation | Pg: 55 Ln: 9 - 11 Objection: FRE 403. Leading, and witness does not have "training and experience in the securities industry."<br><br>Pg: 55 Ln: 12 - 15 Objection: FRE 802. Leading, and hearsay as to Mueller's alleged out of court statement. |
| Pg: 56 Ln: 4 - 19 | Defendant Designation | |
| Pg: 58 Ln: 21 - Pg: 59 Ln: 9 | *SEC Designation* | |
| Pg: 59 Ln: 14 - Pg: 60 Ln: 4 | Defendant Designation | |
| Pg: 60 Ln: 15 - 18 | Defendant Designation | |
| Pg: 60 Ln: 19 - Pg: 61 Ln: 11 | *SEC Designation* | |
| Pg: 61 Ln: 12 - Pg: 63 Ln: 2 | Defendant Designation | |
| Pg: 64 Ln: 5 - Pg: 65 Ln: 2 | Defendant Designation | |
| Pg: 65 Ln: 3 - 19 | Defendant Designation | |
| Pg: 65 Ln: 20 - Pg: 66 Ln: 1 | SEC Designation | |
| Pg: 66 Ln: 6 - 21 | Defendant Designation | |
| Pg: 66 Ln: 22 - Pg: 67 Ln: 1 | SEC Designation | |
| Pg: 67 Ln: 5 - Pg: 68 Ln: 12 | Defendant Designation | Pg: 68 Ln: 1 - 8 Objection: FRE 403.  Leading, and witness is speculating as he lacks foundation about this document, Exhibit 4.  He testified he was not sure this was one of the documents he edited. *See*, *e.g.*, Tr. 66:11-14; 67:2-4; and 67:9-10. |
| Pg: 69 Ln: 10 - 17 | Defendant Designation | Pg: 69 Ln: 13 - 17 Objection: FRE 403.  Leading, and witness is speculating as he lacks foundation about this document as it was never established when or if he ever edited or saw Exhibit 4. |

| | | |
|---|---|---|
| Pg: 69 Ln: 18 - Pg: 70 Ln: 11 | Defendant Designation | Pg: 69 Ln: 18 - 23 Objection: FRE 403.  Leading, and witness is speculating as he lacks foundation about this document as it was never established when or if he ever edited or saw Exhibit 4.<br><br>Pg: 69 Ln: 24 - Pg: 70 Ln: 9 Objection: Same objection as the one above.<br><br>Pg: 70 Ln: 10 - 12 Objection: Same objection as the one above. |
| Pg: 70 Ln: 13 - Pg: 71 Ln: 3 | *SEC Designation* | SEC only seeks to designate if objections to Tr. 69:13-70:12 are overruled. |
| Pg: 71 Ln: 4 - 24 | Defendant Designation | Pg: 71 Ln: 8 - 14 Objection: FRE 403.  Speculation, not relevant, and potential jury confusion as to what investors were told.  Witness testified he does not know "what [his] understanding was at that time, but right now [he] would assume …"  *See* Tr. 71:10-14.  FRE 402.  Current assumption is not relevant.<br><br>Pg: 71 Ln: 15 - 24 Objection: FRE 403.  Witness is speculating as he lacks foundation about this document as it was never established when or if he ever edited or saw Exhibit 4. |
| Pg: 71 Ln: 25 - Pg: 72 Ln: 4 | *SEC Designation* | SEC only seeks to designate if objections to Tr. 71:8-24 are overruled. |
| Pg: 72 Ln: 22 - Pg: 73 Ln: 13 | Defendant Designation | Pg: 73 Ln: 7 - 13 Objection: FRE 802. Leading, and hearsay as to Mueller's alleged out of court statement. |
| Pg: 73 Ln: 14 - Pg: 74 Ln: 21 | Defendant Designation | Pg: 74 Ln: 2 - 14 Objection: FRE 403.  Leading, vague, and speculation that could lead to jury confusion as to Mueller's purpose for investing the Funds' money into his other businesses and lack of foundation about the Funds' expenses. |
| Pg: 74 Ln: 22 - Pg: 76 Ln: 15 | Defendant Designation | Pg: 75 Ln: 16 - 19 Objection: Vague.<br><br>Pg: 76 Ln: 4 – 8 Objection: FRE 403 and 402.  Speculation as to what Mueller allegedly thought or believed.  Spradlin's testimony about sharing Mueller's belief is not relevant.<br><br>Pg: 76 Ln: 9 - 15 Objection: FRE 402. Not relevant to SEC's claims, or proper defenses, whether deeproot Pinball experienced delays.  Lack of foundation about awareness of engineering problems. |

| | | |
|---|---|---|
| Pg: 77 Ln: 3 - 17 | Defendant Designation | |
| Pg: 77 Ln: 21 - Pg: 78 Ln: 10 | *SEC Designation* | |
| Pg: 78 Ln: 17 - Pg: 79 Ln: 25 | Defendant Designation | |
| Pg: 81 Ln: 17 - Pg: 82 Ln: 14 | Defendant Designation | |
| Pg: 84 Ln: 7 - 14 | SEC Designation | |
| Pg: 84 Ln: 15 - 20 | SEC Designation | |
| Pg: 84 Ln: 21 - Pg: 85 Ln: 3 | Defendant Designation | |
| Pg: 85 Ln: 4 - Pg: 86 Ln: 1 | Defendant Designation | Pg: 84 Ln: 21 - Pg: 85 Ln: 3 Objection: Vague as to "positive cash flow." FRE 402. Not relevant to SEC's claims, or proper defenses, whether deeproot Pinball would not result in positive cash flow. <br><br> Pg: 85 Ln: 19 - Pg: 86 Ln: 1 Objection: FRE 403. Could risk jury confusion as SEC is not claiming that Mueller hid or failed to disclose that he could invest some of the Funds' money in his other businesses and reference to "hiding" is prejudicial. |
| Pg: 86 Ln: 2 - 22 | Defendant Designation | Pg: 86 Ln: 16 - 22 Objection: Leading and vague. |
| Pg: 87 Ln: 16 - Pg: 88 Ln: 14 | Defendant Designation | Pg: 87 Ln: 23 - Pg: 88 Ln: 14 Objection: FRE 403. FRE 701.  Speculation because witness lacks foundation as to what investors thought and/or is providing improper opinion testimony. Testimony is inflammatory and prejudicial to the SEC. |
| Pg: 89 Ln: 4 - 20 | Defendant Designation | |
| Pg: 89 Ln: 21 - Pg: 90 Ln: 25 | Defendant Designation | Pg: 90 Ln: 6 - 18 Objection: FRE 403 and 402. Speculation and witness lacks foundation as to deeproot expenses.  Witness' initial response: "[i]t could be an expense."  Discussion of electric bills and cleaning crew expenses is not relevant. |
| Pg: 91 Ln: 6 - Pg: 92 Ln: 1 | Defendant Designation | Pg: 91 Ln: 6 - 12 Objection: FRE 403 and 402. FRE 701.  Leading and improper opinion testimony and/or legal conclusion as to lease agreement.  Discussion of lease agreements is not relevant. |
| Pg: 92 Ln: 2 - 12 | Defendant Designation | Pg: 92 Ln: 2 - 12 Objection: FRE 403. FRE 701. Compound questions, asked and answered, and |

| | | |
|---|---|---|
| | | witness is providing, without foundation, improper opinion testimony and/or legal conclusions as to an alleged lease agreement. |
| Pg: 92 Ln: 13 - Pg: 93 Ln: 4 | Defendant Designation | Pg: 92 Ln: 25 - Pg: 93 Ln: 4 Objection: FRE 403. FRE 701.  Improper opinion testimony and/or legal conclusion as to whether payments to investors were properly characterized as expenses for deeproot entities.  Testimony is prejudicial to the SEC. |
| Pg: 93 Ln: 5 - 16 | Defendant Designation | Pg: 93 Ln: 12 - 16 Objection: FRE 403. Speculation without foundation ("assuming), and vague question. |
| Pg: 93 Ln: 17 - Pg: 94 Ln: 16 | Defendant Designation | |
| Pg: 94 Ln: 17 - 21 | *SEC Designation* | |
| Pg: 94 Ln: 22 - Pg: 95 Ln: 3 | Defendant Designation | Pg: 94 Ln: 22 - Pg: 95 Ln: 3 Objection: FRE 403. FRE 701.  Leading, vague, assumes facts not in evidence, and improper opinion testimony and/or legal conclusion as to meaning of a clause. |
| Pg: 95 Ln: 20 - Pg: 96 Ln: 3 | Defendant Designation | |
| Pg: 96 Ln: 25 - Pg: 97 Ln: 6 | Defendant Designation | |
| Pg: 97 Ln: 7 - Pg: 98 Ln: 4 | *SEC Designation* | |
| Pg: 98 Ln: 5 - 13 | *SEC Designation* | |
| Pg: 98 Ln: 14 - Pg: 101 Ln: 3 | Defendant Designation | Pg: 100 Ln: 21 – 23: Objection: FRE 403. Speculation as witness testified he did not know who or what required a proxy to be sent.  Unfair prejudice to the SEC.<br><br>Pg: 100 Ln: 24 - Pg: 101 Ln: 3 Objection: FRE 403.  Leading and speculation for the reasons detailed above regarding lack of foundation by witness. |
| Pg: 101 Ln: 4 - Pg: 102 Ln: 13 | Defendant Designation | Pg: 102 Ln: 5 - 13 Objection: FRE 403. Lack of foundation. Witness did not have a conversation with lawyers nor does not recall a specific conversation with Mueller and risk of jury confusion. |
| Pg: 102 Ln: 14 - Pg: 103 Ln: 3 | Defendant Designation | |
| Pg: 103 Ln: 4 - 22 | Defendant Designation | Pg: 103 Ln: 17 - 22 Objection: FRE 403. Leading and vague as to "regular" communications. |

