# Appendix F

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § | |
| **Plaintiff,** § § | Case No.: 5:21-cv-785-XR |
| v. § § | |
| **ROBERT J. MUELLER, et al.,** § § | |
| **Defendants.** § § | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Robert J. Mueller ("Mueller") submits the following Proposed Jury Instructions for which an agreement with the SEC could not be reached.

### COURT'S INSTRUCTION NO. _____ :

### [Good Faith]

Misrepresentations or omissions of material fact do not violate the law unless they are made with scienter. An honest or good faith belief on the part of Mueller that a statement is true is inconsistent with a finding that he acted with scienter in making that statement.

Mueller's good faith belief in the truth of statements made by him is a defense however inaccurate or misleading the statements or omissions turn out to be. Mueller has no burden to come forward with evidence to establish a defense of good faith. The burden is on the SEC to prove the intent to defraud with respect to misrepresentations or omissions of material fact by a preponderance of the evidence. In considering whether or not Mueller acted in good faith, you are instructed that a belief by Mueller, if such belief existed, that ultimately everything would work out so that no one would lose money does not require a finding by you

that he acted in good faith.[1]

**COURT'S INSTRUCTION NO.         :**

**[Reliance of Professionals]**[2]

Reliance on the advice of a professional, such as an attorney or accountant, may constitute good faith. To decide whether such reliance was in good faith, you may consider whether Mueller sought the advice of a competent professional concerning the material fact allegedly omitted or misrepresented, whether Mueller gave the professional all the relevant facts known to him at the time, whether Mueller received an opinion from the professional, whether Mueller believed the opinion was given in good faith, and whether Mueller reasonably followed the opinion.[3]

---

[1] *United States v. Peterson*, 101 F.3d 375, 382 (5th Cir. 1996); *Federal Jury Practice & Instructions Civil Companion Handbook* § 9.1 (Jan. 2023).

[2] The SEC's objection to this instruction is conditioned on it prevailing on its motion in limine to exclude evidence pertaining to Mueller's advice of counsel/professionals defense. If the Court denies the motion in limine or otherwise allows Mueller to present evidence on this defense, the SEC does not object to this reliance instruction.

[3] *SEC v. Snyder*, 292 Fed. App'x 391, 406 (5th Cir. 2008); *United States v. Peterson*, 101 F.3d 375, 382 (5th Cir. 1996).