IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-vs-<br><br>ROBERT J MUELLER, DEEPROOT RE 12621 SILICON DR LLC, RELIEF DEFENDANT; AND DEEPROOT SPORTS & ENTERTAINMENT LLC, RELIEF DEFENDANT,<br><br>Defendants. | SA-21-CV-00785-XR |

**THIRD-PARTY NATHAN SPRADLIN'S
MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH SUBPOENA TO APPEAR AT TRIAL UNDER FED. R. CIV. P. 45(d)**

Third Party Nathan Spradlin, by and through his undersigned counsel, requests this Court quash the Trial Subpoena served upon him as permitted by Fed. R. Civ. P. 45(d).

**FACTUAL BACKGROUND**

**I.   SPRADLIN HAS BEEN DEPOSED IN THIS ACTION AND GAVE ON THE RECORD INVESTIGATIVE TESTIMONY TO THE SECURITIES AND EXCHANGE COMMISSION.**

Nathan Spradlin ("Spradlin") is a third-party fact witness in this case. On June 9, 2021 Spradlin gave investigative testimony to Plaintiff Securities and Exchange Commission ("SEC") regarding this matter. (Spradlin Dec. ¶ 2.) On March 21, 2023, Spradlin was deposed by counsel for Defendant Robert Mueller ("Mueller") and by counsel for the SEC in this case. (Spradlin Dec. ¶ 3.)

1

Spradlin is listed on the SEC's witness list (Doc. 113) in this case and on Mueller's witness list in this case. (Doc. 114 at 2.) Doc. 114 at 10-14 lists the deposition pages of Spradlin's deposition that Mueller wishes to designate as calling by deposition at trial and Doc. 121 at 10-27 lists the SEC's objections to Mueller's designations of of Spradlin's deposition testimony and also provided counter-designations. (Doc. 121 at 10-27.)

## II. SPRADLIN IS SERVED WITH A TRIAL SUBPOENA FOR THE FIRST TIME ON NOVEMBER 15, 2023 AND SPRADLIN ATTEMPTS TO RESOLVE THE MATTER BEFORE FILING THIS MOTION.

On November 15, 2023, through counsel, for the first time, Spradlin was made aware that Mueller wished to subpoena Spradlin's live attendance at trial in this matter, despite the trial being scheduled to begin on December 4, 2023 in San Antonio, Texas. (Spradlin Dec. ¶ 4; *Id*. Ex. A; Shedlock Dec. Ex. A.) On  On November 17, 2023, counsel for Spradlin sent formal correspondence to all counsel for the parties whereby Mr. Spradlin requested that he not be required to give any sort of live testimony at the trial because he is unavailable. (Shedlock Dec. Ex. B.)

In response to Spradlin's November 17 letter, Defendants' counsel wrote that "[t]he SEC is unwilling to allow Mr. Spradlin to appear through his deposition" and that "Mr. Mueller is willing to present Mr. Spradlin via his depo and do not oppose your showing of unavailability." (Shedlock Dec. Ex. C.) In response to Mueller's counsel's statement to Spradlin's counsel, counsel for the SEC wrote, in pertinent part that, "[a]s we told Mr. Davis earlier today, we are open to having Mr. Spradlin appear live at trial through remote means as permitted by FRCP 43." (*Id*.)

**III.    SPRADLIN CANNOT ATTEND TRIAL IN PERSON AND SHOULD NOT BE REQUIRED TO PRESENT LIVE TESTIMONY BECAUSE HE IS "UNAVAILABLE."**

Spradlin lives in Nashville, Tennessee, which is well outside of a 100 mile radius from San Antonio, Texas. (Spradlin Dec. ¶ 5.)[1] Spradlin is a Director of Membership with Facet Wealth. (*Id*. ¶ 6.) Spradlin's schedule and meetings require the fulfilment of certain sales quotas that are critical to his compensation, and every meeting he misses, is forced to cancel or day he is forced to miss work (for live, in-person testimony at trial, for example), costs him financially, as his compensation is directly tied to production. (*Id*. ¶ 7.) Forcing Spradlin to miss multiple days of work (during the critical month of December) would cost him money and production. (*Id*. ¶ 8.)

Spradlin is further unavailable because Mr. Spradlin is scheduled to be out of state at a pre-planned conference from December 6 through and including December 8, 2023. (Spradlin Dec. ¶ 9.) Spradlin's flights for the conference are already booked and other travel arrangements for the conference, including non-refundable conference payments, have been made. (*Id*. ¶ 10.) It is unclear on what specific day Plaintiff or Defendant even wants Spradlin to testify, which only exacerbates these issues. (*Id*. ¶ 11.)

Finally, no reasonable compensation or offers to pay for Spradlin's flights, hotel or other transportation to attend trial (not to mention lost income from lost work time that Spradlin cannot make up) have been concretely made or promised to Spradlin, though Spradlin's counsel has discussed that issue with Mueller's counsel. (*Id*. ¶ 12.)

---

[1] Spradlin is aware of and recognizes 15 U.S.C. § 77v(a) and the Court's Order on the 100 mile rule. (Doc 126 at 3-4.)

## ARGUMENT

### I.     LEGAL STANDARD TO QUASH A SUBPOENA.

Under Federal Rule of Civil Procedure 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." FED. R. CIV. P. 45(d)(1); *see also Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 57-59 (N.D. Tex. 2015).

Under Rule 45(d)(2)(B), "[i] an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id.* Timely serving written objections therefore suspends the non-party's obligation to comply with a subpoena commanding production of documents, pending a court order. *See* FED. R. CIV. P. 45(d)(2)(B)(ii); *Am. Fed'n*, 313 F.R.D. at 44.

