IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-vs-<br><br>ROBERT J MUELLER, DEEPROOT RE 12621 SILICON DR LLC, RELIEF DEFENDANT; AND DEEPROOT SPORTS & ENTERTAINMENT LLC, RELIEF DEFENDANT,<br><br>Defendants. | SA-21-CV-00785-XR |

### DECLARATION OF NATHAN SPRADLIN

I, Nathan Spradlin, hereby declare and state as follows:

1. I am over eighteen years of age and am competent to testify upon personal knowledge to the matters stated herein.

2. On June 9, 2021, I gave investigative testimony to Plaintiff Securities and Exchange Commission ("SEC") regarding this matter.

3. On March 21, 2023, I was deposed by counsel for Defendant Robert Mueller and by counsel for the SEC in this case.

4. On November 15, 2023, through my attorney Andrew Shedlock, for the first time, I was made aware that Defendants wished to subpoena my live attendance at trial in this matter, despite the trial being scheduled to begin on December 4, 2023 in San Antonio, Texas. Attached hereto as **Exhibit A** is the letter and subpoena that I received, which was sent to my counsel.

5. I live in, and work out of Nashville, Tennessee.

4869-8116-0083.1

6. I am a Director of Membership with Facet Wealth.

7. My schedule and meetings require the fulfilment of certain sales quotas that are critical to my compensation, and every meeting I miss, am forced to cancel or day I am forced to miss work (for live, in-person testimony at trial, for example), costs me financially, as my compensation is directly tied to production.

8. Forcing me to miss multiple days of work (during the critical month of December) would cost me money and production.

9. I am further unavailable because I am scheduled to be out of state at a pre-planned conference from December 6 through and including December 8, 2023.

10. My flights for the conference are already booked and other travel arrangements for the conference, including non-refundable conference payments, have been made.

11. It is unclear on what specific day Plaintiff or Defendant even wants me to testify, which only exacerbates these issues.

12. As of the date of this Motion, no reasonable compensation or offers to pay for my flights, hotel or other transportation to attend trial (not to mention lost income from lost work time that I cannot make up) have been concretely made or promised to me, though my attorney discussed that subject with Mueller's counsel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on __11/27__, 2023

_____
Nathan Spradlin

# Exhibit A

| | |
|---|---|
| **From:** | Erin Green <egreen@dslawpc.com> |
| **Sent:** | Wednesday, November 15, 2023 5:11 PM |
| **To:** | Shedlock, Andrew R. |
| **Cc:** | Jason Davis; Caroline Small |
| **Subject:** | Nathan Spradlin |
| **Attachments:** | 2023 11-15 Ltr to A. Shedlock.pdf |

**[ CAUTION - EXTERNAL SENDER ]**

Dear Mr. Shedlock,

Please see the attached correspondence from Ms. Caroline Newman Small regarding Mr. Nathan Spradlin and *Securities and Exchange Commission v. Robert J. Mueller, et al.*, Cause No. 5:21-cv-00785-XR, pending in the Western District of Texas, San Antonio Division.

Thank you for your attention.

Sincerely,



**Erin Green**
Paralegal

719 S. Flores Street
San Antonio, Texas 78204
dslawpc.com

**P:** (210) 853-5882
**C:** (979) 229-5712

**E:** egreen@dslawpc.com

**CONFIDENTIALITY NOTICE:** This communication is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received it by mistake, please immediately notify the sender and delete it from your system.



Caroline Newman Small
csmall@dslawpc.com

November 15, 2023

Mr. Andrew R. Shedlock                           *Via E-mail:* Andrew.Shedlock@KutakRock.com
KUTAK ROCK LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402

      Re:     Cause No. 5:21-cv-00785-XR, *Securities and Exchange Commission v. Robert J. Mueller, et al.*, pending in the Western District of Texas, San Antonio Division

Dear Mr. Shedlock:

       Enclosed please find a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action to Nathan Spradlin in the above-referenced matter. Please contact us as soon as possible and let us know if you will agree to accept service on Mr. Spradlin's behalf and to arrange for the payment of witness fees and other logistics regarding Mr. Spradlin's appearance at trial.

       Thank you for your attention and, if you have any questions, please do not hesitate to contact our office.

                                                      Sincerely,

                                                      Caroline Newman Small

CNS:eg
Enclosure

AO 88  (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>*Plaintiff*<br>v.<br>ROBERT J. MUELLER, et al.<br>*Defendant* | Civil Action No. 5:21-cv-785-XR |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: NATHAN SPRADLIN

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: U.S. District Court<br>262 West Nueva St.<br>San Antonio, Texas 78207 | Courtroom No.: H |
|---|---|
| | Date and Time: 12/04/2023 10:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/15/2023

*CLERK OF COURT*

OR

_____  /s/ Caroline Newman Small
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Robert J. Mueller , who issues or requests this subpoena, are:

Jason Davis (jdavis@dslawpc.com) and Caroline Newman Small (csmall@dslawpc.com); DAVIS & SANTOS, PLLC, 719 S. Flores Street, San Antonio, Texas 78204; Phone: 210-853-5882

Civil Action No. 5:21-cv-785-XR

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  NATHAN SPRADLIN

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).