IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>    Defendants,<br><br>    -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, AND DEEPROOT RE 12621 SILICON DR LLC,<br><br>    Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MUELLER'S MOTION TO CONTINUE THE REMAINING PRETRIAL AND TRIAL DEADLINES**

    This case has been pending since August 2021.  At Defendant Robert J. Mueller's ("Mueller") request—made just five days before the previously scheduled December 4, 2023 trial date—the Court continued this trial, without opposition from counsel for the Securities and Exchange Commission ("Commission").  Dkt. 136.  Indeed, this case was originally scheduled for trial on September 11, 2023 and has been rescheduled by mutual agreement of the parties on five separate occasions.  Dkt. 52, 86, 93, 139, 140.[1]  Mr. Mueller now moves the Court to

---

[1] This is after granting four extensions of time to answer the Complaint.

continue the trial yet again because of ongoing "settlement discussions," as well as a scheduling conflict with a trial scheduled to begin on May 20, 2024. Dkt. 147 at 2. Because the continuance requested by Mr. Mueller would prejudice the Commission's ability to litigate other cases and unnecessarily burden numerous third-party witnesses, the Commission opposes Mr. Mueller's request. The Court has broad discretion to deny Mr. Mueller's request and should do so for the reasons set forth below.

## I. LEGAL STANDARD

A trial schedule may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The Fifth Circuit has interpreted this "good cause" standard to require the movant to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x. 483, 487-88 (5th Cir. 2013) (*per curiam*) (citing *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). In addition, courts in the Fifth Circuit frequently analyze four non-exclusive factors to determine whether good cause exists to modify a scheduling order: (1) the explanation of the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *See generally S & W Enters., LLC,* 315 F.3d at 536 (5th Cir. 2003). These factors should be considered holistically, not as a mechanical checklist, and "the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *EEOC v. Serv. Temps, Inc.,* 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), aff'd, 679 F.3d 323 (5th Cir. 2012).

## II. DEFENDANT CANNOT ESTABLISH GOOD CAUSE TO EXTEND THE REMAINING PRETRIAL AND TRIAL DEADLINES

Defendant has not established that good cause exists to extend the remaining pretrial and trial deadlines in this matter because, as set forth below, (1) Mr. Mueller did not exercise sufficient diligence in meeting the Court's deadlines; and (2) the Commission would be prejudiced in allowing the modification and numerous third-party witnesses would be inconvenienced.

### A. Mr. Mueller Did Not Exercise Diligence In Meeting the Court's Deadlines

Mr. Mueller's requested continuance is, in part, because "an unexpected scheduling conflict has arisen for Jason Davis…in an election contest case recently set for a one-week trial on May 20, 2024[.]" Dkt. 147 at 2. As an initial matter, the June 10 trial date in this case was set on February 5, 2024—over three months ago and at the mutual agreement of all the parties. Dkt. 140 at 2. Exhibit A of Mr. Mueller's motion indicates that the trial was scheduled in the election contest case on April 12, 2024, well after the June 10 trial date was set by the Court. Dkt. 148-1. At a minimum, Mr. Davis should have raised the conflict with the Court as soon as it occurred. Put simply, Mr. Mueller did not exercise sufficient diligence in trying to meet the June 10 trial deadline.

Moreover, although Mr. Mueller argues that "a resolution may be forthcoming" and that settlement discussions remain "on course," Dkt. 147 at 2, settlement is far from a certainty in this case. The Commission has been negotiating in good faith with Mr. Mueller since January 2024, including engaging in numerous substantive discussions regarding proposed settlement terms and these discussions have yet to yield an agreement in principle. From the Commission's perspective, a 60-day continuance of the trial deadline would not facilitate future meaningful

3

settlement discussions. Nothing precludes the parties from continuing to negotiate over settlement while the case proceeds to trial.

### B. The Commission Would Be Prejudiced and Third-Party Witnesses Would Be Inconvenienced If the Trial Was Continued

Mr. Mueller asks for a continuance extending the pretrial deadlines and trial date "for at least 60 days." Dkt. 147 at 2. The trial in this matter has been set for over three months. Dkt. 140 at 2. Counsel for the Commission planned their own work schedules in anticipation of a June trial, and thus scheduled other work and non-work related activities for August. Furthermore, the Commission has arranged for its witnesses (including several out-of-town witnesses, elderly investors, several former Deeproot employees with busy schedules, and an expert) to be available the week of June 10. Their availability going forward is not currently known. The Commission also does not know what the Court's availability is going forward. A substantial continuance would be the likely result of granting Mr. Mueller's request.[2]

Counsel for the Commission is not insensitive to counsel for the Defendant's scheduling conflicts, but its Opposition reflects the desire to try this case after three years of litigation in a week in June that Mr. Mueller and his counsel agreed to more than three months ago. Further, the Commission is mindful of the burden imposed on a number of third-party witnesses by the repeated extensions of the trial date. The Commission has been ready to proceed to trial for over six months now and seeks a final resolution of this matter on behalf of the defrauded investors who have also been waiting for accountability for nearly three years now. Further delay would only serve to hinder the interests of justice in this matter, which are best served by a timely trial.

---

[2] The Commission is available to participate in a status conference with the Court regarding the subject motion.

4

### III.  CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Extend the Remaining Pretrial and Trial Deadlines.

Dated: May 8, 2024

                                          Respectfully submitted,

                                          */s/ Kristen M. Warden*
                                          Kristen M. Warden, Trial Counsel
                                          Charlie L. Divine, Trial Counsel
                                          Fernando Campoamor, Trial Counsel
                                          David Nasse, Supervisory Trial Counsel
                                          U.S. Securities and Exchange Commission
                                          100 F Street NE
                                          Washington, DC 20549
                                          (202) 551-4661 (Warden)
                                          (202) 551-6673 (Divine)
                                          (202) 551-8523 (Campoamor)
                                          (202) 551-4426 (Nasse)
                                          wardenk@sec.gov
                                          divinec@sec.gov
                                          campoamorsanchezf@sec.gov
                                          nassed@sec.gov

                                          *Counsel for Plaintiff Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

I certify that on May 8, 2024, a true and correct copy of this filing was filed electronically through the Court's CM/ECF system, which will send copies to all counsel of record.

*/s/ Kristen M. Warden*
Kristen M. Warden

*Counsel for Plaintiff United States Securities and Exchange Commission*
