# Exhibit 2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| -against- | |
| **ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,** | **Civil Action No.: 5:21-cv-785-XR** |
| **Defendants,** | |
| -and- | |
| **DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, AND DEEPROOT RE 12621 SILICON DR LLC,** | |
| **Relief Defendants.** | |

**CONSENT OF DEFENDANT ROBERT J. MUELLER**

1.      Defendant Robert J. Mueller ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      The Court issued an order on January 11, 2024, Dkt. No. 138, ("Order") entering summary judgment and finding Defendant liable under Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)] and Sections 206(2) and (4) of the Investment Advisers Act of 1940 (the "Adviser's Act") [15 U.S.C. § 808b-14(a)] for the negligent misappropriation of investor funds for his personal benefit.

3.     Without admitting or denying the allegations in the Complaint (except as otherwise provided herein), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and Sections 206(1), (2) and (4) of the Advisers Act [15 U.S.C. § 80b-6(1),(2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

(b)     permanently restrains and enjoins Defendant from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal accounts; and

(c)     permanently prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

4.     Defendant acknowledges that the civil penalty paid pursuant to a final judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after

offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

     5.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to a final judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to a final judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

     6.    Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act

[15 U.S.C. § 77t(d)], Section 21(d)(3) and (7) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and

Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant further agrees that the

amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of

the Commission.  Subject to the Court's approval, the Parties will not oppose a motion by either

Party to request a hearing to decide the motion at which both Parties will have the opportunity to

present evidence, including testimony, relevant to the determination of the amounts of the

disgorgement and civil penalty in support of their position.  Defendant further agrees that

prejudgment interest shall be calculated from a date to be determined by the Court, based on the

rate of interest used by the Internal Revenue Service for the underpayment of federal income tax

as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with the

Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a

motion: (a) Defendant will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this

Consent, the Judgment, or the Order; (c) solely for the purposes of such motion, the allegations

of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may

determine the issues raised in the motion after a hearing, if granted, and after considering

testimony, affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from

appropriate non-parties.

7.      In connection with the Commission's motion for civil penalties, and subject to the

foregoing paragraph 6, the parties may present evidence and/or offer argument about the factors

courts consider in ordering penalties, including (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; (5) whether the defendant has admitted wrongdoing; and (6) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition. *See SEC v. Life Partners Holdings, Inc.*, 71 F. Supp. 3d 615, 623 (W.D. Tex. 2014), *aff'd in part, vacated in part, rev'd in part sub nom. SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765 (5th Cir. 2017)

8.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

10.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

11.     Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

12.     Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

13.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms

and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

14.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, including a proceeding pursuant to Section 203(f) of the Advisers Act [15 U.S.C. § 80b-3(f)] and Rule 102(e)(3)(i) of the Commission's Rules of Practice [17 C.F.R. § 201.102(e)(3)], Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint.

15.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under a final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

16.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

17.    Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the judgment is entered.

18.    Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

19.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 6-18-2024

Robert J. Mueller

On June 18, 2024, Robert Mueller, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

TANNER NEITZEL
Notary Public, State of Texas
My Comm. Exp. 11-03-2026
ID No. 13404947-5

Notary Public
Commission expires: 11-3-26

8

Approved as to form:

Jason M. Davis
Caroline Newman Small
DAVIS & SANTOS, PLLC
719 S. Flores Street
San Antonio, Texas 78204
State Bar No. 00793592 (Davis)
State Bar No. 24056037 (Small)
Email: jdavis@dslawpc.com
Email: csmall@dslawpc.com
Tel: (210) 853-5882
Fax: (210) 200-8395