IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　-against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>　　Defendants,<br><br>　　-and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, AND DEEPROOT RE 12621 SILICON DR LLC,<br><br>　　Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Securities and Exchange Commission ("SEC") respectfully writes to notify the Court of a recent Supreme Court decision, *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024), that relates to the standard for issuance of temporary or preliminary injunctive relief.

*Starbucks* applied a four-part test for assessing a plaintiff's request for temporary and preliminary injunctions. The *Starbucks* test requires a plaintiff to demonstrate the following factors to obtain a temporary or preliminary injunction: (1) a likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) that the balance of equities tips in the plaintiff's favor; and (4) that the injunction sought is in the public interest. *Starbucks*, 144 S. Ct. at 1576. Although *Starbucks* involved preliminary injunctive relief sought by a different government

agency, on July 9, 2024, the Third Circuit in *SEC v. Chappell*, 107 F.4th 114 (3d Cir. 2024), applied the *Starbucks* test to enforcement actions brought by the SEC, including an asset freeze.

In this case, on September 23, 2021, the Court entered an Order Freezing Certain Assets, Ordering an Accounting, and Preliminary Injunction (the "Asset Freeze Consent Order"). ECF No. 7. The Asset Freeze Consent Order was entered pursuant to a joint motion by the parties ("Joint Asset Freeze Motion") and left certain matters related to the asset freeze to be litigated by the parties. ECF No. 6. On September 29, 2021, Mueller filed a Brief Regarding Use of Funds addressing the unresolved issues relating to the asset freeze. ECF No. 15. On October 6, 2021, the SEC filed a response, ECF No. 16, to which Mueller replied on October 13, 2021, ECF No. 18 (together with Mueller's Brief Regarding Use of Funds, the "Asset Freeze Briefing"). On October 25, 2021, the Court held a hearing to address the Asset Freeze Consent Order and Asset Freeze Briefing. ECF No. 19. Before the Court ruled, the parties agreed to a modification of the Asset Freeze Consent Order. *See* ECF Nos. 20-23.

In total, the parties agreed to four modifications of the Asset Freeze Consent Order. *See* ECF Nos. 20-23, 35, 37, 69, 70 (collectively, "Modifications to the Asset Freeze Consent Order"). The parties' Joint Asset Freeze Motion and Asset Freeze Briefing discussed standards for ordering an asset freeze that differ from the standard the Supreme Court discussed in *Starbucks*. For that reason, the SEC is alerting the Court to the *Starbucks* decision out of an abundance of caution. As both parties consented to the Asset Freeze Consent Order and the Modifications to the Asset Freeze Consent Order, the Court's prior orders should remain in effect.

Dated: September 10, 2024       Respectfully submitted,

<u>/s/ Charlie L. Divine</u>
Charlie Divine, Trial Counsel
Kristen M. Warden, Trial Counsel
David Nasse, Supervisory Trial Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-6673 (Divine)
(202) 551-4661 (Warden)
(202) 551-4426 (Nasse)
divinec@sec.gov
wardenk@sec.gov
nassed@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2024, I filed the foregoing on the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Charlie L. Divine