IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>        -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>    Defendants,<br><br>        -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, AND DEEPROOT RE 12621 SILICON DR LLC,<br><br>    Relief Defendants. | Civil Action No.:  5:21-cv-785-XR |

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ROBERT J. MUELLER**

Plaintiff Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Robert J. Mueller having entered a general appearance and consented to the Court's jurisdiction and the subject matter of this action without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); and

The Court having granted in part and denied in part the SEC's Motion for Summary Judgment, finding Defendant liable for violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(3)] and Sections 206(2) and (4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(2), (4)]; and

The Court having entered a Judgment as to Defendant, ECF No. 162, ordering that Defendant pay disgorgement and prejudgment interest thereon and a civil penalty to be determined by the Court, and enjoining Defendant from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Sections 206(1), (2) and (4) of the Advisers Act [15 U.S.C. § 80b-6(1), (2), and (4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], and other conduct as defined in the Judgment; and

The Court having entered a Judgment as to Defendants deeproot Funds LLC (a/k/a dprt Funds, LLC) and Policy Services Inc. and Relief Defendants deeproot Tech, LLC, deeproot Pinball LLC, and deeproot Studios LLC (collectively the "Debtor Defendants"), ECF No. 81; and

The Court having held a hearing that began on January 27, 2025, about the subject matter of this Judgment and having heard argument and reviewed the SEC's and Defendant's briefs and evidence on the matter:

**I.**

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant Mueller is liable for disgorgement, totaling **$52,116,414**, which represents net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of **$16,583,273**. Defendant Mueller shall be jointly and severally liable with the Debtor Defendants, consistent with the Court's Judgment as to the Debtor Defendants, ECF No. 81, as set forth below:

A. Defendant Mueller and Defendants deeproot Funds LLC and Policy Services Inc. are jointly and severally liable for disgorgement of $48,064,717 and prejudgment interest of $4,522,350 for a total of $52,587,067;

B. Defendant Mueller and Relief Defendants deeproot Tech LLC and deeproot Pinball LLC are jointly and severally liable, with each other and with deeproot Funds LLC, and Policy Services Inc., for disgorgement of $14,162,565 and prejudgment interest of $1,332,538 for a total of $15,495,103; and

C. Defendant Mueller and Relief Defendant deeproot Studios LLC are jointly and severally liable with deeproot Funds LLC and Policy Services Inc., for disgorgement of $3,745,925 and prejudgment interest of $352,449 for a total of $4,098,374.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mueller is liable for a civil penalty in the amount of **$2,264,959** pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C.§ 78u(d)(3)], and Section 209(e) of the Investment Advisers Act [15 U.S.C. § 80b-9].

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mueller shall satisfy these obligations by paying these amounts owed to the SEC within 30 days after entry of this Final Judgment.

Defendant Mueller may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the "Securities and Exchange Commission," which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Robert Mueller's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of

Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Wells Fargo Bank ("Wells Fargo") shall transfer the entire balance of the following bank accounts which were frozen pursuant to an Order of this Court to the SEC:

| Account Owner | Acct. Ending in: |
| --- | --- |
| Deeproot Pinball LLC | *5571 |
| Deeproot Growth Runs Deep Fund LLC | *1354 |
| Deeproot 575 Fund LLC | *8673 |
| Deeproot 3 Year Bonus Reset Debenture Fund LLC | *1024 |
| Wizard Mode Media LLC | *9298 |
| Deeproot Bonusgrowth 5 Year Debenture Fund LLC | *1016 |
| Deeproot 3 Year Bonus Income Debenture Fund LLC | *1370 |
| Deeproot Wealth Advisors LLC | *1255 |
| Dprt STFR Debenture Fund LLC | *2724 |
| Dprt Advisory Services LLC | *2526 |
| Dprt Advisory Services LLC | *6017 |
| Deeproot Continuation Holdings Inc. | *9258 |
| Deeproot Queue Fund LLC | *6758 |
| National Wealth Solutions LLC | *6288 |

Wells Fargo may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wells Fargo also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, United Services Automobile Association ("USAA") shall transfer the entire balance of the following bank account which was frozen pursuant to an Order of this Court to the SEC:

| Account Owner | Acct. Ending in: |
|---|---|
| Robert Mueller | *4336 |

USAA may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. USAA also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE