IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>     -against-<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>     Defendants,<br><br>     -and-<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>     Relief Defendants. | Civil Action No.: 5:21-cv-785-XR |

**DEFENDANT ROBERT J. MUELLER'S UNOPPOSED MOTION TO STAY**

TO THE HONORABLE COURT:

Defendant Robert J. Mueller ("**Mueller**") files this Unopposed Motion to Stay, and in support would respectfully show:

**I.     INTRODUCTION**

1.     The Securities and Exchange Commission (the "**SEC**") filed its Complaint on August 20, 2021. ECF No. 1. The Complaint alleges that Mueller engaged in conduct that violated federal securities laws.

2. Shortly after filing the Complaint, the U.S. Attorney's Office opened a criminal investigation into the same allegations that form the basis of this case. At that time, Mueller filed a motion to stay proceedings. *See* ECF No. 34. The SEC opposed the motion and the Court denied it. ECF No. 48. However, in its order the Court advised:

> It is uncertain when an indictment might return or if Mueller will be indicted at all. *Without an indictment*, however, *a stay would serve no purpose*, causing unwarranted delay in adjudicating the SEC's claims and inconvenience to the court. *If Mueller is criminally indicted in the future, nothing precludes Mueller from requesting to stay this case at that time*.

*Id.* at p. 8 (internal citation omitted) (emphasis added).

3. That day has now come.

4. On November 6, 2024, the U.S. Government entered an indictment against Mueller alleging eight counts of wire fraud, in the case styled *United States v. Mueller*, Case No. 5:24-CR-563-XR, all based on the same conduct at issue in suit. Although a consent order was entered in this case on June 21, 2024 (ECF No. 162), the remaining proceedings as to the SEC's remedies would require testimonial evidence from Mueller and therefore still implicate Mueller's Fifth Amendment rights.

5. Accordingly, Mueller respectfully requests this Court stay this civil proceeding to allow the parallel criminal proceeding to proceed to conclusion to avoid jeopardizing Mueller's constitutional rights. The SEC is unopposed to this Motion.

## II.   BACKGROUND AND PROCEDURAL HISTORY

6. Pursuant to Fed. R. Civ. P. 10(c), Mueller hereby incorporates by reference the background and procedural history contained in his original motion to stay. *See* ECF No. 34.

## III.   ARGUMENT & AUTHORITIES

7. "When a defendant in a civil case is facing criminal charges, a district court may,

in its discretion, stay the civil action." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 12 (1970)); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation."). The district court's authority to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

8.  In handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters, a court should be sensitive to the difference in the rules of discovery in civil and criminal cases. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive. *See id.*

9.  In determining whether "special circumstances" warrant a stay, a court must measure the relative weights of competing constitutional and procedural interests. *See Landis*, 299 U.S. at 254–55. District courts in the Fifth Circuit have found the following factors relevant in determining whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 398–99 (S.D. Tex. 2009) (collecting cases).

10. Now that Mueller has been indicted, all of these factors weigh strongly in favor of

a stay of this civil case pending the outcome of the criminal case.[1]

### A. Extent of Overlap

11. The Court has already held that this element is satisfied and weighs in favor of a stay. *See* ECF No. 48 at p. 5.

12. That overlap still exists and the Court should once again hold this element is satisfied for all of the reasons discussed in Mueller's original motion to stay. ECF No. 34.

### B. Status of Criminal Case

13. Previously, the Court found this factor weighed against a stay. ECF No. 48 at p. 6.

14. Now that Mueller has been indicted on eight counts of wire fraud, this factor now weighs in favor of granting a stay.

### C. Plaintiff's Interests

15. The SEC previously opposed a stay, and at that time no discovery had been done and the case was in its early stages. In light of the concern that further passage of time may hinder memories of events by certain key witnesses, the Court held this factor weighed against a stay.

16. Now, at this juncture, discovery is over and a consent judgment has been entered. Mueller will be the principal witness at any remedies hearing. Stale evidence is no longer a concern, and indeed the SEC has no opposition to the stay.

17. Accordingly, this factor now weighs in favor of a stay.

### D. Defendant's Interests

18. The Court already found this factor weighed in favor of a stay, but only "slightly" since Mueller had not been indicted at that time. He has since been indicted, and therefore this factor now weighs even more substantially in favor of a stay.

---

[1] Mueller's original motion to stay, ECF No. 34, is incorporated in its entirety pursuant to Fed. R. Civ. P. 10(c).

### E. Interest of the Courts

19. For this factor, in its prior order the Court advised:

It is uncertain when an indictment might return or if Mueller will be indicted at all. Without an indictment, however, a stay would serve no purpose, causing unwarranted delay in adjudicating the SEC's claims and inconvenience to the court. If Mueller is criminally indicted in the future, nothing precludes Mueller from requesting to stay this case at that time.

*Id*. at p. 8 (internal citation omitted).

20. That time has now come, and for all of the reasons discussed in Mueller's original motion to stay, ECF No. 34, the Court should find this factor weighs in favor of the stay.

### F. Public Interest

21. The Court previously held that the public's interest "outweigh[ed] speculation about if and when an indictment will be returned." ECF No. 48 at p. 9. An indictment has been returned, and so now this factor weighs in favor of a stay, or minimally does not weigh against a stay.

## IV. CONCLUSION

22. For the forgoing reasons, and without opposition from the SEC, Mueller requests that the Court stay this civil case until the conclusion of the parallel criminal case. Mueller further requests all other relief, at law or in equity, to which he may be entitled.

Dated: December 12, 2024

        Respectfully submitted,

        **DAVIS & SANTOS, PLLC**

        By: */s/ Jason Davis*
            Jason M. Davis
            State Bar No. 00793592
            Email: *jdavis@dslawpc.com*
            Caroline Newman Small
            State Bar No. 24056037

Email: *csmall@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Counsel for Defendant Robert Mueller***

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2024, the foregoing document was served on counsel of record via the Court's ECF system.

>                              */s/ Jason Davis*
>                              Jason Davis