IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § PLAINTIFF § § V. § § ROBERT J. MUELLER, DEEPROOT FUNDS LLC § (A/K/A DPRT FUNDS, LLC), AND § POLICY SERVICES INC., § § DEFENDANTS § § AND § § DEEPROOT TECH LLC, DEEPROOT § PINBALL LLC, DEEPROOT STUDIOS LLC, § DEEPROOT SPORTS & ENTERTAINMENT LLC, § DEEPROOT RE 12621 SILICON DR LLC, AND § ROBERT J. MUELLER, JEFFREY L. MUELLER, § AND BELINDA G. BREEN, AS CO-TRUSTEES § OF THE MB HALE OHANA REVOCABLE TRUST, § § RELIEF DEFENDANTS | CIVIL ACTION NO. 5:21-CV-00785-XR |

## CHAPTER 7 TRUSTEE'S OPPOSITION TO
## DEFENDANT ROBERT J. MULLER'S UNOPPOSED MOTION TO STAY

J. Patrick Lowe, Chapter 7 Trustee, (the "Trustee") files this Opposition to Defendant Robert J. Muller's Unopposed Motion to Stay.

**PRELIMINARY STATEMENT**

As the Court is aware, certain of the original defendants in this matter and related companies have filed for bankruptcy protection. The Trustee has been appointed in those bankruptcy cases. The Trustee has statutory duties and powers under Title 11, including the power to marshal the assets of the debtors' bankruptcy estates and the duty to conserve the resources of

1

the estates. The requested stay will impede the Trustee's ability to comply with his duties and close the bankruptcy cases.

## BACKGROUND

This case was commenced by the Securities and Exchange Commission ("SEC") on August 20, 2021. Docket No. 1.

On December 9, 2021, Defendants deeproot Funds LLC, Policy Services, Inc., deeproot Pinball LLC, deeproot Studios LLC, and deeproot Tech, LLC together with related companies filed Chapter 7 petitions in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court"). Those cases are being jointly administered by the Bankruptcy Court under Case No. 21-51523, *In Re: deeproot Capital Management, LLC, et al.*[1] The Trustee was appointed Chapter 7 Trustee for the Bankruptcy Estate of the Debtors.

On December 7, 2022, Mueller filed a motion requesting that the Court accept into the Registry of the Court a deposit of $87,000 (representing $67,000 in funds from the IOLTA account of Mueller's counsel and $20,000 previously paid to his counsel) because there were competing claims to those funds by Mueller, the SEC, and the Trustee. Docket No. 76 ¶¶ 7-8. The Court granted that motion. Docket No. 77. The Trustee had assumed that adjudication the competing claims would be resolved as part of the resolution of the SEC's claims against Mueller.

---

[1] The Jointly Administered chapter 7 cases (the "deeproot Bankruptcy Cases"), along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638) (collectively, the "deeproot Estates").

On December 8, 2022, the Trustee filed a complaint against Robert J. Mueller, initiating Adversary Proceeding No. 22-05097-mmp in the United States Bankruptcy Court for the Western District of Texas (the "Adversary Proceeding"). Mueller filed a motion to either abate the Adversary Proceeding or transfer it to this Court for consideration of whether the Adversary Proceeding should be stayed, consolidated with this case, or "otherwise permitted to proceed." Mueller and the Trustee eventually agreed to entry of an order abating until final judgment is entered in Civil Action No. 5:21-cv-785-XR, currently pending in the United States District Court for the Western District of Texas, San Antonio Division. *See* Exhibit A [Bankruptcy Court Order].

### ARGUMENT AND AUTHORITIES

> The powers and duties of a bankruptcy trustee are extensive. Upon the commencement of a case in bankruptcy, all corporate property passes to an estate represented by the trustee. The trustee is "accountable for all property received," and has the duty to maximize the value of the estate. He is directed to investigate the debtor's financial affairs, and is empowered to sue officers, directors, and other insiders to recover, on behalf of the estate, fraudulent or preferential transfers of the debtor's property. Subject to court approval, he may use, sell, or lease property of the estate.

*Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985) (internal citations omitted). A Chapter 7 trustee has the obligation to "collect and reduce to money the property of the estate," but at the same time must "close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704.

The Trustee's work in collecting assets and maximizing the value of the deeproot Estates is almost complete. The Trustee has resolved approximately twenty-five adversary proceedings. Only three adversary proceedings remain pending including the Adversary Proceeding. The Trustee has collected approximately $5,000,000 in the various bankruptcy estates. The Trustee's claim to the $87,000 on deposit with the Registry of the Court has not yet been adjudicated and the Trustee is hindered in his ability to make a final report and make a distribution to Mueller's

victims until that occurs. The Trustee is also hindered in his duties by the pendency of this proceeding and the Adversary Proceeding.

