IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*<br><br>-vs-<br><br>ROBERT J MUELLER, DEEPROOT FUNDS LLC (a/k/a drpt Funds, LLC), AND POLICY SERVICES INC.,<br>    *Defendants*<br><br>and<br><br>DEEPROOT TECH, LLC, DEEPROOT PINBALL, LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br>    *Relief Defendants*. | §§§§§§§§§§§§§§§§§§§§§§§§§ | SA-21-CV-00785-XR |

**ORDER GRANTING STAY**

On this date, the Court considered Defendant's Motion to Stay (ECF No. 171) and the Chapter 7 Trustee's Opposition (ECF No. 172). After careful consideration, the Court **GRANTS** the motion.

**BACKGROUND**

The SEC filed its Complaint on August 20, 2021, which alleged that Defendant Robert J. Mueller ("Mueller") and other Defendants violated federal securities laws. ECF No. 1. Shortly after filing the Complaint, the U.S. Attorney's Office opened a criminal investigation into the same allegations that form the basis of this case. ECF No. 171 at 2. At that time, Mueller moved to stay this case, which the Court granted in part and denied in part. ECF No. 48. Given Mueller had not

1

yet been indicted, the Court permitted the case to proceed but stayed and limited certain discovery as to Mueller. *Id.* at 9. As the case has progressed, the only remaining Defendant is Mueller.[1]

On June 21, 2024, the Court granted the SEC and Mueller's motion for approval and entry of a consent judgment against Mueller ("Consent Judgment"). Text Order, June 21, 2024.

In the Consent Judgment, the SEC and Mueller agreed to a bifurcated settlement of the claims against Mueller, which resolved the need to litigate liability and permanently enjoined Mueller from various acts. ECF No. 161 at 1–2. The Consent Judgment also requires Mueller to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty in amounts to be determined by the Court on a motion by the SEC, and a hearing, if granted. ("Monetary Remedies"). ECF No. 161-1 at 7.

On July 2, 2024, the Court issued a Scheduling Order on the Monetary Remedies, which set a hearing on January 27, 2025. ECF No. 165. The SEC filed its opening brief on September 27, 2024. ECF No. 168. After the Court issued an Amended Scheduling Order on December 3, 2024, which reset the hearing for March 3, 2025, ECF No. 170, Mueller again moved to stay the case on December 12, 2024, given that Mueller was indicted on November 6, 2024, *United States v. Robert Mueller*, No. 24-CR-563-XR. ECF No. 171 at 2. The SEC is unopposed to the stay.

Mueller asserts that the Monetary Remedies proceedings will require his testimony and implicate his Fifth Amendment rights. *Id.* The Chapter 7 Trustee opposes the stay, arguing that it will impede the Trustee's ability to comply with his duties and close the bankruptcy cases. ECF

---

[1] On May 2, 2022, the Clerk of the Court entered default as to Defendants Deeproot Sports & Entertainment LLC and Deeproot RE 12621 Silicon Dr. LLC. ECF No. 58. On November 27, 2022, the Court dismissed Relief Defendants Robert J. Mueller, Jeffrey L. Mueller, and Belinda G. Breen, as Co-Trustees of the MB Hale Ohana Revocable Trust with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). ECF No. 74. On January 13, 2023, the Court entered a final judgment as to Defendants Deeproot Funds LLC (a/k/a dptr Funds, LLC) and Policy Services, Inc. and Relief Defendants Deeproot Tech, LLC, Deeproot Pinball LLC, and Deeproot Studios LLC, by and through John Patrick Lowe in his capacity as the bankruptcy trustee ("Chapter 7 Trustee") appointed in the Chapter 7 matter, *In re deeproot Capital Management LLC, et al.*, No. 21-51523 (Bankr. W.D. Tex. Jointly Admin.). ECF No. 81.