| Pg: 104 Ln: 4 - Pg: 109 Ln: 8 | Defendant Designation | Pg: 108 Ln: 10 - 24 Objection: FRE 403. FRE 701. Vague, and speculation as witness lacks foundation as to what investors thought or what would provide them with confidence and/or he is providing improper opinion testimony.  Assumes facts not in evidence. |
|---|---|---|
| Pg: 110 Ln: 11 - Pg: 111 Ln: 16 | Defendant Designation | |
| Pg: 111 Ln: 17 - 18 | *SEC Designation* | |
| Pg: 112 Ln: 12 - 14 | *SEC Designation* | |
| Pg: 113 Ln: 10 - 16 | Defendant Designation | |
| Pg: 117 Ln: 13 - 20 | *SEC Designation* | |
| Pg: 117 Ln: 21 - Pg: 118 Ln: 5 | Defendant Designation | Pg: 117 Ln: 21 - Pg: 118 Ln: 5 Objection: FRE 403.   Speculation as witness lacks foundation. Witness testified that he did not remember specifics of the conversation, and expressed a "belief."  *See also,* Tr. 117:13-20. |
| Pg: 118 Ln: 6 - Pg: 119 Ln: 10 | *SEC Designation* | |
| Pg: 120 Ln: 8 - 19 | *SEC Designation* | |
| Pg: 121 Ln: 16 - Pg: 123 Ln: 13 | Defendant Designation | Pg: 123 Ln: 7 - 13 Objection: FRE 403.  Leading and vague as to specific representations made. Improper opinion testimony and/or legal conclusion. |
| Pg: 123 Ln: 14 - 23 | Defendant Designation | |
| Pg: 123 Ln: 24 - Pg: 125 Ln: 11 | Defendant Designation | Pg: 124 Ln: 20 - Pg: 125 Ln: 3 Objection: FRE 403.  Misstates evidence. |
| Pg: 125 Ln: 12 - Pg: 126 Ln: 18 | Defendant Designation | Pg: 126 Ln: 4 - 9 Objection: FRE 403. FRE 701. Leading and improper opinion testimony and/or legal conclusion as to the meaning of documents.<br><br>Pg: 126 Ln: 10 - 18 Objection: Vague as to how investors' money would be spent. |
| Pg: 127 Ln: 1 - 13 | Defendant Designation | |
| Pg: 127 Ln: 14 - Pg: 128 Ln: 4 | Defendant Designation | Pg: 127 Ln: 25 - Pg: 128 Ln: 4 Objection: FRE 403. Could risk jury confusion as SEC is not claiming that Mueller could not be paid for his work or that he failed to disclose he would be paid. |

| Pg: 128 Ln: 5 - 14 | Defendant Designation | Pg: 128 Ln: 9 - 14 Objection: Leading and misstates testimony and/or evidence. |
|---|---|---|
| Pg: 129 Ln: 13 - 23 | Defendant Designation | Pg: 129 Ln: 13 - 23 Objection: FRE 403. Leading and vague question that could risk jury confusion as SEC is not claiming that Mueller could not be paid for his work or that he failed to disclose he would be paid. |
| Pg: 129 Ln: 24 - Pg: 130 Ln: 20 | Defendant Designation | Pg: 130 Ln: 15 - 20 Objection: FRE 403. Leading and misstates testimony, and witness is speculating as he lacks foundation to testify as to what another company did.  Risk of jury confusion as SEC is not challenging what Mueller publicly said in the PPMs would be the Funds' investment strategy. |
| Pg: 130 Ln: 21 - Pg: 132 Ln: 5 | Defendant Designation | Pg: 131 Ln: 25 - Pg: 132 Ln: 5 Objection: Leading and vague as to how fund portfolio was structured. |
| Pg: 133 Ln: 20 - Pg: 135 Ln: 3 | Defendant Designation | Pg: 134 Ln: 5 - 13 Objection: FRE 403. Leading and misstates prior testimony and/or evidence as to how much money could be invested in affiliated entities.

Pg: 134 Ln: 14 - 20 Objection: Leading and vague as to specific entities being discussed.

Pg: 134 Ln: 21 - Pg: 135 Ln: 3 Objection: Leading, vague, and misstates prior testimony and/or evidence as to investment in affiliated entities. |
| Pg: 135 Ln: 4 - Pg: 136 Ln: 25 | Defendant Designation | Pg: 136 Ln: 14 - 20 Objection: Leading and misstates prior testimony and/or evidence. |
| Pg: 137 Ln: 1 - 21 | Defendant Designation | |
| Pg: 138 Ln: 12 - 16 | *SEC Designation* | |
| Pg: 138 Ln: 17 - 21 | Defendant Designation | |
| Pg: 139 Ln: 12 - 17 | Defendant Designation | Pg: 139 Ln: 12 - 17 Objection: FRE 403.  FRE 701.  Leading and improper opinion testimony and/or legal conclusion as to the meaning of a clause in a report. |
| Pg: 139 Ln: 18 - Pg: 141 Ln: 15 | Defendant Designation | Pg: 140 Ln: 2 - 7 Objection: Leading and vague.

Pg: 141 Ln: 4 - 15 Objection: Leading and vague. |
| Pg: 141 Ln: 16 - 23 | Defendant Designation | Pg: 141 Ln: 16 - 23 Objection: FRE 403. Leading and asks witness to speculate by providing |

| | | improper opinion testimony and/or legal conclusion. |
|---|---|---|
| Pg: 141 Ln: 24 - Pg: 143 Ln: 11 | Defendant Designation | Pg: 142 Ln: 4 - 10 Objection: FRE 403. Leading and compound question that asks witness to speculate by providing improper opinion testimony and/or legal conclusion.<br><br>Pg: 142 Ln: 11 - 16 Objection: Leading and vague.<br><br>Pg: 142 Ln: 22 - Pg: 143 Ln: 3 Objection: Leading and misstates prior testimony.<br><br>Pg: 143 Ln: 4 - 11 Objection: FRE 403. FRE 701. Leading and misstates prior testimony and/or evidence.  Asked witness to speculate by providing improper opinion testimony and/or legal conclusion. |
| Pg: 143 Ln: 12 - 20 | Defendant Designation | Pg: 143 Ln: 12 - 20 Objection: FRE 403. FRE 701.  Leading and asked witness to speculate by providing improper opinion testimony and/or legal conclusion. |
| Pg: 145 Ln: 13 - 22 | *SEC Designation* | |
| Pg: 147 Ln: 21 - 23 | *SEC Designation* | |
| Pg: 147 Ln: 24 - Pg: 148 Ln: 5 | Defendant Designation | |
| Pg: 152 Ln: 14 - 18 | *SEC Designation* | |
| Pg: 153 Ln: 12 - 15 | *SEC Designation* | |
| Pg: 153 Ln: 23 - Pg: 155 Ln: 2 | Defendant Designation | Pg: 154 Ln: 19 - 23 Objection: FRE 403. Leading and vague as to "concerns."   Risk of jury confusion as SEC is not claiming there is a problem with PPMs. |
| Pg: 160 Ln: 20 - 25 | *SEC Designation* | |
| Pg: 161 Ln: 8 - Pg: 162 Ln: 6 | *SEC Designation* | |
| Pg: 162 Ln: 12 - Pg: 163 Ln: 3 | Defendant Designation | Pg: 162 Ln: 19 - 24 Objection: Vague. |
| Pg: 163 Ln: 25 - Pg: 164 Ln: 11 | *SEC Designation* | |
| Pg: 164 Ln: 24 - Pg: 165 Ln: 13 | *SEC Designation* | |