"A deposition may not be introduced into the record at trial or hearing for any purpose unless the witness is unavailable or exceptional circumstances justify its admission." *Jauch v. Corley*, 830 F. 2d 47, 49–50 (5th Cir. 1987). Rule 32(a)(1) states that for a deposition to be eligible for use against a party at trial, three conditions must be met:

> (A) the party [against whom the deposition is to be used] was present or represented at the taking of the deposition or had reasonable notice of it;
> (B) [the deposition] is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

4

(C) the use [of the deposition] is allowed by Rule 32(a)(2) through (8). FED. R. CIV. P. 32(a)(1)(A-C).

Rule 32(a)(4) permits an unavailable witness's deposition to be used at trial if the court finds:

(A) that the witness is dead; (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition; (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable–in the interest of justice and with due regard to the importance of live testimony in open court–to permit the deposition to be used.

FED. R. CIV. P. 32(a)(4)(A–E) (emphasis added). *Ruelas v. W. Truck & Trailer Maint., Inc.,* No. PE:18-CV-00002-DC-DF, 2019 WL 13150106, at *1–2 (W.D. Tex. Oct. 1, 2019).[2]

**II.  THE COURT SHOULD QUASH THE SUBPOENA TO SPRADLIN AND RELIEVE SPRADLIN OF THE BURDEN OF HAVING TO PRESENT ANY SORT OF LIVE TESTIMONY AT TRIAL BECAUSE SPRADLIN IS UNAVAILABLE AND HAS SHOWN GOOD CAUSE.**

Here, the Court should quash the subpoena to Spradlin because Spradlin is unavailable under the terms of the Court's Order. (Doc. 126 at 3-4.) First, the subpoena directs Spradlin to appear on December 4, but as Spradlin stated in his letter to the SEC and Mueller, Spradlin is traveling out of state from December 6-8. (Spradlin Dec. ¶ 7-11.) Spradlin is slated to attend a conference that is already paid for. (*Id.* ¶ 9-11.) Furthermore, Spradlin lives in Nashville, Tennessee, which is not only more than 100 miles outside of the trial area[3], but travel for a physical appearance in trial would cost him money significant money and lost earnings. (Spradlin Dec. ¶¶

---

[2] Spradlin is aware of and recognizes the Court's Order (Doc. 126) on this "unavailability" issue and the fact that the Court has already ruled that, as to Spradlin, "[t]he Court will not allow deposition testimony instead of live testimony, unless Defendant can make a showing that these witnesses are 'unavailable' for trial." (Doc. 126 at 4.)

[3] Spradlin is aware of and recognizes 15 U.S.C. § 77v(a) and the Court's Order on the 100 mile rule. (Doc 126 at 3-4.)

5

4-11.) Mr. Spradlin's schedule and work arrangements with Facet Wealth require him to fulfil certain sales quotas that are critical to his compensation. (*Id*. ¶ 7.) Every meeting that Mr. Spradlin misses or forced to cancel costs him financially and his compensation is directly tied to production. (*Id*.)

Furthermore, although Spradlin's counsel has briefly discussed the issue with Mueller's counsel, no party has arranged to pay for Spradlin's cost of flight, hotel (whether 1 or 2 nights) or arranged for appropriate witness fees, despite the fact that Spradlin would have to fly from Nashville to San Antonio, stay for one or more nights in a hotel, miss work time that cannot be made up and incur related expenses (such as transportation to and from the airport and meals during the trial experience.) If forced to appear in person at trial (which he should not be) Spradlin requests that these costs are paid upfront, rather than waiting for a reimbursement that could leave him saddled with debt that may not be reimbursed. No party has addressed the immediate loss of income and earnings that Spradlin would incur either, and no party has definitively told Spradlin the exact date(s) on which he would be testifying, which would further prolong this trial experience during the critical month of December, where his earnings and income are vital. (Spradlin Dec. ¶ 4-11.) It would be patently unfair to enforce this in-person subpoena against Spradlin on such short notice (considering that he only received notice of the subpoena on November 15, 2023). As an alternative, Spradlin would be open to testifying live, via Zoom or other suitable electronic means, as a middle ground, but requests that the Court grant his motion and quash the subpoena in full, regardless. As seen in Exhibit C to the Shedlock Declaration, the SEC does not oppose Mr. Spradlin appearing via Zoom, video or other remote means. (Shedlock Dec. Ex. C.)[4]

---

[4] FRCP 43(a), in pertinent part, states that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

In the alternative, if the Court is unwilling to completely grant Spradlin's Motion and completely quash the subpoena requiring Spradlin's live appearance at trial, Spradlin requests, in the alternative, that the Court allow him to make his live trial appearance via Zoom or other remote means, to be agreed upon by the Court and the parties.

## CONCLUSION

Spradlin requests that the Court quash the Subpoena in its entirety, because Spradlin in unavailable, and relieve Spradlin from the burden of providing live testimony of any kind in this matter. However, if the Court is not willing to quash the subpoena entirely, Spradlin requests that the Court modify the subpoena and allow Spradlin to testify at trial via Zoom, video or other agreed-to remote means.

Respectfully Submitted,

Dated:  November 28, 2023                               **KUTAK ROCK LLP**

By: */s/Andrew R. Shedlock*
Andrew R. Shedlock (#0395655)
60 South Sixth Street, Suite 3400
Minneapolis, MN  55402
612-334-5000
**Andrew.Shedlock@kutakrock.com**

*Attorney for Third-Party Nathan Spradlin*