As Mueller recognizes in his motion, a district court is not required to stay a civil case merely because a defendant in the civil case is also facing criminal charges. Docket No. 171 ¶ 7; *see also Sec. & Exch. Comm'n v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 666 (5th Cir. 1981) (holding that there is no per se rule against parallel civil and criminal proceedings brought by the SEC and the Department of Justice to enforce the United States securities laws). A party who may be the subject of both civil and criminal proceedings has no constitutional right to a stay of the civil proceedings pending the outcome of any related criminal proceedings. *United States v. Korbel*, 397 U.S. 1, 11 (1970); *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981). To the contrary, the civil case may proceed; a defendant may assert his Fifth Amendment rights; and the trier of fact may and should draw the natural inference that the answers to the questions on which the defendant has asserted Fifth Amendment privilege would be such as to incriminate him. *See Baxter v. Palmigiano*, 425 U.S. 308, 318-20 (1976).

Mueller also correctly describes the six-factor test generally applied by courts in this Circuit in analyzing stay requests. Docket No. 171 ¶ 9 (citing *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 398–99 (S.D. Tex. 2009)). A review of the *Alcala* case, however, demonstrates why a stay would be inappropriate here.

Generally, the concern with overlapping issues in a civil and criminal case has to do with discovery. *Alcala.*, 625 F. Supp. 2d at 414 (holding that even with overlapping issues a defendant's interests in a stay can be addressed by a short stay of discovery). Here, the only remaining procedure is a hearing/trial on an appropriate remedy. There has been no contention that there is discovery remaining to be completed. While the remedies hearing may require testimony from

Mueller, his decision as to whether or not to invoke the protections of the Fifth Amendment is presumably no different than the similar decision he had to make when he was merely under investigation.

Notwithstanding Mueller's position, and the fact that the SEC apparently no longer believes that it has an interest in proceeding expeditiously, the remaining factors—the interests of the courts and the public interest—still warrant denial of a stay. Mueller is requesting a stay "until the conclusion of the parallel criminal case." Docket No. 171 ¶ 22. He has not offered any prediction as to when that might be. As the court recognized in *Alcala*, the "Fifth Circuit has advised that a stay order will be reversed when found to be of an indefinite or immoderate duration." 625 F. Supp. 2d at 414 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1981)).

This Court previously recognized in denying Mueller's prior request to stay that "[t]he court may consider its interests of efficient administration and judicial economy and may seek to move 'its cases to an expeditious conclusion.'" Docket No. 48 [Order] at 8 (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 765 (W.D. Tex. 2008)). "A court 'has an obligation to move its docket, and not let cases languish before it.'" *Alcala,* 625 F. Supp. 2d at 414 (quoting *In re Scrap Metal Antitrust Litig.,* Civ. No. 1:02–0844, 2002 WL 31988168, at *7 (N.D. Ohio Nov.7, 2002)); *see also* Docket No. 48 [Order] at 8. The fact that Mueller has now been indicted does not change the fact that the interest of the Court is in timely resolving this case. The interest of the Bankruptcy Court is in timely resolving this case so that the Adversary Proceeding and the deeproot Bankruptcy Cases can be resolved, and distributions made to creditors—the investors in deeproot.

"The public also has in interest in the resolution of disputes in a timely manner and the fair treatment of all parties." *Alcala*, 625 F. Supp. at 414. Here, in addition to the general public, the Court should consider the interests of the Trustee and, even more so, of the creditors of the deeproot Estates, which all have an interest is in timely resolving this case so that the Adversary Proceeding and the deeproot bankruptcy cases can be resolved and deny the requested stay.

### CONCLUSION AND PRAYER

While Mueller may have an interest in avoiding the negative inference that arises from the invocation of the Fifth Amendment, it is entirely unclear that any testimony at the remedies hearing in this case would require that invocation. More importantly, given that Mueller has no constitutional right to avoid being put to that decision, the interests of this Court, the Bankruptcy Court, the Trustee, and the public warrant denial of the requested stay. In the alternative, should the Court be inclined to grant a stay, any stay should permit adjudication of the ownership of the $87,000 on deposit in the Registry of the Court to go forward. Allowing the Trustee to seek to recover that money now, rather than at some unknown future date, would best serve those interests.

Wherefore, the Trustee prays that the Court deny the motion to stay and award the Trustee such further relief to which he is entitled.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Leslie Sara Hyman
    Texas State Bar No. 00798274
    lhyman@pulmanlaw.com
    Anna K. MacFarlane
    Texas State Bar No. 24116701
    amacfarlane@pulmanlaw.com

**ATTORNEYS FOR J. PATRICK LOWE, TRUSTEE**

**C**ERTIFICATE OF **S**ERVICE

I certify that on the 12th day of December 2024, I electronically filed the foregoing Opposition to Defendant Robert J. Muller's Unopposed Motion to Stay using the CM/ECF system, which will send notification of such filing to the following:

David Nasse
nassed@sec.gov
Kristen M. Warden
wardenk@sec.gov
Charlie L. Divine
divinec@sec.gov
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549

Fernando Campoamor Sanchez
fcampoamor@wmataoig.gov
Enforcement Division
500 L'Enfant Plaza SW, Ste 800
Washington DC, DC 20024

Jason Davis
jdavis@dslawpc.com
Caroline Newman Small
csmall@dslawpc.com
Davis & Santos, PLLC
719 S. Flores Street
San Antonio, Texas 78204

/s/ Randall A. Pulman
Randall A. Pulman