2

No. 172 at 2. The Chapter 7 Trustee argues that its claim to Mueller's $87,000 deposit with the Registry of the Court has not yet been adjudicated and so it is hindered in its ability to make a final report and distribution to Mueller's victims. *Id.* at 3-4.

The Court took the motion to stay under advisement and vacated all deadlines. Text Order, December 13, 2024.

## ANALYSIS

### I. Legal Standard

There is no federal constitutional, statutory, or common-law rule prohibiting simultaneous prosecution of parallel civil and criminal proceedings. *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981); *Bean v. Alcorta*, 220 F. Supp. 3d 772 (W.D. Tex. 2016). In special circumstances, a district court, consistent with its inherent powers to control the course of cases on its docket, has the authority to "stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *First Fin. Grp. of Tex., Inc.*, 659 F.2d at 668. Preserving "a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action" constitutes such a special circumstance. *Bean*, 220 F. Supp. 3d at 775 (quoting *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009)). "However, a mere relationship between civil and criminal proceedings does not necessarily warrant a stay." *Bean*, 220 F. Supp. 3d at 775 (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761–62 (W.D. Tex. 2008)) (cleaned up).

When a defendant requests a stay of the civil proceedings based on a conflict of interest with their Fifth Amendment privilege, courts consider the following six factors to determine whether a stay of the civil proceedings is warranted:

3

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Bean*, 220 F. Supp. 3d at 775 (citations omitted).

## II. The Factors Support a Stay

The SEC and Mueller agree that a stay is appropriate, but the Chapter 7 Trustee opposes it. The Court finds that all the factors favor a stay.

### A. Extent to which the Issues in the Criminal Case Overlap with Those Presented in the Civil Case

This first factor is generally regarded as the most important factor in the analysis. *See, e.g.*, *Bean*, 220 F. Supp. 3d at 775–76; *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *5 (W.D. Tex. Feb. 1, 2016). When the subject matter of the civil and criminal cases significantly overlaps, there is a greater risk of self-incrimination and this factor supports a stay; conversely, where there is no overlap between the subject matter of the civil and criminal cases, there is no danger of self-incrimination and accordingly no need for a stay. *Bean*, 220 F. Supp. 3d at 776 (citing *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008)).

This factor supports a stay. The Court already held this element was satisfied in its previous order denying a stay, ECF No. 48 at 5, and Mueller has now been indicted on these same allegations for wire fraud.

### B. Status of the Criminal Case

"A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Gonzalez*, 571 F. Supp. 2d at 762–63 (quoting *Trs. of Plumbers &

4

*Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., et al.,* 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). "Courts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted." *Alcala*, 625 F. Supp. 2d at 401 (citing cases).

While the Court previously found this factor weighed against a stay, ECF No. 48 at 6, Mueller has now been indicted. This factor supports a stay.

**C. The Private Interests of Plaintiffs in Proceeding Expeditiously, Weighed Against the Prejudice to Plaintiffs Caused by the Delay**

Plaintiffs have general interests "in the prompt resolution of [their] claims and in obtaining discovery while information is still fresh in witnesses' minds." *SEC v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2024) (quoting *SEC v. Mersky*, No. 93–CV–5200, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)).

The Court previously found this factor weighed against Mueller because no discovery had been done, the case was in its early stages, and important witnesses were of advanced age. ECF No. 48 at 6. But discovery is now over, and the Consent Judgment has been entered. Given there is no risk of discovery loss and the SEC does not oppose the stay, this factor supports a stay.

**D. The Private Interests of and Burden on Defendant**

"[I]t is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege." *Gonzalez*, 571 F. Supp 2d at 764 (citation omitted). "A party asserting prejudice to his Fifth Amendment rights must demonstrate 'more than the mere possibility of prejudice.'" *Gonzalez*, 571 F. Supp.2d at 764 (citation omitted).