| Pg: 165 Ln: 14 - Pg: 167 Ln: 7 | Defendant Designation | |
|---|---|---|
| Pg: 167 Ln: 8 - 22 | Defendant Designation | |
| Pg: 167 Ln: 23 - Pg: 168 Ln: 15 | Defendant Designation | |
| Pg: 168 Ln: 16 - Pg: 169 Ln: 5 | Defendant Designation | |
| Pg: 169 Ln: 6 - Pg: 170 Ln: 17 | Defendant Designation | |
| Pg: 170 Ln: 18 - Pg: 171 Ln: 15 | Defendant Designation | |
| Pg: 171 Ln: 16 - 23 | Defendant Designation | |
| Pg: 171 Ln: 24 - Pg: 173 Ln: 2 | Defendant Designation | |
| Pg: 173 Ln: 7 - 25 | Defendant Designation | |
| Pg: 174 Ln: 1 - 9 | *SEC Designation* | |
| Pg: 174 Ln: 10 - Pg: 175 Ln: 3 | Defendant Designation | Pg: 174 Ln: 10 - 16 Objection: FRE 802 Hearsay, and leading.<br><br>Pg: 174 Ln: 23 - Pg: 175 Ln: 3 Objection: FRE 403. Leading, vague, and misstates prior testimony. |
| Pg: 175 Ln: 4 - Pg: 177 Ln: 23 | Defendant Designation | Pg: 177 Ln: 4 - 12 Objection: FRE 403. FRE 701. Leading, vague, compound and asked witness to speculate by providing improper opinion testimony and/or legal conclusion.  Risk of jury confusion as SEC is not claiming there is a problem with PPMs.<br><br>Pg: 177 Ln: 13 - 18 Objection: FRE 403. FRE 701.  Leading and asked witness to speculate by providing improper opinion testimony and/or legal conclusion. |
| Pg: 177 Ln: 24 - Pg: 178 Ln: 4 | *SEC Designation* | |
| Pg: 178 Ln: 5 - 25 | Defendant Designation | |
| Pg: 179 Ln: 1 - 16 | Defendant Designation | |
| Pg: 179 Ln: 22 - Pg: 180 Ln: 15 | Defendant Designation | Pg: 180 Ln: 10 - 15 Objection: Leading and misstates prior testimony and/or evidence. |
| Pg: 180 Ln: 16 - Pg: 181 Ln: 3 | Defendant Designation | Pg: 180 Ln: 21 - Pg: 181 Ln: 3 Objection: FRE 403. FRE 701.  Leading and asked witness to |

| | | speculate by providing improper opinion testimony and/or legal conclusion. |
|---|---|---|
| Pg: 181 Ln: 4 - 25 | Defendant Designation | |
| Pg: 182 Ln: 13 - Pg: 184 Ln: 7 | Defendant Designation | Pg: 184 Ln: 2 - 7 Objection: Form, leading and misstates the document and/or evidence from base salary to salary |
| Pg: 184 Ln: 8 - Pg: 185 Ln: 9 | Defendant Designation | |
| Pg: 185 Ln: 10 - Pg: 186 Ln: 10 | Defendant Designation | Pg: 186 Ln: 2 - 7 Objection: Leading, vague and misstates prior testimony and/or evidence. |
| Pg: 186 Ln: 11 - Pg: 187 Ln: 11 | Defendant Designation | |
| Pg: 187 Ln: 21 - Pg: 188 Ln: 4 | Defendant Designation | |
| Pg: 188 Ln: 5 - 25 | Defendant Designation | Pg: 188 Ln: 10 - 25 Objection: Leading, vague, and compound. |
| Pg: 189 Ln: 1 - 5 | Defendant Designation | Pg: 189 Ln: 1 - 5 Objection: Leading and vague. |
| Pg: 189 Ln: 9 - 21 | Defendant Designation | Pg: 189 Ln: 17 - 21 Objection: Leading and vague. |
| Pg: 189 Ln: 22 - Pg: 190 Ln: 10 | Defendant Designation | Pg: 190 Ln: 6 - 10 Objection: Leading and misstates prior testimony and/or evidence. |
| Pg: 190 Ln: 11 - 23 | Defendant Designation | Pg: 191 Ln: 20 - 22 Objection: Vague. |
| Pg: 191 Ln: 12 - 22 | Defendant Designation | |
| Pg: 191 Ln: 23 - 25 | Defendant Designation | |
| Pg: 192 Ln: 1 - 4 | *SEC Designation* | |
| Pg: 192 Ln: 17 - Pg: 193 Ln: 2 | *SEC Designation* | |
| Pg: 193 Ln: 3 - 9 | *SEC Designation* | |
| Pg: 193 Ln: 10 - 15 | *SEC Designation* | |
| Pg: 195 Ln: 6 - Pg: 196 Ln: 9 | Defendant Designation | |
| Pg: 196 Ln: 10 - Pg: 197 Ln: 4 | Defendant Designation | Pg: 196 Ln: 22 - Pg: 197 Ln: 4 Objection: Leading and compound. |
| Pg: 197 Ln: 5 - Pg: 198 Ln: 12 | Defendant Designation | |
| Pg: 198 Ln: 13 - Pg: 199 Ln: 15 | Defendant Designation | Pg: 198 Ln: 16 - 20 Objection: Leading and misstates prior testimony and/or document. |

| | | Pg: 199 Ln: 2 - 15 Objection: FRE 403. FRE 701. Vague and asked witness to speculate by providing improper opinion testimony and/or legal conclusion about a document he is not certain he reviewed.  *See* Tr. 198:21-23. |
|---|---|---|
| Pg: 199 Ln: 16 - Pg: 200 Ln: 4 | Defendant Designation | |
| Pg: 200 Ln: 5 - Pg: 201 Ln: 1 | Defendant Designation | Pg: 200 Ln: 17 - 22 Objection: Vague. |
| Pg: 201 Ln: 9 - Pg: 203 Ln: 13 | Defendant Designation | |
| Pg: 203 Ln: 14 - Pg: 205 Ln: 17 | Defendant Designation | |
| Pg: 205 Ln: 18 - Pg: 206 Ln: 5 | Defendant Designation | |
| Pg: 206 Ln: 6 - 25 | Defendant Designation | |
| Pg: 207 Ln: 1 - 4 | *SEC Designation* | |
| Pg: 207 Ln: 9 - Pg: 208 Ln: 10 | Defendant Designation | |
| Pg: 208 Ln: 11 - 21 | Defendant Designation | Pg: 208 Ln: 18 - 21 Objection: Leading and vague. |
| Pg: 208 Ln: 22 - Pg: 209 Ln: 7 | Defendant Designation | Pg: 209 Ln: 2 - 7 Objection: Leading and misstates prior testimony and/or evidence. |
| Pg: 209 Ln: 16 - Pg: 211 Ln: 1 | Defendant Designation | |
| Pg: 211 Ln: 2 - 7 | *SEC Designation* | |
| Pg: 211 Ln: 19 - 24 | *SEC Designation* | |
| Pg: 212 Ln: 8 - Pg: 213 Ln: 4 | *SEC Designation* | |
| Pg: 213 Ln: 5 - Pg: 214 Ln: 11 | Defendant Designation | Pg: 213 Ln: 11 - 14 Objection: Vague. |
| Pg: 215 Ln: 18 - 24 | *SEC Designation* | |
| Pg: 215 Ln: 25 - Pg: 216 Ln: 13 | *SEC Designation* | |
| Pg: 216 Ln: 14 - 18 | *SEC Designation* | |
| Pg: 216 Ln: 22 - 25 | *SEC Designation* | |
| Pg: 217 Ln: 1 - 6 | *SEC Designation* | |
| Pg: 217 Ln: 7 - 10 | *SEC Designation* | |
| Pg: 217 Ln: 12 - 16 | *SEC Designation* | |

| Pg: 217 Ln: 21 - 25 | Defendant Designation | |
|---|---|---|
| Pg: 218 Ln: 1 - 4 | *SEC Designation* | |
| Pg: 218 Ln: 5 - 8 | *SEC Designation* | |
| Pg: 218 Ln: 9 - Pg: 219 Ln: 1 | *SEC Designation* | |
| Pg: 219 Ln: 6 - 8 | *SEC Designation* | |
| Pg: 219 Ln: 13 - 19 | *SEC Designation* | |
| Pg: 220 Ln: 12 - Pg: 221 Ln: 5 | *SEC Designation* | |
| Pg: 221 Ln: 7 - 14 | Defendant Designation | |
| Pg: 221 Ln: 20 - 24 | *SEC Designation* | |
| Pg: 221 Ln: 25 - Pg: 222 Ln: 8 | Defendant Designation | |
| Pg: 222 Ln: 9 - 13 | *SEC Designation* | |
| Pg: 222 Ln: 23 - Pg: 223 Ln: 7 | *SEC Designation* | |
| Pg: 223 Ln: 13 - 25 | *SEC Designation* | |
| Pg: 224 Ln: 1 - 14 | *SEC Designation* | |
| Pg: 224 Ln: 23 - Pg: 225 Ln: 2 | *SEC Designation* | |
| Pg: 225 Ln: 5 - 18 | *SEC Designation* | |
| Pg: 225 Ln: 19 - Pg: 226 Ln: 6 | *SEC Designation* | |
| Pg: 226 Ln: 7 - 15 | *SEC Designation* | |
| Pg: 226 Ln: 17 - 21 | *SEC Designation* | |
| Pg: 227 Ln: 2 - 21 | *SEC Designation* | |
| Pg: 227 Ln: 22 - Pg: 229 Ln: 5 | Defendant Designation | |
| Pg: 229 Ln: 6 - 9 | *SEC Designation* | |
| Pg: 229 Ln: 10 - 15 | *SEC Designation* | |
| Pg: 229 Ln: 16 - Pg: 230 Ln: 11 | Defendant Designation | |
| Pg: 230 Ln: 12 - 16 | *SEC Designation* | |
| Pg: 231 Ln: 2 - 24 | *SEC Designation* | |
| Pg: 232 Ln: 7 - 13 | Defendant Designation | |

| | | |
|---|---|---|
| Pg: 232 Ln: 19 - Pg: 233 Ln: 1 | *SEC Designation* | |
| Pg: 233 Ln: 9 - 14 | *SEC Designation* | |
| Pg: 233 Ln: 17 - 24 | *SEC Designation* | |
| Pg: 233 Ln: 25 - Pg: 234 Ln: 5 | *SEC Designation* | |
| Pg: 234 Ln: 6 - 12 | *SEC Designation* | |
| Pg: 234 Ln: 13 - 22 | *SEC Designation* | |
| Pg: 234 Ln: 23 - Pg: 235 Ln: 12 | *SEC Designation* | |
| Pg: 235 Ln: 13 - 17 | *SEC Designation* | |
| Pg: 235 Ln: 18 - Pg: 236 Ln: 1 | *SEC Designation* | |
| Pg: 236 Ln: 2 - 13 | *SEC Designation* | |
| Pg: 236 Ln: 14 - Pg: 237 Ln: 9 | *SEC Designation* | |
| Pg: 237 Ln: 10 - 22 | Defendant Designation | |
| Pg: 237 Ln: 23 - Pg: 238 Ln: 16 | Defendant Designation | |
| Pg: 238 Ln: 17 - Pg: 239 Ln: 3 | *SEC Designation* | |
| Pg: 239 Ln: 4 - 15 | Defendant Designation | |
| Pg: 239 Ln: 16 - Pg: 240 Ln: 4 | *SEC Designation* | |
| Pg: 240 Ln: 13 - 23 | *SEC Designation* | |
| Pg: 240 Ln: 24 - Pg: 241 Ln: 18 | *SEC Designation* | |
| Pg: 241 Ln: 19 - Pg: 242 Ln: 6 | *SEC Designation* | |
| Pg: 242 Ln: 7 - 13 | *SEC Designation* | |
| Pg: 242 Ln: 14 - Pg: 243 Ln: 22 | *SEC Designation* | |
| Pg: 243 Ln: 23 - Pg: 244 Ln: 12 | *SEC Designation* | |
| Pg: 244 Ln: 16 - 19 | *SEC Designation* | |
| Pg: 244 Ln: 20 - 24 | *SEC Designation* | |

| | | |
|---|---|---|
| Pg: 244 Ln: 25 - Pg: 245 Ln: 11 | *SEC Designation* | |
| Pg: 245 Ln: 12 - 20 | *SEC Designation* | |
| Pg: 245 Ln: 21 - 25 | *SEC Designation* | |
| Pg: 246 Ln: 1 - 11 | *SEC Designation* | |
| Pg: 246 Ln: 16 - 19 | *SEC Designation* | |
| Pg: 246 Ln: 20 - Pg: 247 Ln: 3 | *SEC Designation* | |
| Pg: 247 Ln: 4 - 23 | *SEC Designation* | |
| Pg: 247 Ln: 24 - Pg: 248 Ln: 9 | *SEC Designation* | |
| Pg: 248 Ln: 10 - 25 | *SEC Designation* | |
| Pg: 249 Ln: 11 - 22 | *SEC Designation* | |
| Pg: 249 Ln: 23 - Pg: 250 Ln: 7 | *SEC Designation* | |
| Pg: 250 Ln: 8 - 19 | *SEC Designation* | |
| Pg: 250 Ln: 25 - Pg: 251 Ln: 12 | *SEC Designation* | |
| Pg: 251 Ln: 13 - 22 | *SEC Designation* | |
| Pg: 251 Ln: 23 - Pg: 252 Ln: 12 | *SEC Designation* | |
| Pg: 253 Ln: 15 - Pg: 254 Ln: 10 | *SEC Designation* | |
| Pg: 254 Ln: 11 - 15 | *SEC Designation* | |
| Pg: 255 Ln: 9 - 16 | *SEC Designation* | |
| Pg: 256 Ln: 1 - 18 | *SEC Designation* | |
| Pg: 256 Ln: 19 - 23 | *SEC Designation* | |
| Pg: 256 Ln: 24 - Pg: 257 Ln: 7 | *SEC Designation* | |
| Pg: 257 Ln: 8 - 19 | *SEC Designation* | |
| Pg: 257 Ln: 20 - Pg: 258 Ln: 1 | *SEC Designation* | |
| Pg: 258 Ln: 6 - 14 | Defendant Designation | |
| Pg: 258 Ln: 15 - 24 | *SEC Designation* | |

| | | |
|---|---|---|
| Pg: 259 Ln: 11 - 14 | *SEC Designation* | |
| Pg: 259 Ln: 15 - Pg: 260 Ln: 3 | Defendant Designation | |
| Pg: 260 Ln: 12 - 22 | Defendant Designation | |
| Pg: 260 Ln: 23 - 25 | *SEC Designation* | |
| Pg: 261 Ln: 6 - 24 | Defendant Designation | |
| Pg: 262 Ln: 3 - 15 | Defendant Designation | |
| Pg: 262 Ln: 16 - Pg: 263 Ln: 6 | *SEC Designation* | |
| Pg: 263 Ln: 8 - Pg: 264 Ln: 2 | Defendant Designation | |
| Pg: 264 Ln: 3 - 18 | Defendant Designation | |
| Pg: 264 Ln: 19 - Pg: 265 Ln: 3 | Defendant Designation | |
| Pg: 265 Ln: 4 - 12 | *SEC Designation* | |
| Pg: 265 Ln: 13 - 23 | *SEC Designation* | |
| Pg: 266 Ln: 10 - 17 | *SEC Designation* | |
| Pg: 267 Ln: 5 - 13 | *SEC Designation* | |
| Pg: 267 Ln: 14 - 19 | *SEC Designation* | |
| Pg: 267 Ln: 24 - Pg: 268 Ln: 15 | *SEC Designation* | |
| Pg: 268 Ln: 16 - 22 | *SEC Designation* | |
| Pg: 270 Ln: 6 - 19 | *SEC Designation* | |
| Pg: 270 Ln: 20 - Pg: 271 Ln: 3 | *SEC Designation* | |
| Pg: 271 Ln: 9 - 14 | *SEC Designation* | |
| Pg: 271 Ln: 22 - 24 | *SEC Designation* | |
| Pg: 272 Ln: 8 - 20 | *SEC Designation* | |
| Pg: 273 Ln: 4 - 10 | *SEC Designation* | |
| Pg: 273 Ln: 25 - Pg: 274 Ln: 8 | Defendant Designation | |
| Pg: 274 Ln: 9 - Pg: 275 Ln: 1 | *SEC Designation* | |

| Pg: 275 Ln: 15 - 23 | *SEC Designation* | |
| Pg: 276 Ln: 7 - 12 | *SEC Designation* | |
| Pg: 276 Ln: 13 - Pg: 277 Ln: 14 | Defendant Designation | |
| Pg: 277 Ln: 15 - 17 | *SEC Designation* | |
| Pg: 277 Ln: 24 - Pg: 278 Ln: 6 | *SEC Designation* | |
| Pg: 278 Ln: 7 - 12 | *SEC Designation* | |
| Pg: 278 Ln: 13 - 23 | Defendant Designation | |
| Pg: 278 Ln: 24 - Pg: 279 Ln: 14 | Defendant Designation | |
| Pg: 279 Ln: 15 - Pg: 280 Ln: 6 | *SEC Designation* | |
| Pg: 280 Ln: 11 - 19 | *SEC Designation* | |
| Pg: 282 Ln: 3 - 23 | Defendant Designation | |
| Pg: 284 Ln: 13 - 25 | Defendant Designation | Pg: 284 Ln: 21 - 25 Objection: Vague |
| Pg: 285 Ln: 1 - 7 | *SEC Designation* | |
| Pg: 285 Ln: 13 - Pg: 286 Ln: 14 | *SEC Designation* | |

### C.   Craig Rushforth

| Citation | Designating Party | Objection and/or Explanation |
| --- | --- | --- |
| Pg: 6 Ln: 4 - 10 | Defendant Designation | |
| Pg: 6 Ln: 11 - 13 | *SEC Designation* | |
| Pg: 6 Ln: 14 - Pg: 7 Ln: 1 | *SEC Designation* | |
| Pg: 8 Ln: 14 - Pg: 12 Ln: 25 | Defendant Designation | |
| Pg: 13 Ln: 1 - 23 | Defendant Designation | |
| Pg: 13 Ln: 24 - Pg: 14 Ln: 9 | Defendant Designation | |
| Pg: 14 Ln: 10 - Pg: 15 Ln: 14 | Defendant Designation | |
| Pg: 15 Ln: 15 - Pg: 17 Ln: 2 | Defendant Designation | |
| Pg: 17 Ln: 3 - 5 | *SEC Designation* | |

| Pg: 17 Ln: 10 - Pg: 18 Ln: 25 | Defendant Designation | |
|---|---|---|
| Pg: 19 Ln: 1 - 19 | Defendant Designation | Pg: 19 Ln: 8 - 13 Objection: FRE 802 Hearsay. |
| Pg: 19 Ln: 20 - Pg: 20 Ln: 3 | Defendant Designation | |
| Pg: 20 Ln: 4 - 8 | Defendant Designation | |
| Pg: 20 Ln: 9 - Pg: 23 Ln: 11 | Defendant Designation | |
| Pg: 23 Ln: 12 - 21 | Defendant Designation | |
| Pg: 24 Ln: 11 - 24 | Defendant Designation | |
| Pg: 25 Ln: 7 - 17 | Defendant Designation | |
| Pg: 26 Ln: 3 - 23 | Defendant Designation | |
| Pg: 26 Ln: 24 - Pg: 28 Ln: 19 | Defendant Designation | |
| Pg: 28 Ln: 25 - Pg: 30 Ln: 1 | Defendant Designation | |
| Pg: 30 Ln: 2 - Pg: 32 Ln: 10 | Defendant Designation | |
| Pg: 32 Ln: 11 - Pg: 33 Ln: 23 | Defendant Designation | |
| Pg: 33 Ln: 24 - Pg: 36 Ln: 14 | Defendant Designation | |
| Pg: 36 Ln: 15 - Pg: 37 Ln: 15 | Defendant Designation | |
| Pg: 37 Ln: 16 - Pg: 38 Ln: 4 | Defendant Designation | |
| Pg: 38 Ln: 5 - Pg: 39 Ln: 5 | Defendant Designation | |
| Pg: 39 Ln: 6 - Pg: 41 Ln: 10 | Defendant Designation | |
| Pg: 41 Ln: 11 - 14 | Defendant Designation | |
| Pg: 41 Ln: 22 - Pg: 42 Ln: 17 | Defendant Designation | |
| Pg: 42 Ln: 18 - Pg: 43 Ln: 10 | Defendant Designation | |
| Pg: 43 Ln: 11 - Pg: 44 Ln: 4 | Defendant Designation | |
| Pg: 44 Ln: 5 - 8 | Defendant Designation | |

| | | |
|---|---|---|
| Pg: 45 Ln: 11 - Pg: 46 Ln: 18 | Defendant Designation | |
| Pg: 46 Ln: 19 - Pg: 47 Ln: 10 | Defendant Designation | |
| Pg: 47 Ln: 12 - Pg: 51 Ln: 15 | Defendant Designation | |
| Pg: 52 Ln: 8 - Pg: 53 Ln: 2 | Defendant Designation | |
| Pg: 53 Ln: 3 - Pg: 56 Ln: 4 | Defendant Designation | |
| Pg: 56 Ln: 5 - Pg: 57 Ln: 1 | Defendant Designation | |
| Pg: 57 Ln: 3 - 25 | Defendant Designation | |
| Pg: 58 Ln: 1 - Pg: 59 Ln: 19 | Defendant Designation | |
| Pg: 59 Ln: 20 - 25 | *SEC Designation* | |
| Pg: 60 Ln: 1 - 16 | Defendant Designation | |
| Pg: 60 Ln: 17 - Pg: 61 Ln: 7 | Defendant Designation | |
| Pg: 61 Ln: 8 - Pg: 63 Ln: 4 | Defendant Designation | |
| Pg: 63 Ln: 5 - Pg: 64 Ln: 16 | Defendant Designation | |
| Pg: 64 Ln: 17 - Pg: 68 Ln: 22 | Defendant Designation | |
| Pg: 68 Ln: 23 - Pg: 69 Ln: 15 | Defendant Designation | |
| Pg: 69 Ln: 16 - Pg: 70 Ln: 6 | Defendant Designation | Pg: 69 Ln: 16 - Pg: 70 Ln: 3 Objection: Leading and vague. |
| Pg: 70 Ln: 21 - Pg: 72 Ln: 18 | Defendant Designation | |
| Pg: 72 Ln: 19 - Pg: 74 Ln: 4 | Defendant Designation | |
| Pg: 74 Ln: 5 - Pg: 75 Ln: 3 | Defendant Designation | |
| Pg: 75 Ln: 4 - Pg: 76 Ln: 6 | Defendant Designation | |
| Pg: 76 Ln: 7 - Pg: 77 Ln: 22 | Defendant Designation | |
| Pg: 77 Ln: 23 - Pg: 79 Ln: 7 | Defendant Designation | Pg: 77 Ln: 8 - 18 Objection: Leading.<br><br>Pg: 78 Ln: 14 - 19 Objection: Leading and vague. |

| Pg: 79 Ln: 12 - Pg: 80 Ln: 14 | Defendant Designation | |
|---|---|---|
| Pg: 80 Ln: 15 - Pg: 81 Ln: 1 | Defendant Designation | |
| Pg: 81 Ln: 20 - Pg: 82 Ln: 17 | Defendant Designation | Pg: 82 Ln: 15 - 20 Objection: Leading and vague. |
| Pg: 82 Ln: 23 - Pg: 84 Ln: 22 | Defendant Designation | Pg: 84 Ln: 19 – Pg: 85 Ln:5 Objection: FRE 403. Leading, vague and misstates facts in evidence. |
| Pg: 85 Ln: 8 - 15 | Defendant Designation | |
| Pg: 85 Ln: 16 - Pg: 86 Ln: 15 | Defendant Designation | |
| Pg: 86 Ln: 16 - Pg: 89 Ln: 10 | Defendant Designation | |
| Pg: 89 Ln: 11 - 18 | Defendant Designation | |
| Pg: 89 Ln: 19 - Pg: 90 Ln: 18 | Defendant Designation | |
| Pg: 90 Ln: 19 - Pg: 91 Ln: 17 | Defendant Designation | |
| Pg: 91 Ln: 18 - Pg: 92 Ln: 7 | Defendant Designation | Pg: 92 Ln: 3 - 7 Objection: FRE 403: Leading and speculation as to when parts would have been received. |
| Pg: 92 Ln: 12 - 17 | Defendant Designation | |
| Pg: 93 Ln: 3 - Pg: 97 Ln: 2 | Defendant Designation | Pg: 96 Ln: 20 - Pg: 97 Ln: 2 Objection: FRE 403: Leading and speculation as to when they would have been ready to take orders. |
| Pg: 97 Ln: 3 - 12 | Defendant Designation | |
| Pg: 97 Ln: 15 - 21 | Defendant Designation | |
| Pg: 97 Ln: 22 - Pg: 98 Ln: 2 | SEC Designation | |
| Pg: 98 Ln: 3 - Pg: 99 Ln: 22 | Defendant Designation | |
| Pg: 100 Ln: 5 - 17 | Defendant Designation | |
| Pg: 101 Ln: 1 - Pg: 102 Ln: 20 | Defendant Designation | |
| Pg: 102 Ln: 21 - Pg: 105 Ln: 14 | Defendant Designation | Pg: 104 Ln: 8 - 11 Objection: FRE 403. Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7. |

| | | |
|---|---|---|
| | | Pg: 105 Ln: 1 - 10 Objection: Same objection as above.<br><br>Pg: 105 Ln: 11 - 14 Objection: Same objection as above. |
| Pg: 105 Ln: 15 -<br>Pg: 108 Ln: 13 | Defendant<br>Designation | Pg: 107 Ln: 6 - 12 Objection: FRE 403. Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7.<br><br>Pg: 107 Ln: 17 - 20 Objection: Same objection as above.<br><br>Pg: 107 Ln: 21 - 23 Objection: Same objection as above. |
| Pg: 108 Ln: 14 -<br>Pg: 109 Ln: 17 | Defendant<br>Designation | Pg: 108 Ln: 14 - 22 Objection: FRE 403. Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7. |
| Pg: 109 Ln: 18 -<br>Pg: 110 Ln: 19 | Defendant<br>Designation | Pg: 110 Ln: 8 - 19 Objection: FRE 403.  FRE 701. Foundation, leading and improper opinion testimony and/or legal conclusion. |
| Pg: 110 Ln: 20 -<br>Pg: 112 Ln: 17 | Defendant<br>Designation | Pg: 110 Ln: 20 - Pg: 111 Ln: 1 Objection:  FRE 403.  Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7. |
| Pg: 112 Ln: 18 -<br>Pg: 116 Ln: 7 | Defendant<br>Designation | Pg: 114 Ln: 9 - 15 Objection:  FRE 403. Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7.<br><br>Pg: 115 Ln: 20 - 23 Objection:  Same objection as above.<br><br>Pg: 115 Ln: 24 - Pg: 116 Ln: 7 Objection: Same objection as above. |
| Pg: 116 Ln: 8 -<br>Pg: 117 Ln: 11 | Defendant<br>Designation | Pg: 116 Ln: 11 - 18 Objection:  FRE 403. Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7.<br><br>Pg: 116 Ln: 19 - 24 Objection: Same objection as above.<br><br>Pg: 117 Ln: 4 - 11 Objection:  Same objection as above. |

| Pg: 117 Ln: 12 - Pg: 120 Ln: 9 | Defendant Designation | Pg: 118 Ln: 4 - 7 Objection:  FRE 403.  Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7.<br><br>Pg: 118 Ln: 16 - 19 Objection:  Same objection as above.<br><br>Pg: 118 Ln: 20 - 22 Objection:  Same objection as above.<br><br>Pg: 118 Ln: 23 - Pg: 119 Ln: 2 Objection:  Same objection as above.<br><br>Pg: 120 Ln: 5 - 9 Objection: Same objection as above. |
| Pg: 120 Ln: 10 - Pg: 123 Ln: 8 | Defendant Designation | Pg: 122 Ln: 15 - 25 Objection: FRE 403.  Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7. |
| Pg: 123 Ln: 9 - Pg: 125 Ln: 14 | Defendant Designation | Pg: 123 Ln: 12 - 17 Objection:  FRE 403.  Foundation.  Witness testified he did not prepare document and did not have input into it. *See* Tr. 103:16-104:7.<br><br>Pg: 123 Ln: 18 - 22 Objection: Same objection as above.<br><br>Pg: 124 Ln: 4 - 7 Objection: Same objection as above. |
| Pg: 125 Ln: 15 - Pg: 126 Ln: 16 | Defendant Designation | Pg: 125 Ln: 25 - Pg: 126 Ln: 11 Objection: Leading and vague, and also assumes facts not in evidence. |
| Pg: 126 Ln: 17 - Pg: 128 Ln: 11 | Defendant Designation | |
| Pg: 128 Ln: 12 - Pg: 131 Ln: 1 | Defendant Designation | |
| Pg: 131 Ln: 15 - Pg: 132 Ln: 10 | Defendant Designation | Pg: 132 Ln: 8 - 12 Objection: Vague as to the term "investors." |
| Pg: 132 Ln: 24 - Pg: 134 Ln: 2 | Defendant Designation | |
| Pg: 135 Ln: 7 - 13 | Defendant Designation | |
| Pg: 135 Ln: 14 - 19 | *SEC Designation* | |

| Pg: 136 Ln: 12 - Pg: 137 Ln: 2 | *SEC Designation* | |
|---|---|---|
| Pg: 137 Ln: 8 - 14 | *SEC Designation* | |
| Pg: 137 Ln: 15 - 24 | *SEC Designation* | |
| Pg: 138 Ln: 19 - Pg: 139 Ln: 15 | Defendant Designation | |
| Pg: 139 Ln: 16 - Pg: 140 Ln: 18 | Defendant Designation | |
| Pg: 140 Ln: 19 - Pg: 141 Ln: 4 | Defendant Designation | |
| Pg: 141 Ln: 5 - 18 | *SEC Designation* | |
| Pg: 142 Ln: 7 - 15 | *SEC Designation* | |
| Pg: 142 Ln: 16 - Pg: 143 Ln: 2 | *SEC Designation* | |
| Pg: 143 Ln: 3 - 7 | *SEC Designation* | |
| Pg: 144 Ln: 8 - 19 | *SEC Designation* | |
| Pg: 144 Ln: 20 - 24 | *SEC Designation* | |
| Pg: 144 Ln: 25 - Pg: 145 Ln: 15 | *SEC Designation* | |
| Pg: 146 Ln: 22 - Pg: 147 Ln: 22 | *SEC Designation* | |
| Pg: 147 Ln: 23 - Pg: 148 Ln: 21 | *SEC Designation* | |
| Pg: 149 Ln: 21 - Pg: 150 Ln: 2 | *SEC Designation* | |
| Pg: 150 Ln: 6 - 22 | *SEC Designation* | |
| Pg: 150 Ln: 23 - Pg: 151 Ln: 10 | *SEC Designation* | |
| Pg: 151 Ln: 11 - 19 | *SEC Designation* | |
| Pg: 151 Ln: 20 - Pg: 152 Ln: 24 | *SEC Designation* | |
| Pg: 152 Ln: 25 - Pg: 153 Ln: 17 | *SEC Designation* | |
| Pg: 153 Ln: 18 - Pg: 154 Ln: 5 | *SEC Designation* | |
| Pg: 161 Ln: 18 - Pg: 162 Ln: 6 | *SEC Designation* | |

| | | |
|---|---|---|
| Pg: 163 Ln: 4 - 10 | *SEC Designation* | |
| Pg: 163 Ln: 20 - Pg: 164 Ln: 21 | *SEC Designation* | |
| Pg: 168 Ln: 7 - 23 | *SEC Designation* | |
| Pg: 169 Ln: 22 - Pg: 170 Ln: 1 | *SEC Designation* | |
| Pg: 170 Ln: 2 - 11 | *SEC Designation* | |
| Pg: 170 Ln: 19 - Pg: 171 Ln: 3 | *SEC Designation* | |
| Pg: 171 Ln: 21 - Pg: 172 Ln: 14 | *SEC Designation* | |
| Pg: 172 Ln: 15 - 23 | Defendant Designation | |
| Pg: 173 Ln: 19 - Pg: 174 Ln: 4 | Defendant Designation | |
| Pg: 174 Ln: 12 - 19 | *SEC Designation* | |
| Pg: 174 Ln: 20 - Pg: 175 Ln: 9 | *SEC Designation* | |
| Pg: 175 Ln: 10 - 16 | *SEC Designation* | |
| Pg: 178 Ln: 6 - 12 | *SEC Designation* | |
| Pg: 178 Ln: 13 - 21 | *SEC Designation* | |
| Pg: 178 Ln: 22 - Pg: 180 Ln: 5 | Defendant Designation | |
| Pg: 180 Ln: 6 - 14 | *SEC Designation* | |
| Pg: 183 Ln: 25 - Pg: 185 Ln: 11 | Defendant Designation | |
| Pg: 185 Ln: 22 - Pg: 186 Ln: 2 | Defendant Designation | |
| Pg: 186 Ln: 15 - Pg: 187 Ln: 5 | Defendant Designation | Pg: 186 Ln: 25 - Pg: 187 Ln: 5 Objection: Leading. |
| Pg: 187 Ln: 6 - Pg: 190 Ln: 13 | Defendant Designation | |
| Pg: 190 Ln: 14 - Pg: 192 Ln: 25 | Defendant Designation | |

## II.      Trial Exhibits

The SEC objects to defendant Mueller's proposed trial exhibits as set forth below. In certain cases, the SEC has objected as hearsay to exhibits the SEC also marked as trial exhibits. The SEC has objected to documents for which no hearsay exception is applicable if the document is offered by defendant Mueller for the truth of the matter asserted but would be admissible if offered by the SEC for the same purpose. For example, the SEC marked as P-30 defendant Mueller's Responses and Objections to the SEC's First Set of Interrogatories. Defendant Mueller marked the same document as D-73. Defendant Mueller's Interrogatory responses would not be hearsay if offered by the SEC under Rule 801(d)(2) but would be hearsay if offered by defendant Mueller for the truth of the matter asserted. The SEC has also objected to certain documents as hearsay that both parties marked as trial exhibits and for which no hearsay exception applies. For example, the SEC marked as P-359 the resume of Nathan Spradlin. Defendant Mueller marked the same exhibit as D-23. The SEC marked P-359 for identification only and potentially to refresh Mr. Spradlin's memory. The document is nevertheless an out of court statement for which no hearsay exception applies.

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---------|-------|------|------------|------------------|
| 1. | Deeproot Presentation | | DEEPROOT FUNDS_005713-39 (Depo Ex. 4) | None |
| 2. | Deeproot the575 2019 PPM – Class B Membership Shares | 9/16/2019 | SEC-DEEPROOT-E-0164824-41 (Depo Ex. 5) | None |
| 3. | Deeproot dGRD 2019 PPM – Class C Membership Shares, last updated 10/24/2019 | 2/26/2018 | SEC-DEEPROOT-E-0152250-68 (Depo Ex. 7) | Foundation (901). This version of the PPM is not listed in Mueller's Response to Interrogatory No. 2. *See* D-75. |
| 4. | Email from Mueller to Dandridge regarding Nov. updates | 11/10/2020 | SEC-DEEPROOT-E-0025419-23 (Depo Ex. 8) | None |
| 5. | Scott Allen resume | | SEC-EMAILS-E-0012926-27 (Depo Ex. 9) | None |
| 6. | the575 Application and Subscription Agreement for John Gray | 8/7/2019 | DEEPROOT FUNDS_002274-84 (Depo Ex. 10) | None |
| 7. | letter to 575P Investor | 9/30/2020 | SEC-DEEPROOT-E-0008354 (Depo Ex. 11) | None |
| 8. | Employee Bonus Agreement | 8/9/2019 | SEC-AllenS-E-000037 (Depo Ex. 12) | None |
| 9. | Big Picture Discussion List | | SEC-AllenS-E-0000009-14 (Depo Ex. 13) | None |
| 10. | Scott Allen Memo | 5/27/2020 | SEC-AllenS-E-0000046-51 (Depo Ex.14) | Hearsay |
| 11. | Emails between Mueller and Allen regarding Andrew Cherones | 10/6/2020 | SEC-DEEPROOT-E-0126910-13 (Depo Ex. 15) | None |
| 12. | Slack Message from Scott Allen regarding resignation | 10/7/2020 | SA-000014-15 (Depo Ex. 17) | None |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---|---|---|---|---|
| 13. | Memo from Allen to Mueller regarding resignation | 10/7/2020 | SEC-AllenS-E-0000079-80 (Depo Ex. 18) | None |
| 14. | Allen resignation letter | 10/7/2020 | SEC-AllenS-E-000081  (Depo Ex. 22) | None |
| 15. | Investment Portfolio Narrative 2020.B2 | | SEC-DEEPROOT-E-0013223-36 (Depo Ex. 25) (MSJR Ex. A-12) | None |
| 16. | Email Concilla to Mueller attaching engagement letter | 4/22/2013 | SEC-PulmanR-E-0000001, 04-05 (Depo Ex. 27 / MSJR Ex. A-11) | None |
| 17. | Emails between Mueller, Federico and Concilla regarding PPM | 5/12/2015 | MUELLER 002186-88 (Depo Ex. 32) | None |
| 18. | Emails between Mueller and Concilla regarding policies and blind pool | | MUELLER 002306-09 (Depo Ex 33) | None |
| 19. | Emails between Mueller and Concilla regarding information needed for BGD5, BRD3 and INC3 | 8/21/2015 | MUELLER 002715-17 (Depo Ex. 35) | None |
| 20. | September 1, 2015 the575 PPM | 9/1/2015 | SEC-DEEPROOT-E-0014497-12 (Depo Ex. 36) | None |
| 21. | Emails between Wik and Mueller re: paper | 3/20/2017 | SEC-DEEPROOT-E-0210796-808 (Depo Ex. 37) | None |
| 22. | Investment Allocation Agreement | 3/23/2017 | SEC-DEEPROOT-E-0213963-66 (Depo Ex 38) | None |
| 23. | Nathan Spradlin resume | | SPRADLIN 00001-02 (Depo Ex. 44) | Hearsay |
| 24. | Email from Cary Mueller to Colleagues regarding the575 applications | 2/10/2017 | SEC-DEEPROOT-E-0061786-87 (Depo Ex. 45) | None |
| 25. | Email from Russell Putman to Scott Allen re FactRight deeproot reviews | 10/21/2019 | SEC-DEEPROOT-E-0152501-60 (Depo Ex. 46 / | None |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---------|-------|------|------------|-------------------|
| | | | MSJR Ex. A-12) | |
| 26. | Email from Mueller to Russell Putnam re FactRight report | 10/24/2019 | SEC-FACTRIGHT-E-00004646-88 (Depo Ex. 47) | None |
| 27. | Email from Spradlin to Blaine McLaughlin re Folio platform | 9/24/2018 | SEC-DEEPROOT-E-0114305-07 (Depo Ex. 48) | None |
| 28. | Email from JP Parker to Spradlin regarding Folio login for Spradlin | 11/19/2019 | SEC-DEEPROOT-E-0064860 (Depo Ex. 49) | None |
| 29. | Emails between JP Parker and Spradlin regarding subscriptions | 12/11/2019 | SEC-DEEPROOT-E 0099771-72 (Depo Ex. 50) | None |
| 30. | Employee file memo from Mueller regarding Spradlin | 5/27/2020 | MUELLER 002974-75 (Depo Ex. 51) | Completeness (106). Memo refers to a spreadsheet that is not attached. *See, e.g.,* D-10 (similar memo, same date, attaching spreadsheet). |
| 31. | Letter from Spradlin to Mueller | 6/11/2020 | SEC-SpradlinN-E-0000123 (Depo Ex. 52) | None |
| 32. | Spradlin resignation letter | 7/9/2020 | SEC-SpradlinN-E-0000124 (Depo Ex. 53) | None |
| 33. | Supporting documents for preparing Policy Services' 2014 Tax Return | 2014 | SEC-AAC-E-0000031-122 (Depo Ex. 57) | Relevance (403) |
| 34. | 2014 Tax Return for Policy Services | 2014 | SEC-AAC-E-0000144-69 (Depo Ex. 58) | Relevance (403) |
| 35. | Emails between Mueller and Abramson re 1099s | 1/11/2016 | SEC-DEEPROOT-E-0187630-32 (Depo Ex. 59) | None |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---|---|---|---|---|
| 36. | Abramson & Wildman engagement letter to Mueller | 1/22/2016 | SEC-SEC-E-0002702-05 (Depo Ex. 60) | None |
| 37. | Emails between Mueller and Abramson re 1099-DIV | 4/5/2016 | SEC-DEEPROOT-E-0209999-210003 (Depo Ex. 61) | None |
| 38. | Emails between Mueller and Abramson re 1099-DIV | 4/5/2016 | SEC-DEEPROOT-E-210005-10 (Depo Ex. 62) | None |
| 39. | Abramson & Wildman disengagement letter to Mueller | 7/7/2016 | SEC-AAC-E-0000226 (Depo Ex. 63) | None |
| 40. | Email from Abramson to Mueller re 1099-DIV issue | 4/5/2016 | Color version of SEC-DEEPROOT-E-0209999-210003 (Depo Ex. 73) | None |
| 41. | Email from Jack Richey to Mueller (cc: Rushforth) attaching presentation | 6/28/2017 | SEC-DEEPROOT-E-0089679 (Depo Ex. 74) | Relevance (403) |
| 42. | Ideal Control System and Hardware Proposal presentation | 6/23/2017 | SEC-DEEPROOT-E-0089688-706 (Depo Ex. 75) | Relevance (403) |
| 43. | Talking Points | | SEC-DEEPROOT-E-0089680-86 (Depo Ex. 76) | Relevance (403) |
| 44. | Email from Rushforth to Mueller regarding banana lift and other projects | 06/30/20217 | SEC-DEEPROOT-E-0089850 (Depo Ex. 77) | Relevance (403) |
| 45. | Banana lift document | | SEC-DEEPROOT-E-0089869-72 (Depo Ex. 78) | Relevance (403) |
| 46. | Pinball Leveling Documentation | | SEC-DEEPROOT-E-0089851-65 (Depo Ex. 79) | Relevance (403) |
| 47. | Purchase Agreement | 12/30/2020 | SEC-DEEPROOT-E-00008342-52 (Depo Ex. 80) | None |
| 48. | Licensing and Marketing Deck 2017 | | SEC-DEEPROOT-E-00197919-30 (Depo Ex. 81) | Relevance (403) |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---|---|---|---|---|
| 49. | Email from Bridget Homan to Rushforth attaching RAZA Preliminary BOM spreadsheet | 5/9/2019 | SEC-DEEPROOT-E-0090862 (Depo Ex. 82) | Relevance (403) |
| 50. | RAZA Preliminary BOM spreadsheet | | SEC-DEEPROOT-E-0090863 (Depo Ex. 83) | Relevance (403) |
| 51. | Slack messages | 5/3/2021 | MUELLER 002870 (Depo Ex. 84) | Relevance (403) |
| 52. | June 2021 - May 2022 Projected Budget | | MUELLER 002864-69 (Depo Ex. 85) | Foundation (901); Relevance (403) |
| 53. | deeproot Tech / deeproot Pinball Disclosure UPDATED | | DEEPROOT FUNDS 005379-83 (Depo Ex. 86) | None |
| 54. | Mueller's Expert Designations | 4/6/2023 | (Depo Ex.87 / MSJ Resp. Ex. A-15) | Hearsay (803) |
| 55. | Email from Mueller to Concilla (cc: Federico) attaching deeproot-GRD documents | 1/8/2015 | MUELLER 001441-1553 (Depo Ex. 88) | None |
| 56. | Email from Mueller to Concilla (cc: Federico) attaching the575 documents | 1/8/2015 | MUELLER 001554-1664 (Depo Ex. 89) | None |
| 57. | Email from Concilla to Mueller re revised dGRD PPM | 8/12/2015 | MUELLER 002649-67 (Depo Ex. 91) | None |
| 58. | Email from Concilla to Mueller re 575 done | 9/1/2015 | MUELLER 002813-14 (Depo Ex. 92) | None |
| 59. | Email from Concilla to Mueller re investor presentation | 09/24/215 | MUELLER 002853 (Depo Ex. 93) | None |
| 60. | Deeproot investment presentation | | MUELLER 002816-51 (Depo Ex. 94) | None |
| 61. | Declaration of Dennis Concilla | | MUELLER 002862-63 (Depo Ex. 101) | Hearsay (803) |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---|---|---|---|---|
| 62. | Email from Concilla to Mueller attaching final docs for 5 year fund | 2/20/2014 | MUELLER-CPM 0000063-88 (Depo Ex. 102) | None |
| 63. | Emails between Concilla, Mueller, Russell Hagan, Federico, and Michael Smith regarding Reg D and unqualified funds | 3/18/2014 | MUELLER-CPM 000177-79 (Depo Ex. 103) | None |
| 64. | Email between Mueller and Concilla regarding deeproot 3 Year Trending Tech Debenture Fund, LLC filings | 3/27/2015 | MUELLER-CPM 001545-46 (Depo Ex. 106) | None |
| 65. | Email from Mueller to Concilla and Federico attaching summary documents for project | 4/2/2015 | MUELLER-CPM 001547-61 (Depo Ex. 107) | None |
| 66. | Emails between Mueller, Concilla and Federico re 3-year tech fund | 4/7/2015 | MUELLER-CPM 001562-63 (Depo Ex. 108) | None |
| 67. | Email from Mueller to Concilla and Federico regarding first major draft of GRD Term Sheet | 7/23/2015 | MUELLER-CPM 001706-10 (Depo Ex. 109) | None |
| 68. | Emails between Federico and Concilla attaching latest of S-1 | 2/5/2015 | MUELLER-CPM 001428-76 (Depo Ex. 112) | None |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---|---|---|---|---|
| 69. | Contingent Pledge and Security Agreement between deeproot entities | 11/20/2020 | SEC-DEEPROOT-E-00213967-79 (MSJ Resp. Ex. A-13) | Foundation (901). Mr. Mueller previously testified that "I don't have a recollection of the purpose of this agreement," although he was able to state "the agreement is authentic and legitimate." Mueller Investigation Tr. 179:6-9, June 23, 2021. |
| 70. | Email from Kristen Warden to Jay Hulings and Jason Davis attaching Expert Report of Bill Post | 3/17/2023 | (MSJ Resp. Ex. A-14) | Hearsay (803); Relevance (403) |
| 71. | SEC's Initial Disclosures | 4/15/2022 | (MSJ Resp. Ex. A-16) | None |
| 72. | SEC's Amended Initial Disclosures | 11/14/2022 | (MSJ Resp. Ex. A-17) | None |
| 73. | Mueller's Response to Plaintiff's First Set of Interrogatories | 8/19/2022 | (MSJ Resp. Ex. A-18) | Hearsay (803) |
| 74. | the575 Application and Subscription Agreement for James Donnelly | 5/10/2019 | DEEPROOT_FUNDS 001911-18 | None |
| 75. | the575 Application and Subscription Agreement for Robert Kane | 2/12/2017 | DEEPROOT_FUNDS 003189-98 | None |
| 76. | the575 Application and Subscription Agreement for Sandra Thompson | 8/30/2016 | MUELLER 002876-84 | None |
| 77. | the575 Application and Subscription Agreement for Sandra Thompson | 10/25/2016 | MUELLER 002885-92 | Foundation (901); Relevance (403) |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---|---|---|---|---|
| 78. | FactRight Due Diligence Report for the575 | Mar-18 | SEC-FACTRIGHT-E-00000004-30 | Foundation (901). Not clear if this is a final or draft report. |
| 79. | FactRight Due Diligence Report for the575 | Oct. 2019 | SEC-FACTRIGHT-E-00000163-89 | Foundation (901). Not clear if this is a final or draft report. |
| 80. | FactRight Due Diligence Report for dGRD | Mar-18 | SEC-FACTRIGHT-E-00000223-50 | Foundation (901). Not clear if this is a final or draft report. |
| 81. | FactRight Due Diligence Report for dGRD | Oct. 2019 | SEC-FACTRIGHT-E-00000412-37 | Foundation (901). Not clear if this is a final or draft report. |
| 82. | Email between Tom Andrew and Robert Mueller regarding sale for value of Basha policy | 4/2/2019 | CYCL00006116-17 | None |
| 83. | Email between SEC and Davis & Santos refusing to toll filing of Complaint | 8/19/2021 | MUELLER 002860-61 | Foundation (901); Hearsay (803); Relevance (403); Speculation (701); Legal Conclusion (703) |
| 84. | Pre-suit interview transcript of Scott Allen | 5/24/2021 | -- | Hearsay (803) |
| 85. | Pre-suit interview transcript for Andrew Thomas | 5/27/2021 | -- | Hearsay (803) |
| 86. | Pre-suit interview transcript for Cary Mueller | 6/4/2021 | -- | Hearsay (803) |
| 87. | Pre-suit interview transcript for Nathan Spradlin | 6/9/2021 | -- | Hearsay (803) |
| 88. | Pre-suit interview transcript for John Mark Richardson | 6/11/2021 | -- | Hearsay (803) |
| 89. | Pre-suit interview transcript of Robert Mueller, Vol. 1 | 6/23/2021 | -- | Hearsay (803) |
| 90. | Pre-suit interview transcript of Robert Mueller, Vol. 2 | 6/24/2021 | -- | Hearsay (803) |
| 91. | Declaration of Kenneth Abramson | 9/7/2022 | SEC-SEC-E-0002717-20 | None |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---|---|---|---|---|
| 92. | Declaration of Gerald R. Wik | 9/7/2022 | SEC-SEC-E-0002500-53 | None |
| 93. | Declaration of George C. Williams | 9/13/2022 | SEC-SEC-E-0002551-53 | None |
| 94. | Declaration of Brad Alan Leon | 9/14/2022 | SEC-SEC-E-0002517-20 | Hearsay (803); Foundation (901) |
| 95. | Declaration of Sandra Thompson | 9/15/2022 | SEC-SEC-E-0002508-11 | None |
| 96. | Declaration of Robert Kane | 9/25/2022 | SEC-SEC-E-0002946-49 | None |
| 97. | Declaration of John Gray | 10/9/2022 | SEC-SEC-E-002959-62 | None |
| 98. | Declarations of James Donnelly | 10/18/2022 | SEC-SEC-E-0002984-87 | None |
| 99. | Declaration of Phillip Forret | 11/4/2022 | SEC-SEC-E-0002979-81 | None |
| 100. | Photos of Facilities and Machines | | MUELLER 002893-99 | Foundation (901); Relevance (403) |
| 101. | Photo Fire Brimstone machine model | | MUELLER 002900 | Foundation (901); Relevance (403) |
| 102. | Photo RAZA machines | | MUELLER 002901 | Foundation (901); Relevance (403) |
| 103. | Video of RAZA walkthrough | | MUELLER 002960 | Hearsay (803); Foundation (901); Relevance (403) |
| 104. | Video of RAZA prototype gameplay at Houston Arcade Expo | | MUELLER 002965 | Hearsay (803); Foundation (901); Relevance (403) |
| 105. | Video of Goonie's gameplay sample | | MUELLER 002961 | Foundation (901); Relevance (403) |
| 106. | Video of MachineAge graphics | | MUELLER 002962 | Foundation (901); Relevance (403) |
| 107. | Chris Turner video - Pinside Pinball Mystery Whodunnit! | | MUELLER 002963 | Hearsay (803); Foundation (901); Relevance (403) |
| 108. | Chris Turner video - Top 5 Questions about Turner Pinball | | MUELLER 002964 | Hearsay (803); Foundation (901); Relevance (403) |

| EX. NO. | DESC. | DATE | BATES REF. | SEC's OBJECTIONS |
|---|---|---|---|---|
| 109. | *This Week in Pinball* Article - FIRST LOOK: deeproot Pinball's Retro Atomic Zombie Adventureland, plus Interviews with John Popadiuk, Steven Bowden, and Robert Mueller | 11/14/2019 | MUELLER 002902-10 | Hearsay (803); Hearsay within Hearsay (803); Relevance (403) |
| 110. | *Pinball Subpernova* article – News: Deeproot Finally Unveils Retro Atomic Zombie Adventureland Prototype Pinball | 11/15/2019 | MUELLER 002966-69 | Hearsay (803); Hearsay within Hearsay (803); Relevance (403) |
| 111. | *Pinball News* article: Retro Atomic Zombie Adventureland | 11/15/2019 | MUELLER 002970-73 | Hearsay (803); Relevance (403) |
| 112. | *This Week in Pinball* Article - THIS WEEK IN PINBALL: December 23rd, 2019 | 12/23/2019 | MUELLER 002911-22 | Hearsay (803); Relevance (403) |
| 113. | *This Week in Pinball* Article - THIS WEEK IN PINBALL: March 16th, 2020 | 3/16/2020 | MUELLER 002923-28 | Hearsay (803); Hearsay within Hearsay (803); Relevance (403) |
| 114. | *This Week in Pinball* Article - Avengers Reveal Videos, deeproot Announces Launch Date, Raymond Davidson Interview, and the Pinball Pig | 9/14/2020 | MUELLER 002929-38 | Hearsay (803); Hearsay within Hearsay (803); Relevance (403) |
| 115. | *This Week in Pinball* Article - deeproot RAZA Gameplay Reveal, ReplayFX/PAPA/Pinburgh/WIPT Cancelled Permanently, Star Wars Comic Art, Alien Pinball Teasers* | 11/23/2020 | MUELLER 002939-53 | Hearsay (803); Relevance (403) |
| 116. | *Express News* Article – World ranked pinball wizard is reviving the game | 9/25/2020 | MUELLER 002954-59 | Hearsay (803); Hearsay within Hearsay (803); Relevance (403) |

## <u>CONCLUSION</u>

Based on the foregoing, the Commission respectfully requests that the Court: (1) grant

these objections; and (2) grant the Commission such further relief as to which it may be entitled.


Dated: October 20, 2023

Respectfully submitted,

*/s/ Kristen M. Warden*
Kristen M. Warden, Trial Counsel
Charlie Divine, Trial Counsel
David Nasse, Supervisory Trial Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-4661 (Warden)
(202) 551-6673 (Divine)
(202) 551-4426 (Nasse)
wardenk@sec.gov
divinec@sec.gov
nassed@sec.gov

*Counsel for Plaintiff Securities and Exchange*
*Commission*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 20th day of October 2023, a true and correct copy of this filing was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

<u>*/s/ Kristen M. Warden*</u>
Kristen M. Warden

*Counsel for Plaintiff United States Securities and Exchange Commission*