Mueller asserts he will be the principal witness at the Monetary Remedies hearing, where his testimony may concern and contest the "egregiousness" of the conduct, the "degree of [his] *scienter*," whether his "conduct was isolated or recurrent," whether he has "admitted wrongdoing,"

5

and his "current and future financial condition." *SEC v. Life Partners Holdings, Inc.*, 71 F. Supp. 3d 615, 618 (W.D. Tex. 2014), *rev'd on other grounds*, 854 F.3d 765 (5th Cir. 2017); *see also SEC v. Fowler*, 6 F.4th 255, 266 (2d Cir. 2021) (same); May 28, 2024 Transcript at 5, ECF No. 159 (Mueller's counsel discussing these factors as potential testimony).

While the Chapter 7 Trustee argues Mueller's decision to invoke his Fifth Amendment right is no different from a decision he made when under investigation and so carries no special weight, his answers to these questions could be used against him in the criminal proceedings. And asserting his Fifth Amendment right in response to questions on these issues would likely prejudice him in the Monetary Remedies determination. *See Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008) ("[I]t is well-settled that 'the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'" (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976))); *SEC v. Milles*, No. 1:19-CV-714-RP, 2022 WL 206808, at *5 (W.D. Tex. Jan. 24, 2022) ("Courts have drawn an adverse inference based on a party's invocation of the privilege in a civil case, especially where other evidence demonstrated that party's liability."). This factor supports a stay.

E. **The Interests of the Court**

"In determining the propriety of a stay, a court can consider its own interests in efficient administration and judicial economy." *Gonzalez*, 571 F. Supp 2d at 765. Such interests include, but are not limited to, judicial efficiency and judicial expediency. *Alcala*, 625 F. Supp. 2d at 406–07. Considering judicial efficiency, a court must analyze the extent to which the outcome of the criminal proceeding would simplify the issues in the civil proceeding. *Id.* at 406. Furthermore, considering judicial expediency, a court has "an obligation to move its docket, and not let cases

languish before it." *Id.* at 407 (quoting *In re Scrap Metal Antitrust Litig.*, No. 1:02–CV–0844, 2002 WL 31988168, at *7 (N.D. Ohio Nov. 7, 2002)).

The outcome in the criminal proceeding may simplify issues here as a criminal sentence may include monetary relief which may impact the amount of, or obviate the need for, the Monetary Remedies. The Court also does not believe this case will "languish" on its docket, given the Speedy Trial Act's requirements. *See Kinnie Ma Individual Retirement Account v. Ascendant Cap., LLC*, No. 1:19-CV-1050-RP, 2023 WL 5417142, at *6 (W.D. Tex. Aug. 21, 2023). The Chapter 7 Trustee's argument on this point is therefore unconvincing, given that the criminal case will be timely resolved. This factor supports a stay.

### F. The Public's and Third-Parties' Interests

The public has simultaneous interests in the resolution of civil cases with minimal delay, prosecuting criminal cases, and in maintaining the integrity of criminal defendants' constitutional rights. *Bean*, 220 F. Supp. 3d at 778; *Alcala*, 625 F. Supp. 2d at 407. "The degree of overlap [between the civil and criminal cases] is an important consideration in weighing the public's interest." *Alcala*, 625 F. Supp. 2d at 407. "Third parties may also have an interest in resolving this case with minimal delay." *Id.*

Given the overlap between the civil and criminal action, this factor supports a stay. While the Court is aware of the interests of the Chapter 7 Trustee and the creditors of the Estates, the $87,000 at issue does not override the interests in prosecuting criminal cases and maintaining the integrity of Mueller's constitutional rights.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to stay (ECF No. 171) is **GRANTED**.

The parties are **DIRECTED** to file an advisory with the Court **EVERY 90 DAYS** regarding the status of the criminal proceedings.

Given these circumstances, the Court concludes that this case is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay.").

The Clerk's office is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case during the pendency of this stay. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. Further, the parties may continue to file motions and other documents in the case.

It is **SO ORDERED**.

**SIGNED** this 4th day of January, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE